FILED BY _____ Deputy Clerk

**Aug 16, 2018**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-CR-WILLIAMS/TORRES

18 U.S.C. § 1956
18 U.S.C. § 1952
18 U.S.C. § 982(a)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

FRANCISCO CONVIT GURUCEAGA,
JOSE VINCENTE AMPARAN CROQUER,
    a.k.a., "Chente,"
CARMELO ANTONIO URDANETA AQUI,
ABRAHAM EDGARDO ORTEGA,
GUSTAVO ADOLFO HERNANDEZ FRIERI,
HUGO ANDRE RAMALHO GOIS,
MARCELO FEDERICO GUTIERREZ ACOSTA Y LARA, and
MARIO ENRIQUE BONILLA VALLERA,

      Defendants.
_____/

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

Beginning in or around December 2014, and continuing through in or around August 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

FRANCISCO CONVIT GURUCEAGA,
JOSE VINCENTE AMPARAN CROQUER,
a.k.a., "Chente,"
CARMELO ANTONIO URDANETA AQUI,
ABRAHAM EDGARDO ORTEGA,
GUSTAVO ADOLFO HERNANDEZ FRIERI,
HUGO ANDRE RAMALHO GOIS,
MARCELO FEDERICO GUTIERREZ ACOSTA Y LARA, and
MARIO ENRIQUE BONILLA VALLERA,

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury, to commit offenses defined in Title 18, United States Code, Section 1956, that is to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity and to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(l)(B). All in violation of Title 18, United States Code, Sections 1956(h) and 1956(f).

It is further alleged that the specified unlawful activity is:

(a)     A felony violation of the Foreign Corrupt Practices Act, and

(b)     An offense against a foreign nation involving bribery of a public official, and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a public official.

## COUNTS 2-3
### Laundering of Monetary Instruments
### (18 U.S.C. § 1956(a)(1)(B))

On or about the dates specified as to each Count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ABRAHAM EDGARDO ORTEGA and
GUSTAVO ADOLFO HERNANDEZ FRIERI,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in

2

part to conceal and disguise the nature, the location, the source, the ownership, and the control of

the proceeds of specified unlawful activity and to avoid a transaction reporting requirement under

State and Federal law, as set forth in each count below:

| Count | Approximate Date | Financial Transaction |
|---|---|---|
| 2 | February 2017 | Wire transfer, on or about February 28, 2017, in the amount of approximately $5,000,000.00 from a bank in the Bahamas to City National Bank of New Jersey account XX6054 located in the United States. |
| 3 | April 2017 | Wire transfer, on or about April 24, 2017, in the amount of approximately $396,000.00 from City National Bank of New Jersey located in the United States to Citibank Account XXXXXX7664 located in the United States. |

In violation of Title 18, United States Code, Sections 1956(a)(1)(B), 1956(f) and 2.

It is further alleged that the specified unlawful activity is:

(a)     A felony violation of the Foreign Corrupt Practices Act, and

(b)     An offense against a foreign nation involving bribery of a public official,

and the misappropriation, theft, and embezzlement of public funds by and for the benefit of a

public official.

## COUNT 4
### International Promotion Money Laundering
### (18 U.S.C. § 1956(a)(2)(A))

On or about January 12, 2017, in Miami-Dade County, in the Southern District of Florida,

and elsewhere, the defendant,

### GUSTAVO ADOLFO HERNANDEZ FRIERI

did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer

funds from a place in the United States to and through a place outside the United States, that is

$300,000.00 located in the United States, through a series of wire transfers, to a bank located in

Spain, with the intent to promote the carrying on of specified unlawful activity, in violation of

Title 18, United States Code, Sections 1956(a)(2)(B), 1956(f) and 2.

It is further alleged that the specified unlawful activity is:

(a)    An offense under Title 21, United States Code, Section 841;

(b)    An offense under Title 21, United States Code, Section 952;

(c)    An offense against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for purposes of the Controlled Substances Act);

(d)    Laundering of monetary instruments, in violation of Title 18, United States Code, Section 1956.

