**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-20685-CR-WILLIAMS**

UNITED STATES OF AMERICA

v.

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

    **Defendant.**

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT GUSTAVO ADOLFO HERNANDEZ FRIERI'S
<u>MOTION TO CLARIFY AMENDED PROTECTIVE ORDER</u>**

In accordance with the Court's Order [ECF No. 69], the United States of America, through its undersigned counsel, (the "United States" or the "Government") files this response in opposition to Defendant Gustavo Adolfo Hernandez Frieri's Motion To Clarify Amended Protective Order (the "Defendant's Motion" or "Motion") [ECF No. 68]. The Defendant's Motion requests a hearing and the disclosure of *ex parte* submissions, including an agent's declaration, filed in support of the United States' application for the Amended Protective Order for Assets Subject to Forfeiture (the "Amended Protective Order") [ECF No. 60].

The United States does not object to unsealing the United States' *Ex Parte* Application for Amended Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e) (the "Application") [ECF No. 57], which was docketed as sealed only because it was filed *ex parte*.[1] However, a hearing on Defendant's Motion would not be appropriate, and the Motion should otherwise be denied so that the other submissions, including the agent's declaration, remain under seal. The

---

[1] In responding to this Motion, the undersigned counsel realized that the Application was under seal on the docket, contacted the Office for the Clerk of the Court, and was informed that the Application had been sealed because it was filed *ex parte*.

United States has already offered to provide the requested declaration in compliance with its discovery obligations when Defendant Gustavo Adolfo Hernandez Frieri, who is currently in Italy, returns to the United States to face the charges pending against him, but he continues to delay these proceedings by fighting his extradition.  In further support of its opposition, the United States submits the following legal and factual bases:

1. Defendant Gustavo Adolfo Hernandez Frieri ("Defendant Hernandez Frieri") premises his Motion on the notion that the Amended Protective Order requires clarification and should "specifically forbid any pretrial restraint of substitute assets in this case."  *See* Def.'s Mot. 6, ECF No. 68.

2. The Amended Protective Order is clear in its scope and basis for restraint and criminal forfeiture.  Contrary to the Defendant Hernandez Frieri's suggestion, the Amended Protective Order **does not** seek the restraint of **substitute assets**.  The United States agrees that substitute assets would be subject to restraint and forfeiture pursuant to 21 U.S.C. § 853(p) upon conviction of Defendant Hernandez Frieri and the Court's finding that the statutory prerequisites have been satisfied.  *See* Def's Mot. 1-3.  In addition, the restraint of substitute assets would be authorized if the United States instituted a separate action under 18 U.S.C. § 1345, which it has not elected to do.  *See* 18 U.S.C. § 1345.[2]

---

[2] Title 18, United States Code, Section 1345 authorizes the restraint of "property of equivalent value" in an injunctive action if a person alienates or disposes of property obtained as a result of a banking violation, including money laundering in violation of 18 U.S.C. § 1956. *See* 18 U.S.C. § 1345(a)(2)(B); 18 U.S.C. § 3322(d) (defining as a "banking law violation," "a violation of, or conspiracy to violate—section . . . 1956, or 1957" of Title 18, United States Code).

The United States has not instituted such action at this time; however, as referenced in the United States' Notice Regarding Protective Order, Defendant Hernandez Frieri has made multiple attempts to access assets subject to forfeiture, including after the Court restrained such property. *See* United States' Notice Re Protective Order, ECF No. 51.  Furthermore, in the pending Motion, Defendant Hernandez Frieri states that he "has submitted his resignation from all professional responsibilities and directorships." *See* Def.'s Mot. 4.  The United States has not been otherwise

3. Instead, as set forth in the Amended Protective Order itself, the federal grand jury and the Court determined that there was probable cause to restrain, pursuant to 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 981(a)(1)(C), the **directly forfeitable assets** listed in the Amended Protective Order.  *See* Am. Protective Order (grand jury's probable cause determination is set forth in paragraphs 3-4 and the Court's finding is set forth in paragraph 7 on pages 2-4).

