UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-cr-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUSTAVO ADOLFO HERNANDEZ
FRIERI, et al.,

    Defendants.
_____/

**DEFENDANT GUSTAVO ADOLFO HERNANDEZ FRIERI'S
REPLY TO THE GOVERNMENT RESPONSE TO MOTION FOR
CLARIFICATION OF AMENDED PROTECTIVE ORDER**

    Defendant Gustavo Adolfo Hernandez Frieri ("Gustavo Hernandez") through undersigned counsel responds as follows to the Government's Opposition to the motion to clarify this Court's Amended Protective Order.

    1.    Gustavo Hernandez is in the midst of extradition proceedings in Italy. Mr. Hernandez has been under arrest in Italy since July 25, 2018. The Government ignores the fact that Gustavo Hernandez was taken into custody in Italy because the Government chose NOT to wait four days for his return to Miami. Mr. Hernandez was scheduled to return to Miami with his wife and children on July 29, 2018. His wife and children returned from Italy to Miami on this date (7/29/2018) without Mr. Hernandez, who remained in prison in Messina, Sicily.

    2.    Gustavo Hernandez continues to oppose extradition on the advice of counsel and has been seeking in Italy and in the United States some additional substantiation of the allegations against him beyond the bare allegations of the Indictment and the initial Complaint Affidavit, as is his right. This has been especially important since the Government has chosen

NOT to provide any assurances as to how Mr. Hernandez would be transported to the United States, how long this would take, whether Mr. Hernandez would be incarcerated in an Italian jail during this process and whether the Government would seek to have him detained in the United States pending his trial. The extradition request for Mr. Hernandez was received by the court in Messina, Italy on September 17, 2018. The initial Court hearing was held in the Court in Messina on September 24, 2018, but the extradition package did not include what Italian defense counsel say is the required information pursuant to the US/Italy extradition treaty and per Italian law. The Italian Court has yet to set a date for a review of the extradition hearing. Mr. Hernandez continues to wait under house arrest in Messina, Italy, for the extradition process to conclude.

3. At the same time, the Government has made ex parte applications that adversely affect Gustavo Hernandez. For example, the Government apparently believes that two notes relating to Domaine Select are properly subject to restraint. It appears from the Amended Protective Order that one note belongs to Global Securities Trade Finance Fund ("GSTF") and one note belongs to Mr. Hernandez. This Court entered its Order apparently based on allegations in an undisclosed agent affidavit. The facts will show that two separate subscriptions and only two came into GSTF from Abraham Ortega (GSTF Class C Shares registered under UBS AG Bank) and Pedro Binaggia (GSTF Class D Shares, under DELTEC Bank). These men are the Government cooperator and Government informant, respectively, and none of these monies were received personally by Gustavo Hernandez. So how can the restraint of Mr. Hernandez' note be anything but the restraint of substitute assets?

Moreover, GSTF had multiple subscribers whose money came into GSTF, across its 12 (twelve) years of history and under 8 (eight) different share classes. The Ortega and Binaggia monies were always separately accounted for by the independent Fund Administrator and the

independent Fund Auditor, under the GSTF Class C and Class D shares respectively. The full amounts in these Domaine Select notes are not solely Ortega/Binaggia monies. On information and belief only approximately $1 million was a Ortega/Binaggia investment that comes back to their account at maturity. So how could restraining these notes in their entirety be anything but a restraint of substitute assets? We submit that the Government has acted in an overbroad manner to tie up anything related to Mr. Hernandez and his business GSTF. This is why a hearing is appropriate. The Government's restraint of all GSTF bank accounts for all share classes goes too far.

4. Worse, because of the allegations made against him and the severe impact those allegations have on every single businesses to which he is affiliated, Gustavo Hernandez has taken the necessary and correct steps of resigning from each and every position of control. Yet the Government in its pleading criticizes him for this. Just as it points disparagingly to inquiries Mr. Hernandez made in the period after his arrest trying to get information about GSTF's business accounts in order to protect innocent third party investors.

5. Mr. Hernandez intends to return to the United States to confront the Government allegations at a trial. He understands that until he is back in Miami he cannot obtain the discovery to which he is entitled or file motions attacking the Indictment. But since the Government is in communication with entities like the GSTF Custodian, City National Bank and Christie's Auction House, the auction house working with the Bottled Asset Fund (BAF) for which Gustavo Hernandez served as director, and because based on those communications these entities are freezing assets, certainly Gustavo Hernandez is deserving of an Order clarifying that pre-trial restraints here DO NOT extend to substitute assets but ONLY to the narrow list of properties and assets specifically enumerated in the Amended Protective Order?

Dated: December 4, 2018

*s/ Michael S. Pasano*
Michael S. Pasano (475947)
Email: mpasano@carltonfields.com
Michael D. Padula (314810)
Email: mpadula@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
100 SE Second Street, Suite 4200
Miami, Florida 33131
Tel:  (305) 530-0050
Fax:  (305) 530-0055
*Counsel for Defendant, Gustavo Adolfo Hernandez Frieri*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2018 a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system and served on all counsel of record.

*s/ Michael S. Pasano*
Michael S. Pasano

## SERVICE LIST

Michael Brian Nadler
Email: michael.nadler@usdoj.gov
Nalina Sombuntham
Email: nalina.sombuntham2@usdoj.gov
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9159
(305) 530-7976 (fax)

Gwendolyn A. Stamper, Esq.
Email: Gwendolyn.stamper@usdoj.gov
David Johnson, Esq.
Email: David.Johnson@usdoj.gov
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave NW, Room 3204
Washington, DC 20005
202-353-0822

116383080.1