UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-cr-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI
FRIERI, et al.,

    Defendants.
_____/

## DEFENDANT GUSTAVO ADOLFO HERNANDEZ FRIERI'S UNOPPOSED MOTION TO CLARIFY CONDITIONS OF ELECTRONIC MONITORING

Defendant Gustavo Adolfo Hernandez Frieri ("Mr. Hernandez Frieri"), respectfully requests this Court, pursuant to Rule 47, Federal Rules of Criminal Procedure, to clarify the conditions of Mr. Hernandez Frieri's home confinement and electronic monitoring ordered by Magistrate Judge Jacqueline Becerra on May 17, 2019 [D.E. 98]

    1.    On May 17, 2019, the Honorable Magistrate Judge Jacqueline Becerra conducted a bond hearing.  As part of the conditions of release pending trial, Judge Becerra directed that Mr. Hernandez Frieri:

    (a)    execute a $1,500,000.00, 10% Cash Bond with a <u>Nebbia</u> condition.

    (b)    execute a $25,000,000.00, Personal Surety Bond, co-signed by his brother and his brother-in-law.

    (c)    surrender all passports and travel documents, including those belonging to his children.

    (d)    report to Pretrial Services as directed.

(e) may not visit transportation establishments.

(f) may not encumber property, and the co-signors may not encumber assets or investments.

(g) be confined to his home and be placed on an electronic monitor.

(f) be permitted the following allowances: (i) medical needs or treatment, (ii) court appearances, and (iii) attorney visits or court ordered obligations.

2. Although the Court's Bond Condition Order signed on May 21, 2019 (DE 102], provides Mr. Hernandez Frieri with home confinement allowances for (i) medical needs or treatment, (ii) court appearances, and (iii) attorney visits or court ordered obligations, Pretrial Services has limited Mr. Hernandez Frieri's home confinement allowances to only court appearances, based upon a reading of the Court Minutes of the May 19, 2019 hearing. Pretrial Services urges the undersigned to clarify the terms of electronic monitoring with this Court, and until such clarification, will not allow Mr. Hernandez Frieri to leave his house except for court appearances.

3. Accordingly, Mr. Hernandez Frieri seeks to clarify the conditions of his home confinement and electronic monitoring – the condition Pretrial Services has interpreted as only providing Mr. Hernandez Frieri with the allowance to leave home confinement for court appearances. Specifically, we seek permission for Mr. Hernandez Frieri to be permitted to leave home confinement for the following reasons: (i) legal visits with his attorneys, including his attorneys at Carlton Fields, P.A., located at 100 S.E. 2nd Street, Miami, Florida; (ii) attending religious obligations; (iii) travel to and from courthouse buildings; (iv) medical and dental appointments.

## CONCLUSION

WHEREFORE it is respectfully requested that the Court grant the instant unopposed motion and order that the conditions of Mr. Hernandez Frieri's home confinement and electronic monitoring be clarified as stated in paragraph three above.

## RULE 88.9 CERTIFICATE

The undersigned has spoken with Assistant United States Attorney Michael Nadler who agrees with this motion and has no objection to the Court clarifying the conditions requested herein.

Dated: May 28, 2019
         *s/ Michael S. Pasano*
         Michael S. Pasano (475947)
         Email:  mpasano@carltonfields.com
         David W.A. Chee (109659)
         E-mail: dchee@carltonfields.com
         CARLTON FIELDS
         100 SE Second Street, Suite 4200
         Miami, Florida 33131
         Tel: 305-530-0050
         *Counsel for Defendant, Gustavo Adolfo Hernandez Frieri*