UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20685-CR-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FRANCISCO CONVIT GURUCEAGA, et al.,

    Defendants.
_____/

IN RE

BRITESTAR WORLDWIDE LTD.,
CORP. and SKY INVESTMENT AND
FIELD CONSTRUCTION CORP.

    Third-Party Petitioner.
_____/

**DECLARATION OF HSI SPECIAL AGENT ALAN G. VEGA
IN SUPPORT OF RESPONSE IN OPPOSITION OF THIRD-PARTY PETITION**

I, ALAN G. VEGA, under penalty of perjury, declare:

**I.    TRAINING AND EXPERIENCE**

1.    I am a Special Agent with Homeland Security Investigations ("HSI"), performing the duties provided by law and regulation, and empowered to conduct investigations of offenses against the United States. I have been employed by HSI for the last 16 years. I am currently responsible for conducting and assisting in investigations relating to money laundering, wire fraud, and other federal crimes. I am currently assigned to the HSI Miami Illicit Proceeds and Foreign Corruption Group. I have been assigned to this group for approximately seven years. In my current role, I participate in investigations concerning the concealment and laundering of illicitly

derived funds by Politically Exposed Persons ("PEPs") and/or Transnational Criminal Organizations ("TCOs").

2.  I have personally participated in the investigation described herein. As a result of this participation, as well as information provided by other law enforcement personnel, I am familiar with all aspects of this investigation. The information contained in this declaration is based upon my personal knowledge and my review of evidence gathered during the course of this investigation, as well as information obtained, directly or indirectly, from other sources and agents, including information provided to me by other agents and financial analysts who are involved in the investigation. I make this sworn declaration in support of the United States' Response in Opposition to Britestar Worldwide Ltd., Corp. ("Britestar") and Sky Investment and Field Construction Corp.'s ("Sky") (collectively, "Petitioners") Third-Party Petition ("Petition"), ECF No. 169. Because this declaration is being submitted for a limited purpose, it does not include all of the facts that I have learned during the course of the investigation.

## II.   BACKGROUND REGARDING BRITESTAR AND SKY

3.  Based on public records, Britestar is the titled owner of the following real properties:

   i.  Real property located at 6905 Prado Boulevard, Coral Gables, Florida 33143 ("Prado Property");

   ii. Real property located 465 Brickell Avenue, Unit 619, Miami, Florida 33131 ("Brickell Property"); and

   iii. Real property located at 655 Casuarina Concourse, Coral Gables, Florida 33143 ("Casuarina Property").

*See* Composite Exhibit B (Miami-Dade County Real Property Appraiser online records for the Prado Property, Brickell Property, and Casuarina Property).

4.  According to Florida Department of State of Records, the current officers/directors

of Britestar are Fernando Valero ("Valero") and Yngrid Silva ("Silva"). *See* Exhibit C (Florida Department of State, Division of Corporations online record for Britestar). I previously learned that Valero had died in 2018. I am also aware that Valero and Silva were married prior to Valero's passing. The registered agent of Britestar is M.V., *id.*, who I believe to be Valero's relative or associate based on law enforcement databases and open source materials.

5. Based on public records, Sky is the titled owner of real property located at 194 Isla Dorada Boulevard, Coral Gables, Florida 33143 ("Isla Dorada Property"). *See* Exhibit D (Real Property Appraiser online record for the Isla Dorada Property).

6. According to Florida Department of State of Records, the current registered agent and president of Sky is Silva. *See* Exhibit E (Florida Department of State, Division of Corporations online record for Sky).

### III. VALERO'S RECEIPT OF FUNDS INVOLVED IN THE CHARGED MONEY LAUNGERING CONSPIRACY

7. Based on my training and experience, I am aware that money launderers often title property in the name of nominee individuals and businesses in order to conceal their ownership of property.

8. I am aware, based on the investigation in this case, that funds involved in the charged money laundering conspiracy were transferred to a business associated with Valero. Petróleos de Venezuela S.A. ("PDVSA") and Rantor Capital C.A. ("Rantor"), a Venezuelan shell company, entered into a purported loan contract, which Rantor later assigned to Eaton Global Services Limited ("Eaton"), a Hong Kong Company (hereinafter referred to as the, "Eaton-Rantor Loan Scheme"). Under the loan agreements that followed, Eaton would receive €511 million from PDVSA after "loaning" PDVSA 7.2 billion bolivars, the market equivalent of €35 million.

