UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

**UNITED STATES' UNOPPOSED MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. In support of this motion, the United States provides the following factual and legal bases.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 16, 2018, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Indictment, ECF No. 3. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 5.

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 163; Plea Agreement ¶ 1, at 1, ECF No. 119. As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $12,330,000 in U.S. currency and the forfeiture of other specific assets that have been finally forfeited. *See* Plea Agreement ¶ 13, at 7-8, ECF No. 163. The United States also agreed to credit the Defendant's forfeiture money judgment for any forfeiture obtained by the United States as a result of co-defendant Abraham Edgardo Ortega's forfeiture and forfeiture money judgment of $12,000,000. *See* Plea Agreement ¶ 13, at 8.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF Nos. 164 and 165. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

All property, real or personal "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). Property "involved in" a money laundering offense "includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense.'" *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting and citing *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)). Funds that are pooled or commingled "to facilitate or disguise [a defendant's] illegal scheme" are forfeitable. *See id.* (internal quotations omitted).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(1). Criminal forfeiture is governed by

the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).

Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A). To the extent there is a third-party interest to any forfeited asset, such claims are addressed after the property is preliminary forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable

property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).

### C. Property Subject to Forfeiture in Instant Criminal Case

According to the Defendant's Factual Proffer, Defendant and others conspired to launder and engage in monetary transactions with the proceeds of corrupt currency exchanges involving Petróleos de Venezuela, S.A. ("PDVSA"). *See* Factual Proffer 1-2. Between August 2004 and March 2016, co-defendant Abraham Edgardo Ortega ("Ortega") worked in various finance positions at PDVSA and was a "foreign official," as that term is defined in the Foreign Corrupt Practices Act ("FCPA"). *See id.* at 1.

Ortega participated in a bribery scheme in which he received U.S. dollars in exchange for acts and decisions in his official capacity to give certain companies "priority" status in joint venture schemes. *See id.* at 2. The Defendant, Ortega, and others conspired to launder approximately $12 million that were given to Ortega as bribe payments. *See id.* at 2-3. In addition to this $12 million, the Defendant agreed with a confidential source ("CS") to launder an additional $300,000 to an undercover law enforcement account. *See id*. at 6. The Defendant, via an invoice from Global

Securities Management, charged $30,000 to conduct such transfer. *See* Aff. Criminal Compl. ¶ 95, at 24-25, ECF No. 3.

Based on the record in this case, the total value of the property involved in the offense of conviction is $12,330,000, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## **LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on February 3, 2020, and there is no opposition/objection to the relief sought.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham and Nicole Grosnoff*
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorney
Deputy Chief, Asset Forfeiture Division
Nicole Grosnoff, Court ID No. A5502029
Assistant United States Attorney
U.S. Attorney's Office for the Southern District of Florida
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 (Sombuntham)
(305) 961-9294 (Grosnoff)
Facsimile: (305) 536-4089
nalina.sombutham@usdoj.gov
nicole.s.grosnoff@usdoj.gov