**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 18-CR-20685-WILLIAMS/TORRES**

**UNITED STATES OF AMERICA**

**v.**

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

**Defendant.**

**UNITED STATES' MOTION FOR**
**SECOND PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853(p) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorneys, hereby moves for the entry of a Second Preliminary Order of Forfeiture against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant") in the above-captioned matter. The United States seeks to forfeit substitute property, including two checks totaling approximately $6,400 and the Defendant's residence, in order to satisfy, in part, the $12,330,000 forfeiture money judgment imposed on Defendant in the Preliminary Order of Forfeiture, ECF No. 175. In support of this motion, the United States provides the following factual and legal bases, as well as the attached Declaration of Special Agent Alan G. Vega of Homeland Security Investigations ("HSI") and exhibits.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 16, 2018, a federal grand jury returned an Indictment charging the Defendant and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts. *See* Indictment, ECF No. 19.

On August 17, 2018, a Notice of Lis Pendens was recorded on real property located at 597

Hibiscus Lane, Miami, Florida 33137, providing notice of the United States' intent to seek its forfeiture as substitute property. *See* Recorded Notice of Lis Pendens 3-4, ECF No. 36. A Renewal of Lis Pendens was recorded on September 19, 2019, and again on September 18, 2020. *See* Recorded Renewal of Lis Pendens 11, ECF No. 145; *attached* Exhibit 12 (Second Renewal of Lis Pendens).

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163. As part of the guilty plea, the Defendant agreed to the following forfeiture provisions, among others:

> 13. **The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Indictment and/or property that constitutes substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p).** The defendant agrees that the property subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1) includes, but is not limited to:
>
> (i) A sum of at least $12,330,000 in U.S. currency, which may be sought as a forfeiture money judgment;
>
> (ii) All assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, SWITZERLAND, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C;
>
> (iii) All assets on deposit in account numbers 1466054, 1465724, and 55102421 at City National Bank in New Jersey held by Global Securities Trade and Finance;
>
> (iv) All assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, THE BAHAMAS, including, but not limited, all shares of Global Securities Trade and Finance Class Series D-1;
>
> (v) Approximately $2 million in Series A convertible notes of Domaine Select Wine & Spirits, LLC, a Delaware Limited Liability Company, acquired on or about September 22, 2016, and October 18, 2017, by Global Securities Trade and Finance and Gustavo Hernandez, respectively; and
>
> (vi) All assets on deposit in account number 200020600 at Ansbacher Limited in THE BAHAMAS, held in the name of Greatwalls FS.
>
> The defendant agrees to consent to the entry of orders of forfeiture for such property and to not contest the forfeiture of property specifically identified as directly forfeitable in the Indictment and Amended Protective Order. The defendant admits and agrees that the conduct described in the Criminal Complaint, Indictment, and

> Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States. **The United States agrees to credit the defendant's forfeiture money judgment of $12,330,000 for any forfeiture obtained by the United States as a result of defendant Abraham Edgardo Ortega's forfeiture and forfeiture money judgment of $12,000,000.**
>
> 14. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all assets, including real and personal property, cash, and other monetary instruments, wherever located, which the defendant, or others to the defendant's knowledge, have accumulated as a result of illegal activities, or are forfeitable as substitute assets in the place of assets accumulated as a result of illegal activities. **The defendant further agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied. The defendant understands that should there be any remaining balance to his forfeiture money judgment after the forfeiture of directly forfeitable property, the United States may seek the forfeiture of his substitute assets.** The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States. To that end, defendant agrees to fully assist the Office in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office, upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. **The defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the Office.**

Hernandez Plea Agreement ¶¶ 13-14, at 7-9 (bold emphasis added).

On September 23, 2019, after co-defendant Abraham Edgardo Ortega ("Ortega") pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957, the Court entered a Final Order of Forfeiture in Ortega's case. *See* Ortega Final Order of Forfeiture, ECF No. 146.

As a result of the Final Order of Forfeiture, the United States forfeited approximately $818,990.01 in U.S. currency from account numbers 1466054 ("CNB Account 6054"), 1465724, and 55102421 ("CNB Account 2421") at City National Bank of New Jersey ("CNB"). *See* Ortega

Final Order of Forfeiture 4-5; *see also* SA Vega Decl. Supp. Ortega Preliminary Order of Forfeiture ¶ 29, at 8, ECF No. 120-1.

