# PART VI
# REVOCABLE TRUSTS

736.0601   Capacity of settlor of revocable trust.
736.0602   Revocation or amendment of revocable trust.
736.0603   Settlor's powers; powers of withdrawal.
736.0604   Limitation on action contesting validity of revocable trust.

**736.0601   Capacity of settlor of revocable trust.**—The capacity required to create, amend, revoke, or add property to a revocable trust, or to direct the actions of the trustee of a revocable trust, is the same as that required to make a will.

History.—s. 6, ch. 2006-217.

**736.0602   Revocation or amendment of revocable trust.**—

(1)   Unless the terms of a trust expressly provide that the trust is irrevocable, the settlor may revoke or amend the trust. This subsection does not apply to a trust created under an instrument executed before the effective date of this code.

(2)   If a revocable trust is created or funded by more than one settlor:

(a)   To the extent the trust consists of community property, the trust may be revoked by either spouse acting alone but may be amended only by joint action of both spouses.

(b)   To the extent the trust consists of property other than community property, each settlor may revoke or amend the trust with regard to the portion of the trust property attributable to that settlor's contribution.

(c)   Upon the revocation or amendment of the trust by fewer than all of the settlors, the trustee shall promptly notify the other settlors of the revocation or amendment.

(3)   Subject to s. 736.0403(2), the settlor may revoke or amend a revocable trust:

(a)   By substantial compliance with a method provided in the terms of the trust; or

(b)   If the terms of the trust do not provide a method, by:

1.   A later will or codicil that expressly refers to the trust or specifically devises property that would otherwise have passed according to the terms of the trust; or

2.   Any other method manifesting clear and convincing evidence of the settlor's intent.

(4)   Upon revocation of a revocable trust, the trustee shall deliver the trust property as the settlor directs.

(5)   A settlor's powers with respect to revocation, amendment, or distribution of trust property may be exercised by an agent under a power of attorney only as authorized by s. 709.2202.

(6)   A guardian of the property of the settlor may exercise a settlor's powers with respect to revocation, amendment, or distribution of trust property only as provided in s. 744.441.

(7)   A trustee who does not know that a trust has been revoked or amended is not liable for distributions made and other actions taken on the assumption that the trust had not been amended or revoked.

History.—s. 6, ch. 2006-217; s. 32, ch. 2011-210.

**736.0603   Settlor's powers; powers of withdrawal.**—

(1)   While a trust is revocable, the duties of the trustee are owed exclusively to the settlor.

(2)   During the period the power may be exercised, the holder of a power of withdrawal has the rights of a settlor of a revocable trust under this section to the extent of the property subject to the power.

History.—s. 6, ch. 2006-217.

9/24/2020 Case 1:18-cr-20685-KMW   Document 238-13   Entered on FLSD Docket 09/25/2020   Page 2 of 2
Statutes & Constitution :View Statutes : Online Sunshine

**EXHIBIT 13**

**736.0604　Limitation on action contesting validity of revocable trust.**—An action to contest the validity of a trust that was revocable at the settlor's death is barred, if not commenced within the earlier of:

(1)　The time as provided in chapter 95; or

(2)　Six months after the trustee sent the person a copy of the trust instrument and a notice informing the person of the trust's existence, of the trustee's name and address, and of the time allowed for commencing a proceeding.

**History.**—s. 6, ch. 2006-217.