UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

## SECOND PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Second Preliminary Order of Forfeiture ("Motion") against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On August 16, 2018, a federal grand jury returned an Indictment charging Defendant and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts. *See* Indictment, ECF No. 19.

On August 17, 2018, a Notice of Lis Pendens was recorded on real property located at 597 Hibiscus Lane, Miami, Florida 33137, providing notice of the United States' intent to seek its forfeiture as substitute property. *See* Recorded Notice of Lis Pendens 3-4, ECF No. 36. A Renewal of Lis Pendens was recorded on September 19, 2019, and again on September 18, 2020. *See* Recorded Renewal of Lis Pendens 11, ECF No. 145; Motion's Exhibit 12 (Second Renewal of Lis Pendens).

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163. As part

of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $12,330,000, the forfeiture of certain property, and to liquidate assets or complete any tasks that would result in the payment of his forfeiture money judgment in the shortest amount of time. Hernandez Plea Agreement ¶¶ 13-14, at 7-9. He also agreed to the forfeiture of substitute property, and that all elements of 21 U.S.C. § 853(p) have been satisfied. *See id.* The United States agreed to credit the Defendant's forfeiture money judgment for any forfeiture obtained as a result of co-defendant Abraham Edgardo Ortega's ("Ortega") forfeiture and forfeiture money judgment. *See id.* ¶ 13.

On September 23, 2019, after Ortega pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957, the Court entered a Final Order of Forfeiture in Ortega's case. *See* Ortega Final Order of Forfeiture, ECF No. 146.

As a result of the Final Order of Forfeiture, the United States forfeited approximately $818,990.01 in U.S. currency from account numbers 1466054 ("CNB Account 6054"), 1465724, and 55102421 ("CNB Account 2421") at City National Bank of New Jersey ("CNB"). *See* Ortega Final Order of Forfeiture 4-5.

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant, and imposed a forfeiture money judgment in the amount of $12,330,000 in U.S. currency against the Defendant. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175.

If any directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413,

2

at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229). Substitute assets are available for forfeiture upon a showing that, due to any act or omission of a defendant, any directly forfeitable property:

>   (A) cannot be located upon the exercise of due diligence;
>   (B) has been transferred or sold to, or deposited with, a third party;
>   (C) has been placed beyond the jurisdiction of the court;
>   (D) has been substantially diminished in value; or
>   (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p) (made applicable here pursuant to 18 U.S.C. § 982(b)(1)). The Government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

In the Preliminary Order of Forfeiture, the Court has already found that the total value of the property involved in Defendant's offense of conviction, that is, conspiracy to commit money laundering, was $12,330,000. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175. A forfeiture money judgment for that sum has been imposed against the Defendant. *See id.* In accordance with Defendant's Plea Agreement, approximately $818,990.01 in U.S. currency that was forfeited as a result of the Final Order of Forfeiture in Ortega's case should be credited toward the balance of the Defendant's forfeiture money judgment. *See* Hernandez Plea Agreement ¶ 13, ECF No. 163; Ortega Final Order of Forfeiture, ECF No. 146.

The United States has not been able to recover all of the directly forfeitable property. As a result of the Defendant's acts or omissions, other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value;

3

or has been commingled with other property which cannot be divided without difficulty. *See* Motion's SA Vega Decl. ¶¶ 21-22; *see also accompanying* Exhibits 1-6.

The Defendant's statements on his financial condition also verify that the laundered $12,330,000 is no longer in his possession or control, confirming that such funds were transferred to a third party or have otherwise been substantially diminished in value. *Compare* 21 U.S.C §§ 853(p)(1)(B) *and* 853(p)(1)(D) *with* Hernandez Presentence Investigation Report ¶¶ 141-158, ECF No. 182 (indicating a negative net worth of $340,961) *and* Motion's Exhibit 4 (Financial Disclosure Statement and Accompanying Schedules - Redacted). In addition, more than $9.2 million of the laundered funds was transferred beyond the Court's jurisdiction, to foreign accounts. *Compare* 21 U.S.C. § 853(p)(1)(C) *with* SA Vega Decl. ¶ 10 *and* Motion's Exhibit 1 (Chart of Net Outgoing Transfers from CNB Account 6054 and CNB Account 2421 - Redacted).

Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy the forfeiture money judgment:

1) approximately $1,206.65 issued by Chubb Insurance via check number 5000828 and made payable to the U.S. Department of Homeland Security;

2) approximately $5,264.69 issued by Bank of America via check number 1447414 and made payable to the Defendant, representing the closing balance of Bank of America account number ending in 2562; and

3) real property located at 597 Hibiscus Lane, Miami, Florida 33137 ("597 Hibiscus Lane").

The Defendant has turned over custody of the checks, and does not oppose their forfeiture.

The Defendant maintains a present interest in 597 Hibiscus Lane and remains the Grantor, or co-settlor, of the 597 Hibiscus Lane Revocable Trust U/A/D December 10, 2013.

4

To the extent that any other third party has an interest in any property sought through forfeiture proceedings, such interest will be addressed after the property is preliminary forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. The Defendant's forfeiture money judgment, imposed in the Preliminary Order of Forfeiture [ECF No. 175], shall be credited with the $818,990.01 in U.S. currency that was forfeited as a result of a Final Order of Forfeiture [ECF No. 146].

2. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

   i. approximately $1,206.65 issued by Chubb Insurance via check number 5000828 and made payable to the U.S. Department of Homeland Security;

   ii. approximately $5,264.69 issued by Bank of America via check number 1447414 and made payable to the Defendant, representing the closing balance of Bank of America account number ending in 2562; and

   iii. real property located at 597 Hibiscus Lane, Miami, Florida 33137 ("597 Hibiscus Lane"), including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

   Also known as: Lot 5, Block 9, of Bay Point, according to the plat thereof as recorded in Plat Book 40, Page(s) 63, Public Records of Miami-Dade County, Florida;

   Parcel Identification No. 01-3219-008-1390.

3. Also pursuant to 21 U.S.C. § 853(p), the Defendant's interest as settlor, or "Grantor," of 597 Hibiscus Lane Revocable Trust U/A/D December 10, 2013 (the "Revocable Trust") is hereby forfeited to the United States.

4. Pursuant to 21 U.S.C. § 853(g), the Defendant, including his agents, representatives, servants, employees, attorneys, family members (including spouse), those persons in active concert or participation with the Defendant, any trustee of the Revocable Trust, and any other person or entity that has access to and/or asserts any interest in, control over, or legal claim to 597 Hibiscus Lane, including but not limited to Olympia De Castro, shall be restrained, prohibited, and enjoined from attempting or taking any action that could affect the availability, marketability, or value of 597 Hibiscus Lane, including but not limited to, selling, conveying, transferring, bailing, assigning, pledging, collateralizing, encumbering, wasting, secreting, damaging, diminishing the value of, disposing of, or removing from the jurisdiction of this Court, all or any part of any interest, direct or indirect, in 597 Hibiscus Lane, unless approved in writing by the United States.

5. The Defendant, including his agents, representatives, servants, employees, attorneys, family members (including spouse), those persons in active concert or participation with the Defendant, any trustee of the Revocable Trust, and any other person or entity that has access to and/or asserts any interest in, control over, or legal claim to 597 Hibiscus Lane are further directed to maintain its present condition and make timely payment of all associated costs, including but not limited to mortgage, condominium or homeowner association fees, insurance, utilities, taxes, and other assessments. Should there be any significant damage to such real property, or if timely payment of any associated costs is not made, any person or entity that has access to and/or asserts any interest in, control over, or legal claim to the real property is directed

to inform the United States within 15 days of such occurrence. This Order shall remain in full force and effect until further order of this Court, or until the United States takes custody of 597 Hibiscus Lane.

6. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

7. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

8. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

10. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall

become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 28th day of ~~October~~ September 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

8