**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS/TORRES**

**UNITED STATES OF AMERICA**

**v.**

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

    **Defendant.**

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT HERNANDEZ'S
MOTION FOR CLARIFICATION AND/OR AMENDMENT OF
SECOND PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853(p) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorneys, hereby files this opposition to Defendant Gustavo Adolfo Hernandez Frieri's (the "Defendant") Motion for Clarification and/or Amendment of the Court's Second Preliminary Order of Forfeiture Dated September 28, 2020 (the "Motion"). *See* Motion, ECF No. 243. On October 5, 2020, the Court referred the Motion to Magistrate Judge Edwin G. Torres. *See* Order Referring Motion, ECF No 244.[1] In support of its opposition, the United States submits the following:

    1.    On September 28, 2020, the Court entered the Second Preliminary Order of Forfeiture ("Order"), which forfeited, subject to third-party interests, two checks, real property located at 597 Hibiscus Lane, Miami, Florida 33137 ("597 Hibiscus Lane" or "Miami house"),

---

[1] In an abundance of caution, the United States consents to the Magistrate Judge's jurisdiction over this forfeiture matter, which is part of the Defendant's criminal sentencing. *See United States v. Amor et al*, Case No. 14-CR-20750 (S.D. Fla.), Order Adopting Report and Recommendation, May 26, 2017, ECF No. 590 (district court vacating referral after magistrate judge found in the report and recommendation, ECF No. 588, that magistrate lacked jurisdiction to rule on forfeiture motion when the defendant did not consent to, and specifically objected to, the magistrate's involvement in his sentencing).

and the Defendant's interest as settlor, or "Grantor," of 597 Hibiscus Lane Revocable Trust U/A/D December 10, 2013. Order ¶ 2, at 5-6, ECF No. 239. The Order credited the Defendant's $12,330,000 forfeiture money judgment for $818,990.01 that had been finally forfeited in the criminal case against Abraham Edgardo Ortega ("Ortega"). *See id.* ¶ 1, at 5-6; Final Order of Forfeiture, ECF No. 146.

2. The Order also found that "[t]he Defendant maintains a present interest in 597 Hibiscus Lane and remains the Grantor, or co-settlor, of the 597 Hibiscus Lane Revocable Trust U/A/D December 10, 2013 [(the "Revocable Trust")]." *Id.* at 4.

3. The Defendant's Motion avers that "[a]t the time of his conviction, [the Defendant] owned no present interest in the Miami house. As a co-settlor of the Trust, Mr. Hernandez retained a future contingent interest in the property, depending on future events regarding his minor children and decisions his ex-wife might make as sole trustee." Motion 2. The Motion seeks the Court to clarify that the Order "regarding the Miami house is only to the extent of any interest in that property held by the Defendant." *Id.* at 4. It argues that such clarification is necessary "in order to avoid adversely affecting the interests of innocent third parties who have the right to file claims and litigate the issue of ownership in ancillary proceedings." *See id.* at 1.

4. However, the Order already indicates that "[t]o the extent that any other third party has an interest in any property sought through forfeiture proceedings, such interest will be addressed after the property is preliminary forfeited, in third-party ancillary proceedings." *Id.* at 5 (citing 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2). Moreover, the Order states, "[p]ursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant," and then references third-party notice, publication, and discovery procedures in recognition of such ancillary proceedings. *Id.* ¶¶ 7-9, at 7.

5. Consequently, the United States opposes the Motion as the Order is already clear.

6. The Motion also impermissibly narrows the scope of 21 U.S.C. § 853(p),[2] which authorizes the forfeiture of substitute property, by representing that "the clear language of the statute speaks to directly forfeitable assets not being available, *after the exercise of due diligence*" only. *See* Motion 4 (emphasis added). On the contrary, section 853(p) allows the forfeiture of substitute property on five grounds, any of which, if met, is sufficient to require forfeiture. *See, e.g., United States v. Waked Hatum*, 969 F.3d 1156, 1166 (11th Cir. 2020) (recognizing the availability of substitute forfeiture when only one § 853(p) prerequisite is met, that of transfer to a third party).

