UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

       Defendant,

And

OLYMPIA DE CASTRO,

       Third-Party Petitioner,

597 HIBISCUS LANE REVOCABLE TRUST,

       Third-Party Petitioner.

_____/

**RESPONSE TO GOVERNMENT MOTION TO DISMISS
OLYMPIA DE CASTRO'S AND 597 HIBISCUS LANE
REVOCABLE TRUST'S PETITION**

It is well-established that criminal forfeiture is an *in personam* proceeding which serves no remedial purpose but to punish a guilty defendant. *United States v. Hernandez*, 803 F.3d 1341 (11th Cir. 2015); *United States v. Rouhani*, 598 Fed. Appx. 626, 633 (11th Cir. 2015). Olympia De Castro, however, is not a defendant. She did not work in her ex-husband's business, never met with confidential sources, did not participate in fraudulent transfers, and in no way ever laundered money. Although her ex-husband admits to criminal acts, Ms. De Castro never authorized, participated in, condoned, ratified, or even

knew of any such activity.  She did nothing wrong.  It is disappointing, then, that the Government persists in treating her like a criminal and places her in the same basket as defendant Hernandez-Frieri.  Equally, it is disconcerting that it would ignore established law in order to continue to press forward in its attempt to deprive a soon-to-be single mother and her children of their long-held home – a home which was not involved in Hernandez-Frieri's offense or acquired with proceeds of the offense.  The Government mistakenly pursues the home as a substitute asset to which it is not entitled.  In doing so, it is seeking an undeserved windfall and attempting to deny an innocent third-party of her legal, valid property.  This does not conform to the aim and goals of criminal forfeiture. The home belongs to Ms. De Castro and with the filing of her Petition she is only trying to fight for what is legally hers.

The Government's difficult-to-understand motion appears to boil down to the following two arguments:  Olympia De Castro failed to state a claim because as Trustee of 597 Hibiscus Lane Revocable Trust she does not have a legal, right, or interest in her home in order to petition the Court for an ancillary proceeding;[1] or if Defendant Hernandez-Frieri resigned as settlor of the Trust, his resignation would amount to a

---

[1] The Government also seems to briefly suggest that the Petitioner lacks standing because she asserted her interest in the property "in a conclusory fashion." D.E. 264, at 7. This contention is without merit.  Ms. De Castro did considerably more than simply assert she had an interest in her home. Ms. De Castro fulfilled all the requirements of 21 U.S.C. § 853(n)(3) by pleading "the nature and extent of [her] right, title, [and] interest in the property" and "the time and circumstances of [her] acquisition of the right, title, [and] interest in the property." *Id.*  In addition to describing her interest in the home and the circumstances surrounding acquiring the home, she included the title of the property (with her name on it), the HUD-1 (with her name and signature), the Trust instrument (with her name and signature), and the divorce agreement (describing her entitlement to the home).   Contrast *United States v. Hassan*, 411 F. Supp. 3d 1302 (M.D. Fla. 2019) (pleading insufficient where common law wife with no title to property merely stated without more that she had a marital interest in the property).

fraudulent transfer which somehow also deprives Ms. De Castro of a superior legal, right, or interest in her home.

Both claims fail as contrary to the law and facts. Ms. De Castro has met all the statutory requirements to petition the Court for an ancillary hearing – namely, that she has legal, right, and title to her home and is entitled to relief. Therefore, the Government's motion must be denied.

## I. Motion to Dismiss Standard

The Government moves to dismiss Ms. De Castro's and 597 Hibiscus Lane Revocable Trust's Petition pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c)(1)(A). Such a motion is "treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure." *United States v. Mario*, 562, F.3d 1330, 1342 (11th Cir. 2009). In considering the Government's motion, **the Court must assume the facts in the Petition to be true.** Fed. R. Crim. P. 32.2(c)(1)(A). Like a Rule 12(b) motion to dismiss, the Petition must "be liberally construed in favor of [the third-party Petitioner]." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). If there is any possibility of relief, the case should not be dismissed. *Id.* at 422 (emphasis added) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) (Petition should <u>not</u> be dismissed unless it appears that Petitioners could "prove no set of facts in support of [her] claim which would entitle [her] to relief."). *See also Bensch v. Metropolitan Dade County*, 855 F. Supp. 351, 352 (S.D. Fla. 1994) ("court shall not grant a motion to dismiss unless it appears beyond doubt that a claimant can prove no set of facts in support of his claim that

