Filing # 112014149 E-Filed 08/18/2020 05:23:08 PM

GOVERNMENT
EXHIBIT
3
18-CR-20685

| | |
|---|---|
| Olympia De Castro, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel Holtz, an individual,<br>Toni Holtz, an individual, and<br>Walden Capital Corporation, a<br>Florida corporation,<br><br>    Defendants.<br>_____/ | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>GENERAL JURISDICTION DIVISION<br><br>CASE NO: 2020-000080-CA-01 |

## SECOND AMENDED COMPLAINT

Plaintiff Olympia De Castro ("De Castro"), by and through undersigned counsel, sues Daniel Holtz ("D. Holtz"), Toni Holtz ("T. Holtz"), and Walden Capital Corporation ("Walden"), and alleges as follows:

### NATURE OF ACTION

This is an action for breach of fiduciary duty, conversion, and unjust enrichment.

### THE PARTIES

1. De Castro is *sui juris* and a resident of Miami-Dade County, Florida.

2. D. Holtz is *sui juris* and a resident of Miami-Dade County, Florida.

3. T. Holtz is *sui juris* and a resident of Miami-Dade County, Florida. T. Holtz and D. Holtz at all material times were and are currently married, but are currently in the middle of divorce proceedings that commenced in 2019.

4. Walden is a Florida corporation located in Miami-Dade County, Florida. D. Holtz is the sole officer of Walden and is the 100% owner of Walden stock.

2

5. This Court has jurisdiction over the subject matter of this action because De Castro is seeking damages in excess of $30,000 excluding interest, costs, and attorneys' fees.

6. This Court has personal jurisdiction over D. Holtz, T. Holtz, and Walden pursuant to Florida Statutes §48.193.

7. Venue is proper in this Circuit pursuant to §47.011 because this cause of action accrued in this Circuit and Defendants reside in this Circuit.

8. All conditions precedent to ringing this action have been satisfied.

## GENERAL ALLEGATIONS

9. Salondera LLC ("Salondera") is a Delaware limited liability company. It has three members, including De Castro, T. Holtz, and Javier Mora. Each of the three members are 1/3 equity holders in Salondera.

10. Salondera held a 57.5% equity membership interest in IWM Holdings LLC ("IWM"), a Delaware limited liability company.

11. Salondera and IWM entered into a redemption agreement on or about October 6, 2016 where IWM would redeem Salondera's 57.5% equity interest for a purchase price of $2.7 million ("Redemption Agreement").

12. On or about December 29, 2016 there was a closing on the Redemption Agreement.

13. Salondera agreed that its three members would split the net proceeds of $2.7 million equally. Each member was to receive $900,000.

14. Salondera and D. Holtz agreed that Walden (and its sole principal D. Holtz) would act as Salondera's trustee and agent and would receive by wire transfer the $2.7 million purchase price, for the benefit of Salondera, and its members, to be held and later disbursed equally to each of the three Salondera members.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

15. On or about December 29, 2016 Walden received the $2.7 million purchase price by wire to its account ending in ▇ at City National Bank ("Walden's Account"). D. Holtz at all material times had control over Walden's Account. The $2.7 million was wired into Walden's Account in two separate wires as follows:

    a. $2,463,216 (from buyer) and

    b. $300,189.92 (from buyer's counsel).

$63,216 of the wire for $2,463,216 was to be used for seller's legal fees. These two wire transfers will collectively be referred to as the "$2.7 Million Wire Transfers."

16. D. Holtz paid Javier Mora and T. Holtz each their one-third interest ($900,000) in the proceeds of the sale.

17. D. Holtz did not pay De Castro her one-third interest ($900,000) in the proceeds of the sale. This $900,000 that was not paid to De Castro shall be referred to as "De Castro's $900,000."

18. Instead, Walden and D. Holtz retained De Castro's $900,000 to be kept as a as a joint marital asset owned by D. Holtz and T. Holtz.

19. Upon information and belief, D. Holtz made De Castro's $900,000 available to his wife T. Holtz to be spent at will.

20. T. Holtz knowingly accepted the benefit of De Castro's $900,000, knowing that it was De Castro's share of the Redemption Agreement—an agreement to which she was a party.

21. Upon information and belief, T. Holtz and D. Holtz used some or all of De Castro's $900,000 to pay off T. Holtz's credit card bills.

22. D. Holtz and T. Holtz repeatedly acknowledged to De Castro and her husband that the $900,000 was owed to De Castro and that it would be paid.

3

23. Walden, D. Holtz and T. Holtz made a few payments to De Castro in 2019 totaling $82,250.

## COUNT I – BREACH OF FIDUCIARY DUTY
### (Against D. Holtz and Walden)

24. De Castro incorporates the allegations in paragraphs 1 through 23 as if fully set forth herein.

25. D. Holtz and Walden were in a position of trust and confidence with De Castro with respect to Walden receiving the purchase price of $2.7 million for Salondera for the sale of Salondera's interest in IWM.

