**GRAMERCY IRREVOCABLE OPERATING TRUST**

**DECLARATION OF TRUST**

GOVERNMENT
EXHIBIT
**11**
18-CR-20685

THIS DECLARATION OF TRUST ("TRUST") dated this _1_ day of July 2005, is made by **AMERICAS FIDUCIARY LTD** ("Trustee"), a Nevis corporation. The Trustee declares that it has received the property listed on the attached Annex "A," to hold such property in trust according to the terms of this Trust.

**NOW THIS TRUST WITNESSETH AS FOLLOWS**:

**ARTICLE ONE**
**The Trust**

1.1.    Name.  This Trust shall be known and designated as the GRAMERCY IRREVOCABLE OPERATING TRUST.

1.2.    The Trust:

 1.2.1.    The sum of one hundred Canadian dollars (CDN $100) which has been paid to the Trustee herein together with any other property which may from time to time be held by the Trustee in lieu thereof or in addition thereto to be listed in Annex "A," as amended from time to time (all of which is hereinafter collectively referred to as the ("Trust Estate"), shall be held by the Trustee for the benefit of the beneficiaries herein described (hereinafter referred to as the "Beneficiaries") and in accordance with this Trust as is herein provided.  Any additions to the Trust Estate, other than those derived from the administration of the said Estate by the Trustee, shall be subject to the prior approval of the Protector (hereinafter referred to as the "Protector").

 1.2.2.    The Trustee shall stand possessed of and hold the Trust Estate in trust to invest same or such portion thereof as may thereafter be delivered to the Trustee pursuant to the provisions of the present Trust in its absolute discretion, either to retain the same as then invested or to sell or convert the same and to invest the monies realized from such sale or conversion in such investments as the Trustee may deem fit.

## ARTICLE TWO
### Trust Period

2.1.    The duration of the Trust Period shall run from the date of the execution of these presents and shall expire upon the date:

    2.1.1.   on which shall expire the period of eighty (80) years from the execution of this Trust; or

    2.1.2.   on which shall expire the period of twenty (20) years from the death of the last survivor of all the descendants, male and female, of His late Majesty King George the Fifth living at the date hereof; or

    2.1.3.   one (l) year after the day on which there shall be no Beneficiary in existence, whichever shall first occur; or

    2.1.4.   such earlier date as the Protector, as hereinafter described, shall in its absolute discretion by Deed appoint.

2.2.    The completion of distribution shall be deemed to have taken place when the Trust Estate has been distributed in toto in conformity with the provisions of this Trust.

## ARTICLE THREE
### The Trustee

3.1.    <u>Definition and Number</u>

    3.1.1.   Trustee means one or more Trustees who is or who are for the time being in office whether he, she, they or it be the Trustee originally appointed hereby or subsequently appointed in accordance with this Trust.

    3.1.2.   Those individuals who are Beneficiaries or may become Beneficiaries of this Trust as well as their spouses and relatives to the second degree, including the relatives to the second degree of their spouses, cannot be named Trustee to this Trust.

    3.1.3.   An individual, company, corporation or body politic may be named a Trustee to this Trust.  Any Trustee named herein shall assent to all of the terms of this Trust, including paragraph 4.13. of Article Four.

    3.1.4.   The Trustee herein named is the Trustee for the time being of the Trust, namely:

### AMERICAS FIDUCIARY LTD.,
a Nevis corporation

2

3.2.    Vacancy and Replacement

    3.2.1.    An individual shall cease to be a Trustee when he or she dies, resigns or becomes unable or unwilling to act or to continue to act or becomes insolvent or bankrupt. A corporation shall cease to be a Trustee hereunder when the Trustee resigns or becomes insolvent or bankrupt or ceases to exist.

    3.2.2.    The power to dismiss, replace, appoint new or additional Trustees shall be vested in the Protector as hereinafter provided.

    3.2.3.    The replacing of a Trustee when a vacancy occurs shall be effected by an appointment as Trustee of any individual or corporation with power under law to contract. If more than one (1) Trustee has been appointed, the remaining Trustees shall agree upon and appoint the Trustee or Trustees required to fill such vacancy or vacancies subject to the approval of the Protector. In the event that any remaining Trustees cannot so agree or that there be no remaining Trustees, the Protector shall appoint the Trustee or Trustees required to fill such vacancy or vacancies.

