**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 18-CR-20685-WILLIAMS/TORRES**

**UNITED STATES OF AMERICA,**

**v.**

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

**Defendant.**
_____________________________________________ /

**UNOPPOSED MOTION FOR A *GARCIA* HEARING**

The United States of America, by and through the undersigned Assistant United States Attorneys and Trial Attorney, hereby moves the Court for a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975) and Fed. R. Crim. P. 44(c). On February 10, 2021, Howard Srebnick and the law firm of Black, Srebnick, Kornspan & Stumpf, P.A. filed a Notice of Limited Appearance for Gustavo Adolfo HERNANDEZ FRIERI, ECF No. 298, joining permanent counsel in representing the defendant at sentencing. HERNANDEZ FRIERI's sentencing hearing is scheduled for March 25, 2021 at 1 p.m. *See* ECF No. 281.

Mr. Srebnick also represents an unindicted co-conspirator, who the United States believes funded the purchase of the MY Blue Ice, an asset sought for forfeiture in this criminal action and in the parallel civil forfeiture action, Civil Case No. 19-CV-24249-WILLIAMS/TORRES.[1] That unindicted co-conspirator, through one of his shell companies, obtained all of the illicit proceeds generated by the corrupt Eaton-Rantor loan scheme documented in this case, and supervised the distribution of those proceeds. HERNANDEZ

[1] In the parallel civil forfeiture action, on December 31, 2020, Mr. Srebnick filed a claim to the MY Blue Ice on behalf of MTGP135 LTD. *See* Verified Claim of MTGP135 LTD, Case No. 19-CV-204249-WILLIAM/TORRES, ECF No. 93. He has also filed a motion to dismiss in the civil forfeiture action disputing facts that support the criminal conviction in this case. *See* MTGP135 LTD's Motion To Dismiss, Case No. 19-CV-204249-WILLIAM/TORRES, ECF No. 96.

FRIERI's criminal conviction is for a conspiracy to launder a portion of those proceeds.

At sentencing, the United States anticipates that HERNANDEZ FRIERI's financial status and outstanding balance of his forfeiture money judgment will feature prominently. Mr. Srebnick's representation of the unindicted co-conspirator presents a potential or actual conflict of interest with his new representation of HERNANDEZ FRIERI, as collection on HERNANDEZ FRIERI's forfeiture money judgment could decrease or increase the unindicted co-conspirator's forfeiture liability and affect that co-conspirator's criminal sentence. While the Eleventh Circuit has recognized that a criminal defendant has a presumptive right to counsel of choice and that courts should hesitate to disqualify defense counsel, this right is not absolute and courts have discretion to reject a defendant's Sixth Amendment right to counsel of choice if it finds that there are actual or serious potential conflicts of interest which adversely affects the defendant. *See e.g.*, *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993); *see also United States v. Ross*, 33 F.3d 1507 (11th Cir. 1994). However, even in such circumstances, the client "may waive this conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary." *Ross*, 33 F.3d at 1524; *see also McCorkle v. United States*, 325 F. App'x 804, 808 (11th Cir. 2009) (district court conducted an adequate *Garcia* hearing because, among other things, it explained petitioner's right to conflict-free counsel, explained the dangers of counsel having a conflict of interest, and explained petitioner's right to obtain or talk with other counsel).

Therefore, the United States respectfully requests that the Court conduct a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975) and Fed. R. Crim. P. 44(c), at which time an appropriate inquiry may be made on the record to ensure that HERNANDEZ FRIERI has been advised of his right to effective assistance of counsel, including separate

representation, and the potential and/or actual conflicts of interest that may arise from joint representation. Additionally, the United States requests that the Court inform HERNANDEZ FRIERI that if he does, in fact, waive any such potential and/or actual conflicts of interest, any issues or appeals arising out of the joint representation would be waived and could not be pursued by him in the future. *See United States v. Rodriguez*, 982 F.2d 474 (11th Cir. 1993).

Pursuant to Local Rule 88.9, the United States and counsel for HERNANDEZ FRIERI have discussed the necessity of filing the instant motion, and counsel for HERNANDEZ FRIERI has indicated that they have no objection to the motion. Mr. Srebnick advised counsel for the Government that:

- He has provided draft copies of the instant motion to Mr. HERNANDEZ FRIERI and to his other client referred to in the Government's draft motion.
- Both clients have confirmed that they have never met or spoken to one another; neither has any information regarding the other's activities.
- Both clients have been advised that the Government wants to confirm that they understand their right to have conflict-free counsel; both are satisfied that their right to conflict-free counsel is not jeopardized by Mr. Srebnick's representation of them, and both waive any theoretical conflict that the Government suggests may exist as a result of Mr. Srebnick's simultaneous representation of both clients.
- For his part, Mr. HERNANDEZ FRIERI has been and will continue to be represented by attorney Michael Pasano, who has no attorney-client relationship with Mr. Srebnick's other client.
- Mr. Hernandez-Frieri is prepared to execute a written waiver of any theoretical conflict and participate in a colloquy with the court to the same effect.

Therefore, all parties request a *Garcia* hearing at the earliest time convenient to the Court ahead of the scheduled sentencing.

WHEREFORE, the United States respectfully requests that this Court conduct a *Garcia* hearing.

Respectfully submitted,


DANIEL S. KAHN
ACTING CHIEF, FRAUD SECTION

By: */s/ Paul A. Hayden*
PAUL A. HAYDEN
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-353-9370
Email: paul.hayden2@usdoj.gov

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Kurt K. Lunkenheimer*
KURT K. LUNKENHEIMER
Assistant United States Attorney
Court ID No. A5501535
U.S. Attorney's Office - SDFL
99 N.E. 4th Street, Suite 600
Miami, FL 33132-2111
Telephone: (305) 961-9008
Facsimile: (305) 536-4699
Email: Kurt.Lunkenheimer@usdoj.gov

By: */s/ Nalina Sombuntham*
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorney
Deputy Chief, Asset Forfeiture Division
U.S. Attorney's Office - SDFL
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224
Facsimile: (305) 536-4089
nalina.sombutham@usdoj.gov