# EXHIBIT 1

# GH Under Arrest

**July 25**
GH arrested in Sicily (Messina jail) per US Arrest Warrant

**May 2**
GH returned to the US

**May 21**
Bond 'house confinement', electronic monitoring, no curfew

**November 26**
Plea hearing

**June 1**
Sentencing

2018

2019

2020

July | August | September | October | November | December | January | February | March | April | May | June | July | August | September | October | November | December | January | February | March | April

**Time Under Arrest in Italy: 9 months & 8 days**

**Total Time Under Arrest: 22 months & 8 days**

# EXHIBIT 2

STUDIO LEGALE
Avv. GIOVAMBATTISTA FRENI
- PATROCINANTE IN CASSAZIONE -
M E S S I N A

June 24, 2019

**VIA ELECTRONIC and REGULAR MAIL**

Michael S. Pasano, Esq.
Carlton Fields
Miami Tower
100 S.E. Second Street
Suite 4200
Miami, Florida  33131-2113

Re: **Pro Veritate Opinion**

Dear Mr. Pasano,

As defense attorneys for Hernandez Frieri Gustavo, residing in Miami (USA), born in Colombia on  March 8, 1973, we render this pro veritate opinion and state as follows.

We have been retained by Hernandez Frieri Gustavo in connection with the criminal proceeding N. 2/2018 of the general register of extraditions of the Court of Appeal of Messina, Italy.

Against the aforementioned Hernandez Frieri Gustavo was issued an international arrest warrant by the Judicial Authority of the United States  of America  and carried out in the province of Messina, Italy on July 25, 2018.

During such extradition proceeding, Hernandez Frieri Gustavo was placed in detention on July 25, 2018, until May 2, 2019 on which date Hernandez Frieri Gustavo surrendered to the U.S. Marshalls for consignment to the U.S., pursuant to the decision of the Court of Appeal of Messina that granted the extradition.

According to the above events, we state that, based on Italian law and specifically to art. 657 1st comma C.P.P. (Code of Criminal Procedure), the entire period of such precautionary custody suffered by Hernandez Frieri Gustavo from July 25, 2018 to May 2, 2019, has to be computed toward incarceration.

Sincerely,

Avv. Giancarlo Briguglio

Avv. Giovambattista Freni

# EXHIBIT 3

Case 1:18-cr-20685-KMW   Document 351-2   Entered on FLSD Docket 03/24/2021   Page 6 of 24

(K) EXTRACT "THE ITALIAN CODE OF CRIMINAL PROCEDURE", 2014 STUDY PURPOSE ONLY

CODE OF CRIMINAL PROCEDURE

**Book XI**
*JURISDICTIONAL RELATIONS WITH FOREIGN AUTHORITIES*

**TITLE I**
GENERAL PROVISION

Article 696
*Primacy of conventions and general international law*

1. Extraditions, international letters rogatory, effects of foreign criminal judgments, international judgments and other relations with foreign authorities related to the administration of justice in criminal matters are regulated by the rules of the European Convention on Mutual Assistance in Criminal Matters, signed in Strasbourg on 20 April 1959, as well as additional rules of international conventions in force in Italy and rules of general international law.

2. Unless such rules provide otherwise or if they lack, the following rules shall be followed.

**TITLE II**
EXTRADITION

*Chapter I*
EXTRADITION ABRO...

Section I
**Extradition procedure**

Article 697
*Extraditions and powers of the Minister of Justice*

1. The surrender of a person to a foreign State for the enforcement of a foreign judgment of conviction sentencing to imprisonment or of another decision limiting personal liberty shall only take place by means of extradition.



**canestrinilex.com**
studio legale rechtsanwalt law firm

**STUDIO LEGALE CANESTRINI**
Piazza Podestà, 10
38068 Rovereto - Tn
T +39.0464.436688
F +39.0464.436648
www.canestrinilex.it

CODE OF CRIMINAL PROCEDURE

2. In case of joined requests for extradition, the Minister of Justice shall set a priority order. To this purpose, he shall consider all the circumstances of the case and, in particular, the date of receipt of the requests, the seriousness and place of commission of the offence or offences, the nationality and place of habitual residence of the requested person and the possibility of re-extradition from the requesting State to another State.

Article 698
*Political offences. Protection of fundamental rights of the person*

1. Extradition shall not be granted either for a political offence or if there are well-founded reasons to believe that the accused or convicted person will be subject to either persecution or discrimination on grounds of race, religion, sex, nationality, language, political opinions or social or personal conditions, or cruel, inhuman, degrading penalties or treatments, or in any case to actions which violate one of the fundamental rights of a person.

2. (...)

Article 699
*Specialty principle*

1. Extradition, the extension of already granted extradition and re-extradition are always granted under the express condition that the person extradited shall not be subject to either a limitation of his personal liberty due to enforcement of a sentence or a security measure, or to any other measure depriving him of his personal liberty nor shall he be surrendered to another State for a criminal act committed prior to the surrender other than that for which the extradition has been granted or extended, or for a fact for which re-extradition has been granted.

2. The provision of paragraph 1 shall not be applied if the person extradited has not left the territory of the State to which he had been surrendered within forty-five days of his final release, although he was given the possibility to do so, or if the person extradited had left the State and voluntarily returned to it.

3. The Minister may also decide that the extradition be subject to different conditions which he deems necessary.

4. The Minister shall monitor the compliance of both the specialty rule and other conditions that may have been imposed.

### Article 700
#### Request and supporting documents

1. Extradition shall only be granted upon submission of a request which must include a copy of the decision depriving personal liberty or the judgment of conviction sentencing to imprisonment which has led to the request itself.

