**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 18-CR-20685-WILLIAMS/TORRES**

**UNITED STATES OF AMERICA**

**v.**

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

      **Defendant.**

_____/

**IN RE:**

**OLYMPIA DE CASTRO, and**
**597 HIBISCUS LANE REVOCABLE TRUST,**

      **Third-Party Petitioners.**

_____/

**UNITED STATES' RESPONSE TO PETITIONERS' OBJECTIONS TO**
**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

      The United States of America (hereinafter, the "United States" or the "Government"), by and through its undersigned Assistant United States Attorney, respectfully files this Response to Petitioners Olympia De Castro's ("De Castro") and 597 Hibiscus Lane Revocable Trust's ("Revocable Trust") (collectively, the "Petitioners") Objections to Report and Recommendation on the Government's Motion To Dismiss, ECF No. 347 (the "Objections").  For the reasons set forth below, the Court should overrule the Petitioners' Objections, adopt the Report and Recommendation on the Government's Motion To Dismiss, ECF No. 316 (the "Report and Recommendation"), and dismiss Petitioners' Notice of Claim and Verified Petition and Request for Hearing to Adjudicate the Validity of Their Interest in Real Property, ECF Nos. 261 and 262 (the "Joint Petition").

**I.      INTRODUCTION**

      In the Joint Petition, Petitioners claimed real property located at 597 Hibiscus Lane, Miami,

Florida 33137 ("597 Hibiscus Lane"), which was acquired by Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant") for more than $2 million in cash and which was preliminarily forfeited as his substitute property in order to make a substantial contribution toward the outstanding balance of his forfeiture money judgment, which remains more than $11 million. *See* U.S. Motion for 2nd Preliminary Order of Forfeiture, ECF No. 238; Hernandez 2nd Preliminary Order of Forfeiture, ECF No. 239.  After the Court enters any preliminary order of forfeiture, a third-party claimant may petition the Court to amend the order if the claimant is entitled to relief under 21 U.S.C. § 853(n)(6).  Section 853(n)(6) "protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant's at the time of the interest of the United States vested through the commission of an act giving rise to forfeiture and bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets." *See United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (quoting and citing *United States v. Kennedy*, 201 F.3d 1324, 1328-29 (11th Cir. 2000)) (internal quotations omitted).  These are the sole two grounds for recovery for third-party petitioners. *See Kennedy*, 201 F.3d at 1334.  The burden rests with a petitioner to establish a claim. *See* 21 U.S.C. § 853(n)(6); *see also United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001).

The Report and Recommendation found that "there is no protection for Petitioners under the federal criminal statute," and recommended dismissal of the Joint Petition.  Report and Recommendation 28.  In their Objections, Petitioners urge the Court to set aside the Report and Recommendation because they argue, for the first time, that the Defendant "*relinquished* his rights as settlor" and amended the Revocable Trust when he executed, post-bond and post-plea, a marital settlement agreement with De Castro. *See* Objections 8-10 (emphasis added).  These factual and legal assertions are absent from the Joint Petition and Petitioners' Response to the Motion To

Dismiss (the "Response"), in which Petitioners premised De Castro's claim to 597 Hibiscus Lane on her role as trustee and asserted that the Defendant "*resigned* as settlor."  *See* Joint Petition 9-10 (emphasis added); Response 11-15.  In the new version of their claim offered in the Objections, Petitioners not only concede that De Castro was complicit in the Defendant's efforts to undermine his Court-ordered bond conditions that required him to pledge his interest in 597 Hibiscus Lane, but also that she actively participated in such transgressions since the amendment of the Revocable Trust purportedly required the consent of "two people"—her and the Defendant.  *See* Objections 10.  In a contradictory fashion, Petitioners also assert that any amendment to the Revocable Trust had no bearing on the Defendant's interest in 597 Hibiscus Lane.  They allege that the Defendant's interest has been "nothing" since "the day after the [Revocable] Trust was originally signed." *See* Objections 5.  But if accepted as true, that would mean De Castro *also* has a "nothing" interest, because she shared all roles in the Revocable Trust with the Defendant from its inception.

The Objections seek to distract the Court from the relevant inquiry before it: whether Petitioners have alleged facts in the Joint Petition that support a claim for which relief can be granted.  Petitioners' new revelations and arguments do not disturb the Report and Recommendation's conclusion that, as pleaded, "the interests between [the Defendant] and his ex-wife [De Castro] are, in material respects, equal."  Report and Recommendation 28.  Thus, right, title, or interest did not vest in De Castro rather than the Defendant, nor was Petitioners' right, title, or interest in 597 Hibiscus Lane superior to that of the Defendant.  *See* 21 U.S.C. § 853(n)(6)(A).  Consequently, the Court should dismiss the Joint Petition for failure to state a claim under 21 U.S.C. § 853(n)(6).

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2018, a federal grand jury returned an Indictment charging the Defendant

and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts.  *See* Indictment, ECF No. 19.  The Indictment contained forfeiture allegations, which alleged that the United States sought the forfeiture of 597 Hibiscus Lane as substitute property.  *Id.* at 7.

