UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

       Defendant,

_____/

314 HICKS LLC,

ALLISON DOMENEGHETTI,

OLYMPIA DE CASTRO,

G.H.D.C. (minor child),

F.H.D.C. (minor child), and

A.H.D.C. (minor child),

       Third-Party Petitioners.

_____/

**314 HICKS LLC'S, ALLISON DOMENEGHETTI'S,**
**OLYMPIA DE CASTRO'S, G.H.D.C.'S, F.H.D.C.'S, AND A.H.D.C.'S**
**NOTICE OF CLAIM, VERIFIED PETITION, AND REQUEST FOR HEARING TO**
**ADJUDICATE THE VALIDITY OF THEIR INTEREST IN REAL PROPERTY**

      314 Hicks LLC, Allison Domeneghetti, Olympia De Castro, G.H.D.C, F.H.D.C., and

A.H.D.C. file this Notice of Claim, Verified Petition, and Request for an ancillary hearing pursuant

to 21 U.S.C. § 853(n) and (p) and Federal Rule of Criminal Procedure 32.2(d).

**I.     INTRODUCTION AND SUMMARY**

      Petitioners – not Gustavo Hernandez Frieri – have an interest in 314 Hicks Street,

Brooklyn, New York 11201 (314 Hicks).   *See* D.E. 353, at 2-3 for full legal description of the real

property.   Gustavo Hernandez Frieri has never owned the home, seen the home, did not contribute funds to purchase the home, does not benefit from income from the home, and his name does not appear on any documents related to the home.   Additionally, he is not a member, owner, or manager of the limited liability company which owns the home.   The defendant is not associated with the home in any way.   It is a home that was never intended to benefit or have anything to do with Gustavo Hernandez Frieri.   Equally, the home was not used to commit the defendant's offense or to facilitate the commission of his offense.

Instead, this is a home that was purchased solely to benefit three children: G.H.D.C., F.H.D.C., and A.H.D.C.

The forfeiture of 314 Hicks relates back to another New York property.   Long before the actions in this case, the defendant's father formed a trust.   In 2005, the defendant's father's trust purchased and then owned an apartment at 3 Gramercy Park West in the name of a limited liability company (LLC).   The defendant's father intended that the apartment would benefit the defendant's children.   After the defendant's father passed away, the beneficiary of the father's trust assigned the LLC (which owned the apartment) to another irrevocable trust that was created solely for the benefit of the children of the defendant and his ex-wife.   This newly created irrevocable trust eventually sold the apartment, held the proceeds for approximately 7 months in a trust brokerage account, then later purchased a townhouse in New York through an LLC as an investment for the benefit of the children.   This townhouse is 314 Hicks Street.   The defendant never owned the original New York apartment (3 Gramercy Park West) and does not own 314 Hicks.   It is and always was intended that the apartment, and then townhouse be owned in trust for the benefit of G.H.D.C, F.H.D.C., and A.H.D.C.

The Petitioners consist of the LLC which owns 314 Hicks; the Trustee of the irrevocable trust; the grantor of the trust, manager of the LLC which directly owns the townhouse, and guardian and parent of the beneficiary children; the members of the LLC which directly own the townhouse; and the children who are beneficiaries of the irrevocable trust.   Because Petitioners hold all legal right, title, and interest in 314 Hicks Street and the legal right, title, and interest is vested in Petitioners, not the defendant or was superior to the defendant's, Petitioners request a hearing to adjudicate the validity of their legal interests and to amend the Fourth Preliminary Order of Forfeiture (D.E. 353) to exclude the home as a substitute asset subject to forfeiture against the defendant Hernandez Frieri.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

*The Wishes of Gustavo Hernandez Romero and the New York Apartment, 3 Gramercy Park West.*

In 2004, Gustavo Hernandez Romero, a successful Colombian businessman who had created multiple family businesses and multiple family trusts, envisioned a way to provide for his future grandchildren.   By that time, his three eldest children were married, had children of their own, and were doing well.   Mr. Hernandez Romero anticipated and hoped that his only single child at the time, Gustavo Hernandez Frieri, would marry and have children of his own.   When that were to happen, Mr. Hernandez Romero wanted to make sure his grandchildren of his youngest son were provided for.   He expressed these thoughts to family members.   *See* Exhibit A and B, Affidavits of Maria Lucia Hernandez and Juan Carlos Gomez.