## COUNTS 5-9
### Interstate and Foreign Travel in Aid of Racketeering
### (18 U.S.C. § 1952(a)(3))

On or about the dates specified as to each Count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, did knowingly travel in interstate and foreign commerce and use a facility in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, as specified as to each count below, and thereafter did perform and attempt to perform an act to promote, manage, establish and carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, as set forth in each count below:

| Count | Approximate Date | Defendant(s) | Unlawful Activity |
|---|---|---|---|
| 5 | January 6, 2015 | FRANCISCO CONVIT GURUCEAGA | 18 U.S.C. § 1956 |
| 6 | February 20, 2015 | FRANCISCO CONVIT GURUCEAGA | 18 U.S.C. § 1956 |
| 7 | April 2, 2016 | GUSTAVO ADOLFO HERNANDEZ FRIERI and ABRAHAM EDGARDO ORTEGA | 18 U.S.C. § 1956 & 31 U.S.C. § 5322 |
| 8 | April 26, 2016 | JOSE VINCENTE AMPARAN CROQUER, a.k.a., "Chente," and CARMELO ANTONIO URDANETA AQUI | 18 U.S.C. § 1956 |
| 9 | May 26, 2016 | JOSE VINCENTE AMPARAN CROQUER, a.k.a., "Chente," and CARMELO ANTONIO URDANETA AQUI | 18 U.S.C. § 1956 & 31 U.S.C. § 5322 |

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which one or more of the defendants, **FRANCISCO CONVIT GURUCEAGA, JOSE VINCENTE AMPARAN CROQUER, a.k.a. "Chente," CARMELO ANTONIO URDANETA AQUI, ABRAHAM EDGARDO ORTEGA, GUSTAVO ADOLFO HERNANDEZ FRIERI, MARCELO FEDERICO GUTIERREZ ACOSTA Y LARA,** and **MARIO ENRIQUE BONILLA VALLERA,** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. Upon conviction of a violation of Title 18, United States Code, Section 1952, as alleged in this Indictment, the defendants shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to

5

Title 18, United States Code, Section 981(a)(1)(C), which is made criminally applicable by Title 28, United States Code, Section 2461(c).

4.      The property subject to forfeiture includes, but is not limited to:

(i)      A sum of money equal in value to all property, real or personal, involved in the charged offenses, and any property traceable to such property, which may be sought as a forfeiture money judgment;

(ii)      A total of approximately $45,585,667.46 in U.S. currency, which includes:

(a)      Approximately $5,999,710.00 in U.S. currency seized on or about December 19, 2017;

(b)      Approximately $35,488,967.72 in U.S. currency seized on or about January 8, 2018; and

(c)      Approximately $4,096,989.74 in U.S. currency recovered on or about July 17, 2018;

(iii)      Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160;

(iv)      All assets on deposit in account number 1466054 at City National Bank held in the name of GSTF SHARE CLASS C;

(v)      All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to:

(a)      Approximately 5,000 Global Securities Trade Finance Class D Series D-1; and

(b)      Approximately 15,813.315 LU0928615466 Fenice SICAV SIF – Eagle Global;

(vi)     All assets on deposit in account/portfolio number 10.608645 at Zarattini & Co Bank in Lugano, SWITZERLAND, including, but not limited to:

       (a)     Approximately 16,000 Fenice SICAV-SIF SCA SICAV-SIF – Eagle Global; and

       (b)     Approximately 24,405.72 Fenice SICAV-SIF SCA SICAV – Blu.

(vii)     All assets on deposit in account number Z1ULD767 at Valbury Capital Ltd. in London, UNITED KINGDOM;

(viii)     Real property located at Residencial Santa Maria Signature, Apartments 9-A and 9-B, including fixtures and furnishings, in Panama, PANAMA; and

(ix)     Real property located at Residencial Santa Maria Signature, Apartments 2-A, 2-B, 3-B, 5-B, 6-B, 7-B, 8-A, 11-A, 11-B, including fixtures and furnishings, in Panama, PANAMA.

5.     If any property subject to forfeiture, as a result of any act or omission of a defendant,

       (i)     cannot be located upon the exercise of due diligence

       (ii)     has been transferred or sold to, or deposited with, a third party,

       (iii)     has been placed beyond the jurisdiction of the Court,

       (iv)     has been substantially diminished in value, or

       (v)     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

6.     The substitute property subject to forfeiture includes, but is not limited to:

       (i)     Real property located at 597 Hibiscus Lane, Miami, Florida 33137;

(ii)     Real property located at 225 27th Street, Apt. A, Miami Beach, Florida 33140;

(iii)    Real property located at 225 27th Street, Apts. B-F, Miami Beach, Florida 33140;

(iv)     Real property located at 2030 Douglas Road, Unit 704, Coral Gables, Florida 33134;

(v)      Real property located at 194 Isla Dorada Boulevard, Coral Gables, Florida 33143;

(vi)     Real property located at 6995 Prado Boulevard, Coral Gables, Florida 33143;

(vii)    Real property located at 6905 Prado Boulevard, Coral Gables, Florida 33143;

(viii)   Real property located at 465 Brickell Avenue, Unit 619, Miami, Florida 33131;

(ix)     Real property located at 655 Casuarina Concourse, Coral Gables, Florida 33143;