4. The relevant statutes, that is, 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 981(a)(1)(C), provide for the forfeiture of assets that were involved in the charged offenses, that are traceable to such assets, or that constitute proceeds of the offenses.  As set forth in the Indictment, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in a violation of 18 U.S.C. § 1956 alleged in the Indictment, and any property traceable to such property, is subject to criminal forfeiture.  *See* Indictment 5, ECF No. 19.  In addition, pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952 alleged in the Indictment is also subject to criminal forfeiture.  *See id.* at 5-6.  *See also* Am. Protective Order ¶ 2, at 2, ECF No. 60.

5. The Amended Protective Order specifies the assets that have been restrained.  They are (collectively, the "Subject Assets"):

   a. A total of approximately $45,585,667.46 in U.S. currency, which includes:

   i. Approximately $5,999,710.00 in U.S. currency seized on or about December 19, 2017;

   ii. Approximately $35,488,967.72 in U.S. currency seized on or about January 8, 2018; and

---

informed of any resignations, and presumably, Defendant Hernandez Frieri and his defense counsel have ensured that such actions do not constitute an alienation of assets that would contravene the Amended Protective Order's directives to not dissipate the Subject Assets and ensure their availability for criminal forfeiture.  *Compare id. with* Am. Protective Order ¶ 2, at 7.

    iii. Approximately $4,096,989.74 in U.S. currency recovered on or about July 17, 2018;

 b. Real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160;

 c. All assets on deposit in account number 1466054 at City National Bank held by Global Securities Trade Finance;

 d. All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited to:

    i. All shares of Global Securities Trade Finance Class D Series D-1; and

    ii. Approximately 15,813.315 LU0928615466 Fenice SICAV SIF – Eagle Global;

 e. All assets on deposit in account/portfolio number 10.608645 at Zarattini & Co Bank in Lugano, SWITZERLAND, including, but not limited to:

    i. Approximately 16,000 Fenice SICAV-SIF SCA SICAV-SIF – Eagle Global; and

    ii. Approximately 24,405.72 Fenice SICAV-SIF SCA SICAV – Blu;

 f. All assets on deposit in account number Z1ULD767 at Valbury Capital Ltd. in London, UNITED KINGDOM;

 g. Real property located at Residencial Santa Maria Signature, Apartments 9-A and 9-B, including fixtures and furnishings, in Panama, PANAMA;

 h. Real property located at Residencial Santa Maria Signature, Apartments 2-A, 2-B, 3-B, 5-B, 6-B, 7-B, 8-A, 11-A, 11-B, including fixtures and furnishings, in Panama, PANAMA;

 i. Real property located at Residencial Costamare, Apartment 24-011, including fixtures and furnishings, in Panama, PANAMA;

 j. Real property located at Residencial Costamare, Apartment 24-021, including fixtures and furnishings, in Panama, PANAMA;

 k. Real property located at Vistamar Golf Village, Number 3, including fixtures and furnishings, in Panama, PANAMA;

 l. All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C Series C-1;

4

        m.        All assets on deposit in account number 1465724 at City National Bank in New Jersey, held by Global Securities Trade Finance;

        n.        All assets on deposit in account number 55102421 at City National Bank in New Jersey, held by Global Securities Trade Finance;

        o.        Real property located at 2101 South Surf Road, Unit 2E, Hollywood, Florida; and

        p.        Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware limited liability company, acquired on or about September 22, 2016, and October 18, 2017, by Global Securities Trade Finance and Gustavo Hernandez, respectively.

*See* Am. Protective Order ¶ 1, at 4-7.

    6.    No substitute assets are listed among the Subject Assets. Significantly, the proceeds of the Christie's wine auctions for Bottle Asset Fund[3] ("BAF"), which are referenced in the e-mail correspondence accompanying the Defendant's Motion, are not listed. *Compare id. with* Def.'s Ex. A, ECF No. 68-1.