9. In a notice of assignment letter dated on or about December 23, 2014, Eaton sent a

3

notice of assignment to PDVSA and suggested that PDVSA repay the 7.2 billion bolivar loan in the Euro equivalent of $600 million. The letter included instructions for PDVSA to wire funds to accounts at European Financial Institution 1 for the benefit of Eaton. In accordance with that letter, PDVSA sent a total of approximately €511 million to European Financial Institution 1 for the benefit of Eaton.

10. According to records obtained from European Financial Institution 1, Valero maintained an account at European Financial Institution 1 in the name of Exlusividades Vagú ("Vagú"), the jewelry business Valero operated. In total, the Vagú account received at least $10 million from Eaton's account at European Financial Institution 1, which received the €511 million from PDVSA.

## IV. CONNECTIONS BETWEEN DEFENDANT MARIO ENRIQUE BONILLA VALLERA AND THE SUBJECT PROPERTIES

11. Based on my investigation into Mario Enrique Bonilla Vallera (the "Defendant") and his associates, I have found connections between the Defendant and the following real properties:

  i. **Isla Dorada Property**
     a. The Defendant's driver's license indicated his residence was the Isla Dorada Property before he became a fugitive. *See* Exhibit F (DAVID record for Defendant).
     b. The Defendant was the director and/or officer of several limited liability corporations ("LLCs") that were registered to the Isla Dorada Property. *See* Composite Exhibit G (Articles of Incorporation for three LLCs registered at the Isla Dorada Property). The address listed for the Defendant on documents for these LLCs was the Isla Dorada Property. *Id.* at 3, 12, 21, 25-26.

4

    c. Cosme J. de la Torriente ("Torriente") was listed as the incorporator and/or registered agent of these LLCs. *See id.* at 7-9, 16-18, 27. Torriente was referenced in the Petition as the real estate attorney that Valero hired to handle the legal aspects of the real estate transactions. *See* Petition 4.

    d. J.F., who I believe to be the Defendant's girlfriend, was the officer of another LLC registered at the Isla Dorada Property. *See* Exhibit H (Articles of Incorporation for Dark Iron). The registered agent of that business was listed as M.V., who I believe to be Valero's relative or associate. *See id.*

    e. The Defendant paid property taxes on the Isla Dorada Property in 2014 and 2015. *See* Composite Exhibit I (Isla Dorada Property tax receipts).

    f. The mailing address for the Isla Dorada Property is the Prado Property. *See* Exhibit D (Miami-Dade County Property Appraiser online record for the Isla Dorada Property).

    g. Sky, the titled owner of the Isla Dorada Property, was originally registered to the Prado Property. *See* Exhibit L (Articles of Incorporation for Sky).

ii. **Prado Property, Brickell Property, and Casuarina Property**

    a. The Defendant was also the manager and registered agent of several LLCs that were registered to the Prado Property. *See* Composite Exhibit J (Articles of Incorporation for five LLCs registered at the Prado Property). The address listed for the Defendant on most of the documents for these LLCs was the Prado Property. *See id.* at 1-2, 6, 7-8, 10.

    b. Britestar is the titled owner to the Prado Property, Brickell Property, and Casuarina Property. *See* Composite Exhibit B (Miami-Dade County Property Appraiser

online records for the Prado Property, Brickell Property, and Casuarina Property).

c. The mailing address for the Prado Property, Brickell Property, and Casuarina Property is 155 SW 25th Road Miami, Florida 33129, an address titled to Torriente. *See* Composite Exhibit B (Miami-Dade County Property Appraiser online records for the Prado Property, Brickell Property, and Casuarina Property); Exhibit K (Miami-Dade County Property Appraiser online record for 155 SW 25th Road).

d. Torriente is the listed incorporator and/or registered agent the Defendant's businesses registered to the Isla Dorada Property. *See* Composite Exhibit G (Articles of Incorporation for three LLCs registered at the Isla Dorada Property).

Executed on January __29__, 2020.

Respectfully submitted,

_____
Alan G. Vega, Special Agent
HOMELAND SECURITY INVESTIGATIONS