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant, and imposed a forfeiture money judgment in the amount of $12,330,000 in U.S. currency against the Defendant. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175. As of the date of this Motion, and as described in more detail below, the balance remaining on the Defendant's forfeiture money judgment is $11,511,009.99.

## II. MEMORANDUM OF LAW

If any directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229). Substitute assets are available for forfeiture upon a showing that, due to any act or omission of a defendant, any directly forfeitable property:

> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p) (made applicable here pursuant to 18 U.S.C. § 982(b)(1)). The Government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

In the Preliminary Order of Forfeiture, the Court has already found that the total value of

the property involved in Defendant's offense of conviction, that is, conspiracy to commit money laundering, was $12,330,000. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175. A forfeiture money judgment for that sum has been imposed against the Defendant. *See id.* In accordance with Defendant's Plea Agreement, approximately $818,990.01 in U.S. currency that was forfeited as a result of the Final Order of Forfeiture in Ortega's case should be credited toward the balance of the Defendant's forfeiture money judgment. *See* Hernandez Plea Agreement ¶ 13, ECF No. 163; Ortega Final Order of Forfeiture, ECF No. 146.

The United States has not been able to recover all of the directly forfeitable property. It is the conclusion of HSI Special Agent Vega that, as a result of the Defendant's acts or omissions, other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See attached* SA Vega Decl. ¶¶ 21-22; *see also attached* Exhibits 1-6.

The Defendant's statements on his financial condition also verify that the laundered $12,330,000 is no longer in his possession or control, confirming that such funds were transferred to a third party or have otherwise been substantially diminished in value. *Compare* 21 U.S.C §§ 853(p)(1)(B) *and* 853(p)(1)(D) *with* Hernandez Presentence Investigation Report ¶¶ 141-158, ECF No. 182 (indicating a negative net worth of $340,961) *and* Exhibit 4 (Financial Disclosure Statement and Accompanying Schedules - Redacted). In addition, more than $9.2 million of the laundered funds was transferred beyond the Court's jurisdiction, to foreign accounts. *Compare* 21 U.S.C. § 853(p)(1)(C) *with* SA Vega Decl. ¶ 10 *and* Exhibit 1 (Chart of Net Outgoing Transfers from CNB Account 6054 and CNB Account 2421 - Redacted).

Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy the forfeiture money judgment:

1) approximately $1,206.65 issued by Chubb Insurance via check number 5000828 and made payable to the U.S. Department of Homeland Security;
2) approximately $5,264.69 issued by Bank of America via check number 1447414 and made payable to the Defendant, representing the closing balance of Bank of America account number ending in 2562; and
3) real property located at 597 Hibiscus Lane, Miami, Florida 33137 ("597 Hibiscus Lane").

The Defendant has turned over custody of the checks, and does not oppose their forfeiture. *See* SA Vega Decl. ¶ 22; *infra* 9 (S.D. Fla. L.R. 88.9 Certification). With respect to 597 Hibiscus Lane, defense counsel's position is that the Defendant does not have a present forfeitable interest in the property, but agrees that the Government may take as a substitute asset any future interest in this property. *See infra* 9.

The real property located at 597 Hibiscus Lane[1] is titled in the name of Defendant and Olympia De Castro as co-trustees of the 597 Hibiscus Lane Revocable Trust U/A/D December 10, 2013 (the "Revocable Trust"). *See attached* Exhibit 7 (Warranty Deed for 597 Hibiscus Lane). According to the terms of the Revocable Trust, Olympia De Castro and the Defendant are "Grantor," or co-settlors, as well as "Trustee" and "Beneficiary"[2] of the Revocable Trust. *See*

---

[1] According to the Miami-Dade Property Appraiser's website, 597 Hibiscus Lane's 2020 assessed value is $1,783,372. *See also* Hernandez Presentence Investigation Report ¶ 149 (net worth statement indicates value is $2 million, property was purchased for $2.725 million, and Zillow indicates a value earlier this year of $2.5 million).

[2] The "Contingent Beneficiaries" of the Revocable Trust are Defendant's children. *See* Exhibit 8, at 1.