7. As the Motion acknowledges, the assets[3] that the Defendant has identified for further "credit" were all transferred to third parties, including to entities in Colombia, as part of

---

[2] Section 853(p) provides:

>  **(p) FORFEITURE OF SUBSTITUTE PROPERTY**
>  **(1) IN GENERAL** Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—
>  (A) cannot be located upon the exercise of due diligence;
>  (B) has been transferred or sold to, or deposited with, a third party;
>  (C) has been placed beyond the jurisdiction of the court;
>  (D) has been substantially diminished in value; or
>  (E) has been commingled with other property which cannot be divided without difficulty.
>  **(2) SUBSTITUTE PROPERTY**
>  In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.
>  **(3) RETURN OF PROPERTY TO JURISDICTION**
>  In the case of property described in paragraph (1)(C), the court may, in addition to any other action authorized by this subsection, order the defendant to return the property to the jurisdiction of the court so that the property may be seized and forfeited.

21 U.S.C. § 853(p).

[3] The Defendant has admitted that the $2 million invested in Domaine Select, one of the assets identified for credit, has "uncertain" value. *Compare* Motion 3 *with* Exhibit 4, at 22, ECF No. 238-4 (Financial Disclosure Statement and Accompanying Schedules - Redacted). Moreover, although the Defendant has characterized the assets as "collectible," at least one of the "matured" domestic loans has been purportedly "offset" by the "Global Parties," entities associated with the Defendant's family and other associates. *Compare* Motion 3 ("$100,000 loan to US company Alpha Financial Products, Ltd, which has matured") *with attached* Exhibit 14 (Letter from counsel for Alpha Financial Products, Ltd.).

the laundering scheme underlying his conviction. *See* Motion 3. Thus, the Defendant concedes that at least two of the prerequisites for substitute forfeiture have been met, 21 U.S.C. § 853(p)(1)(A) and (C). *See id.; see also* SA Alan Vega Decl., ECF No. 238-14 (setting forth specific facts supporting that § 853(p)(1)(A), (C), and (D) have been met).

8. As a result, the United States is entitled to forfeit "any" property of the Defendant. *See* 21 U.S.C. § 853(p); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229).

9. The Defendant endeavors to avoid such forfeiture liability by proclaiming, without support, he merely has a "future contingent interest" in 597 Hibiscus Lane now that his ex-wife is "sole trustee." *See* Motion 2; *cf.* Hernandez Bond, ECF No. 103; 5/17/2019 Bond Hr'g Tr. 19:8-19:22, ECF No. 101 (U.S. Magistrate Judge Jacqueline Becerra ordering the Defendant "to execute whatever is necessary with the bond paperwork to make sure that his interest in that property [597 Hibiscus Lane] is also pledged as part of the bond"); Exhibit 10 (Trustee Resignation), ECF No. 238-10.

10. However, the terms of the Revocable Trust, the Florida Statutes, and other documents corroborate that the Defendant has a present interest in 597 Hibiscus Lane. *See, e.g.,* F.S. § 736.0602(2)(b); Exhibit 8 (Revocable Trust Document - Redacted), ECF No. 238-8; Exhibit 9 (Letter to Defendant Confirming Cash Closing), ECF No. 238-9; Exhibit 11 (Marital Settlement, § 16 Equitable Distribution of Assets), ECF No. 238-11; *see also* U.S.'s Motion for Order 6-8, ECF No. 238 (discussion on the Defendant's interest in 597 Hibiscus Lane).

11. Prior to the entry of the Order, the Defendant could have revoked the Revocable Trust at any time, entitling him to delivery of title to 597 Hibiscus Lane. F.S. § 736.0602(4); *see also Fla. Nat. Bank of Palm Beach Cty. v. Genova*, 460 So. 2d 895, 896 (Fla. 1984) (settlor has the power to revoke a revocable trust at any time, even over the objection of a trustee).

12. The United States has now forfeited this interest, whether it be "present" as set forth in the Order or "future contingent" as the Defendant now contends. *See* Order ¶ 2, at 5-6.

13. Moreover, if the Defendant has no present interest in 597 Hibiscus Lane as he claims, then he would also lack standing to contest its forfeiture or submit the pending Motion. *See United States v. Coffman*, 574 F. App'x. 541, 563-64 (6th Cir. 2014) (defendant cannot object to the forfeiture of a substitute asset on the ground that it belongs to a third party; if defendant had no interest in the property, Government has taken nothing from him).

WHEREFORE, for the foregoing reasons, the Court should deny the Motion.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham and Nicole Grosnoff*
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorney
Deputy Chief, Asset Forfeiture Division
Nicole Grosnoff, Court ID No. A5502029
Assistant United States Attorney
U.S. Attorney's Office for the Southern District of Florida
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 (Sombuntham)
(305) 961-9294 (Grosnoff)
Facsimile: (305) 536-4089
nalina.sombuntham@usdoj.gov
nicole.s.grosnoff@usdoj.gov