would entitle him to relief."); *Michaels v. Carnival Cruise Lines*, 2005 WL 3706388, at *1 (S.D. Fla. January 24, 2005).   "As granting a motion to dismiss is a harsh remedy, it must be cautiously studied, both to effectuate the spirit of the liberal rules of pleading and to protect the interests of justice."   *Carlson v. U.S. ex rel. U.S. Postal Service*, 248 F. Supp. 2d 1040, 1043 (N.D. Okla. 2003).

### II. Olympia De Castro Has Properly Stated a Claim as a Third-Party Petitioner with a Valid Legal Interest in 597 Hibiscus Lane.

### A. Olympia De Castro is not relitigating the preliminary order of forfeiture; instead, she has properly petitioned the Court for an ancillary hearing to determine her legal interest in 597 Hibiscus Lane.

Ms. De Castro has sufficiently established that she has a legal interest in 597 Hibiscus Lane.  Although this interest existed well before Hernandez-Frieri's case, the *lis pendens* recorded by the Government on the home, and the September 28, 2020 Second Preliminary Order of Forfeiture, 21 U.S.C. § 853(k) prohibited Ms. De Castro from asserting her interest, intervening in the criminal case, or bringing a separate legal action until the preliminary forfeiture order was entered.   Her Petition and request for an ancillary hearing (filed after entry of the preliminary order and after being provided notice by the Government), thus, represent her first opportunity to affirm her claim to her home.  It is, in fact, the sole means she has to establish "entitlement to *return* of [her] forfeited property."   *United States v. Davenport*, 668 F.3d 1316, 1320 (11th Cir. 2012) (emphasis added).  *See also* 21 U.S.C. § 853(n)(2); *Libretti v. United States*, 516 U.S. 29, 44, (1995) ("[T]hird-party claimants can establish their entitlement to *return* of the [forfeited] assets only by means of the hearing afforded under 21 U.S.C. § 853(n).")

(emphasis added).

Correspondingly, the Court was required to enter its Second Preliminary Order of Forfeiture "without regard to any third party's interest."  Fed. R. Crim. P. 32.2(b)(2)(A). *United States v. Marion*, 562 F.3d 1330, 1336 (11th Cir. 2009) (emphasis added) (preliminary order of forfeiture looks only to the defendant's interest in property and does not consider a "third party's interest in <u>all or part of it</u>.").  "Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding."  *Id.*  The Court's order remains "preliminary" unless the defendant consents and until third parties have an opportunity to properly assert their interest. Fed. R. Crim. P. 32.2(b)(4).  Following the entry of a preliminary order, a third-party may obtain "*return* of [her] forfeited property," *Davenport*, 668 F.3d at 1320 (emphasis added), if she establishes a legal interest in the property in the ancillary proceeding.  *See also Gilbert*, 244 F.3d at 926 ("ancillary proceedings are held so that innocent third-party owners can get their interests *back* from the government.") (emphasis in original).

Ms. De Castro did not, and she could not, move to vacate the preliminary order of forfeiture.  Therefore, contrary to the Government's belief, she is not attempting to "relitigate the Defendant's forfeiture."  D.E. 264, at 7.  In citing *Davenport*, 668 F.3d 1316 and *United States v. Cooper*, 679 Fed. Appx. 738 (11th Cir. 2017), the Government confuses Ms. De Castro with individuals who attempted to object to and challenge forfeiture orders.  *Davenport*, 668 F.3d at1320-21 (appellant lacked standing to move to vacate preliminary order of forfeiture since ancillary proceeding constitutes the only

manner to assert third-party legal interest in property); *Cooper*, 679 Fed. Appx. at 741 (appellant cannot challenge 13-year-old forfeiture order).   Ms. De Castro is not questioning or contesting the Court's entry of its preliminary order of forfeiture.   She is instead, timely and legally, requesting an ancillary proceeding to establish her legal interest in the preliminarily forfeited property.   Fed. R. Crim. P. 32.2, advisory committee's note (2000 Adoption) (purpose of ancillary proceeding is determining "whether any third party has a legal interest in the forfeited property").   And "if the forfeited property really belongs to the third party, she can prevail and recover her property during the ancillary proceeding 'whether there were defects in … the forfeiture process or not.'"   *Davenport*, 668 F.3d at 1321 (quoting *United States v. Andrews*, 530 F.3d 1232, 1237 (10th Cir. 2008)).