26. IWM made the $2.7 Million Wire Transfers to Walden's Account to pay for the interest Salondera had in IWM.

27. Walden and D. Holtz agreed to act as Salondera's agent and trustee with respect to these funds and to disperse one-third of these funds to each of Salondera's three members, including De Castro.

28. D. Holtz and Walden expressly accepted the confidence reposed in it by De Castro with respect to the $2.7 million and with respect to De Castro's $900,000. D. Holtz and Walden owed the duties of faithfulness, honesty and fidelity to De Castro with respect to De Castro's $900,000.

29. De Castro relied on and trusted D. Holtz and Walden to act honestly, morally, truthfully, fairly, and prudently with respect to De Castro's $900,000.

30. D. Holtz and Walden took advantage of De Castro, acted intentionally and negligently to hurt De Castro, and, in so doing, breached their fiduciary duties to De Castro.

31. D. Holtz and Walden committed the following acts or omissions, among others, in breach of their fiduciary duties to De Castro:

4

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

  a. lying to De Castro about agreeing to pay to her De Castro's $900,000 from the $2.7 Million Wire Transfers,

  b. not paying to De Castro her $900,000 share of the $2.7 Million Wire Transfers, and

  c. unjustly enriching themselves by keeping De Castro's $900,000.

32. The acts, omissions, and representations committed by D. Holtz and Walden constitute a failure by them to perform their fiduciary duties with respect to De Castro's $900,000 and evidence serious breaches thereof.

33. De Castro has been seriously damaged as a direct and proximate result of the breaches of fiduciary duties by D. Holtz and Walden.

WHEREFORE, Plaintiff De Castro demands judgment against Defendants D. Holtz and Walden for all of her damages, including interest, costs, creation of a constructive trust over De Castro's $900,000, which Defendants have improperly benefited from and withheld, and such other relief as the Court deems proper.

### COUNT II – CONVERSION ($900,000)
### (Against D. Holtz and Walden)

34. De Castro incorporates the allegations in paragraphs 1 through 23 as if fully set forth herein.

35. IWM made the $2.7 Million Wire Transfers to Walden's Account on or about December 29, 2016. D. Holtz paid Salondera's members T. Holtz and Javier Mora $900,000 each from these funds. D. Holtz and Walden segregated out $900,000 from the $2.7 million and kept De Castro's $900,000 separate.

36. D. Holtz and Walden expressly agreed to pay to De Castro the $900,000 they had segregated.

5

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

37. De Castro demanded repeatedly that D. Holtz and Walden pay De Castro's $900,000 to her.

38. D. Holtz and Walden are wrongfully depriving De Castro of her specifically identifiable $900,000. De Castro is entitled to possession of her $900,000.

39. D. Holtz and Walden have wrongfully refused to return the $900,000 that belongs to De Castro.

40. D. Holtz and Walden are a wrongfully asserting dominion and control over De Castro's $900,000. D. Holtz and Walden's actions are inconsistent with De Castro's rights to her $900,000.

WHEREFORE, Plaintiff De Castro demands judgment against Defendants D. Holtz and Walden for all of her damages, including interest and costs, creation of a constructive trust over De Castro's $900,000, which Defendants have improperly benefited from and withheld, and such other relief as the Court deems proper.

### COUNT III – UNJUST ENRICHMENT
### (Against D. Holtz and Walden)

41. De Castro incorporates the allegations in paragraphs 1 through 23 as if fully set forth herein.

42. D. Holtz and Walden agreed to accept the $2.7 million sale proceeds from IWM in exchange for Salondera giving up its 57.5% equity interest in IWM. D. Holtz and Walden agreed to pay the $2.7 equally to Salondera's three members, including De Castro.

43. IWM made the $2.7 Million Wire Transfers to Walden's Account. D. Holtz and Walden wrongfully retained De Castro's $900,000 and used it for their own benefit as well as for the benefit of T. Holtz. De Castro thus conferred a benefit to the three Defendants by giving up her equity in IWM in exchange for that money.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

44. D. Holtz and Walden appreciated this benefit and knowingly and voluntarily accepted this benefit. D. Holtz and Walden accepted and retained this benefit under circumstances that make it inequitable for them to retain the benefit without paying the value thereof.

45. D. Holtz and Walden have no legal or equitable ground for failing to pay De Castro's $900,000 to her.

46. De Castro has no adequate remedy at law.

47. Accordingly, D. Holtz and Walden have been unjustly enriched at the expense and to the detriment of De Castro. Equity and good conscience dictate that D. Holtz and Walden should not be able to retain De Castro's money.

WHEREFORE, De Castro demands an injunction against D. Holtz and Walden, disgorgement of De Castro's $900,000 and judgment against D. Holtz and Walden for all of her damages, including interest and costs, creation of a constructive trust over De Castro's $900,000, which D. Holtz and Walden have improperly benefited from and withheld, and that the Court grant such other and further relief that is just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Against T. Holtz)

48. De Castro incorporates the allegations in paragraphs 1 through 23 as if fully set forth herein.

49. On or around December 2016—about three years prior to T. Holz and D. Holtz' divorce proceedings—De Castro conferred a benefit upon T. Holtz by giving up her equity in IWM in exchange for $900,000. T. Holtz received the benefit of that money through her husband, D. Holtz, when he placed De Castro's wrongfully-retained $900,000 into the Holtz' joint marital assets.