    3.2.4.    Resignation by a Trustee shall be effected by the delivery or mailing by registered mail of a written notice of resignation to the other Trustee or Trustees acting hereunder, as the case may be, to the Beneficiaries and to the Protector. However, in the case of impossibility to give notice to all parties, the giving of notice to at least one of the above parties shall constitute good and valid notice hereunder.

    3.2.5.    A retiring or replaced Trustee shall execute all transfers and do all acts or things that may be necessary for vesting the Trust Estate in the new, continuing or replacing Trustee or Trustees.

**ARTICLE FOUR**
**Administration of Trust**

4.1.    Wherever discretion is vested in or power is conferred upon more than one (1) Trustee, such discretion or power must be exercised by a majority of the Trustees. If at any time there are fewer than three (3) Trustees, such discretion or power must be exercised by unanimity if there are two (2) Trustees; and if there is only one (1) Trustee, it may validly exercise such discretion or power alone.

4.2.    Subject to the Protector's approval, as described in Section 6.3 of Article Six, the Trustee hereunder has unlimited rights of ownership of the Trust Estate and, as an owner, has absolute discretion to invest, manage, administer and otherwise deal with any part or the whole of the Trust Estate as the Trustee sees fit, the whole in accordance with the provisions of this Trust. Not to in any way limit or restrict the generality of the foregoing, the Trustee may exercise and/or delegate, in its sole and absolute discretion, whenever and as often as the Trustee shall deem it advisable until the duration of the Trust Period has expired, the power and authority:

4.2.1.      to invest the cash funds from time to time constituting part of the Trust Estate in any investments or securities which the Trustee may consider advisable and the Trustee is not to be limited to those investments authorized by law for trustees;

4.2.2.      from time to time and at any time to sell, transfer, assign, exchange, or otherwise dispose of any of the securities or investments from time to time constituting the Trust Estate, in any manner the Trustee may deem proper, at any price and terms considered desirable by the Trustee, and the Trustee shall not be bound to secure the consent or approval of any person, official, authority, tribunal or Court whomsoever or whatsoever;

4.2.3.      to vote all stocks and shares, to exercise all rights incidental to the ownership of stocks, shares, bonds, other securities and investments and property held as part of the Trust Estate, and to issue proxies to others; to sell or exercise any subscription rights and in connection with the exercise of subscription rights, to use trust monies for that purpose; to consent to and join in any plan, reorganization, readjustment or amalgamation or consolidation with respect to any corporation whose stock, shares, bonds or other securities at any time form part of the Trust Estate, and to authorize the sale of the undertaking or assets or a substantial portion of the assets or undertaking of any corporation and generally to act in respect of the Trust Estate as fully and effectually from time to time as if the same were not trust property but always for the benefit of the Trust Estate;

4.2.4.      to hold any or all securities or other property in bearer form or in the name of the Trustee or in the name of some other person, company or partnership or in the name or names of nominees without disclosing the fiduciary relationship, and to deposit the said securities and any title deeds or documents belonging or relating to the Trust Estate in any part of the world with any bank or trust company or any other company that undertakes the safe custody of securities as part of its business without being responsible for the default of such bank, trust company or other company or for any loss occasioned thereby;

4.2.5.      notwithstanding anything herein otherwise contained or rule of law to the contrary, to purchase as an investment of the Trust Estate, and hold as part of the Trust Estate, any securities or property at any price and upon any terms that may be deemed expedient or desirable by the Trustee, and any such purchase so made, or the price paid or terms agreed upon in reference thereto shall not be subject to question by any person who may be entitled hereunder or by any Court or tribunal whatsoever;

4.2.6.      to make any payments, provisions or distributions which may be required under the terms hereof in whole or in part in money, securities or other property and on every division or distribution, the judgment and apportionment of the Trustee and valuations made by the Trustee shall be binding and conclusive on all persons whomsoever;