2. The request shall include:

a) a report on the criminal acts which the person to be extradited has been charged with, specifying the time and place of the commission of such act and their legal definition;

b) the text of the applicable legal provisions, indicating if the criminal act for which extradition has been requested is punishable with a death penalty by the foreign State and, in such case, which safeguards the requesting State provides to ensure that the penalty will not be imposed or, if already imposed, that it will not be enforced;

c) the identification data and other possible information that might determine the identity and the nationality of the person whose extradition has been requested.

### Article 701
#### Jurisdictional safeguard

1. The extradition of a person accused or convicted abroad may not be granted without the favourable decision of the Court of Appeal.

2. If, however, the person accused or convicted abroad accepts the requested extradition, there is no need to obtain the decision of the Court of Appeal. The consent that may be expressed must be given in the presence of the lawyer and should be mentioned in the minutes.

3. The favourable decision of the Court of Appeal and the consent of the person do not make the extradition mandatory.

STUDIO LEGALE CANESTRINI

Piazza Podestà, 10
38068 Rovereto -Tn
F +39.0464.436688
+39.0464.436648
www.canestrinilex.it

4. The competence to decide shall belong, in the following order, to the Court of Appeal of the district where the accused or convicted person has his habitual or temporary residence or address for service when the request for extradition is forwarded to the Minister of Justice or to the Court of Appeal which ordered the temporary arrest under Article 715 or the Court of Appeal of the President who decided upon the confirmation of the arrest under Article 716. If competence cannot be established following such procedure, the Court of Appeal in Rome shall be competent.

### Article 702
#### Intervention of the requesting State

1. The requesting State shall be entitled to participate in the proceedings before the Court of Appeal and the Court of Cassation, represented by a lawyer entitled to plead before the Italian judicial authority, provided that there is reciprocity.

### Article 703
#### Ascertainments by the General Public Prosecutor

1. When the Minister of Justice receives a request for extradition by a foreign State, he shall forward it, together with the documents enclosed therein, to the General Public Prosecutor attached to the Court of Appeal with competence under Article 701, paragraph 4, unless he holds that the request must be rejected.

2. Unless Article 717 has already been applied, upon receiving the request, the General Public Prosecutor shall order the appearance of the person concerned before him to proceed to his identification and obtain his potential consent to extradition. The person concerned shall be assisted by a court-appointed or a retained lawyer. The lawyer is entitled to be present during the identification procedure and shall be informed about it at least twenty-four hours in advance.

3. The General Public Prosecutor shall request to the foreign authorities, through the Minister of Justice, the documentation and information he deems necessary.

4. Within three months of the date of receipt of the extradition

request, the General Public Prosecutor shall submit his speech to the Court of Appeal.

5. The closing speech shall be filed with the Clerk's the Court of Appeal, together with the documents and the objects. The Clerk's Office shall be in charge of serving the notice of filing upon the person whose extradition is requested, his lawyer and, if present, the representative of the requesting State. Such persons are entitled to read and copy the closing speech and the documents, as well as examine the seized objects and submit briefs, within ten days.

## Article 704
*Proceedings before the Court of Appeal*

1. Upon expiry of the time limit provided for in Article 703, paragraph 5, the President of the Court shall set the hearing for the decision by means of a decree to be notified to the General Public Prosecutor and served on the person whose extradition is requested, on his lawyer and, if present, on the representative of the requesting State, at least ten days in advance, under penalty of nullity. The President of the Court shall also designate a court-appointed lawyer for the person who has no retained lawyers. Briefs may be submitted to the Clerk's Office up to five days prior to the hearing.

2. The Court shall decide, by issuing a judgment in chambers, whether the conditions for accepting the request for extradition are fulfilled, after gathering the information and ordering the ascertainments deemed necessary, as well as hearing the Public Prosecutor, the lawyer and, if present, the person whose extradition is requested and the representative of the requesting State.

3. In the event of a favourable decision on extradition, the Court, upon request of the Minister of Justice, shall order the precautionary detention in prison of the person to be extradited who is at liberty, and shall seize the *corpus delicti* and the physical items related to the offence, establishing which documents and seized objects may be delivered to the requesting State.

4. In the event of a decision against extradition, the Court shall revoke the precautionary measures applied and shall order the restitution of the seized objects.

canestrinilex.com
studio legale rechtsanwälte law firm
www.canestrinilex.com

## Article 705
*Conditions for the decision*

[...]vide otherwise, the Court of Appeal shall deliver a favourable judgment on extradition if there are serious indications of guilt or if a final judgment of conviction exists and, for the same criminal acts, there are no ongoing criminal proceedings against the person whose extradition is requested nor a final judgment has been delivered in Italy.

2. The Court of Appeal shall in any case deliver a judgment against extradition if:

a) the person charged with the offence for which extradition has been requested has been or will be subject to proceedings which do not guarantee the protection of fundamental rights;

b) extradition is requested due to enforcement of a judgment that contains provisions which do not adhere to the fundamental principles of the Italian legal system;

c) there are well-founded reasons to believe that the person will be subject to actions, penalties or treatments referred to in Article 698, paragraph 1.

## Article 706
*Appeal to the Court of Cassation*

1. An appeal may be lodged with the Court of Cassation against the judgment of the Court of Appeal, also based on the merits of the case, by the person concerned, his lawyer, the General Public Prosecutor and the representative of the requesting State.

2. The provisions of Article 704 shall apply during the trial before the Court of Cassation.

## Article 707
*Renewal of request for extradition*

1. The judgment against extradition shall preclude the delivery of a subsequent favourable judgment after submission of another request by the same State for the same criminal acts, unless the

request is based on elements which have not been assessed by the judicial authority.