On August 17, 2018, a Notice of Lis Pendens was recorded on 597 Hibiscus Lane, providing additional notice of the United States' intent to seek its forfeiture as substitute property. *See* Recorded Notice of Lis Pendens 3-4, ECF No. 36; *see also* Recorded Renewal of Lis Pendens 11, ECF No. 145; Second Renewal of Lis Pendens, ECF No. 238-12.

On May 17, 2019, after the Defendant's arrest and extradition from Italy, the Defendant appeared before U.S. Magistrate Judge Jacqueline Becerra for a detention hearing, during which he was ordered to pledge his interest in 597 Hibiscus Lane as part of his bond.  *See* Minute Order, ECF No. 98; 5/17/2019 Bond Hr'g Tr. 19:8-19:22, ECF No. 101.  The Defendant was ordered to not attempt to encumber his properties or investments.  *See* Hernandez Bond, ECF No. 103.

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment.  *See* Minute Entry, ECF No. 162.  In his Plea Agreement, the Defendant agreed "to liquidate assets, or complete any other tasks which will result in the immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the [United States Attorney's] Office."  Hernandez Plea Agreement ¶ 14, ECF No. 163.  He also agreed that "he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of this Office, until his forfeiture money judgment is paid in full."  *Id.* ¶ 15.

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant, and imposed a forfeiture money judgment in the amount of $12,330,000 in U.S. currency.  Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175.

On September 25, 2020, the United States filed a Motion for Second Preliminary Order of Forfeiture with several supporting exhibits, seeking the forfeiture of 597 Hibiscus Lane, and other assets, as the Defendant's substitute property. *See* U.S. Motion for 2nd Preliminary Order of Forfeiture, ECF No. 238. As noted in the Motion, according to the Miami-Dade Property Appraiser's website, 597 Hibiscus Lane's 2020 assessed value is $1,783,372. *See id.* at 6 n.1; *see also* Hernandez Revised Presentence Investigation Report ¶ 150, ECF No. 331 (net worth statement indicates value is $2 million, property was purchased for $2.725 million, and Zillow indicates a value earlier this year of $2.5 million) (also noting discussion of the sale of 597 Hibiscus Lane with De Castro to purchase a residence in New York for her and their children).

On September 28, 2020, the Court entered the Second Preliminary Order of Forfeiture, which forfeited, subject to third-party interests, 597 Hibiscus Lane and the Defendant's interest as settlor, or "Grantor," of the Revocable Trust, among other assets. *See* Hernandez 2nd Preliminary Order of Forfeiture ¶ 2, at 5-6, ECF No. 239.

On October 1, 2020, the Defendant filed a Motion for Clarification and/or Amendment of the Court's Second Preliminary Order of Forfeiture Dated September 28, 2020, which was denied on December 28, 2020. *See* Hernandez Motion for Clarification, ECF No. 243; Order Referring Motion for Clarification, ECF No. 244; U.S. Opposition to Motion for Clarification, ECF No. 247; Order Denying Hernandez Motion for Clarification 6, ECF No. 273.

On November 18, 2020, Petitioners filed the Joint Petition, claiming 597 Hibiscus Lane. *See* Joint Petition, ECF Nos. 261 and 262.

On December 18, 2020, the United States filed the Motion To Dismiss, seeking dismissal of the Joint Petition for failing to state a claim upon which relief can be granted. *See* U.S. Motion To Dismiss, ECF No. 264.

On December 23, 2020, the Court referred all forfeiture-related motions to U.S. Magistrate Judge Edwin G. Torres.  *See* Order, ECF No. 268.

On January 18, 2021, Petitioners filed the Response.  *See* Response, ECF No. 285. On January 19, 2021, the United States filed a Reply in Support of the Motion To Dismiss (the "Reply").  *See* U.S. Reply, ECF No. 286.

On February 8 and 18, 2021, Daniel Holtz, De Castro and Allison Domeneghetti testified during Defendant's pre-sentencing hearing on financial matters that was held before U.S. Magistrate Judge Edwin G. Torres.  *See* Minute Entry, ECF No. 295; Minute Entry, ECF No. 305; *see also* 2/8/2021 Pre-Sentencing Hr'g Tr., ECF Nos. 303 and 323-1 (Holtz and De Castro testifying); 2/18/2021 Pre-Sentencing Hr'g Tr., ECF No. 352 (Domeneghetti testifying).

On March 7, 2021, U.S. Magistrate Judge Edwin G. Torres issued the Report and Recommendation, recommending that the Joint Petition be dismissed.  *See* Report and Recommendation, ECF No. 316.

After the Court granted, in part, Petitioners' motion to extend deadlines for filing objections to the Report and Recommendation, and to supplement objections "with support from a trust expert," Petitioners filed their Objections on March 23, 2021.  *See* Order, ECF No. 342. Objections, ECF No. 347.

On March 30, 2021, Petitioners supplemented the Objections with the Declaration of Bruce Stone in Support of the Objections ("Stone Declaration").  *See* Stone Declaration, ECF No. 356.