In order to carry out Mr. Hernandez Romero's wishes and intentions, his son, Gustavo Hernandez Frieri, located an apartment in New York and began the process of acquiring the

apartment for a limited liability company which would own the apartment.   *See* Exhibit C (July 22, 2005 Letter by Gustavo Hernandez Frieri).   The address of the apartment was 3 Gramercy Park West, New York, New York (3 Gramercy Park West).   Although Hernandez Frieri was not married and had no children at the time, Mr. Hernandez Romero foresaw that his son would eventually marry Olympia De Castro and have children.   The younger Gustavo was seriously dating Ms. De Castro at the time and two years later they did marry and now have three children together.   This apartment was intended to benefit these children.

Before the purchase of the apartment was completed, the Gramercy Irrevocable Operating Trust (GIOT) was created and became effective July 1, 2005.   *See* Exhibit D (Gramercy Irrevocable Operating Trust, Declaration of Trust).   The objective of GIOT was to hold all of the membership interests of the limited liability company which would own the New York apartment. Richards and Partners, P.A. drafted the Declaration of Trust and Americas Fiduciary Ltd. served as the Trustee for GIOT.   *Id.*   The Beneficiary was another family trust, the HH Master Settlement, which had been created in 2003.   *Id.* at Annex "B."   Gustavo Hernandez Frieri did not create GIOT, contribute assets to GIOT, and never served as the Trustee or was a Beneficiary of GIOT.   *Id.*   Equally, the defendant was never a Grantor, Trustee, Beneficiary, or donor of the HH Master Settlement – the umbrella Trust over GIOT.   *See* Exhibit E (The Amended and Restated HH Master Settlement).   Instead, Gustavo Hernandez Romero declared that he (the father) was the Grantor and Beneficiary of the HH Master Settlement and his daughters, Maria Lucia and Maria Helena Hernandez were Contingent Beneficiaries.   *Id.*   Americas Fiduciary Ltd. Served as the Trustee of the HH Master Settlement Trust.   *Id.*

On July 28, 2005, 3 Gramercy Park West LLC (3 GPW LLC) was incorporated in New

York.   *See* Exhibit F (3 Gramercy Park West LLC Articles of Organization).   Shortly after the LLC was formed, it purchased the apartment in New York on August 16, 2005 at 3 Gramercy Park West.   *See* Exhibit G (Deed Detail for 3 Gramercy Park West).   The defendant was never a member of 3 GPW LLC and never owned the apartment.   *See* Exhibit H (Operating Agreement of 3 GPW LLC); Exhibit L, at 38:15-38:17 (February 8, 2021 Transcript of Pre-Sentencing Hearing).   The sole member (owner) of 3 GPW LLC was GIOT.   *See* Exhibit H.   Pursuant to the terms of GIOT, the <u>Trustee</u> had "unlimited rights of ownership of the Trust Estate" (i.e. 3 Gramercy Park West) and had "absolute discretion" to deal with the Trust Estate.   *See* Exhibit D, at 3.   The defendant did not have any fiduciary powers in GIOT, had no control over the ownership of 3 Gramercy Park West, and was never the beneficial owner of the apartment.   *Id.*

The following diagram illustrates the ownership of the apartment, 3 Gramercy Park West:



With the creation and amendment of the HH Master Settlement, the creation of GIOT, the formation of 3 GPW LLC, and the acquisition of 3 Gramercy Park West, Mr. Hernandez Romero's intentions were fulfilled and he was assured that his future grandchildren would benefit from the income and future ownership or sale of 3 Gramercy Park West.   Mr. Hernandez Romero accomplished all these acts and then passed away soon thereafter in November 2006.