(x)      Real property located at 14432 Rolling Rock Place, Wellington, Florida 33414;

(xi)     Real property located at 14464 Rolling Rock Place, Wellington, Florida 33414; and

(xii)    Real property located at 3530 Mystic Pointe Drive, Unit 1206, Aventura, Florida 33180.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

_____
FRANCISCO R. MADERAL
MICHAEL B. NADLER
ASSISTANT UNITED STATES ATTORNEYS

_____
SANDRA L. MOSER
ACTING CHIEF, FRAUD SECTION
U.S. Department of Justice, Criminal Division

_____
GWENDOLYN A. STAMPER
TRIAL ATTORNEY

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO. _____

vs.

FRANCISCO CONVIT GURUCEAGA,                  **CERTIFICATE OF TRIAL ATTORNEY***
et al.

_____ **Defendants.** _____/     **Superseding Case Information:**

**Court Division:** (Select One)              New Defendant(s)        Yes _____ No _____
                                              Number of New Defendants _____
__X__ Miami  _____ Key West                   Total number of counts  _____
_____ FTL    _____ WPB    _____ FTP

        I do hereby certify that:

1.      I have carefully considered the allegations of the indictment, the number of defendants, the number of
        probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.      I am aware that the information supplied on this statement will be relied upon by the Judges of this
        Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act,
        Title 28 U.S.C. Section 3161.

3.      Interpreter:      (Yes or No)    __Yes__
        List language and/or dialect       ___Spanish___

4.      This case will take    __30__    days for the parties to try.

5.      Please check appropriate category and type of offense listed below:

        (Check only one)                              (Check only one)

        I    0 to 5 days        _____          Petty     _____
        II   6 to 10 days       _____          Minor     _____
        III  11 to 20 days      _____          Misdem.   _____
        IV   21 to 60 days      __X__            Felony    __X__
        V    61 days and over   _____

6.      Has this case been previously filed in this District Court? (Yes or No)    __no__
If yes:
Judge: _____        Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?        (Yes or No)    __Yes__
If yes:
Magistrate Case No.                      18-MJ-03119-TORRES
Related Miscellaneous numbers:           _____
Defendant(s) in federal custody as of    _____
Defendant(s) in state custody as of      _____
Rule 20 from the _____     District of _____

Is this a potential death penalty case? (Yes or No)    __No__

7.      Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior
        to October 14, 2003?  _____ Yes __X__ No

8.      Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior
        to September 1, 2007?  _____ Yes __X__ No


                                        _____
                                        FRANCISCO R. MADERAL
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No./Court No.  0041481


*Penalty Sheet(s) attached                                      REV 10/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:   FRANCISCO CONVIT GURUCEAGA**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

Counts #: 5-6

Interstate and Foreign Travel in Aid of Racketeering

Title 18, United States Code, Section 1952(a)(3)

**\*Max. Penalty:**   5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:   JOSE VINCENTE AMPARAN CROQUER, a.k.a., "Chente,"

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

*Max. Penalty:   20 years' imprisonment

Counts #: 8-9

Interstate and Foreign Travel in Aid of Racketeering

Title 18, United States Code, Section 1952(a)(3)

*Max. Penalty:   5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:   CARMELO ANTONIO URDANETA AQUI**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

Counts #: 8-9

Interstate and Foreign Travel in Aid of Racketeering

Title 18, United States Code, Section 1952(a)(3)

**\*Max. Penalty:**   5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:   ABRAHAM EDGARDO ORTEGA**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

Counts #: 2-3

Laundering of Monetary Instruments

Title 18, United States Code, Section 1956(a)(1)(B)

**\*Max. Penalty:**   20 years' imprisonment

Count #: 7

Interstate and Foreign Travel in Aid of Racketeering

Title 18, United States Code, Section 1952(a)(3)

**\*Max. Penalty:**   5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  GUSTAVO ADOLFO HERNANDEZ FRIERI**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

Counts #: 2-3

Laundering of Monetary Instruments

Title 18, United States Code, Section 1956(a)(1)(B)

**\*Max. Penalty:**   20 years' imprisonment

Count #: 4

International Promotion Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

**\*Max. Penalty:**   20 years' imprisonment

Count #: 7

Interstate and Foreign Travel in Aid of Racketeering

Title 18, United States Code, Section 1952(a)(3)

**\*Max. Penalty:**   5 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  **HUGO ANDRE RAMALHO GOIS**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:   MARCELO FEDERICO GUTIERREZ ACOSTA Y LARA**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **MARIO ENRIQUE BONILLA VALLERA**

Count #: 1

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:** 20 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**