    7.    Consequently, Defendant Hernandez Frieri's discussion on substitute assets in his Motion, under the headings of "I. Forfeiture of Substitute Assets" and "III. Law on Restraint of Substitute Assets Pre-Trial," misleads the Court on the standards and case law relevant to the Subject Assets. *See* Def.'s Mot. 1-3, 5-6. For instance, the restraint and seizure of assets must be supported by probable cause, not preponderance of the evidence, which is the burden of proof to forfeit rather than restrain the property. *Compare* Def.'s Mot. 2 ("The government must prove ever part of its forfeiture case by a preponderance of the evidence.") *with, e.g., Kaley v. United States*, 571 U.S. 320, 330-33 (2014) (finding of probable cause is sufficient to support the restraint of property); *United States v. Monsanto*, 491 U.S. 600, 615 (1989) (same). In fact, the Amended

---

[3] On or about November 26, 2018, the undersigned counsel sent an e-mail to Christie's clarifying that the proceeds from the New York auction are not under formal restraint, and reiterating that it is the United States' understanding that the funds remain frozen because of Christie's compliance concerns. *See* 11/26/2018 e-mail correspondence (on file with undersigned counsel).

Protective Order is merely a less restrictive means than a seizure warrant to ensure the availability of assets subject to criminal forfeiture. *See* 21 U.S.C. § 853(f) (authorizing the issuance of seizure warrants for assets subject to forfeiture).

8. Moreover, Defendant Hernandez Frieri has no standing to demand a hearing on the basis that he has no interest in the Subject Assets. In his Motion, Defendant Hernandez Frieri appears to disclaim the referenced assets, stating that "[n]one of these allegedly tainted monies, totaling approximately $12 million were possessed personally by [him] or any entity owned by [him]," and that he is "not an owner of" BAF, which participated in the Christie's auctions referenced in the Defendant's Motion.[4] *See* Def.'s Mot. 4-5. To the extent that Defendant Hernandez Frieri lacks an interest in these or any other assets sought for forfeiture, he also lacks standing to contest their forfeiture and request a hearing on the matter. *See, e.g., United States v. Coffman*, 574 F. App'x. 541, 563-64 (6th Cir. 2014) (the defendant cannot object to the forfeiture of a substitute asset on the ground that it belongs to a third party; if the defendant lacks any interest in the property, "the Government has acquired nothing from him"); *United States v. Rivers*, 60 F. Supp. 3d 1262, 1266 (M.D. Fla. 2014) ("[A]ny objection [the defendant] may have on the basis that a third party holds an interest in forfeitable property is not his objection to make."); *United States v. Morrison*, 2006 WL 2990481, *5 (E.D.N.Y. Oct. 19, 2006) (defendant not entitled to a

---

[4] In passing, Defendant Hernandez claims, without specifying, that assets belonging to his wife and family are "subject to *lis pendens* or other restrictions." Def.'s Mot. 5. In addition to the Subject Assets, United States has filed a notice of *lis pendens*, which is not a restraint, on real property located at 597 Hibiscus Lane, Miami, Florida 33137. *See United States v. Register*, 182 F.3d 820, 836 (11th Cir. 1999) (because filing a notice of *lis pendens* does not implicate due process rights, no post-filing hearing required to determine if *lis pendens* should be removed); *United States v. Bohling*, 321 F. App'x. 855, 858 (11th Cir. 2009) (same; following *Register*); *United States v. Borne*, 2003 WL 22836059, *3 (E.D. La. 2003) (same). The United States is not aware of any other "restrictions," but if there are additional concerns, they should first be raised in a pre-filing conference in an effort to resolve without further litigation.

pre-trial hearing where he alleged that property did not belong to him and failed to substantiate a basis for such hearing).[5]

9. Rather, third-party claims must be raised by the relevant parties in ancillary forfeiture proceedings. *See* 21 U.S.C. § 853(k), (n) (barring third-party claimants from intervening in the trial or appeal of a criminal case and from instituting a separate action involving property subject to forfeiture, and setting forth how third-party claims are determined in ancillary proceedings); *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012) ("An ancillary proceeding constitutes the sole means by which a third-party claimant can establish entitlement to return of forfeited property.").