*attached* Exhibit 8, at 1 (Revocable Trust Document - Redacted). Article 4 of the Revocable Trust states: "This Trust is revocable and the Grantor has the power to alter, amend, revoke, or terminate any Trust provision or interest, whether under this Trust or under any statute or other rule of law." *Id.* at 4 (Art. 4, Revocability). The Revocable Trust is governed by the laws of the state of Florida, and under its terms, property transferred into the trust is not subject to community property or forced share laws. *Id.* at 7 (Art. 9, Governing Law). Under Florida law, "[t]o the extent the [revocable] trust consists of property other than community property, each settlor may revoke or amend the trust with regard to the portion of the trust property attributable to that settlor's contribution." F.S. § 736.0602(2)(b). "Upon revocation of a revocable trust, the trustee shall deliver the trust property as the settlor directs." F.S. § 736.0602(4). *See also attached* Exhibit 13 (Part IV, Revocable Trusts, F.S. §§ 736.0601-736.0604).

Here, the Defendant closed on 597 Hibiscus Lane with a cash transfer in the amount of $2,469,970 in U.S. currency. *See attached* Exhibit 9 (Letter to Defendant Confirming Cash Closing). As part of his bond, the Defendant was ordered to not attempt to encumber his properties or investments, including his residence at 597 Hibiscus Lane. *See* Hernandez Bond, ECF No. 103; 5/17/2019 Bond Hr'g Tr. 19:8-19:22, ECF No. 101 (U.S. Magistrate Judge Jacqueline Becerra ordering the Defendant "to execute whatever is necessary with the bond paperwork to make sure that his interest in that property [597 Hibiscus Lane] is also pledged as part of the bond"). On September 10, 2020, the undersigned counsel first received documentation from defense counsel indicating that (1) the Defendant had resigned as co-trustee of the Revocable Trust on October 1, 2019, and (2) the Defendant had committed "to resign as co-settlor," as part of his January 24, 2020, marital settlement with Olympia De Castro. *See attached* Exhibit 10 (Trustee Resignation); *attached* Exhibit 11, at 9-10 (Marital Settlement, § 16 Equitable Distribution of Assets). These

documents were executed without prior notice to the Court or the United States.

Despite his execution of these documents, the Defendant still maintains an interest in 597 Hibiscus Lane as he remains the Grantor, or co-settlor, of the Revocable Trust. In particular, his present interest in the real property is underscored by the fact that both he and his ex-wife included it in the equitable distribution of "their assets" in their divorce by indicating that he must resign as co-settlor to release his interest. *See* Exhibit 11, at 9. In order to effectuate the forfeiture of 597 Hibiscus Lane, the United States requests that the Court not only order the forfeiture of such property, but also forfeit, to the United States, the Defendant's interest as "Grantor," or settlor, of the Revocable Trust. As "Grantor," the United States can revoke the Revocable Trust, entitling it to delivery of title to 597 Hibiscus Lane as the Defendant contributed such property to the Revocable Trust. *See* Exhibit 9; F.S. §§ 736.0602(2)(b) and 736.0602(4); *see also* F.S. § 736.0603(1) ("While a trust is revocable, the duties of the trustee are owed exclusively to the settlor.").

To the extent that the Defendant's ex-wife or any other third party has an interest in any property sought through forfeiture proceedings, such interest will be addressed after the property is preliminary forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2; *United States v. Couch*, 906 F.3d 1223, 1228 (11th Cir. 2018) (recognizing that § 853(k) "expressly bars third parties from intervening in forfeiture proceedings to claim an interest in property subject to forfeiture"). Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

**LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via telephone calls and e-mails, including last on September 24, 2020, regarding the Defendant's position on the relief sought, and the Defendant does not object to the forfeiture of the two checks as substitute assets. With respect to the real property located at 597 Hibiscus Lane, defense counsel's position is that Defendant does not have a present forfeitable interest in this property, which is owned by a Trust. Mr. Hernandez is nevertheless willing to agree that the Government may take as a substitute asset any future interest he might acquire in this property.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham and Nicole Grosnoff*

Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorney
Deputy Chief, Asset Forfeiture Division
Nicole Grosnoff, Court ID No. A5502029
Assistant United States Attorney
U.S. Attorney's Office for the Southern District of Florida
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 (Sombuntham)
(305) 961-9294 (Grosnoff)
Facsimile: (305) 536-4089
nalina.sombuntham@usdoj.gov
nicole.s.grosnoff@usdoj.gov