> **B. Ms. De Castro has properly pleaded that she has a right, title, and interest in 597 Hibiscus Lane.**

Ms. De Castro has asserted and established a legal interest in <u>all</u> of the property in her Petition.   D.E. 262, at 6-10.   As pled in the Petition, Ms. De Castro "alone holds legal title to and a present interest in 597 Hibiscus Lane."   *Id.* at 9.   Accordingly, she has demonstrated that she is entitled to relief and the Government's motion to dismiss must fail.

The Government acknowledges that 21 U.S.C. § 853(n)(6)(A) entitles a petitioner to relief if "the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid <u>in whole</u> or in part because the right, title, or interest was vested in the petitioner rather than the defendant.…"   D.E.

264, at 8 (emphasis added).  The Government implicitly admits that Ms. De Castro has a valid, legal interest in her home.  After all, it provided direct written notice to her of the preliminary order as required by rule and statute.   Fed. R. Crim. P. 32.2 (b)(6) ("government must … send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.").  Moreover, it attached documents to its Motion for Second Preliminary Order of Forfeiture which established her right, title, and interest in the home, including the title deed with her name on it, the Trust instrument with her name and signature, the marital settlement agreement directing that she have sole possession of the home, and Hernandez-Frieri's financial disclosure statement excluding his ownership of the home.   D.E. 238, attachments 4, 7, 8, 11.   Additionally, in its motion to dismiss, the Government included a portion of Hernandez-Frieri's bond hearing transcript discussing Ms. De Castro's interest in the home and refusal to pledge her home as collateral.  D.E. 264, at 15.  Equally, the Government knows Ms. De Castro lives in the home with her small children.[2]

In addition to her name being on the title, Ms. De Castro has dominion and control over her home; she has consistently resided at the property since its purchase, paid the association fees and taxes of the home, and maintained the property for her children who are the intended beneficiaries of the trust asset.  Florida law presumes that the person whose name appears on a legal title is the property's owner.  *Hagopian v. Zimmer*, 653 So. 2d 474, 475 (Fla. 3d DCA 1995).  Additionally, courts in this circuit look to who has dominion and control over Florida property in deciding true ownership.  *See United*

---

[2] Counsel for Ms. De Castro coordinated the timing of the posting of the Preliminary Forfeiture Order on the home with the Government so as not to disrupt Ms. De Castro's at-home work or to alarm the children.

*States v. A Single Family Residence Located at 900 Rio Vista Blvd.*, 803 F.2d 625, 630 (11th Cir. 1986).  Florida caselaw is consistent. *See, e.g., Wilson Cypress Co. v. Logan*, 120 Fla. 124, 162 So. 489, 491 (Fla.1935) (exercising dominion over property is inconsistent with true owner's rights); *Wilson v. Burke*, 53 So. 2d 319, 320–21 (Fla.1951) (holding that ownership of a car depends on dominion and control over it); *Broward County v. Eller Drive Ltd. Partnership*, 939 So. 2d 130, 133 (Fla. 4th DCA 2006) (finding that dominion over a building constitutes ownership for tax purposes).  *Contrast United States v. Hovind*, 2009 WL 2369340 (N.D. Fla. 2009) (even though trustee held legal title to property, because others controlled the property, trustee was not true owner).  Title, dominion, and control – all established within her Petition – further cement Ms. De Castro's present, legal interest in her home.[3]

### C.  The Government misrepresents that Hernandez-Frieri as a settlor has present ownership of 597 Hibiscus Lane. 4

The Government's difficulty then seems to be that, despite the fact that she has dominion and control over and title to the property, because Ms. De Castro is a sole Trustee of 597 Hibiscus Lane Revocable Trust, that position somehow negates her right, title and interest in the home.  But that argument makes little sense.