7

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

50. As a party to the Redemption Agreement and the underlying sale of Saldonera transaction (a recipient of her own $900,000 herself), T. Holtz understood and was keenly aware that the $900,000 that D. Holtz funneled into their marital estate belonged to De Castro and that it would be wrongful and unjust for them to keep it.

51. T. Holtz appreciated the benefit so much so that T. Holtz repeatedly made promises to De Castro that she and D. Holtz would return the money to De Castro.

52. Nevertheless, T. Holtz (jointly with her husband) kept and directly benefited from De Castro's $900,000, either as a jointly held marital asset and/or to be used to pay off T. Holtz's voluminous credit cards.

53. T. Holtz appreciated the benefit of De Castro's $900,000. T. Holtz knowingly and voluntarily accepted and retained this benefit under circumstances that make it inequitable for her to retain the benefit without paying the value thereof.

54. T. Holtz has no legal or equitable ground for failing to return De Castro's $900,000 to her.

55. De Castro has no adequate remedy at law.

56. Accordingly, T. Holtz—jointly with her husband— has been unjustly enriched at the expense and to the detriment of De Castro. Equity and good conscience dictate that T. Holtz should not be able to retain De Castro's money.

WHEREFORE, De Castro demands an injunction against T. Holtz, disgorgement of De Castro's $900,000 and judgment against T. Holtz for all of her damages, including interest and costs, creation of a constructive trust over De Castro's $900,000, which T. Holtz improperly benefited from and withheld, and that the Court grant such other and further relief that is just and proper.

8

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

### *Equitable Remedy of Constructive Trust*

57. As a remedy to the foregoing counts of unjust enrichment, breach of fiduciary duty, and conversion, De Castro seeks the creation of a constructive trust over De Castro's $900,000, which Defendants have improperly benefited from and withheld.

58. Defendants entered into a scheme to retain De Castro's $900,000 by *inter alia*:

    a. Lying to De Castro about agreeing to pay De Castro's $900,000 to her.

    b. Not paying De Castro's $900,000 to her.

    c. Unjustly enriching D. Holtz, Walden, and T. Holtz by keeping De Castro's $900,000, not providing anything in return, and by using De Castro's $900,000 for their own benefit, including for the benefit the Holtz's marriage and marital expenses.

59. Defendants have no just claim to De Castro's $900,000. De Castro lacks an adequate remedy at law to enforce her rights against Defendants. A confidential relationship existed between De Castro and D. Holtz and Walden with respect to the $900,000. Defendants have been unjustly enriched by receipt of the above-described $900,000 of De Castro's money. Defendants implied and expressly agreed not to retain De Castro's money.

60. The $900,000 is specifically identifiable.

61. The only way to protect De Castro from dissipation of the monies improperly withheld from De Castro by Defendants is for the Court to impose a constructive trust over the $900,000 of De Castro's money that Defendants have refused to return. Equity and good conscience dictate Defendants should not be able to retain De Castro's $900,000.

9

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

WHEREFORE, De Castro demands creation of a constructive trust over De Castro's $900,000, which Defendants have improperly benefited from and withheld, as stated above and such other relief as the Court deems just and proper.

Dated this 18th day of August 2020.

                                              Respectfully submitted,

                                              DEVINE GOODMAN & RASCO, LLP
                                              2800 Ponce de Leon Blvd., Suite 1400
                                              Coral Gables, FL 33134
                                              Tel: 305-374-8200
                                              Email: grasco@devinegoodman.com
                                                            aandrews@devinegoodman.com

                                              */s/ Guy A. Rasco*
                                              Guy A. Rasco., Esq.
                                              Fla. Bar No.: 727520
                                              Averil Andrews, Esq.
                                              Fla. Bar No. 105700

10

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email through the Florida Courts eFiling Portal to the parties on the service list below this 18th day of August, 2020.

                                */s/ Averil Andrews*
                                Averil Andrews

Jeffrey A. Rynor, Esq.
301 Arthur Godfrey Road
Penthouse
Miami Beach, FL 33140
Tel: 305.358.0050
Fax: 305.358.0550
jrynor@mitrani.com
hgross@mitrani.com
vschmidt@mitrani.com
*Attorneys for Defendant Daniel Holtz and Walden Capital Corporation*

Alan J. Kluger, Esq.
Lindsay B. Haber, Esq.
Kluger, Kaplan, Silverman, Katzen & Levine, P.L.
201 S. Biscayne Blvd.
Twenty-Seventh Floor
Miami, Florida 33131
Telephone: (305) 379-9000
akluger@klugerkaplan.com
lhaber@klugerkaplan.com
*Counsel for Defendant Toni Holtz*

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208