4.2.7.      to incorporate any company or companies under the laws of any jurisdiction in the world at the expense of the Trust Estate, for the purposes of the powers and authority of the Trustee and more particularly, to invest the whole or any part of the Trust Estate wholly or partly in shares or other securities of such company or companies;

4.2.8.      to lease at any time and from time to time real property or interests in real property entrusted to the Trustee or from time to time held by the Trustee hereunder for such term or terms of months or years, to begin presently or in the future, as to the Trustee may seem proper, even though such lease or leases shall be for a term or terms exceeding that especially authorized by law and be beyond the term of the termination of any trust estate herein created, such leases to be with such options to the lessees of renewal and/or purchase or for the purchase or disposal of buildings thereon or to be placed thereon, and upon such covenants, terms, conditions, agreements and provisions as to the Trustee shall seem proper; and in connection therewith, to make, execute, acknowledge and deliver any and all instruments that may be necessary, proper or desirable;

4.2.9.      to acquire, hold and sell real estate anywhere in the world;

4.2.10.      to acquire and hold debts secured by hypothec or mortgage on real estate anywhere in the world;

4.2.11.      to renew and keep renewed any hypothec or mortgage upon real estate anywhere in the world;

4.2.12.      to register any property, immovable or moveable, in the name of the Trustee or in the names of the nominees;

4.2.13.      to deposit any cash balances in the hands of the Trustee at any time at any bank or trust company;

4.2.14.      to keep the whole or any part of the Trust Estate at any place within the Trustee's discretion;

4.2.15.      to retain any life insurance policy entrusted to the Trustee or from time to time held by the Trustee hereunder; to purchase insurance on the life of any Beneficiary hereunder or on the life of anyone and to select such type of policy and mode of premium payments as the Trustee may deem advisable;

to exercise all rights with regard to such retained or purchased insurance as the policy contracts grant to the owner thereof; to pay premiums on such policies either out of the principal or out of income or partly out of principal and partly out of income as the Trustee shall deem proper;  to name as Beneficiaries of the said new policies either the Trust Estate or the Beneficiaries thereof; to purchase annuities for one or more Beneficiaries and to select such type of annuity and mode of payment therefor as the Trustee may deem advisable; and to purchase and pay the premiums on policies of insurance against fire, other casualty or public liability or other insurance of a similar character, but the Trustee shall not be liable for any omission to purchase any insurance or to purchase a particular amount of any type of insurance;

4.2.16.    to determine whether any monies shall, for the purpose of this Trust, be considered as principal or income of the Trust Estate or whether any taxes, expenses or losses shall be paid out of or borne by principal or income.

4.3.    Notwithstanding the foregoing powers and authority conferred upon the Trustee hereunder, in respect of any corporation the shares of which are comprised in the Trust Estate, the shares not be realized or liquidated but, to the greatest extent possible, that they be distributed in specie to the Beneficiaries in accordance with this Declaration of Trust, in order to ensure to the greatest extent possible the continued existence of such corporations and the ownership of the shares thereof by the Beneficiaries as aforesaid.

4.4.    The Trustee may furthermore act upon the opinion or advice of or information obtained from any reputable solicitor, valuer, broker, auctioneer, accountant or other expert but the Trustee shall not be bound to act upon such opinion or advice and the Trustee shall not be responsible for any loss occasioned by so acting or by not so acting as the case may be.

4.5.    Without limiting the generality of any power or authority otherwise conferred upon the Trustee hereunder, the Trustee shall have the full power and authority, instead of acting personally, to appoint any agent or agents in any part of the world, to assist in the administration of this Trust and in the management of the Trust Estate and, provided that the Trustee exercises reasonable care in the appointment of such agent or agents, the Trustee shall not be responsible for any act or neglect of any such agent or agents.

4.6.    Any Trustee being engaged in a professional business or trade, may, in the discretion of the Trustee, be paid all usual professional, business and trade charges and remuneration for business transacted and time expended and acts done by the Trustee or any employee or partner of the Trustee or by any firm or corporation with which the Trustee is connected in connection with the Trusts hereof including acts which a Trustee not being in any profession, business or trade could have done personally. Amounts paid under the foregoing shall be in addition to that Trustee's remuneration.