## Article 708
### Extradition decision. Surrender

1. The Minister of Justice shall decide on extradition within forty-five days of receipt of the minutes recording the consent to extradition or the notice of expiry of the time limit for the application for appellate remedies or the filing of the judgment by the Court of Cassation.

2. If the time limit expires without the Minister issuing a decision, the person whose extradition has been requested, if detained, shall be released.

3. The same person shall also be released if his extradition is rejected.

4. The Minister of Justice shall promptly notify the requesting State of the decision and, if the latter is positive, of the place of surrender and the date from which extradition can take place, also giving detailed indications on the limitations of personal liberty to which the person to be extradited has been subject for the purposes of extradition.

5. The time limit for the surrender shall be of fifteen days from the date set under paragraph 4 and, upon reasoned request by the requesting State, may be extended for an additional twenty days.

6. The decision regarding the extradition shall lose effectiveness if, within the set time limit, the requesting State does not take over the person to be extradited. In such case, the latter shall be released.

## Article 709
### Suspension of surrender. Temporary surrender. Enforcement abroad

1. The enforcement of extradition shall be suspended if the person to be extradited must be prosecuted in the Italian territory or must serve a sentence for offences committed before or after that for which extradition has been granted. The Minister of Justice,

STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto -Tn
T +39.0464.436683
F +39.0464.436648
www.canestrinilex.it

after hearing the judicial authority with competence for the ongoing proceedings in Italy or for the enforcement of the sentence, may proceed to the temporary surrender to the requesting State of the person to be extradited who has been accused there, agreeing on time limits and procedure.

2. The Minister of Justice may also agree that the sentence to be served be enforced in the requesting State, provided that the provisions of Chapter II of Title IV are observed.

## Article 710
### Extension of granted extradition

1. In the case of a new request for extradition, submitted after the surrender of the person extradited and concerning a criminal act that was committed prior to the surrender and was other than that for which extradition has already been granted, the provisions of this Chapter shall be observed, provided they are applicable. The request shall enclose the statements of the person concerned rendered before a judge of the requesting State and regarding the requested extension of the extradition.

2. The Court of Appeal shall decide on the aforementioned extension without the presence of the person concerned.

3. The trial before the Court of Appeal shall not take place if the person extradited has agreed to the requested extension by means of the statements provided for in paragraph 1.

## Article 711
### Re-extradition

1. The provisions of Article 710 shall apply also if the State to which the person has been surrendered requests the consent for the re-extradition of the same person to a different State.

## Article 712
### Transit

1. The transit through the Italian territory of a person extradited from one State to another shall be authorised, upon

request of the latter, by the Minister of Justice, unless the transit compromises the sovereignty, security or other essential interests of Italy.

2. The transit shall not be authorised if:

*a)* the extradition has been granted for criminal acts which are not deemed offences by the Italian law;

*b)* one of the cases provided for in Article 698, paragraph 1 or paragraph 2, arises, if the requesting State does not guarantee that the death penalty will not be imposed or, if already imposed, that it will not be enforced;

*c)* the person concerned is an Italian citizen and his extradition to the State which requests the transit could not be granted.

3. Unless the person extradited has given his consent to the transit by means of a statement rendered before the judicial authority of the State which granted extradition, the authorisation shall not be granted unless a favourable decision is issued by the Court of Appeal. To this purpose, the Minister of Justice shall forward the request and the enclosed documents to the General Public Prosecutor attached to the Court of Appeal. The Court shall decide in chambers without the presence of the person concerned, in compliance with Article 704, paragraphs 1 and 2. The provisions of Article 706, paragraph 1, shall also be observed. The competence to decide shall in any case belong to the Court of Appeal in Rome.

4. The authorisation shall not be requested if the transit takes place by air and no stopover in the Italian territory is envisaged. In case of a stopover, the provisions of the previous paragraphs and those of Section II of this Chapter shall be observed, provided they are applicable.

### Article 713
*Security measures imposed on the person extradited*

1. The security measures applied to the person dismissed or convicted in Italy who is subsequently extradited shall be enforced when he returns for any cause to the Italian territory, following a new ascertainment of his social dangerousness.

### Section II
### Precautionary measures

### Article 714
*Coercive measures and seizure*

1. The person whose extradition is requested may, at any time, be subject to coercive measures, upon request of the Minister of Justice. Similarly, the seizure of the *corpus delicti* and the physical items related to the offence for which extradition is requested may be ordered at any time.

2. The provisions of Title I of Book IV regarding coercive measures shall be observed, if applicable, with the exception of those of Articles 273 and 280, as well as the provisions of Chapter III of Title III of Book III. When applying coercive measures, the need to guarantee that the person whose extradition is requested avoids a potential surrender shall be taken into account.

3. The coercive measures and the seizure shall in no case be ordered if there are well-founded reasons to believe that the conditions for a favourable judgment on extradition are not met.

4. The coercive measures shall be revoked if one year has lapsed since their enforcement without the Court of Appeal delivering a favourable judgment on extradition or, in the case of an appeal in Cassation against that judgment, one year and six months without the proceedings terminating before the judicial authority. Upon request of the General Public Prosecutor, such time limits may be extended, also more than once, for a total period not exceeding a maximum term of three months, if it is necessary to perform particularly complex ascertainments.

5. The competence to follow the provisions of the previous paragraphs shall belong to the Court of Appeal or, during the proceedings before the Court of Cassation, to the Court of Cassation itself.