## III.   STANDARD FOR REVIEW

The Court reviews *de novo* any timely, written objection made to a proposed finding or recommendation contained in a Magistrate Judge's report and recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3); S.D. Fla. Magistrate Judge L.R. 4(d).  The parties are

thereafter barred from challenging on appeal the Court's order based on any factual or legal conclusion that was not the subject of a specific objection. *See* 11th Cir. Rule 3-1. In such review, the Court may accept, reject, or modify, in whole or in part, a Magistrate Judge's report and recommendation, as well as consider further evidence when necessary. *See id.* "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

Petitioners acknowledge that the Report and Recommendation sets forth the appropriate legal standard for the consideration of a motion to dismiss in criminal forfeiture ancillary proceedings. *See* Objections 1-2. To overcome a motion to dismiss, a petitioner must establish that her legal right, title, or interest in the forfeited property meets the circumstances set forth in either 18 U.S.C. § 853(n)(6)(A) or § 853(n)(6)(B), and allege facts sufficient to state a claim under one of the two provisions. *See United States v. Preston*, 123 F. Supp. 3d 108, 115 (D.D.C. 2015); *see also* Report and Recommendation 6. Prior to discovery or a hearing, a motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009). Rule 12(b)(6) subjects a pleading to dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court presumes the facts set forth in the petition to be true. Fed. R. Crim. P. 32.2(c)(1)(A). Although at the pleading stage factual allegations need not be proven, the petition "must do more than simply assert" the petitioner's interest, or "state that interest in a conclusory fashion." *United States v. Kokko,* 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007). "The showing may not be a heavy burden, but it is a burden nonetheless." *Kokko*, 2007 WL 2209260, at *5.

## IV.    DISCUSSION

### A.  The Report and Recommendation Correctly Found that Petitioners Failed To Plead a Claim for Relief in the Joint Petition

Petitioners first object to the Report and Recommendation's finding that the Joint Petition was facially deficient because it failed to plead grounds for recovery under 21 U.S.C. § 853(n). *See* Objections 2-3 & n.3, 5 & n.6.  As the Report and Recommendation observed in an un-objected to portion, "[t]he availability of a motion to dismiss indicates that to state a claim, one of the § 853(n)(6) bases must be pled."  Report and Recommendation 6 (quoting *United States v. Hailey*, 924 F. Supp. 2d 648, 685 (D. Md. 2013)).  "[I]f a third party fails to allege in its petition all elements necessary for recovery . . . the court may dismiss the petition without providing a hearing." *Id.* at 13 (citing and quoting *United States v. Richards*, No. 1:08-CR-246-ODE-RGV, 2009 WL 10690320, at *2 (N.D. Ga. Dec. 3, 2009) and *United States v. BCCI Holdings (Lux.), SA.*, 919 F. Supp. 31, 36 (D.D.C. 1996)).

The Report and Recommendation found that:

The most obvious shortfall with the joint petition is that it never asserts what relief it seeks under Section 853(n). That only becomes clearer in reading the response to the Government's motion to dismiss, where the assertion is first made that Petitioners seek relief under 21 U.S.C. § 853(n)(6)(A).

Report and Recommendation 12.  In the Objections, Petitioners counter that they properly pleaded "De Castro has a legal right, title, and interest in the home which was vested in her, and not the defendant."  *See* Objections 2-3 & n.3, 5 & n.6.  However, an explanatory footnote shows how they must parse the Joint Petition to assert any claim under 21 U.S.C. § 853(n):

The Report and Recommendation briefly posits that Petitioners did not 'assert[] what relief it seeks under Section 853(n) and amended their joint petition in response to the Motion to Dismiss.' D.E. 316, at 12-13. Petitioners, however, stated in their original pleading that their Petition was filed pursuant to § 853(n) and Rule 32.2(c); Mr. Hernandez Frieri did not have a current interest in the home; '[b]ecause Ms. De Castro and 597 Hibiscus Lane Revocable Trust ("Trust") hold all legal

8

> right, title, and present interest in the real property 597 Hibiscus Lane, Miami, Florida 33137 ("597 Hibiscus Lane"), the property cannot be forfeited;' and the 'home should be excluded from any forfeiture order entered against Gustavo Hernandez Frieri.' D.E. 261, at 1-2. *See also id.* at 8-11. Petitioners, therefore, requested appropriate relief in its November 2020 Petition under the appropriate statutory and rule provisions.

*See id.* at 3 n.3; *see also* Joint Petition. Furthermore, it is only in the Objections that Petitioners

clarify that they are not pursuing a claim as a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B),

which would also be a "vested" interest exclusive of the Defendant. *See* Objections 2 n.2. Thus,

the Court should adopt the Report and Recommendation's finding that "Petitioners are, for all

practical purposes, trying to amend their joint petition in response to a motion to dismiss," which

courts generally do not allow. *See* Report and Recommendation 13-14 (citing and quoting, as

examples, *Lacroix v. Lejeune Auto Wholesale, Inc.*, 2020 WL 6059765, at *4 (S.D. Fla. Oct. 14,

2020), *Brahim v. Holder*, 2014 WL 2918598, at *4 (S.D. Fla. June 26, 2014); *Long v. Satz*, 181

F.3d 1275, 1279-80 (11th Cir. 1999), among others).