### The Assignment of 3 Gramercy Park West to the DC 2019 Irrevocable Trust

This intention of providing for Hernandez Romero's grandchildren has not changed since 2005.   In 2019, Maria Lucia Hernandez, Gustavo Hernandez Romero's daughter and beneficiary of the HH Master Settlement, acted to unwind her father's trust.[1]   At that time, although she had become the sole beneficiary of the trust which ultimately owned the apartment, she did not consider that the apartment was hers.   Rather, she believed – in accordance with her father's intention – that the apartment should continue to be held in trust for the benefit of her father's grandchildren by the defendant and Olympia De Castro.   *See* Exhibit A.   Therefore, on February 1, 2019, Maria Lucia Hernandez assigned ownership of the membership interests of 3 GPW LLC (which also transferred ownership of the apartment 3 Gramercy Park West) to the DC 2019 Irrevocable Trust (DC Trust).   *See* Exhibit I (Assignment and Assumption of Limited Liability Company Membership Interest in 3 Gramercy Park West, LLC).   As the sole member of 3 GPW LLC (via the HH Master Settlement and GIOT), Maria Lucia consented to this assignment.   *See* Exhibit J (Consent to Assignment and Assumption of Limited Liability Company Membership Interest in 3

---

[1] When Mr. Hernandez Romero passed away in 2006, Maria Lucia became the Beneficiary of the HH Master Settlement.   Because the documents showed that ownership of 3 Gramercy Park West flowed to her, she was the one that acted to unwind or transfer the ownership of the apartment to the defendant's children.

Gramercy Park West, LLC).   The DC Trust accepted the assignment.   *See* Exhibit I.

The DC 2019 Irrevocable Trust (DC Trust), a United States trust domiciled in Florida, became effective February 1, 2019 and was created for the benefit of Mr. Hernandez Romero's grandchildren – Olympia and the defendant's children.   *See* Exhibit K (DC 2019 Irrevocable Trust); *see also* Exhibit L, at 86 (February 8, 2021 Transcript of Pre-Sentencing Hearing) (H.H. Trust assets, which were intended to benefit Gustavo Romero's grandchildren, were distributed to another irrevocable trust to be held for the benefit of Gustavo Romero's grandchildren.)   No other trust or entity owns the DC Trust.   *Id.* at 88.   The DC Trust is irrevocable, thus the grantor Ms. De Castro does not have the right or power to alter, amend, or revoke the Trust, but the DC Trust has the ability to receive additional property.   *See* Exhibit K at 1.

Once the ownership of 3 GPW LLC was assigned to the DC Trust, the Trustee held the apartment, 3 Gramercy Park West, for the benefit of G.H.D.C., F.H.D.C., and A.H.D.C.   Allison Domeneghetti, who is unrelated to the defendant, serves as the Trustee and Juan Carlos Gomez (G.H.D.C.'s, F.H.D.C's., and A.H.D.C.'s uncle) serves as the Protector of the DC Trust.   *Id.*   The DC Trust provides that "[t]he Trustee shall hold, manage, invest and reinvest the trust property," collect income, and apply the income and principal for the benefit of G.H.D.C., F.H.D.C., and A.H.D.C.   *Id.* at 2.   Like Maria Lucia and Olympia De Castro, Ms. Domeneghetti, the Trustee, understood that the intent of the Hernandez family trust was to benefit the grandchildren, Gustavo and Olympia's children, and the DC Trust was similarly created solely for the benefit of the children.   *See* Exhibit M, at 25, 27, 55 (February 18, 2021 Transcript of Pre-Sentencing Hearing).

By virtue of Maria Lucia's assignment, the DC Trust became the sole member of 3 GPW LLC.   *See* Exhibits N (3 Gramercy Park West LLC Limited Liability Company Agreement).

The DC Trust named Olympia De Castro, the mother of the beneficiaries, as the manager of 3 GPW LLC.   *See* Exhibits N and O (Unanimous Written Consent of the Members of 3 Gramercy Park West, LLC).   In keeping with Gustavo Hernandez Romero's wishes, although Ms. De Castro was the manager, the LLC agreement specifically stated that the manager did not have any ownership interest in the LLC's property.   *See* Exhibit N, at 11 (3 Gramercy Park West LLC Limited Liability Company Agreement).

Gustavo Hernandez Frieri is not a Grantor, Trustee, Protector, Beneficiary, or donor of the DC Trust.   *See* Exhibit K.   He is not associated with this Trust in any way.   Nor is he a member or manager of 3 GPW LLC.   *See* Exhibit N.

In addition, the defendant was not involved in assigning the membership rights of 3 GPW LLC to the DC Trust.   He was not part of the decision-making process and it was not his idea to make the assignment.   *See* Exhibits A and B.   And the defendant did not direct or authorize the assignment.   *See* Exhibit L, at 86 (February 8, 2021 Transcript of Pre-Sentencing Hearing).   The decision was made without him and the decision was motivated by Maria Lucia finalizing the goals of her father – to make sure that his grandchildren, and her nephews and niece, would be provided for.   *See* Exhibit A.