10. Finally, Defendant Hernandez Freiri's inability to contest the charges he faces is a situation of his own making, and not, as he contends, due to the United States. Shortly after the undersigned counsel circulated a copy of the Amended Protective Order, defense counsel requested the pre-discovery disclosure of the agent's declaration. *See* 11/1/2018 e-mail correspondence (on file with undersigned counsel). In response, the United States informed defense counsel that the agent's declaration is under seal, but upon Defendant Hernandez Frieri's

---

[5] In addition, Defendant Hernandez Frieri, who has already retained trial counsel of choice, has not established any need that would warrant a post-restraint, pretrial *evidentiary* hearing regarding the Subject Assets. *See Monsanto*, 491 U.S. at 616 ("[I]f the Government may, post-trial, forbid the use of forfeited assets to pay an attorney, then surely no constitutional violation occurs when, after probable cause is adequately established, the Government obtains an order barring a defendant from frustrating that end by dissipating his assets prior to trial."); *United States v. Kaley*, 579 F.3d 1246, 1258-60 (11th Cir. 2009) (Kaley I) (remanding to determine whether the defendants are entitled to a post-indictment pretrial evidentiary hearing under balancing factors set forth in *Barker v. Wingo*, 407 U.S. 415 (1972), when defendants have alleged they require restrained assets to retain counsel) (also citing *United States v. Bissell*, 866 F.2d. 1343 (11th Cir. 1989) and noting possible applicability of factors set forth in *Mathews v. Eldrige*, 424 U.S. 319 (1976) over *Barker*).

return to the United States, the Government could provide the document in compliance with its discovery obligations.  *See id.*  *See also United States v. Egan*, 2010 WL 3000000, *1 n.2 (S.D.N.Y. July 29, 2010) (denying defendant's pre-testimony request for a copy of the affidavit that was used to obtain the *ex parte* restraining order).

      11.      In his Motion, Defendant Hernandez Frieri fails to disclose such correspondence.

      12.      Defendant Hernandez Frieri also conspicuously fails to disclose to the Court that he is contesting his extradition from Italy, which has necessarily delayed his appearance in the Southern District of Florida.  *Cf.* Def.'s Mot. 4.  As defense counsel well knows, regardless of the location of Defendant Hernandez Frieri's arrest, he is not entitled to a bond or to the Government agreeing to one.[6]  *Cf. id.*  Any argument that Defendant Hernandez Frieri "wants to come back to Miami and contest the charges against him" is contradicted by the undisputed fact that he is actively fighting against such return.  *Cf. id.*

      13.      While he remains in Italy, Defendant Hernandez Frieri has no right to discovery, which he has acknowledged.  *Accord* Def.'s Mot. 4.  As a result, he has no right to the pre-discovery disclosure of the agent's declaration.

Accordingly, the Court should deny the Defendant's Motion because it is evident from the face of the Amended Protective Order that no substitute assets have been restrained, which eliminates any need for a hearing, and because Defendant Hernandez Frieri is not entitled to the pre-discovery disclosure of the agent's declaration while he is in Italy, where he remains by choice.

---

[6] As he details in his Motion, Defendant Hernandez Frieri was arrested while vacationing in Italy. *See* Def.'s Mot. 4. On or about the same day, Defendant Matthias Krull was also arrested at Miami International Airport.  *Compare id. with* Criminal Complaint, ECF No. 3 (charging Defendant Matthias Krull) *and* Case Docket for 18-MJ-03119-EGT (indicating arrest of Matthias Krull on or about July 24, 2018).

The United States does not oppose the unsealing of the United States' Application [ECF No. 57], as it remains under seal because it was filed *ex parte*.

                                                Respectfully submitted,

                                                ARIANA FAJARDO ORSHAN
                                                UNITED STATES ATTORNEY

By:   *s/ Nalina Sombuntham*
        Nalina Sombuntham
        Assistant United States Attorney
        Fla. Bar No. 96139
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9224
        Facsimile:  (305) 530-6166
        nalina.sombuntham2@usdoj.gov


        /s/ **Michael Nadler**
        Michael B. Nadler
        Assistant United States Attorney
        Florida Bar No. 0051264
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9244
        Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on November 30, 2018, on all parties of record on the Service List.

                                               *s/ Nalina Sombuntham*
                                               Nalina Sombuntham
                                               Assistant United States Attorney