The Government claims that "because a revocable trust, as its very name denotes, may be revoked by a settlor, without the trustee's consent," the settlor owns and

---

[3]Incredibly, the Government claims that Ms. De Castro's "purported custody, maintenance, and general care" of her home only occurs because she is required to do these actions as a trustee and out of duty to her ex-husband.  D.E. 264, at 12. With this implausible argument, the Government puts the cart before the horse.  She does not do these things because she is required to by the Trust.  Rather, because she has custody, control, and title as a Trustee, the law recognizes her as the owner of the home.

4 In its motion, the Government refers to Hernandez-Frieri as the settlor of the Trust.  In reality, he is a co-settlor.  Ms. De Castro is also a settlor of the trust.

maintains a present interest in the trust asset, not the Trustee.  D.E. 264, at 10.  It cited

three cases in an attempt to support this claim.  *Id.*   The Government, however,

misconstrues and misrepresents the meaning of these cases.  These cases do <u>not</u> conclude

that a settlor has current ownership of trust property.  Rather, each case cited conveys

the principle that a settlor "has the right to recall or end the trust at any time, and

thereby *<u>regain</u>* absolute ownership of the trust property."  *Fla. Nat. Bank of Palm Beach*

*Cty. v. Genova*, 460 So. 2d 895, 897 (Fla. 1984) (emphasis added).   *See also Siegel v.*

*Novak*, 920 So. 2d 89, 95 (Fla. 4th 2006); *Schlossberg v. Estate of Kaporovsky*, 303 So. 3d

982, 985 (Fla. 4th DCA 2020).  A settlor that must *<u>regain</u>* ownership to property does not

*<u>currently</u>* own or have a present interest in the property.

Petitioner De Castro cited the case which is controlling on this point – *Aronson v.*

*Aronson*, 930 So. 2d 766 (Fla. 3d DCA 2006).[5]  D.E. 262, at 10.  This case makes clear that

a settlor does not have present ownership and legal interest in trust property.[6]   In

*Aronson*, Hillard Aronson, as a Settlor, created a revocable trust and named himself the

trustee and life beneficiary.   After establishing the trust, the settlor conveyed a

condominium to himself as trustee, by a warranty deed.  Several months later, the settlor,

---

[5] The Government makes a point of saying that *Schlossberg* distinguishes *Aronson v.*
*Aronson*, 930 So. 2d 766 (Fla. 3d DCA 2006) – the case cited by the Petitioners – as if to
say that Petitioner's case is irrelevant and inapplicable to their claim.  This assertion by
the Government again is misleading and wrong.   *Aronson* is directly applicable to the
facts before the Court.   In *Aronson*, the Third District Court of Appeals examined
whether a settlor of a trust owned trust property and therefore had the capacity to convey
trust property.  The facts of *Schlossberg* are entirely different.  That is why they are
distinguishable.  In *Schlossberg*, the trustee, as the legal owner, executed the conveyance
of the trust property.

[6] Florida law determines whether a third-party has a legal interest in forfeited property.
*United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007); *United States v. Kennedy*,
201 F.3d 1324, 1334 (11th Cir. 2000).

in his individual capacity, conveyed the same property to his wife. Aronson's children objected to the conveyance arguing that once H. Aronson transferred his interest in the property to the trust, "legal title to the property fully vested in the trustee and was no longer held by the Settlor in his individual capacity." *Id.* at 767. Thus, the "Settlor no longer possessed a legal interest in the property that he could convey." *Id.* The Third District Court of Appeals agreed holding that once the property was conveyed to himself as trustee, "the Settlor, in his capacity as **trustee**, became the legal title holder of the trust property. *Id.* (emphasis added) (citing *Buerki v. Lochner*, 570 So.2d 1061, 1063 (Fla. 2d DCA 1990)). Rather than transfer the property as trustee, however, the Settlor "conveyed real property in his individual capacity, which he did not legally own in that capacity. Accordingly, the subsequent transfer was invalid as a matter of law." *Id.* at 768.

Ms. De Castro has never disputed that, if the Court finds that Hernandez-Frieri remains a settlor of the Trust,[7] he could have a *future* interest in the home. D.E. 262, at 10 ("Any right Hernandez-Frieri may have is a *potential future* interest in the Trust asset. Although a settlor or grantor has the power to revoke the trust, this is a *future possible* interest that may never materialize."). Her contention is that he does not have a present, legal interest.[8]

---

[7] As set forth in Ms. De Castro's Petition, Hernandez-Frieri resigned as a settlor of the Trust as required by the Marital Settlement Agreement. D.E. 262, at 10, 262-6, at 10.