4.7.    In addition to their disbursements, the Trustee and the Protector shall be remunerated such fees as are usual for the type of administration.

6

4.8.  The Trustee may, with the prior approval of the Protector, receive and hold as part of the Trust Estate, subject to the Trusts hereof, any property made available by any other person or persons to be added to and to become part of the Trust Estate.

4.9.  The Trustee shall inform personally the Beneficiary or Beneficiaries of the age of majority upon their request with respect to the position of the investment of the Trust Estate. The Trustee shall not, however, give this information, if, in its opinion, the information might be used in an abusive or illicit manner or in any way detrimental to the interests of the Trust Estate or the other Beneficiary or Beneficiaries. The Trustee shall decide in its sole discretion whether the prerequisites for a disclosure of information are met.

4.10.  Notwithstanding the foregoing, the Trustee and the Protector may divulge any and all information relating to this Trust and the Trust Estate if the Trustee is legally bound to do so by ordinance or imperative statutory provision of law.

4.11.  The Trustee and the Protector hereunder agree to execute any further documents or deeds which may be necessary to effectively transfer the Trust Estate to the Trustee.

4.12.  The Trustee shall be protected in acting upon any direction, paper or document believed by the Trustee to be genuine and to have been signed by the proper person or persons.  In case of doubt, the Trustee may refer to the Protector and shall in such case be protected in acting upon any direction, paper or document confirmed or believed by the Protector to be genuine and to have been signed by the proper person or proper persons.

4.13.  Neither the Trustee nor the Protector shall be liable for any error in judgment but only for their own intentional fault or willful misconduct. The Trustee and the Protector shall not be personally liable for any monies to become due by or any claims against this Trust Estate or upon any instrument executed by the Trustee under the provisions hereof. The Trustee shall be indemnified and saved harmless out of the funds of the Trust Estate from time to time and at all times from and against:

4.13.1.  all costs, charges, and expenses whatsoever which such Trustee sustains or incurs in or about any actions, suits or proceedings which are brought, commenced or prosecuted against the Trustee for or in respect of any act, deed, matter or thing whatsoever done or permitted by the Trustee in or about the execution of the duties of this Trust, and

4.13.2.  all other costs, charges and expenses which the Trustee sustains or incurs in or about or in relation to the affairs of the present Trust and Trust Estate.

4.14.  The Trustee shall have the power to bind the Trust Estate but shall not render itself personally liable.

## ARTICLE FIVE
### Benefit of Trust

5.1.   The Beneficiaries of this Trust shall be those persons enumerated in Annex "B" attached hereto and forming an integral part hereof.

5.2.   The Trust Estate together with any other property which may from time to time be held by the Trustee in lieu thereof or in addition thereto, shall be held by the Trustee upon the following Trust:

    5.2.1.   The Trustee shall hold the Trust Estate during the Trust Period and may accumulate the whole of the income of the Trust Estate for the maximum period of accumulation permitted by law and add such accumulations to the capital thereof provided that during the Trust Period the Trustee may apply any of the capital or the income of the Trust Estate to or for the benefit of the Beneficiaries designated in paragraph 5.1. of this Article Five provided, however, that in the interests of any Beneficiary, the Trustee may, taking into consideration the country of residence of the Beneficiary, tax and duties there exigible, foreign exchange rates and other financial, political, economic or personal considerations, retain any such distribution or payment for the benefit of the Beneficiary.

    5.2.2.   The Trustee shall determine the time of payments, appropriations and applications of the income and/or capital of the Trust Estate to the Beneficiaries as aforesaid at all times in view of the requirements of an adequate standard of living of the Beneficiaries.

5.3.   Upon expiration of the Trust Period and subject to such powers of appointment as may be hereinafter contained, the Trustee shall pay or transfer the remaining capital and income to the Beneficiaries; provided that if at the expiration of the Trust Period no Beneficiary as defined herein shall be alive, the capital and income then remaining in the Trust Estate shall be distributed according 5.10. of this Article Five.