### Article 715
*Temporary application of precautionary measures*

1. Upon request of the foreign State and a reasoned request of



STUDIO LEGALE
CANESTRINI
Piazza Podestà, 10
38068 Rovereto -Tn
T +39.0464.436688
F +39.0464.436648
www.canestriniLex.it

the Minister of Justice, the Court of Appeal may temporarily order a coercive measure before the request for extradition is received.

2. The measure may be ordered if:

*a)* the foreign State has declared that, against the person concerned, it has issued a decision restricting his personal liberty or a judgment of conviction sentencing him to imprisonment and that it intends to apply for extradition;

*b)* the foreign State has described the criminal acts, specified the offence and the elements necessary to identify precisely the person;

*c)* there is a risk of flight.

3. The competence to decide upon the measure to be taken shall belong, in the following order, to the Court of Appeal of the district where the person has his habitual or temporary residence or address for service or the Court of Appeal of the district where the person is located. If competence cannot be established following such procedure, the Court of Appeal in Rome shall be competent.

4. The Court of Appeal may also order the seizure of the *corpus delicti* and the physical items related to the offence.

5. The Minister of Justice shall immediately inform the foreign State that the coercive measure and the possible seizure have been temporarily applied.

Article 716

*Arrest by criminal police*

1. In cases of urgency, the criminal police may arrest a person against whom an application for temporary arrest has been submitted, if the conditions provided for in Article 715, paragraph 2, apply. The criminal police shall also decide upon the seizure of the *corpus delicti* and the physical items related to the offence.

2. The authority which carried out the arrest shall immediately inform the Minister of Justice and, without delay, within a maximum term of forty-eight hours, shall put the arrested person at the disposal of the President of the Court of Appeal of the district



STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto (Trento)
T +39.0464.436800 and 716
F +39.0464.436648
www.canestrinilex.com

where the arrest has taken place, by forwarding the related minutes.

3. If the President of the Court of Appeal does not order the release of the arrested person, he shall confirm the arrest by means of an order within ninety-six hours of the arrest, ordering the application of a coercive measure. The President of the Court of Appeal shall immediately inform the Minister of Justice of the decision adopted.

4. The coercive measure shall be revoked if the Minister of Justice does not request its continuation within ten days of the confirmation.

5. The provisions of Article 715, paragraph 5 and 6, shall apply.

Article 717

*Examination of the person subject to a coercive measure*

1. If a coercive measure has been applied under Articles 714, 715 and 716, the President of the Court of Appeal shall proceed to the identification of the person and shall obtain his potential consent to extradition, mentioning it in the minutes, without delay and in any case within five days of the enforcement of the measure or its confirmation, as provided for in Article 716.

2. In order to decide upon the required actions provided for in paragraph 1, the President of the Court of Appeal shall invite the person concerned to appoint a retained lawyer. If the person concerned does not appoint a retained lawyer, the President of the Court shall designate a court-appointed lawyer under Article 97, paragraph 3. The lawyer shall be informed, at least twenty-four hours in advance, of the date set for the aforementioned actions and shall be entitled to participate.

Article 718

*Revocation and substitution of measures*

1. The revocation and substitution of the measures provided for in the previous Articles shall be ordered in chambers by the Court of Appeal or, during the proceedings before the Court of Cassation, by the Court of Cassation itself.

2. The revocation shall always be ordered if required by the Minister of Justice.

## Article 719
### Appellate remedies against the decisions on precautionary measures

1. A copy of the decisions issued by the President of the Court of Appeal or by the Court of Appeal under the provisions of the previous Articles shall be notified and served, after their enforcement, on the General Public Prosecutor attached to the Court of Appeal, the person concerned and his lawyer, who may lodge an appeal in Cassation for breach of law.

## Chapter II
### EXTRADITION FROM ABROAD

## Article 720
### Request for extradition

1. The Minister of Justice shall have the competence to request to a foreign State the extradition of an accused or convicted person against whom a decision depriving his personal liberty shall be enforced. To this purpose, the General Public Prosecutor attached to the Court of Appeal of the district in which the proceedings are ongoing or where the judgment of conviction has been delivered shall request the extradition to the Minister of Justice, forwarding him the necessary documents and documentary evidence.

2. The extradition may be requested upon initiative of the Minister of Justice himself.

3. The Minister of Justice may decide not to request extradition or to postpone the request, informing the requesting judicial authority.

4. The Minister of Justice shall have the competence to decide upon the acceptance of the conditions that might be imposed by the foreign State to grant extradition, provided that they do not conflict with the fundamental rights of the Italian legal system. The judicial authority shall be bound to respect the accepted conditions.

STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto -Tn
T +39.0464.436688
F +39.0464.436648
www.canestrinilex.it

5. The Minister of Justice may order, for the purposes of extradition, searches abroad for the accused or convicted person and request his temporary arrest.

## Article 721
### Specialty principle

1. The person extradited shall not be subject to either a limitation of his personal liberty due to enforcement of a sentence or a security measure, or to any other measure depriving him of his personal liberty for a criminal act that was committed prior to the surrender and was other than that for which extradition has already been granted, unless there is the express consent of the foreign State or the person extradited has not left the Italian territory within forty-five days of his final release, although he was given the possibility to do so, or if the person extradited had left the State and voluntarily returned to it.

## Article 722
### Precautionary detention abroad

1. The precautionary detention imposed abroad following a request for extradition submitted by the State shall be calculated only to the effects of the total length provided for in Article 303, paragraph 4, without prejudice to the provision of Article 304, paragraph 4.