### B. The Report and Recommendation Properly Concluded that the Joint Petition Should Be Dismissed Because Petitioners Cannot Have a Superior Interest

Having failed to plead any specific grounds for recovery, Petitioners raise three separate

theories in the Objections to supplement their deficient Joint Petition and contest the Report and

Recommendation. First, they allege that any interest in 597 Hibiscus Lane would have vested in

De Castro and not the Defendant. In the alternative, they assert that De Castro and the Defendant

have separate, one-half interests in 597 Hibiscus Lane. Finally, they allege that De Castro now

has sole interest in 597 Hibiscus Lane because the Defendant "relinquished" his rights as settlor in

a marital settlement agreement, thereby transferring his interest to her. None of these theories are

supported by the allegations of the Joint Petition, and the Petitioners cannot establish a superior

interest under 21 U.S.C. § 853(n)(6)(A) as a matter of law.

**1.** ***Shared Trust Roles Contradict Petitioners' Theory that Interest Vested in De Castro and Left the Defendant with "Nothing"***

Petitioners criticize the Report and Recommendation for focusing on whether Petitioners had a "superior legal interest" because that "looks to only a portion of 21 U.S.C. § 853(n)(6)(A)." *See* Objections 4 & n. 4, 5. They argue that the Report and Recommendation should have considered their claim under the "operative portion of the statute" that offers relief if "right, title, or interest was vested in the petitioner rather than the defendant," rather than considering the latter part of whether if "right, title, or interest was vested in the petitioner . . . was superior to any right, title, or interest of the defendant." *See id.; see also* 21 U.S.C. § 853(n)(6)(A).[1] They allege that De Castro has a "vested interest in the home that is not the defendant's interest" and, for support, proclaim that "[s]ince 2013, [De Castro] was a Co-Settlor, Trustee, title-holder, and Beneficiary of the [Revocable] Trust." Objections 5. They further insist that Defendant had a "nothing" interest in 597 Hibiscus Lane since "the day after the [Revocable] Trust was originally signed." *See id.* at 10.

But such arguments ignore how Petitioners themselves claimed to have a superior interest in the Response, where they asserted that "[a]s the only person with a legal interest in the home, [De Castro's] interest is by reason superior to the Defendant's." *See* Response 13; *see also* Report and Recommendation 12. They also ignore how De Castro relies on roles that she shared with the Defendant to further her claim. De Castro and the Defendant both were settlors, trustees, title

---

[1] In relevant part, section 853(n)(6)(A) entitles a petitioner to relief if:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . . .

21 U.S.C. § 853(n)(6)(A).

holders, and beneficiaries since the establishment of the Revocable Trust.  *See* Report and Recommendation 11-12; *see also* Joint Petition, Exhibit 1, ECF Nos. 261-1 and 262-1; Exhibit 3, ECF Nos. 261-3 and 262-3.  Consequently, if the Defendant had a "nothing" interest since "the day after the [Revocable] Trust was originally signed" as Petitioners allege in the Objections, then De Castro similarly would be entitled to "nothing."  *See* Objections 5, 10.

The Report and Recommendation found otherwise, concluding that "both [the Defendant and De Castro] had a present legal interest in the corpus of the revocable trust at the time of Mr. Hernandez-Frieri's criminal conduct."[2]  Report and Recommendation 27.  It recognized that "[t]he issue, of course, is not whether Ms. De Castro has some interest in the Miami House but whether she had a superior interest at the time of the commission of the acts that gave rise to the forfeiture of the Miami House," and properly assessed Petitioners' claim under the superior-interest prong of 21 U.S.C. § 853(n)(6)(A).  *See id.* at 12.  Based on the alleged shared roles, the Report and

---

[2] Petitioners argue that the Court must assess the Defendant's interest in the property "at the time of forfeiture" because the relation-back doctrine codified in 21 U.S.C. § 853(c) "does not apply" to substitute assets.  Objections 4 (underline in original).  But under § 853(n)(6)(A), the inquiry is whether Petitioners' interest "was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property . . . ."  21 U.S.C. § 853(n)(6)(A) (underline added).  As the United States addressed in the Motion To Dismiss, regardless of when the Government's interest vests, Petitioners' claim to 597 Hibiscus Lane would fail because the Defendant always had a superior interest in such property.  *See* Motion To Dismiss 9 n.2 (noting how courts differ on when the Government's interest vests in substitute property); *see also, e.g., United States v. McHan*, 345 F.3d 262, 271-72 (4th Cir. 2003) (applying relation-back doctrine, and finding Government's interest in substitute property vests on the date of the criminal acts giving rise to the forfeiture).  Petitioners also reference *Luis v. United States*, 136 S. Ct. 1083 (2016), in which the Supreme Court acknowledged the United States' pre-trial interest in a defendant's substitute, "untainted" property, but held that such interest could not outweigh the defendant's Sixth Amendment right to counsel of choice.  Here, the Defendant, who is represented by counsel of choice, has been convicted of laundering.  *Luis* then underscores the United States' strong interest in the Defendant's assets, including substitute property, until his forfeiture liability is satisfied.  *See Luis*, 136 S. Ct. at 1094 (2016) ("[A]fter all, a broad range of such behavior can lead to postconviction forfeiture of untainted assets. *See, e.g.,* § 1963(m) (providing for forfeiture of innocent, substitute assets for any violation of the Racketeer Influenced and Corrupt Organizations Act).").