### The Sale of 3 Gramercy Park West by the DC 2019 Irrevocable Trust

Several months after the assignment, 3 GPW LLC sold the New York apartment, 3 Gramercy Park West.   In order to generate income for the children (G.H.D.C., F.H.D.C., and A.H.D.C.), the 3 GPW LLC manager tried to rent the apartment.   *See* Exhibit L, at 90 (February 8, 2021 Transcript of Pre-Sentencing Hearing).   A potential renter made a favorable offer to purchase the unit and the DC Trust decided to accept the offer.   *Id.*   Allison Domeneghetti, the

Trustee of the DC Trust which was the sole member of 3 GPW LLC, approved the sale.   *See* Exhibit P (3 GPW LLC Resolution of Sole Member).   The sale of the apartment was finalized in November 2019.   *See* Exhibit Q (Transfer of Title in the sale of 3 Gramercy Park West).

The proceeds from the sale of 3 Gramercy Park West were deposited into the DC Trust's checking account.   *See* Exhibit R (DC Trust Chase Checking Account, November 2019 statement).   A month later, the funds were transferred to the DC Trust's brokerage account.   *See* Exhibit S (DC Trust J.P. Morgan Brokerage Account, December 2019 statement pages reflecting deposit).   The defendant did not receive any of the proceeds from the sale of 3 Gramercy Park West.   *See* Exhibits R and S; *see also* D.E. 304-15.   The proceeds were also not used to benefit the defendant, pay for his attorneys, or pay any other expenses of the defendant's.   Allison Domeneghetti, as Trustee of the DC Trust, is the only individual with access to and control over the DC Trust bank accounts.   She did not provide any proceeds to the defendant or anyone on behalf of the defendant.   The defendant has no access to the DC Trust bank accounts.   *See* Exhibit M, at 75 (February 18, 2021 Transcript of Pre-Sentencing Hearing).

The DC Trust bank account funds and the proceeds from the sale of 3 Gramercy Park West were not included in the defendant and Ms. De Castro's January 2020 Marital Settlement Agreement because neither the defendant or Ms. De Castro owned 3 Gramercy Park West and neither individual was entitled to receive the proceeds.   *See* D.E. 262-6 (Marital Settlement Agreement).

### *The Purchase of the Brooklyn Townhouse, 314 Hicks Street*

In 2020, Petitioners decided to invest a portion of the funds in the DC Trust accounts by buying a townhouse at 314 Hicks Street, Brooklyn, New York (314 Hicks).   A rental property

could generate income to pay for the children's education and other needs. Because of the pandemic, the previous owners of 314 Hicks reduced their asking price by more than 25 percent making the purchase as good investment. *See* Exhibit L, at 94 (February 8, 2021 Transcript of Pre-Sentencing Hearing). The defendant was not part of the decision to purchase a new property and has never seen the townhouse. *See* Exhibit M, at 79-80 (February 18 Transcript of Pre-Sentencing Hearing).

A new limited liability company was formed for the purpose of owning and managing the townhouse. *See* Exhibit T (314 Hicks LLC Operating Agreement). On June 4, 2020, 314 Hicks LLC was incorporated in New York. *See* Exhibit U (314 Hicks LLC Articles of Organization); *see also* D.E. 294-20. The members of 314 Hicks LLC are the DC Trust (99.01%), G.H.D.C. (0.33%), F.H.D.C. (0.33%), and A.H.D.C. (0.33%). *See* Exhibit T (314 Hicks LLC Operating Agreement). The defendant serves no role in 314 Hicks LLC. *Id.*

Allison Domeneghetti, as Trustee of the Trust which was the majority member of 314 Hicks LLC, signed a sale contract to purchase 314 Hicks on June 5, 2020. *See* Exhibit V (314 Hicks Street Sale Contract). The newly-formed limited liability company completed the purchase of the townhouse in July 2020. *See* Exhibit W (NYC Dept. of Finance documents). The defendant's name does not appear on any paperwork related to 314 Hicks Street. *See* Exhibits T, U, V, W.