[8] The citation to cases discussing creditors' rights does not help the Government. D.E. 264, at 10. The two cases cited by the Government both involve self-settled trusts – trusts in which a single individual is the grantor, trustee, and sole beneficiary. *In re Nichols*, 434 B.R. 906 (Bankr. M.D. Fla. 2010); *Hansen v. Bothe*, 10 So. 3d 213, 216 (Fla. 2d DCA 2009) (self-settled trust where "legal and equitable interests in the trust are held by one person."); *In re Brown*, 303 F.3d 1261 (11th Cir. 2002). The law is clear that a trust that a trustmaker creates for his own benefit is not protected from the trustmaker's creditors. *Id.* In contrast, the 597 Hibiscus Lane Revocable Trust was established to purchase and maintain a home for the benefit of Ms. De Castro's children. D.E. 262, at 2. The children

**D. The law is clear that a Trustee holds legal title to the trust asset.  Accordingly, Olympia De Castro as Trustee holds legal title and a legal interest in 597 Hibiscus Lane.**

Only the trustee of the Trust has present ownership and legal title of the trust asset.  This is underscored by the fact that the warranty deed of the property reflects that 597 Hibiscus Lane was conveyed to Olympia De Castro and Gustavo Hernandez Frieri **as co trustees** – and not as settlors.  When Hernandez Frieri resigned as trustee in 2019, Ms. De Castro remained as the sole Trustee and legal title holder and owner.

While it may be true that "a trustee administers the trust for the benefit of others" (D.E. 264, at 9), this relationship does not negate the fact that the trustee is the "legal title holder" and maintains a present legal interest in the property.  *Aronson*, 930 So.2d at 767.  Although the Government dislikes and resists the well-established law of the state and Eleventh Circuit, the law as to trustee ownership and interest is correctly stated within Ms. De Castro's Petition.  D.E. 262, at 9.  In fact, it could not be any clearer.  *See O'Brien v. McMahon*, 44 So. 3d 1273, 1280 (Fla. 1st DCA 2010) (a trustee holds legal title to the trust property); *Hansen v. Bothe*, 10 So. 3d 213. 216 (Fla. 2d DCA 2009) (legal title in trust assets is held by the trustee); *Buerki*, 570 So. 2d at 1063 (Fla. 2d DCA 1990) (trustee, the legal title holder to the trust property, is the real party in interest to a lawsuit); *see also* F.S. § 736.0815(1)(b)1 (a trustee may exercise "[a]ll powers over the trust property that an unmarried competent owner has over individually owned property."); RESTATEMENT (THIRD) OF TRUSTS § 5 cmt. c (2003); *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 304, fn. 2 (2008) ("Trustees hold legal title to the assets in the

---

are listed as Contingent Beneficiaries and will receive the home upon the death of their parents.  D.E. 262-1 (Trust), at 4-5.  The only reason the Trust is named revocable, instead of irrevocable, is to preserve the ability of the home to claim Homestead exemption.

trust estate and have an independent fiduciary obligation to sue to preserve those assets."); *Lee-Bolton v. Koppers Inc.,* 848 F.Supp.2d 1342, 1350 (N.D. Fla. 2011) (trustees, as legal title owners, were proper party in class action lawsuit); *In re Wells*, 259 B.R. 776, 779 (Bankr. M.D. Fla. 2001) ("Trust law provides that upon the establishment of a trust, the legal title is held by the trustee whereas the equitable title rests with the beneficiary."); *Gibson v. Resolution Trust Corp.* 750 F.Supp. 1565, 1571 (S.D. Fla. 1990) (required element in establishing trust is "that the settlor divest itself of legal title in the trust property by transferring it to the trustee. The trustee holds legal title to the property while the beneficiary holds equitable title."). These cases repeatedly and emphatically provide that it is the trustee who holds legal title to trust property. Significantly <u>the Government has not cited **any** cases that hold otherwise.</u>