5.4.   All gifts, payments, or benefits made under the present Trust from the proceeds of the Trust Estate are intended as aliment and shall not be subject to seizure for the payment of any debts of the Beneficiaries or their representatives except in the case of express hypothecation or pledge after delivery, donation, or payment to them of any portion of the Trust Estate.

5.5.   The proceeds, payment or other donation of any property to the Beneficiaries shall be and remain his or her private and separate property, free from the control of any consort, and shall not be liable for the debts of the said consort, and shall not form part of any community of property which may subsist between such consorts.

8

5.6.  If any person should become entitled to any portion or share of the Trust Estate either before attaining the age of 21 or at such time when such person is determined to be mentally incapacitated, such portion or share may, in the Trustee's discretion, in consultation with the Protector, be held and kept invested by the Trustee and the income and capital or some amount thereof as the Trustee, in consultation with the Protector, considers necessary or advisable, shall be used and applied for the benefit of such person until either he or she has either attained the age of 21, whereupon his or her portion or share, or the amount thereof then remaining in the hands of the Trustee shall be paid or transferred to such person or, as the case may be, in the case of mental incapacity, until such time as the Trustee has been determined by the Trustee, in consultation with the Protector, that it is necessary or advisable to pay and transfer the amount of such portion or share to the acting guardian of such person.

5.7.  The Trustee shall also have the power to make any payment for any person under the age of 21 to the parent or legal guardian of any such person whose receipt thereof shall be sufficient discharge to the Trustee.

5.8.  The determination of mental incapacity shall be made by the Protector after consultation with the Trustee and upon such medical or other expert assessment as the Protector considers necessary or advisable.

5.9.  If the Trustee deems it necessary, a prerequisite of the enjoyment of the proceeds of the Trust Estate by any Beneficiary shall be that within a period of two (2) months after the date when any such person becomes a Beneficiary hereunder, he or she declares to the Trustee in a form satisfactory to the Trustee and its legal counsel, that he or she promises to respect all the provisions laid down in the present Trust and the provisions of any conveyance of property by any person or persons to the Trustee to be held as part of the Trust Estate subject to the Trusts hereof.  If he or she is in default to so declare and promise, he or she shall lose all of his or her rights to the enjoyment or the proceeds of the present Trust and Trust Estate, and any other trust fund which may have been created in consequence hereof.

5.10.  The charitable institutions and purposes to which the right or benefit of the Trust Estate shall possibly pass in accordance with the provisions of this Trust shall be those designated, if any, in Annex "B" hereto.

# ARTICLE SIX
## The Protector

6.1.  Definition

6.1.1.  The Protector shall mean that person or persons or any successors thereto appointed to act as Protector of this Trust.

6.1.2.  Any individuals who are not U.S. citizens or residents, or any corporations that are not organized in any state or territory of the U.S., may be the Protector whether individuals (resident or non-resident of Canada) or corporations (Canadian or

foreign). Those individuals who are Beneficiaries or may become Beneficiaries of this Trust as well as their spouses and relatives, including the relatives of their spouses, may only be named Protector to this Trust to the extent that, in the aggregate, the Trustee does not comprise a majority of the total of persons and corporations appointed to and currently occupying the office of the Protector.

6.1.3. H&H PROTECTORS IBC, a Bahamian company, is hereby appointed as the initial Protector of the Trust Estate.

6.2. <u>Resignation and Replacement</u>

6.2.1. Any Protector shall cease to be a Protector when he or she dies, resigns or becomes unable or unwilling to act or continue to act or becomes insolvent or bankrupt. A corporation shall cease to be a Protector hereunder when the corporation resigns or becomes insolvent or bankrupt or ceases to exist.

6.2.2. In the event an individual appointed as Protector in section 6.1.3. of Article 6 is unable or unwilling to serve as a Protector, then a successor protector shall be appointed by a majority vote of the Beneficiaries then entitled to receive income. If there are only two (2) Beneficiaries then entitled to receive income, such power shall be exercised by unanimity. If there is only one (1) Beneficiary then entitled to receive income, such power shall be exercised alone.

6.2.3. Resignation by any Protector shall be effected by the delivery or mailing by registered mail of a written notice of resignation to the Trustee acting hereunder and to the Beneficiaries.