## TITLE III
## INTERNATIONAL LETTERS ROGATORY

## Chapter I
### LETTERS ROGATORY FROM ABROAD

## Article 723
### Powers of the Minister of Justice

1. The Minister of Justice shall order the enforcement of a letter rogatory by a foreign authority for notifications, services and

the gathering of evidence, unless he holds that the actions required compromise the sovereignty, security or other essential interests of the State.

2. The Minister shall not order the enforcement of a letter rogatory when it is proven that the actions required are expressly banned by the law or do not adhere to the fundamental rights of the Italian legal system. The Minister shall not enforce a letter rogatory also when there are well-founded reasons to believe that prejudices on account of race, religion, sex, nationality, language, political opinions or personal or social conditions have affected the development or outcome of the trial and the accused person has not freely given his consent to the letter rogatory.

3. If the letter rogatory concerns the summons of a witness, an expert or an accused person before the foreign judicial authority, the Minister of Justice shall not enforce the letter rogatory when the requesting State does not provide enough safeguards for the protection of the summoned person.

4. The Minister of Justice is also entitled to interrupt the letter rogatory if the requesting State does not provide enough safeguards of reciprocity.

### Article 724

*Jurisdictional proceedings*

1. With the exception of the cases provided for in Articles 726 and 726-ter, the letter rogatory shall not be enforced by the foreign authority without a prior favourable decision by the Court of Appeal of the place where the actions required shall be carried out.

1-bis. If the request for judicial assistance concerns actions which shall be enforced in several districts of the Court of Appeal, such request shall be forwarded directly to the foreign authority or, through the Minister of Justice or another Italian judicial authority that may have been involved, to the Court of Cassation, which decides which Court of Appeal is competent following the provisions of Articles 32, paragraph 1, and 127, provided such provisions are compatible. The decision shall also be taken considering the number and types of actions to be carried out as well as their importance, with reference to the location of the

various courts concerned. The notice referred to in Article 127, paragraph 1, shall be notified exclusively to the General Public Prosecutor attached to the Court of Cassation. The Court of Cassation shall forward the case file to the appointed Court of Appeal, notifying the Minister of Justice of the decision.

2. After receiving the documents from the Minister of Justice, the General Public Prosecutor shall deliver his own closing speech before the Court of Appeal and forward without delay a copy of the letters rogatory of the foreign authority concerning the crimes referred to in Article 51, paragraph 3-bis, to the National Anti-Mafia Prosecutor.

3. The President of the Court shall set the date of the hearing and inform the General Public Prosecutor.

4. The Court shall enforce the letter rogatory by means of an order.

5. The enforcement of the letter rogatory shall be rejected if:
a) the actions required are banned by the law or do not adhere to the principles of the Italian legal system;
b) the criminal act prosecuted by the foreign authority is not deemed an offence by the Italian law and the accused person has not freely given his consent to the letter rogatory;
c) there are well-founded reasons to believe that prejudices on account of race, religion, sex, nationality, language, political opinions or personal or social conditions have affected the development or outcome of the trial and the accused person has not freely given his consent to the letter rogatory;

5-bis. The enforcement of the letter rogatory shall be suspended if the latter may compromise ongoing investigations or criminal proceedings in Italy.

### Article 725

*Enforcement of letters rogatory*

1. While ordering the enforcement of a letter rogatory, the Court shall delegate one of his members or the preliminary investigation judge of the place where the actions shall be carried out.

2. The rules of this Code shall apply while carrying out the

STUDIO LEGALE CANESTRINI
Piazza Podestà, 6
38068 Rovereto, (TN)
T +39.0464.436668
F +39.0464.436648
www.canestrinilex.com

canestrinilex.com
studio legale rechtsanwaltskanzlei law firm

486 CODE OF CRIMINAL PROCEDURE

actions required, provided that compliance with the procedures expressly required by the foreign judicial authority does not conflict with the principles of the Italian legal system.

## Article 726
*Summons of witnesses upon request of foreign authorities*

1. The summons of witnesses having their habitual or temporary residence in the Italian territory, requested by a foreign judicial authority, shall be forwarded to the Public Prosecutor of the Republic of the place where it must be enforced, who shall serve it under Article 167.

## Article 726-bis
*Direct service on the person concerned*

1. If international conventions or agreements allow direct service on the person concerned by means of postal mail and such service is not used, also the request for service by the foreign judicial authority on the accused having his habitual or temporary residence in the Italian territory shall be forwarded to the Public Prosecutor of the Republic of the place where it must be enforced, who shall serve it under the provisions of Articles 156, 157 and 158.

## Article 726-ter
*Letters rogatory by foreign administrative authorities*

1. If an international agreement envisages the submission of the request for judicial assistance in proceedings concerning an offence also by a foreign administrative authority, the preliminary investigation judge of the place where the requested actions must be carried out shall decide on the letter rogatory, upon request of the Public Prosecutor of the Republic. The provisions of Articles 724, paragraphs 5 and 5-bis, and 725, paragraph 2, shall apply.

CODE OF CRIMINAL PROCEDURE 487

## Chapter II
## LETTERS ROGATORY ABROAD

## Article 727
*Forwarding of letters rogatory to foreign authorities*



STUDIO LEGALE CANESTRINI
Piazza Podestà, 10
38068 Rovereto - (TN)
T +39.0464.436688
F +39.0464.436691
www.canestrinilex.com

1. The letters rogatory which are issued by courts and Public Prosecutors and addressed, within their respective assignments, to foreign authorities for notifications, services and the gathering of evidence, shall be forwarded to the Minister of Justice, who shall send them to their addressees by diplomatic means.

2. Within thirty days of receipt of the letter rogatory, the Minister shall order by decree the non-enforcement of the letter rogatory if he believes it may compromise the security or any other fundamental interests of the State.