Recommendation concluded that, "[t]he record shows instead that Defendant remains co-settlor of the Florida [Revocable] Trust and that the interests between him and his ex-wife [De Castro] are, in material respects, equal." *See id.* at 28. Thus, "[n]either has a superior legal interest over the other," precluding relief for Petitioners under 21 U.S.C. § 853(n)(6)(A). *See id.* at 27.

### 2. *De Castro Has Not Alleged Facts Supporting Separate One-Half Interest*

In the alternative, Petitioners allege that De Castro and the Defendant each enjoy separate, divisible interests in 597 Hibiscus Lane. *See* Objections 12; *see also* Report and Recommendation 13. Petitioners claim that, "[a]t minimum, Ms. De Castro has a vested one-half interest in the home which is not the defendant's interest." Objections 12. They contend that even if the Defendant "maintains an interest in the home in some fashion, section 853(p) (Forfeiture of Substitute Property) does not permit forfeiture of Ms. De Castro's home" because "an innocent wife's interest in property cannot be criminally forfeited." *See id.* at 12-15. However, a review of the case decisions cited by the Petitioners for support in the Objections show that the Eleventh Circuit has repeatedly rejected such proposition:

> *United States v. Jimerson*, 5 F.3d 1453 (11th Cir. 1993): The Eleventh Circuit remanded to district court with instructions to dismiss wife's petition, finding her "alleged innocence . . . cannot defeat the Government's interest." *Id.* at 1455. The Eleventh Circuit held that "[t]he very nature of the tenancy by the entireties prevents [wife] from claiming that her title is superior to her husband's" under 21 U.S.C. § 853(n)(6)(A), observing that under the relevant state laws, "a valid tenancy by the entireties requires that the spouses' interest be identical and that they commence simultaneously." *Id.* at 1455 & n. 3.
>
> *United States v. Fleet*, 498 F.3d 1225 (11th Cir. 2007): The Eleventh Circuit reviewed the defendant's appeal of forfeiture order for substitute real property held in a joint tenancy by entirety; his wife's claim was not before it. In upholding the order, the Eleventh Circuit affirmed that federal forfeiture preempts state law protections, including homestead law and Florida tenancy by the entireties law. Citing *Jimerson*, the Eleventh Circuit also observed, "[t]here is no innocent spouse defense to criminal forfeiture." *Id.* at 1232.
>
> *United States v. Kennedy*, 201 F.3d 1324 (11th Cir. 2000): The Eleventh Circuit reversed district court's order recognizing ex-wife's petition claiming real property, which had been held in a joint tenancy by the entireties and then awarded to her as a special equity interest

in divorce proceedings. The Eleventh Circuit also warned against providing undue weight to divorce proceedings, recognizing that "defendants . . . may collude with their spouses to avoid forfeiture." *Id.* at 1334-35.

*See United States v. Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006) ("The criminal forfeiture statutes contain no provision for an 'innocent owner' defense for third parties.").

These cases instead confirm that Petitioners must establish their burden under the two exclusive grounds of relief under 21 U.S.C. § 853(n)(6). *See, e.g.*, *Kennedy*, 201 F.3d at 1328-29 ("[S]ubsection (n)(6) protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant[] at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and 'bona fide purchasers for value' without knowledge of the forfeitability of the defendant's assets.").  The cases also confirm that the ancillary forfeiture proceeding "does not involve relitigation of the forfeitability of property; its only purpose is to determine whether any third party has a legal interest in the forfeited property." *See* Fed. R. Crim. P. 32.2, advisory committee's note (2000 Adoption); *see also United States v. Davenport,* 668 F.3d 1316, 1321 (11th Cir. 2012); *United States v. Cooper*, 679 F. App'x 738, 742 (11th Cir. 2017).  For claims under § 853(n)(6)(A), state law determines the nature of a petitioner's interest and federal law determines whether that interest is superior.  *See United States v. Morales*, 36 F. Supp. 3d 1276, 1285 (M.D. Fla. 2014) (citing *Fleet*, 498 F.3d at 1231, *Kennedy*, 201 F.3d at 1334, and *United States v. Shefton*, 548 F.3d 1360, 1365 (11th Cir. 2008)).  Accordingly, differences in the applicable state laws account for the different results in the cases cited by Petitioners, including the non-controlling decisions in *United States v. Morris*, 2020 WL 2515965 (M.D. Fla. Apr. 15, 2020), and *United States v. Lester*, 85 F.3d 1409 (9th Cir. 1996).  *See, e.g.*, *Morris*, 2020 WL 2515965, at *7, *report and recommendation adopted,* 2020 WL 2512882 (M.D. Fla. May 15, 2020) (district court recognizing wife's one-half interest in property under Florida

law based on her being a joint owner, and not joint tenant by the entireties); *Lester*, 85 F.3d 1409

(Ninth Circuit recognizing wife's one-half interest in community property under California law).[3]

In the Objections, Petitioners never explain how these cases bear on whether De Castro has

a separate or superior interest under 21 U.S.C. § 853(n)(6)(A).  Unlike the property at issue in the

cited cases, 597 Hibiscus Lane is not titled to a joint tenancy by the entirety and is not community

property.  *See* Joint Petition, Exhibit 3, ECF Nos. 261-3 and 262-3 (current warranty deed); Exhibit