All of the funds used to purchase 314 Hicks came from the DC Trust accounts. Allison Domeneghetti, as Trustee of the DC Trust, transferred money from the DC Trust brokerage account to the DC Trust checking account, and then wired the funds from the checking account to an escrow account for the purchase of the townhouse. *See* Exhibit X (DC Trust JP Morgan

brokerage account, July 2020 statement pages reflecting transfer); Exhibit Y (DC Trust Chase checking account, July 2020 statement).   The defendant did not contribute any money for the purchase of the townhouse.   Additionally, none of the money from the defendant's offense was used to purchase 314 Hicks Street.

With the purchase and investment into 314 Hicks Street, Gustavo Hernandez Romero's wishes continued to be carried out – his grandchildren are currently minority owners of the townhouse, benefit from the income produced by the townhouse, and may become future owners of the townhouse as beneficiaries of the DC Trust.   The defendant, G.H.D.C., F.H.D.C., and A.H.D.C.'s father, does not benefit from the townhouse, own the townhouse, have the ability to sell the townhouse, and makes no decisions regarding the property.

### The Procedural History Regarding the Forfeiture of 314 Hicks Street

The defendant was indicted on August 16, 2018.   Neither the apartment at 3 Gramercy Park West or the townhouse 314 Hicks is included in the lengthy forfeiture allegations and list of substitute assets.   D.E. 19.

At the defendant's bond hearing on May 17, 2019, the Government represented to the Magistrate Judge that there was "a piece of property in New York that's [in] an irrevocable trust for the benefit of the kids that Mr. Hernandez has no interest in.   He is not a trustee nor beneficiary."   D.E. 101, at 10 (Bond Hearing transcript).   This piece of property was 3 Gramercy Park West.   The Government did not claim that the defendant ever owned the property.   *Id.*

On November 26, 2019, the defendant pleaded guilty and was convicted of Count 1 of the Indictment, conspiracy to commit money laundering.   Hernandez Frieri entered a Plea Agreement with the Government.   D.E. 163.   The defendant did not agree to forfeit 3 Gramercy Park West

or 314 Hicks as substitute assets.   *Id.*   At the time of his plea and conviction, he did not have any

interest in 3 Gramercy Park West, the proceeds from the sale of 3 Gramercy Park West, or 314

Hicks.

On January 11, 2021, the Court entered the Third Preliminary Order of Forfeiture, which

restrained the real property 314 Hicks.

On March 19, 2021, the Government filed a motion for fourth preliminary order of

forfeiture seeking the forfeiture of 314 Hicks Street as substitute property.   D.E. 344.

The Court issued its Fourth Preliminary Order of Forfeiture on March 26, 2021

preliminarily forfeiting 314 Hicks Street.   D.E. 353.   The Order provided that "[t]o the extent that

any other third party has an interest in any property sought through forfeiture proceedings, such

interest will be addressed after the property is preliminarily forfeited, in third-party ancillary

proceedings."   *Id.* at 2.

## III.   CLAIMS

Unlike civil forfeiture, which is an *in rem* proceeding against property, criminal forfeiture

is an *in personam* action designed to punish the defendant.   *United States v. Fleet*, 498 F.3d 1225,

1231 (11th Cir. 2007); *United States v. Gilbert*, 244 F.3d 888, 919 (11th Cir. 2001); *United States

v. Kennedy,* 201 F.3d 1324, 1329 (11th Cir. 2000).   Because the foundation of criminal forfeiture

is based on punishing the guilty defendant, only property <u>belonging to the defendant</u> is subject to

forfeiture.   21 U.S.C. § 853(a) and (p).   Further, because of the *in personam* nature of the

proceeding, the property itself is not forfeited, but only the defendant's interest in property may be

forfeited.   *Gilbert*, 244 F.3d at 919; *Kennedy*, 201 F.3d at 1329 (if criminal forfeiture reached

beyond the defendant's interest in property, such forfeiture would be *in rem*, not *in personam*).

Criminal forfeiture seeks to separate only the defendant from his criminal gains "while leaving undisturbed the interests of innocent third parties who are beyond the court's jurisdiction." *Gilbert*, 244 F.3d at 920.

Title 21, section 853(n)(6)(A) provides, with regard to third party interests, that if the court finds that "the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section … the court shall amend the order of forfeiture in accordance with its determination."   21 U.S.C. § 853(n)(6)(A).