Some of the cases cited above also speak to the equitable interests of beneficiaries. *See e.g., Hansen*, 10 So. 3d at 216 (although trustee held sole legal title, merger doctrine did not apply to dissolve trust since beneficiaries retained an equitable interest). The possession of an equitable interest in the home, however, does not change the analysis for the present forfeiture proceedings. Title 21, United States Code, Section 853(n) permits only third parties "asserting a **legal interest** in property which has been forfeited to the United States" to file a petition and request an ancillary hearing. 21 U.S.C. § 853(n)(2) (emphasis added). "The term 'legal interest' encompasses only legally protected rights, <u>not</u> equitable rights." *United States v. Sigillito*, 938 F. Supp. 2d 877 (E.D. Mo. 2013) (emphasis added) (internal citations omitted). *See also United States v. Lima*, 2011 WL

5525339 (M.D. Fla. Oct. 19, 2011) (wife with equitable interest in marital property but no legal interest did not have standing to petition court for third party interest in forfeiture property). This is why Ms. De Castro's children did not file a Petition. Their interest, like Hernandez-Frieri's, is a future, equitable interest and they do not have standing to request an ancillary hearing.

Olympia De Castro has sufficiently pleaded that "she has a legal right, title, or interest in the property, and [that] such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in [her] rather than the defendant."9 21 U.S.C. § 853(n)(6). Moreover, she is the one (and only) individual who has a present, legal interest in 597 Hibiscus Lane and the ability to petition the court for an ancillary hearing to adjudicate her interest and amend the final order of forfeiture. As the only person with a legal interest in the home, her interest is by reason superior to the Defendant's. Defendant Hernandez-Frieri claims no legal interest in the home and did not object to entry of the Second Preliminary Order of Forfeiture. To make this point even clearer, he filed a Motion for Clarification and/or Amendment to the Court's Second Preliminary Order of Forfeiture to emphasize that he "owned no present interest in the Miami home." D.E. 243, at 2. Because Ms. De Castro has satisfied the pleading requirements, sufficiently stated a claim upon which relief may be granted, and the Court must assume the facts in the Petition to be true, the Motion to Dismiss the Petition must be denied.

---

9 We note that the Government does not dispute in the body of its motion that Ms. De Castro's legal interest vested before the Government. It simply states in conclusory fashion in a footnote, without citation to any facts or legal authority, that "regardless of when the Government's interest vests, Petitioners' claim to 597 Hibiscus Lane would still fail because the Defendant [presumably as a settlor] has always had a superior interest in such property until its forfeiture to the United States." D.E. 264, at fn. 2.

III.   **There has been No Fraudulent Transfer which would Negate Olympia De Castro's Superior Legal Interest.**

A.   **Whether Hernandez-Frieri is a settlor or not has no impact on who has legal interest in 597 Hibiscus Lane and the ability to Petition the Court for an ancillary hearing.**

For all the reasons stated in section II above, the Government's second argument regarding a fraudulent transfer also fails.  The Government devotes five pages of its motion to assert that Hernandez-Frieri either cannot resign as a settlor or if he did, the resulting transfer of his interest is voidable as a fraudulent transfer.  There is no need to address the Government's many confusing arguments on this topic.  This is because, whether or not Hernandez-Frieri is a settlor or resigned as settlor, it is not the settlor who has a legal interest in the property.  *See Aronson*, 930 So.2d at 767, and other cases cited *supra*.

The Court should not be distracted by the Government's many attempts to sling mud against the wall hoping that something sticks.  The Court does not need to consider how a settlor's role is terminated, what would happen if the revocable trust had been revoked, whether a bond condition was violated if Hernandez-Frieri withdrew as a settlor, the 11 statutory badges of fraud to determine whether a debtor tried to defraud a creditor, whether consideration was paid for his resignation, or whether Defendant became insolvent.  This is all smoke and mirrors.  The rule is simple: A settlor, who does not have ownership and a legal interest in property, cannot convey that property, fraudulently or otherwise.  Only the Trustee, Ms. De Castro, has a legal interest and ability to transfer 597 Hibiscus Lane.