6.2.4. However, in the case of impossibility to give notice to all parties, the giving of a notice to at least one of the above parties shall constitute good and valid notice hereunder.

6.3. <u>Powers of the Protector</u>. Notwithstanding any other provisions of the present Trust and particularly the powers and authority herein granted to the Trustee, the Protector shall at any time or from time to time during the Trust Period or any extension thereof, have the full power and authority:

6.3.1. to amend, vary or otherwise modify the terms of this Declaration of Trust from time to time with written notice to the Trustee and without limiting the generality of the foregoing, to amend, vary or modify the terms of this Declaration of Trust for the purpose of facilitating the administration of the Trust and Trust Estate provided, however, that nothing herein contained shall permit the Protector to alter the rights of Beneficiaries or change the Beneficiaries by addition to or exclusion and deletion of any of the Beneficiaries named in Article Five nor shall the powers herein contained permit this Declaration of Trust to be amended to increase the obligations or liabilities of the Trustee or the Protector without the consent of the Trustee or each person appointed to the office of the Protector, as the case may be, then in

office and no amendment hereto or to paragraph 4.2.14. of Article Four of this Declaration of Trust shall have any effect on the rights of any person who was then serving or has served as a Trustee or as Protector arising out of any state of facts or occurrences which existed or took place before such amendment;

6.3.2.  to appoint in writing the whole or part of the capital or the income of the Trust Estate or create by deed a new trust fund and appoint either in respect of the new trust fund or in respect of the trust fund constituted under any new trust, all or any part of the capital or income thereof to or for anyone or more of the Beneficiaries in such manner as the Protector shall consider advisable, provided, however, that any appointment or distribution of capital or income to such new trust fund or trust fund constituted under a new trust shall respect and be in accordance with paragraph 5.1. of Article Five of this Declaration of Trust;

6.3.3.  to remove from office, or replace the Trustee or appoint new or additional Trustees as the Protector shall consider advisable and without limiting the generality of the foregoing, to fill any vacancy in the office of the Trustee;

6.3.4.  to extinguish, diminish, reduce or otherwise limit the Protector's own powers as Protector during the tenure of persons appointed to and then in the office of the Protector; however, such extinction, diminishment, reduction or limitation shall not affect the powers of subsequent persons who may by replacement or later appointment be named to the office of the Protector subsequently;

6.3.5.  to supervise the accounts of the Trust Estate, receive an accounting from any or all of the Trustee or any other person, company, institution or creditor holding any assets or property of the Trust Estate or any other trust fund which may be created in consequence hereof;

6.3.6.  without limiting the generality of any power or authority otherwise conferred upon the Protector hereunder, the Protector shall have the full power and authority, instead of acting personally, to appoint any agent or agents in any part of the world to assist in the carrying out of the powers of the Protector; and, provided that the Protector exercises reasonable care in the appointment of such agent or agents, the Protector shall not be responsible for any act or neglect of any such agent or agents;

6.3.7.  any person appointed to the office of the Protector being engaged in a profession, business or trade, shall be paid all usual professional business and trade charges and remuneration for business transacted and time expended and acts done by them or any employee or partner of theirs or by any firm or corporation with which they are connected in connection with the present Trust, including acts which persons appointed to the office of the Protector not being in any profession, business or trade could have done personally;

6.3.8.  to appoint, by any irrevocable deed or deeds and without infringing the Trust Period of this Trust or the rule against perpetuities, that the whole or any part of the Trust

11

Estate shall thenceforth be held upon the trusts and with and subject to the powers and provisions of any other trust not infringing the rule against perpetuities applicable to this Trust and approved by the Protector and in favor or for the benefit of all or any one or more exclusively of the others or other of the Beneficiaries, and upon any such appointment being made, the Protector shall direct the transfer to the Trustee for the time being of the said appointment and thereupon the Trusts herein contained concerning such property shall cease and determine and the said property shall for all purposes be subject to the trust, powers and provisions contained in the said other trusts and be subject to and governed by the proper law of this Trust or not, provided, however, that such appointment and transfer of the whole or any part of the Trust Estate to such other trust or trusts shall respect and be in accordance with paragraph 5.1. of Article Five of this Trust.  For the purposes of the present paragraph, "trust" shall mean any trust created by any settlement, declaration of trust, will, codicil, or other instrument under the law in force in any part of the world;