3. The Minister shall inform the requesting judicial authority of the date of receipt of the request and of the dispatch of the letter rogatory or decree provided for in paragraph 2.

4. If the letter rogatory has not been forwarded by the Minister within thirty days of receipt and no decree provided for in paragraph 2 has been issued, the judicial authority may directly send the letter rogatory to the diplomatic or consular agent and shall inform the Minister of Justice.

5. In cases of urgency, the judicial authority shall forward the letter rogatory according to paragraph 4, after the Minister of Justice has received a copy of such letter. The provision of paragraph 2 shall in any case be applied until the letter rogatory is forwarded by the diplomatic or consular agent to the foreign authority.

5-bis. Whenever the letter rogatory may be enforced according to Italian law procedures, pursuant to international agreements, the judicial authority shall specify in the letter, the procedure and the necessary requirements for the requested documents to be used at trial.

5-ter. In any case, a copy of the letters rogatory issued by Public Prosecutor magistrates and drawn up during proceedings related to the crimes referred to in Article 51, paragraph 3-bis, shall be forwarded to the National Anti-Mafia Prosecutor without delay.

### Article 728
*Temporary immunity of the summoned person*

1. If the letter rogatory concerns the summons of a witness, an expert or an accused person before an Italian judicial authority, the summoned person appearing before the court shall not be deprived of his liberty as a consequence of the enforcement of a sentence or security measure nor shall he be subject to other measures depriving him of his liberty for criminal acts prior to the service of the summons.

2. The immunity provided for in paragraph 1 shall cease if the witness, the expert or the accused person has not left the Italian territory within fifteen days from the moment when his presence is no longer required by the judicial authority, although he was given the possibility to do so, or he had left the State and voluntarily returned to it.

### Article 729
*Use at trial of documents gathered by letter rogatory*

1. The breach of the rules referred to in Article 696, paragraph 1, concerning the gathering or forwarding of documents or other means of evidence following a letter rogatory abroad shall result in the exclusion of the gathered or forwarded documents or means of evidence. If the foreign State has imposed conditions on the possible use of the requested documents, the judicial authority is obliged to comply with such conditions.

1-*bis*. If the foreign State enforces the letter rogatory following a different procedure to that specified by the judicial authority according to Article 727, paragraph 5-*bis*, the evidence forwarded by the foreign authority shall not be used.

1-*ter*. The statements concerning the content of the documents which are unusable according to paragraphs 1 and 1-*bis* shall in no case be used, irrespective of the person who made them.

2. The provision of Article 191, paragraph 2, shall be applied.



STUDIO LEGALE
CANESTRINI
Piazza Podestà, 10
38068 Rovereto -Tn
T +39.0464.436688
F +39.0464.436648
www.canestrinilex.it



canestrinilex.com

studio legale technisches law firm

# THE ITALIAN CODE
## OF
# CRIMINAL PROCEDURE

### Critical Essays and English Translation

*Edited by*
MITJA GIALUZ
LUCA LUPÁRIA
FEDERICA SCARPA

Wolters Kluwer
Italia

2014

CEDAM

# EXHIBIT 4

Studio Gentiloni Silveri

| | |
|---|---|
| Da: | Studio Gentiloni Silveri [studiogentiloni@studiogentiloni.com] |
| Inviato: | lunedì 15 aprile 2019 20:22 |
| A: | 'Posa, Cristina (CRM)' |
| Cc: | 'Lawergren, Katarina (CRM)'; 'Maggiore, Rossella (CRM)' |
| Oggetto: | R: R: Extradition of Gustavo Hernàndez Frieri |

Dear Ms. Posa,

thank you for your feedback.

Mr. Hernàndez Frieri is affected by NCGS – Non Celiac Gluten Sensitivity, and has thus been advised to adhere to a strict gluten-free diet, as well as to aerobic exercise and physical activity to mitigate the effects associated with NCGS.

It is therefore my understanding Mr. Hernàndez Frieri is perfectly fit for air travel (provided adequate food will be served by the airline), while not at all at ease in an institution like a regular prison, were he could not receive the proper treatment he needs.

Best regards,

avv. Michele Gentiloni Silveri

---

**Da:** Posa, Cristina (CRM) [mailto:Cristina.Posa2@usdoj.gov]
**Inviato:** domenica 14 aprile 2019 23:47
**A:** Studio Gentiloni Silveri
**Cc:** Lawergren, Katarina (CRM); Maggiore, Rossella (CRM)
**Oggetto:** Re: R: Extradition of Gustavo Hernàndez Frieri

Dear Avv. Gentiloni Silveri,

Please be assured that we are doing our best to expedite Mr. Hernandez's transfer. However, we are not authorized to disclose the date of his transfer in advance due to security protocols regarding the transfer of defendants.

I was not aware of his medical condition. Can you please let us know immediately whether this medical condition would be aggravated by his travel to the US? The US Marshals will not transport someone who is not fit for travel.

Best regards,
Cristina

Cristina Posa
Department of Justice Attaché/Magistrato di Collegamento
U.S. Embassy Rome
Tel. +39 06 4674 2680
Cell +39 335 571 4591

On Apr 12, 2019, at 21:09, Studio Gentiloni Silveri <studiogentiloni@studiogentiloni.com> wrote:

1

Studio Gentiloni Silveri

| | |
|---|---|
| **Da:** | Posa, Cristina (CRM) [Cristina.Posa2@usdoj.gov] |
| **Inviato:** | domenica 14 aprile 2019 23:47 |
| **A:** | Studio Gentiloni Silveri |
| **Cc:** | Lawergren, Katarina (CRM); Maggiore, Rossella (CRM) |
| **Oggetto:** | Re: R: Extradition of Gustavo Hernàndez Frieri |

Dear Avv. Gentiloni Silveri,

Please be assured that we are doing our best to expedite Mr. Hernandez's transfer. However, we are not authorized to disclose the date of his transfer in advance due to security protocols regarding the transfer of defendants.