1, ECF Nos. 261-1 and 262-1 (art. 9.2, stating 597 Hibiscus Lane "shall not be subject to the

community property laws or forced share laws of any country's jurisdiction whatsoever").  Even

if 597 Hibiscus Lane had been titled in a joint tenancy by the entirety, De Castro would only have

an "indivisible right to own and occupy the entire property," and thus lack a superior interest under

21 U.S.C. § 853(n)(6)(A) as a matter of law.  *See, e.g.*, *United States v. Derochemont*,[4] 2011 WL

6319293, at *3 (M.D. Fla. Dec. 15, 2011) (forfeiting, as substitute asset, real property held by

defendant and wife in a joint tenancy by the entirety); *Jimerson*, 5 F.3d at 1455; *Kennedy*, 201

F.3d at 1331; *Watkins*, 320 F.3d at 1284.  Therefore, any suggestion made by Petitioners that the

Court should treat De Castro's interest in 597 Hibiscus Lane as a joint tenancy by the entirety also

would lead to dismissal of the Joint Petition.

---

[3] *Lester* cites *Jimerson* for support but appears to misunderstand its holding.  If helpful to the Court, appellant and appellee briefs in *Jimerson* clarify that the entire property was forfeited.  *See, e.g.*, 1992 WL 12135791 (United States' brief); 1992 WL 12135792 (appellant's brief).

[4] In *Derochemont*, the real property at issue was acquired with defendant's funds.  Here, it also is undisputed that the Defendant funded the purchase of 597 Hibiscus Lane, and was the contributing settlor to the Revocable Trust.  *See, e.g.*, U.S. Motion for 2nd Preliminary Order of Forfeiture, Exhibit 9, ECF No. 238-9 (Letter confirming cash totaling $,2,469,970 to close on 597 Hibiscus Lane was from the Defendant); U.S. Motion To Dismiss 13 & n.8; *see also* 2/8/2021 Pre-Sentencing Hr'g Tr. 46:15-57:1, ECF Nos. 303 and 323-1 (De Castro testifying that the Defendant sold assets from "an investment account that he had to pay for the house," and that investment account presumably was from one of the Global Securities entities).

### 3. *Marital Settlement Agreement Did Not Alter De Castro's Claim*

In a final attempt to assert a superior claim to 597 Hibiscus Lane, Petitioners allege that the Defendant's interest in 597 Hibiscus Lane was transferred to De Castro as a result of a marital settlement agreement. *See* Joint Petition, Exhibit 6, ECF Nos. 261-6 and 262-6 (marital settlement agreement). As observed by the Report and Recommendation, Petitioners earlier relied on the Defendant's purported resignations as co-trustee and settlor to advance their claim in the Joint Petition and Response:[5]

> Petitioners push back with the claim that Defendant transferred his entire interest to Ms. De Castro after May 2019 [when the Defendant's bond was issued], either through his resignation as a co-trustee on October 1, 2019, or through his resignation as co-settlor in his marital settlement agreement on January 24, 2020.

Report and Recommendation 10; *see also* Joint Petition 8-9, 11; Response 7-12. In the Objections, Petitioners abandon these arguments, and assume that the Defendant did not resign as co-settlor. *See* Objections 6; Report and Recommendation 18-19 ("Therefore, given this record, [the Court] cannot conclude that Defendant revoked his interest in the Florida Trust as co-settlor with a one sentence 'resignation' in a marital settlement agreement. The purported resignation is legally ineffective under Florida law."). Petitioners then allege, for the first time, that the Defendant "relinquished" or "renounced his rights as co-settlor" when he "commit[ted] to resign as co-settlor."[6] *See* Objections 8-10. Petitioners assert that the Defendant's "intention" to *relinquish* was "clear," despite previously arguing that he resigned. *See id.* at 9-11. They also contend that

---

[5] For the purposes of the Motion To Dismiss, the United States treated the factual allegations of the Joint Petition as true, which included the assertion that the Defendant resigned as trustee.

[6] In focusing on the Defendant's role as settlor, Petitioners acknowledge that the Report and Recommendation appropriately "concentrates on Hernandez Frieri's role as settlor and what interest in the [Revocable] Trust and Trust asset that role provides." *See* Objections 6; *see also* Objections 4 & n.5 (taking issue the Report and Recommendation's analysis of whether the Defendant resigned as co-settlor).

the marital settlement agreement amended the Revocable Trust because "[f]ollowing the marital settlement agreement and its acceptance by the divorce court, the trust existed for the benefit of Olympia De Castro and her three children," and no longer for the benefit of the Defendant, who is named a beneficiary in the trust instrument. *See id.* at 9-10 & n.8.[7]

However, the text of the marital settlement agreement reveals that any intention to relinquish rights or amend the Revocable Trust is far from clear.   As the Report and Recommendation previously noted in an un-objected to portion, the agreement "never says when [the Defendant's resignation] would take place or whether that commitment would actually come to fruition.  All it provides is a commitment to resign – not an actual resignation." *See* Report and Recommendation 18 n. 7.  The agreement also makes no mention of any relinquishment of settlor's rights nor amendment of the Revocable Trust.  Instead, the agreement notes the current status of

---

[7] Petitioners also assert that under the terms of the trust instrument any revocation or amendment could only be effectuated by an agreement of both the Defendant and De Castro because they were defined as "Grantor" in the instrument. *See* Objections 7.  However, the plain text of article 4 does not reference any requirement to agree:

> This Trust is revocable and the Grantor has the power to alter, amend, revoke, or terminate any Trust provision or interest, whether under this Trust or under any statute or other rule of law.