### *Allison Domeneghetti*

Prior to February 2019, the HH Master Settlement held 100% of the interests of GIOT, which held 3 Gramercy Park West LLC, which owned 3 Gramercy Park West.   On February 1, 2019, Maria Lucia Hernandez, the sole beneficiary of the HH Master Settlement, assigned the membership interests in 3 Gramercy Park West LLC to the DC Trust.   The DC Trust accepted the assignment.   Upon the execution of the Assignment and Assumption of Limited Liability Company Membership Interest in 3 Gramercy Park West, LLC, the DC Trust and Allison Domeneghetti, as Trustee of the Trust, acquired title to and the legal interest in 3 Gramercy Park West.   Allison Domeneghetti, as Trustee of the DC Trust (which was the sole member of 3 GPW LLC), later sold 3 Gramercy Park West and deposited all of the proceeds into the DC Trust accounts.

Approximately seven months later, 314 Hicks LLC was formed to hold an interest in a

Brooklyn residential townhouse.   The Operating Agreement for this LLC named the DC Trust as a 99.01% member.   Allison Domeneghetti signed the 314 Hicks LLC Operating Agreement as the Trustee of the DC Trust.   The LLC then purchased the 314 Hicks townhouse in July 2020 – giving the Trustee, Ms. Domeneghetti, a vested legal right, title, and interest in 314 Hicks.   Allison Domeneghetti, as Trustee and majority member of 314 Hicks LLC, has a legal right, title, or interest in 314 Hicks which renders the Fourth Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in Domeneghetti rather than the defendant, or was superior to any right, title, or interest of the defendant, at the time of the commission of the acts which gave rise to the Fourth Preliminary Order of Forfeiture.   *See* 18 U.S.C. § 853(n).

### *314 Hicks LLC*

The Limited Liability Company 314 Hicks LLC has owned the real property 314 Hicks Street since July 2, 2020.   It has a legal right, title, or interest in 314 Hicks which renders the Fourth Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in 314 Hicks LLC rather than the defendant, or was superior to any right, title, or interest of the defendant, at the time of the commission of the acts which gave rise to the Fourth Preliminary Order of Forfeiture.   *See* 18 U.S.C. § 853(n).

### *G.H.D.C, F.H.D.C., and A.H.D.C.*

Since the time the apartment was acquired in 2005, Gustavo Hernandez Romero intended that 3 Gramercy Park West be held in trust for the benefit of the defendant's children, G.H.D.C, F.H.D.C., and A.H.D.C.   Although the children's names did not appear in the Hernandez family trust documents (HH Master Settlement, GIOT), these were Mr. Hernandez Romero's wishes.   In February 2019, the DC Trust was created and G.H.D.C, F.H.D.C., and A.H.D.C. were named as

beneficiaries of the DC Trust.   When Maria Lucia Hernandez, the children's aunt, assigned the membership interests in 3 Gramercy Park West LLC to the DC Trust and the DC Trust accepted the assignment, G.H.D.C, F.H.D.C., and A.H.D.C.'s interest became formalized in writing.   Their interest in 3 Gramercy Park West continued until the apartment's sale in November 2019.   After the sale, the DC Trust held the proceeds in DC Trust bank accounts for the benefit of G.H.D.C, F.H.D.C., and A.H.D.C.   No one else received the proceeds from the sale of the apartment.

In June 2020, 314 Hicks LLC was formed and purchased the 314 Hicks townhouse using the proceeds from the sale of 3 Gramercy Park West.   The DC Trust, G.H.D.C, F.H.D.C., and A.H.D.C. are the members of 314 Hicks LLC.   Thus, G.H.D.C, F.H.D.C., and A.H.D.C. have vested legal and equitable interests in 314 Hicks as beneficiaries of the DC Trust and partial owners of 314 Hicks LLC.   G.H.D.C, F.H.D.C., and A.H.D.C. each have a legal right, title, or interest in 314 Hicks which renders the Fourth Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was vested in G.H.D.C, F.H.D.C., and A.H.D.C. rather than the defendant, or was superior to any right, title, or interest of the defendant, at the time of the commission of the acts which gave rise to the Fourth Preliminary Order of Forfeiture.   *See* 18 U.S.C. § 853(n).