The Government's list ditch effort to cite an unpublished Sixth Circuit case regarding enforcing a restitution order pursuant to the Federal Debt Collections Procedure Act (*United States v. Key*, 2020 WL 6821687 (6th Cir. Nov. 20, 2020)) and quoting a Florida statute regarding remedies of creditors (Fla. Stat. § 726.108) does not improve the Government's argument.  Even if these were somehow relevant, there was no conveyance of property.  At best, a settlor or trustee resigned their role.  No property transfer occurred, so there is no conveyance to deem fraudulent.

> **B. As a substitute asset, the Court must consider whether the Defendant had a legal interest at the time of forfeiture; because Hernandez-Frieri resigned as Trustee prior to his conviction and entry of a forfeiture order, Olympia De Castro was the sole individual with a legal interest in 597 Hibiscus Lane.**

Lastly, the Government makes a couple fleeting claims that Hernandez-Frieri's resignation as a trustee may affect Ms. De Castro's legal interest in her home.   In throwing out these unfounded assertions, the Government conveniently forgets that 597 Hibiscus Lane is not directly forfeitable, tainted property.  The best the Government can possibly do is attempt to forfeit the home as substitute property.  As asserted at length in Ms. De Castro's Petition, however, and supported by Supreme Court law, "[b]ecause the Government attempts to forfeit the home as a substitute asset, the Court must look to the defendant's interest in the property at the time of forfeiture, once a finding has been made that any of the conditions of section 853(p)(1) have been satisfied." D.E. 262, at 8.  At the time of the forfeiture of 597 Hibiscus Lane in September 2020, Hernandez-Frieri was not a Trustee and did not have a legal interest in the home – only Ms. De Castro did.

**C. Even if the Court finds that Hernandez Frieri continues as a Trustee and maintains a present interest in 597 Hibiscus Lane, De Castro also has a legal right, title, and interest in the home so that it still cannot be forfeited.**

In the alternative, if the Court finds that Hernandez Frieri maintains a present interest in the property because he remains a Trustee, section 853(p) (Forfeiture of Substitute Property) still does not permit forfeiture of the home.  Courts have found that the Government's far reaching forfeiture power has limits.  The plain language of section 853(p) provides that only the substitute "property of the defendant" may be forfeited to the Government.  21 U.S.C. § 853(p) (emphasis added).  *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996).  "[W]here the property subject to forfeiture is not connected in any way to [a] guilty spouse's criminal activities, but rather is 'substitute property,' … only the property interest of the defendant … is subject to forfeiture."  *Id.* at 1413.  *See also In Re Moffitt, Zwerling & Kemler*, 875 F. Supp. 1152, 1162 (E.D.Va. 1994) ("Criminal forfeiture of substitute assets is available against a defendant but not against a third party").  This is entirely consistent with the *in personam* nature of criminal forfeiture and the intent to seek only a defendant's interest in property, rather than the property itself.  *Gilbert*, 244 F.3d at 919; *Kennedy*, 201 F.3d at 1329.  At a minimum, Ms. De Castro has a vested one-half interest in the home which is not the defendant's interest.  Following the plain language of section 853(p), this interest is not forfeitable, thus the home is not forfeitable.

***

"A court shall not grant a motion to dismiss unless it appears beyond doubt that a [Petitioner] can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Bensch*, 855 F. Supp. at 352.  If there is any possibility of relief, the Petition cannot be dismissed.  *Jenkins*, 395 U.S. at 422.  Here, there is much more than a possibility.   In her Petition, Olympia De Castro has properly established standing, demonstrated she has a legal interest, stated a legitimate claim for relief, and furnished a multitude of facts in support.  Therefore, the Government's motion to dismiss the Petition must be denied.  Ms. De Castro should be permitted to continue her fight for her home. This is the only appropriate ruling which will "effectuate the spirit of the liberal rules of pleading and [] protect the interests of justice." *Carlson*, 248 F.Supp.2d at 1043.

WHEREFORE, Olympia De Castro and the 597 Hibiscus Lane Revocable Trust respectfully requests that this Court deny the Government's Motion to Dismiss.

Respectfully submitted,
MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida  33128
Tel: (305) 379 6667
Fax: (305) 379 6668
markuslaw.com

By:     /s/ A. Margot Moss
        A. MARGOT MOSS
        Florida Bar Number 091870
        mmoss@markuslaw.com