6.3.9.  to change at any time and from time to time during the Trust Period the governing law and forum for the administration of this Declaration of Trust as hereinafter provided; the power of changing the governing law and the forum for the administration of this Declaration of Trust shall be vested in the Protector who may at the Protector's absolute discretion, direct any such change to some other place in any part of the world on giving not less than fourteen days' notice as hereinafter provided with copies addressed to the Trustee and to the Beneficiaries;

6.3.10.  to extend from time to time the Trust Period for further periods of two (2) years upon sending of a notice in writing at least three (3) months prior to the expiration of the Trust Period to the Trustee and Beneficiaries without, however, violating the rule against perpetuities.  The provisions of this paragraph 6.3.10. of this Article Six and all the powers of the Protector shall have effect notwithstanding any rule of law or equity restricting the delegation of a power or discretion.

6.3.11.  Any reference to the "Protector" or "Protectors" in this Trust shall be construed as a reference to all of the persons appointed to and then in the office of the Protector if there be more than one.

6.3.12.  Wherever herein discretion is vested in or power is conferred upon the Protectors, such discretion or power must be exercised by a majority of the persons appointed to and then in the office of the Protector. If it should happen at any time that there are fewer than three (3) persons then in the office of the Protector, such discretion or power must be exercised by unanimity if there are two (2) such persons and if there is only one (1) such person, he may validly exercise such discretion or power alone.

## ARTICLE SEVEN
### Interpretation

7.1.  Any provision or condition of the present Trust which is or becomes void for any reason

whatsoever including the fact that it is considered to be or constitutes an impossible condition or one contrary to good morals, to law, to equity, or to public order, shall not annul the present Trust but shall only be considered as not written.

7.2.    For greater clarity, the present Trust is comprised of and includes this Trust and Annexes A and B hereto and any further annexes as may subsequently to the execution hereof be added in accordance with and pursuant to its terms.

## ARTICLE EIGHT
### Governing Laws

8.1.    Subject to the terms of subparagraph 6.3.9. of Article Six hereof, the Trust Estate created herein is created under the law of the Province of Nova Scotia, Canada and the rights of all parties and the construction and effect of every provision hereof shall be subject to the exclusive jurisdiction of and construed and regulated only according to the law of the Province of Nova Scotia, Canada.

8.2.    If the governing law of this Trust is changed and any provision of this Trust be found to be in violation of or contrary to such new governing law, including, by way of example, but without limitation, any law or rule therein prevailing relating to accumulation of trust income and to perpetuity periods, such provision shall be deemed to be amended and to comply with the new governing law.

8.3.    If at any time it appears that the Trust falls within the definition of a "United States Person," as defined in Section 7701(a)(30)(E) of the United States Internal Revenue Code of 1986 and the regulations thereunder, the Trustee may amend the Declaration, change the jurisdiction of the Trust, or do otherwise as it sees fit so the Trust will not fall within such definition.

8.4.    Notwithstanding anything in the Declaration to the contrary, if at any time a United States court attempts to assert jurisdiction over or otherwise supervise the administration of the Trust directly or indirectly, the Trustee shall cause the Trust to migrate from the United States. Notwithstanding anything in the Declaration to the contrary, if any governmental agency or creditor attempts to collect information from or assert a claim against the Trust, the Trustee shall cause one or more substantial decisions of the Trust to be controlled by a person or entity that is not a United States fiduciary. The Trustee may accomplish its objectives set forth in this Section 8.4. by amending the Declaration, changing the jurisdiction of the Trust, or otherwise as the Trustee sees fit at its sole discretion.

## ARTICLE NINE
### Acceptance of Trustee and Protector

The Trustee accepts the Trust hereby created, and both the Trustee and Protector agree to carry out the provisions hereof to be performed on their part.