I was not aware of his medical condition. Can you please let us know immediately whether this medical condition would be aggravated by his travel to the US? The US Marshals will not transport someone who is not fit for travel.

Best regards,
Cristina

Cristina Posa
Department of Justice Attaché/Magistrato di Collegamento
U.S. Embassy Rome
Tel. +39 06 4674 2680
Cell +39 335 571 4591

On Apr 12, 2019, at 21:09, Studio Gentiloni Silveri <studiogentiloni@studiogentiloni.com> wrote:

Dear Ms. Posa,

as you may already have been made aware, my Client was arrested today in the afternoon and is currently being held at Messina prison. The reason for this, is that the Italian Minister of Justice has issued the Decree whereby Extradition is granted and has, at the same time, requested Mr. Hernàndez be held in custody until the handover is performed.

Taking into account that (i) as previously discussed, it is my Client's intention to fly back to the US mainland as soon as possible, without challenging any further the extradition procedure and (ii) he has a severe medical condition, already well known to Italian Authorities (and, I would assume, to US ones too) which renders the prison regime particularly unbearable, I allow myself to ask you where the handover process is sitting.

In particular, I would be grateful if you could update me about the proposed date of handover if already scheduled.

Additionally, please be reminded Mr. Hernàndez is more than willing to do whatever is necessary to reach the goal of coming back to the US as soon as possible (by way of example only: surrendering his US passport; funding his –or anyone else's– flight / travel costs, etc.).

Best regards,

avv. Michele Gentiloni Silveri

**Studio Gentiloni Silveri**

| | |
|---|---|
| **Da:** | Studio Gentiloni Silveri [studiogentiloni@studiogentiloni.com] |
| **Inviato:** | venerdì 12 aprile 2019 21:07 |
| **A:** | 'Posa, Cristina (CRM)' |
| **Cc:** | 'Lawergren, Katarina (CRM)'; 'Maggiore, Rossella (CRM)' |
| **Oggetto:** | R: Extradition of Gustavo Hernàndez Frieri |

Dear Ms. Posa,

as you may already have been made aware, my Client was arrested today in the afternoon and is currently being held at Messina prison. The reason for this, is that the Italian Minister of Justice has issued the Decree whereby Extradition is granted and has, at the same time, requested Mr. Hernàndez be held in custody until the handover is performed.

Taking into account that (i) as previously discussed, it is my Client's intention to fly back to the US mainland as soon as possible, without challenging any further the extradition procedure and (ii) he has a severe medical condition, already well known to Italian Authorities (and, I would assume, to US ones too) which renders the prison regime particularly unbearable, I allow myself to ask you where the handover process is sitting.

In particular, I would be grateful if you could update me about the proposed date of handover if already scheduled.

Additionally, please be reminded Mr. Hernàndez is more than willing to do whatever is necessary to reach the goal of coming back to the US as soon as possible (by way of example only: surrendering his US passport; funding his –or anyone else's– flight / travel costs, etc.).

Best regards,

avv. Michele Gentiloni Silveri

**Da:** Posa, Cristina (CRM) [mailto:Cristina.Posa2@usdoj.gov]
**Inviato:** giovedì 21 marzo 2019 16:07
**A:** Studio Gentiloni Silveri
**Cc:** Lawergren, Katarina (CRM); Maggiore, Rossella (CRM)
**Oggetto:** RE: Extradition of Gustavo Hernàndez Frieri

Dear Avv. Gentiloni Silveri,

Thank you for sending us the sentenza. We have been seeking it from the Court and are grateful for the copy. We've also been in contact with the Ministry of Justice to expedite the Minister's issuance of the extradition decree, which hopefully will be forthcoming shortly.

Best regards,
Cristina Posa

Cristina Posa
Tel. +39 06 4674 2680
Cell +39 335 571 4591
US cell +1 202 341 6287

1

HERNANDEZ

Studio Gentiloni Silveri

| | |
|---|---|
| **Da:** | Posa, Cristina (CRM) [Cristina.Posa2@usdoj.gov] |
| **Inviato:** | giovedì 21 marzo 2019 16:07 |
| **A:** | Studio Gentiloni Silveri |
| **Cc:** | Lawergren, Katarina (CRM); Maggiore, Rossella (CRM) |
| **Oggetto:** | RE: Extradition of Gustavo Hernàndez Frieri |

Dear Avv. Gentiloni Silveri,

Thank you for sending us the sentenza. We have been seeking it from the Court and are grateful for the copy. We've also been in contact with the Ministry of Justice to expedite the Minister's issuance of the extradition decree, which hopefully will be forthcoming shortly.

Best regards,
Cristina Posa

Cristina Posa
Tel. +39 06 4674 2680
Cell +39 335 571 4591
US cell +1 202 341 6287

**From:** Studio Gentiloni Silveri [mailto:studiogentiloni@studiogentiloni.com]
**Sent:** Thursday, March 21, 2019 12:23 PM
**To:** Posa, Cristina (CRM) <Cristina.Posa@CRM.USDOJ.GOV>
**Subject:** Extradition of Gustavo Hernàndez Frieri

Dear Ms Posa,

following earlier conversations, reference is made to the Extradition of Gustavo Hernàndez Frieri.