Joint Petition, Exhibit 1, at 4 (art. 4).  In contrast, the instrument contains a specific provision regarding trustee decision-making, even though "Trustee" is similarly defined as De Castro and the Defendant:

> 3.12 Wherever discretion is vested in or power is conferred upon more than one (1) Trustee, such discretion or power mut be exercised by a majority of the Trustees. If it should happen at any time that there are fewer than three Trustee, such discretion or power must be exercised unanimity if there are two Trustees and if there is only one Trustee, it may validly exercise such discretion or power alone. discretion or power must be exercised unanimity if there are two Trustees and if there is only one Trustee, it may validly exercise such discretion or power alone.

*Id.* (art. 3.12).  If the intention was to require joint decision-making for settlors in addition to trustees, then the trust instrument would have so stated to avoid any ambiguity, especially in light of the default and mandatory rules that allow each settlor to take back property from the trust and creditors to reach such property. *See* Fla. Stat. §§ 736.0602(2)(b), 736.0505(1)(a); *see also* Restatement (Third) of Trusts § 63 (2003).

the Defendant and De Castro, who both "**serve** as co-settlors of a trust which holds title for . . . 597 Hibiscus Lane, . . . in which the parties and the Children have resided."  *Compare* Exhibit 6, at 9-10 (emphasis added) *with* Exhibit 1, ECF Nos. 261-1 and 262-1 (trust instrument) *and* Exhibit 3, ECF Nos. 261-3 and 262-3 (current warranty deed).  It then erroneously states that the Revocable Trust "**is** exclusively for the benefit for the Children."  *See* Exhibit 6, at 9-10 (emphasis added). These statements are all in the present tense.  Any discrepancy between the agreement and the trust instrument, as with the identification of trust beneficiaries, appears to be the result of mistake and not clear intention.[8]  *See also* Exhibit 1, at 1 (art. 2.1, identifying Defendant and De Castro as the beneficiaries, and their children as contingent beneficiaries).  The Court should decline Petitioners' invitation to read into the marital settlement agreement what simply is not there.

### C.   If Court Is Inclined To Hold Hearing on the Motion To Dismiss, De Castro's Participation in the Defendant's Bond Violation Should Also Be Addressed

As the United States previously raised in the Motion To Dismiss, even if the Court were to accept Petitioners' assertion that the Defendant transferred his interest in 597 Hibiscus Lane as a result of the marital settlement agreement, the Joint Petition would still be subject to dismissal. *See* U.S. Motion To Dismiss 14-17.  Such transfer would have violated the Defendant's bond conditions and resulted in a voidable fraudulent conveyance.  *See, e.g.,* Fla. Stat. §§ 726.101-.201; *In re Crawford*, 172 B.R. 365 (Bankr. M.D. Fla. 1994) (voiding amendment that changed trust from revocable to irrevocable as a fraudulent transfer when no reasonable equivalent value was exchanged, settlor became insolvent as a result of transfer, and amendment was executed after notice of suit); *United States v. Key*, 2020 WL 6821687, at *1 (6th Cir. Nov. 20, 2020) (affirming

---

[8] The Defendant has argued that the marital settlement agreement did not change his interest in 597 Hibiscus Lane.  *See* Hernandez Motion for Leave To File Objections, ECF No. 332; *see also* U.S. Response to Hernandez Motion for Leave To File Objections, ECF No. 348.

finding of fraudulent transfer under 28 U.S.C. § 3304, which lists same 11 badges of fraud as Fla. Stat. § 726.105(2)(a)-(k), when transfer was made to insider without exchange of reasonably equivalent value, after defendant, who was insolvent, learned of criminal indictment and shortly before defendant incurred a substantial restitution debt).

De Castro was present at bond proceedings, where the United States' intent to forfeit 597 Hibiscus Lane was discussed at length. *See, e.g.*, Joint Petition ¶ 6, at 4; 5/17/2019 Bond Hr'g Tr. 3:18-5:13, 9:14-10:8, 17:5-17:25, ECF No. 101. U.S. Magistrate Judge Jacqueline Becerra ordered the Defendant "to execute whatever is necessary with the bond paperwork to make sure that his interest in that property [597 Hibiscus Lane] is also pledged as part of the bond," and then entered a bond stating that there be "<u>no</u> attempt to encumber properties or investments." 5/17/2019 Bond Hr'g Tr. 19:8-19:22; Hernandez Bond 1-2, ECF No. 103 (emphasis in original). In the Objections, Petitioners newly assert, "[a]fter amendment, the Trust was modified from previously allowing two people who were in agreement to revoke the Trust to, after the marital settlement agreement, permitting one person, Olympia De Castro, on her own to revoke the Trust." Objections 10.[9] Thus, Petitioners have elevated De Castro to active participant in undermining the Defendant's Court-ordered bond conditions in his attempt to transfer his interest in 597 Hibiscus Lane to her.