### Olympia De Castro

Olympia De Castro is G.H.D.C, F.H.D.C., and A.H.D.C.'s mother, legal guardian, and parent with sole custody and parental responsibility.   Ms. De Castro is also the grantor of the DC Trust and the manager of 314 Hicks LLC.   As the mother and guardian of G.H.D.C, F.H.D.C., and A.H.D.C., she has a legal right, title, or interest in 314 Hicks which renders the Fourth Preliminary Order of Forfeiture invalid in whole or in part because the right, title, or interest was

vested in Ms. De Castro rather than the defendant, or was superior to any right, title, or interest of the defendant, at the time of the commission of the acts which gave rise to the Fourth Preliminary Order of Forfeiture.   *See* 18 U.S.C. § 853(n).

## IV.   CONCLUSION

Courts have found that the Government's far-reaching forfeiture power has limits.   The plain language of section 853(p) provides that only the substitute "property of the defendant" may be forfeited to the Government.   21 U.S.C. § 853(p) (emphasis added).   *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996).   The defendant did not own 3 Gramercy Park West and does not own 314 Hicks.   Because Petitioners hold all legal right, title, and interest in 314 Hicks Street and the legal right, title, and interest is vested in Petitioners, not the defendant, or was superior to the defendant, Petitioners request a hearing to adjudicate the validity of their legal interests and to amend the Fourth Preliminary Order of Forfeiture and exclude the real property 314 Hicks.

WHEREFORE, 314 Hicks LLC, Allison Domeneghetti, Olympia De Castro, G.H.D.C, F.H.D.C., and A.H.D.C. respectfully moves this Court for a hearing to adjudicate the validity of their interest in the property and later to amend the forfeiture order and exclude 314 Hicks Street from any future forfeiture order.

Respectfully submitted,

| | |
|---|---|
| RABIN & LOPEZ, P.A. | MARKUS/MOSS PLLC |
| 800 Brickell Avenue | 40 N.W. Third Street |
| Suite 1400 | Penthouse One |
| Miami, Florida   33131 | Miami, Florida   33128 |
| Tel:   (305) 358-1064 | Tel: (305) 379-6667 |
| Fax:  (305) 372-1644 | Fax: (305) 379-6668 |
| Miamilawyer.com | markuslaw.com |

By:      /s/ Samuel J. Rabin, Jr.

Samuel J. Rabin, Jr.
Florida Bar Number 091870
sjr@miamilawyer.com
*Counsel for Allison Domeneghetti*

By:     /s/ A. Margot Moss

A. Margot Moss
Florida Bar Number 091870
mmoss@markuslaw.com

/s/ David Oscar Markus

David Oscar Markus
Florida Bar Number 119318
dmarkus@markuslaw.com

*Counsel for 314 Hicks LLC,*
*Olympia De Castro, and*
*G.H.D.C, F.H.D.C., and A.H.D.C.*

## VERIFICATION

     I have read the Verified Petition in this action.  Based on my personal knowledge and my review of records concerning the matters at issue in this action, the factual matters alleged in the Petition are accurate. In accord with 21 U.S.C. 853(n)(6), I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge and belief.

By: _____    Dated: ___4-28-2021___

    **Allison Domeneghetti**
    Trustee of the DC 2019 Irrevocable Trust,
    and Member of 314 Hicks LLC

By: _____    Dated: __4-29-2021__

    **G.H.D.C.** (minor child)
    Beneficiary of the DC 2019 Irrevocable Trust,
    and Member of 314 Hicks LLC
    Signed by Olympia De Castro, Parent and Legal Guardian
    of minor child, G.H.D.C.

By: _____    Dated: __4-29-2021__

    **F.H.D.C.** (minor child)
    Beneficiary of the DC 2019 Irrevocable Trust,
    and Member of 314 Hicks LLC
    Signed by Olympia De Castro, Parent and Legal Guardian
    of minor child, F.H.D.C.

By: _____    Dated: __4-29-2021__

    **A.H.D.C.** (minor child)
    Beneficiary of the DC 2019 Irrevocable Trust,
    and Member of 314 Hicks LLC
    Signed by Olympia De Castro, Parent and Legal Guardian
    of minor child, A.H.D.C.

By: _____    Dated: __4-29-2021__

    **Olympia De Castro**
    Parent and Legal Guardian of minor children,
    G.H.D.C., F.H.D.C., A.H.D.C.