## ARTICLE TEN
### Notices

10.1.   Any notice required or permitted to be given under any of the provisions of this Trust of the provisions of this Trust shall be sent by registered air mail, postage pre-paid, to the last known address of the addressee.  No evidence that such notice has been received by any addressee shall be necessary to constitute good and valid notification.  Any such notice given as aforesaid shall be deemed to have been given two (2) weeks after the envelope containing same is mailed, pre-paid registered air mail as aforesaid.  There shall be no obligation to give any such notice to any party in the case of impossibility to give any such notice.

10.2.   Notwithstanding anything contained in the present Trust, any notice required or permitted to be given to the Beneficiaries shall be given to the Protector and, with the prior written consent of the Protector, to the Beneficiaries, and to such other persons as the Protector may from time to time designate.

## ARTICLE ELEVEN
### Exclusion from Benefits

Whoever contests the validity of this Trust, of the Trust created under it, of the Trusts created by virtue of the present Trust, of the provisions of any conveyance of property by any person or persons to the Trustee to form and be held as part of the Trust Estate, shall cease to be a Beneficiary of any of these Trusts and shall be excluded from any benefits, direct or indirect, deriving from the Trust Estate.

## ARTICLE TWELVE
### Severability

Should any provision of this Trust be determined to be contrary to or invalid under the Governing Law of this Trust by a competent court of that jurisdiction, provided that its removal would not substantially affect or render contradictory or incomprehensible the remainder of this Trust, such provision shall be considered as unwritten and shall not invalidate or otherwise affect this Trust and the Trust hereby created.

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

**WHEREFORE,** the parties hereto have executed this Trust on the date first hereinabove written.

**ACCEPTED** by the Trustee:

AMERICAS FIDUCIARY LTD.,
a Nevis corporation

By: _____       _____
      Timothy D. Richards, Director                    Witness

                                                _____
                                                Witness

15

ANNEX "A"

**PROPERTY**

1.      One Hundred Canadian Dollars (CDN $100.00);

2.      100% of the Membership Interest in 3 Gramercy Park West LLC, a New York limited liability company.

**ANNEX "B"**

**<u>BENEFICIARY</u>**

       The Beneficiary of the GRAMERCY IRREVOCABLE OPERATING TRUST ("Trust") is the HH MASTER SETTLEMENT, a Nova Scotia trust, dated December 1, 2004.

Annex B

X

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
PHILADELPHIA PA  19255-0023

Date of this notice:  10-05-2005

Employer Identification Number:
98-6057518

Form:  SS-4

000220.204699.0002.001 1 AT 0.292 862

Number of this notice:  CP 575 B

GRAMERCY IRRV TR
% AMERICAS FIDUCIARY LIMITED TTEE
2665 S BAYSHORE DR STE 703
MIAMI  FL   33133

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

0220

### WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an EIN.  We assigned you EIN 98-6057518.  This EIN will
identify your estate and trust.  If you are not the applicant, please contact the
individual who is handling the estate and trust for you.  Please keep this notice
for your permanent records.

When filing tax documents, please use the label IRS provided.  If that isn't possible
you should use your EIN and complete name and address shown above on all federal tax
forms, payments and related correspondence.  If this information isn't correct, please
correct it using the tear off stub from this notice.  Return it to us so we can correct
your account.  If you use any variation of your name or EIN, doing so could cause a
delay in processing and may result in incorrect information in your account.  Doing so
could result in our assigning you more than one EIN.

Based on the information from you or your representative, you must file the following
form(s) by the date shown next to it.

        Form 1041                        04/15/2006

If you have questions about the form(s) or the due date(s) shown, you can call us
at 1-800-829-4933 or write to us at the address at the top of the first page of this
letter.  If you need help in determining what your tax year is, you can get Publication
538, Accounting Periods and Methods, at your local IRS office or from our web site at
www.irs.gov.

We assigned you a tax classification (S-Corporation, Partnership, etc.) based on
information obtained from you or your representative.  It is not a legal determination
of your tax classification, and is not binding on the IRS.  If you want a determination
of your tax classification, you may seek a private letter ruling from the IRS under
the procedures set forth in Revenue Procedure 98-01, 1998-1 I.R.B.7 (or superceding
revenue procedure for the year at issue.)