I now inform you that on March 18, 2019, the Supreme Court has issued the full judgment whereby it granted the Extradition of my Client to the United States. For your reference, please find attached one copy of the decision.

As my Client wishes to be handed over the U.S. Government in the shortest possible time, he instructed me not to challenge the decision anymore, despite grounded reasons to do so. For the same purpose, we have been liaising with the Italian Ministry of Justice for the Extradition Decree to be issued as soon as possible.

I stay at disposal for whatever assistance or clarification.

Best regards,

avv. Michele Gentiloni Silveri

STUDIO GENTILONI SILVERI

DIRITTO PENALE

1

HERNANDEZ

Studio Gentiloni Silveri

| | |
|---|---|
| **Da:** | Studio Gentiloni Silveri [studiogentiloni@studiogentiloni.com] |
| **Inviato:** | giovedì 21 marzo 2019 12:23 |
| **A:** | 'Posa, Cristina (CRM)' |
| **Oggetto:** | Extradition of Gustavo Hernàndez Frieri |
| **Allegati:** | HERNANDEZ_sentenza Cassazione.pdf |

| **Verifica:** | **Destinatario** | **Letti** |
|---|---|---|
| | 'Posa, Cristina (CRM)' | Letto: 21/03/2019 12:30 |

Dear Ms Posa,

following earlier conversations, reference is made to the Extradition of Gustavo Hernàndez Frieri.

I now inform you that on March 18, 2019, the Supreme Court has issued the full judgment whereby it granted the Extradition of my Client to the United States. For your reference, please find attached one copy of the decision.

As my Client wishes to be handed over the U.S. Government in the shortest possible time, he instructed me not to challenge the decision anymore, despite grounded reasons to do so. For the same purpose, we have been liaising with the Italian Ministry of Justice for the Extradition Decree to be issued as soon as possible.

I stay at disposal for whatever assistance or clarification.

Best regards,

avv. Michele Gentiloni Silveri

## STUDIO GENTILONI SILVERI

### DIRITTO PENALE

**Roma** Via XX Settembre, 118  00187 - P. +39 06 48 18 977 - F. +39 06 48 70 359  | **Parigi** 32, Av. Duquesne  75007 - P. +33 1 53585959  F. +33 1 53585958

studiogentiloni@studiogentiloni.com  |  www.studiogentiloni.com

La presente comunicazione ha carattere riservato e può essere coperta dal segreto professionale; è diretta esclusivamente al destinatario indicato. Ogni divulgazione, utilizzazione, conservazione e cessione a terzi, integrale o per estratto, di materiale riservato deve essere preventivamente autorizzata; l'inottemperanza è punita dalla legge e sarà perseguita. Se non foste i destinatari indicati, o doveste altrimenti ricevere il presente messaggio per errore o qualunque altra causa, vorrete fornirne immediatamente notizia al mittente attraverso i recapiti in calce, quindi distruggere ogni copia in vostro possesso.

The present communication is confidential, and could be attorney/client privileged. It is only intended for the use of individual or entity named above. Beware that any disclosure, distribution, storage, use of the content of this communication is strictly prohibited without prior authorization; trasgression is punished by the law and will be pursued. Should you not be the intended recipient, or should you receive it by mistake or any other cause, will you please notify the sender immediately through the indicated addresses and then destroy all the copies.

Ce message est protégé par les règles relatives au secret des correspondances, il peut en outre contenir des informations à caractère confidentiel ou couvertes par le secret professionnel; il est établi à destination exclusive de son destinataire. Toute divulgation, utilisation, diffusion ou reproduction (totale ou partielle) de

# EXHIBIT 5



# MINISTERO DELLA GIUSTIZIA

*Dipartimento dell'Amministrazione Penitenziaria*
*Direzione della Casa Circondariale di Messina*
**(Ufficio Matricola)**

## - SI ATTESTA -

Che il detenuto **HERNANDEZ FRIERI Gustavo**, nato in Colombia, il 08/03/1973 :

- In data 25/07/2018 ingresso in questo Istituto proveniente dalla libetà;
- In data 30/07/2018 viene dimesso per concessione arresti domiciliari;
- In data 12/04/2019 viene nuovamente associato in questo Istituto;
- In data 20/04/2019 viene trasferito presso la casa Circondariale di Roma Rebibbia;
- In data 24/04/2019 viene posto agli arresti domiciliari in Roma;
- In data 02/05/2019 viene consegnato per estradizione definitiva.

Si rilascia la presente attestazione su richiesta e per gli usi consentiti dalla legge.

Messina, 10/03/2021

IL DIRETTORE i.m.
(Dott.ssa Nunziella DI FAZIO)

COMANDANTE DI REPARTO
Dirigente di Pol Pen Antonella C. Machì

IL COMPILATORE ADDETTO
ALL'UFFICIO MATRICOLA

MINISTRY OF JUSTICE

Department of Penitentiary Administration

Direction of the Messina Prison


- CERTIFIES-


That inmate HERNANDEZ FRIERI Gustavo, born in Colombia, on 08/03/1973:


• On 25/07/2018 entered into the Messina prison from liberty;

• On 30/07/20 I8 he is placed under house arrest;

• On 12/04/2019 he is again entered into this prison for extradition;

• On 20/04/2019 he was transferred to the Rebibbia prison in Rome;

• On 24/04/2019 he is placed under house arrest in Rome;

• On 02/05/2019 he goes for final extradition.



This certificate is issued upon request and for the uses permitted by law.


Messina, 10/03/2021



THE DIRECTOR i.m.

(Dr. Nunziella DI FAZIO)