Petitioners have requested a hearing for oral argument on the Motion To Dismiss. Objections 1. In general, a third-party petition that fails to satisfy pleading requirements is subject to dismissal without a hearing. *See, e.g.*, *United States v. BCCI Holdings (Lux.), S.A.*, 956 F. Supp. 1, 4 (D.D.C. 1996). To the extent that the Court is inclined to grant such request, De Castro's role in the Defendant's bond violation will almost certainly be at issue, as both the Objections and the

---

[9] The Objections do not address fraudulent conveyance as the Report and Recommendation found that the marital settlement agreement did not affect the Defendant's interest in 597 Hibiscus Lane. *See* Objections 11 n.9.

Stone Declaration assert that her active consent was needed to amend or revoke the Revocable Trust. *See* Stone Declaration, ECF No. 356.  The United States has not referenced the Stone Declaration elsewhere because consideration of a matter outside the pleadings would convert the Motion To Dismiss to a motion for summary judgment, and because it contains impermissible legal conclusions that should be stricken from the record. *See* Fed. R. Civ. P. 12(d); *Pacinelli v. Carnival Corp.*, 2019 WL 3252133, at *5 (citing and quoting *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005)).  Should the Court consider the Stone Declaration at the proposed hearing, then it should also consider testimony taken at the Defendant's pre-sentencing hearing on financial matters, as well as De Castro's claim and relationship to other forfeited property, which total nearly $7 million in value. *See* 2/8/2021 Pre-Sentencing Hr'g Tr., ECF Nos. 303 and 323-1 (De Castro testifying); 2/18/2021 Pre-Sentencing Hr'g Tr., ECF No. 352; De Castro's Dania Petition, ECF No. 296 (claiming approximately $900,000); Hernandez 4th Preliminary Order of Forfeiture, ECF No. 353 (forfeiting Brooklyn townhouse acquired for approximately $6 million).[10]

## V.    CONCLUSION

The Petitioners have failed, as a matter of law, to state a claim upon which relief may be granted.  Petitioners have sought to supplement and amend the deficient Joint Petition by raising factual and legal allegations in the Response and now the Objections, including the assertion that

---

[10] Also, the United States recently learned that De Castro entered into a Joint Defense Agreement with the Defendant because they have a common legal interest and strategy as it relates to certain disputed property and have apparently worked together to oppose forfeiture with respect to that property. *See* U.S. Response to Hernandez Motion for Leave To File Objections, ECF No. 348; Gov't Sentencing Memorandum 15-16, ECF No. 346.  With respect to 597 Hibiscus Lane, counsel for De Castro has not confirmed whether or not such counsel is also part of the Joint Defense Agreement.  3/17/2021-3/19/2021 E-mail Correspondence (on file with undersigned AUSA).  Counsel for the Defendant has declined to comment on any Joint Defense Agreement.  3/17/2021-3/19/2021 E-mail Correspondence (on file with undersigned AUSA).

De Castro agreed with the Defendant to transfer his interest in 597 Hibiscus Lane to her in violation of Court-ordered bond conditions.  Despite these efforts, Petitioners have managed only to allege that De Castro "had some (unquantified interests separate and apart from (and therefore, superior to) [the Defendant's] interests in the properties."  *See Soreide*, 461 F.3d at 1355 (11th Cir. 2006).

The Eleventh Circuit addressed a similar claim in *Soreide* to the one pursued by De Castro here.  In *Soreide*, the petitioner-wife initially pleaded only an interest as a bona fide purchaser in her petition.  *Id.*  In response to the Government's motion for summary judgment and on appeal, she belatedly asserted a superior interest "based on her contentions that she signed the purchase contracts for the properties, she incurred liabilities by signing mortgages on the properties, she held title to the properties in her own name, and she had interests in the properties created under Florida law (namely, a spousal interest in the properties as marital assets and a homestead right in the residence)."  *Id.*  "The district court addressed these arguments in its summary judgment order and found each to be meritless."  *Id.*; *see also United States v. Soreide*, 2005 WL 8137780, at *6 (S.D. Fla. Mar. 23, 2005), *clarified on denial of reconsideration*, 2005 WL 8137781 (S.D. Fla. Apr. 28, 2005).

On appeal, the Eleventh Circuit refused to provide relief "from final order of forfeiture based upon a claim that was not asserted as required by the statute" in the petition.  *Soreide*, 461 F.3d at 1355.  Here, the Court similarly should reject Petitioners' belated factual and legal fictions that fall short of claiming a superior interest under 21 U.S.C. § 853(n)(6)(A).  The Court should adopt the Report and Recommendation, and dismiss the deficient Joint Petition.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:     */s/ Nalina Sombuntham*
Nalina Sombuntham
Assistant United States Attorney
Deputy Chief, Asset Forfeiture Division
Fla. Bar No. 96139
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224
Facsimile: (305) 536-4089
nalina.sombuntham@usdoj.gov