UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

**UNITED STATES OF AMERICA**

vs.

**GUSTAVO ADOLFO HERNANDEZ FRIERI,**

    **Defendant.**
_____/

**IN RE:**

**OLYMPIA DE CASTRO,**

    **Third-Party Petitioner.**
_____/

## JOINT MOTION FOR A SCHEDULING ORDER

The United States of America, through the undersigned Assistant United States Attorneys, along with Counsel for Third-Party Petitioner, respectfully request the Court enter a scheduling order in this criminal forfeiture ancillary proceeding, regarding approximately $900,000 in proceeds from the sale of real property.

This proceeding is controlled by Criminal Rule 32.2. Under Rule 32.2, "the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." Third-Party Petitioner desires to take discovery, served discovery requests, and noticed depositions. In response, the Government served discovery requests, but does not believe discovery (including its own) is necessary or desirable in this case. Nevertheless, in an abundance of caution and to reach a hearing efficiently, the parties requests the Court enter a scheduling order pursuant to Fed. R.

Civ. P. 16 and L.R. 16.1.[1]

Pursuant to Local Rule 16.1(b)(2) following conference between the Government and counsel for Third-Party Petitioner, the parties report as follows:

(A) Settlement is unlikely;

(B) Additional parties are not likely to appear—the time to file a claim on the subject property expired March 16, 2021 (ECF No. 317);

(C) No additional time is necessary to join parties, amend pleadings, or to file and hear motions, and the discovery cut off should be June 4, 2021[2];

(D) The issues in this ancillary forfeiture proceeding already are narrow, the parties plan to stipulate to facts and admissibility of evidence, and the parties do not anticipate motions for summary judgment;

(E) There is no necessity or desirability to amend pleadings;

(F) The parties are willing to stipulate to admissibility of relevant and reliable documents, and to facts in efforts to streamline the hearing. Under Rule 32.2(b)(1)(B), evidence already in the record is admissible and may inform the Court's determination. The Court also may consider evidence that is "relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *accord United States v. Jafari*, 85 F. Supp. 3d 679, 684–85 (W.D.N.Y. 2015) ("[T]he traditional rules of evidence do not apply [to criminal forfeiture proceedings], and courts may consider hearsay and other inadmissible evidence so long as it is sufficiently reliable."), *aff'd*, 663 F. App'x 18 (2d Cir. 2016); *United States v. Ward*, 2017 WL 2881582, at *2 (W.D. Mich. July 5, 2017) (same) (citing cases).

(G) Because under Rule 32.2(b)(1)(B), all evidence already in the record is admissible, the Government intends to rely on testimony already in the record and may not call any live witnesses. Third-Party Petitioner expects to call live witnesses.

(H) This matter already is referred to Magistrate Judge Edwin G. Torres;

(I) The parties estimate a one-day hearing;

(J) The parties request a hearing the week of June 14, 2021;

(K) There is one forthcoming issue on privilege that will require the Court's attention.

---

[1] While Criminal Rule 32.2 provides for discovery according to the Civil Rules—if necessary or desirable, this ancillary proceeding is not on all fours with a plenary civil action, and not all deadlines and considerations apply.

[2] If the Court agrees with the Government that correspondence with the defendant concerning the subject property is discoverable (*see below "(K)"*), the Government may require additional time for follow-up discovery. Similarly, due to the ongoing pandemic (or otherwise), it remains possible a witness will become temporarily unavailable for deposition and the parties will require additional time to accommodate that witness.

Third-Party Petitioner asserts a joint-defense agreement with the defendant and contends correspondence including the defendant concerning the subject property does not waive privilege. The Government disagrees and will seek any documents purportedly withheld on this basis. While this dispute is not ripe as of writing because Third-Party Petitioner has not yet responded to the Government's discovery requests (which responses are not yet due), this explanation is responsive to L.R. 16.1(b)(2)(K). At the appropriate time, and presuming Third-Party Petitioner maintains her objection, the Government will raise the dispute according to L.R. 26(g)(1) and Your Honor's standing Order Setting Discovery Procedures.

(L) In the event the hearing is not scheduled as the parties propose, it is widely expected that criminal jury trials will resume in July as scheduled and the Government's schedules may shift, as may the Court's.

Further, pursuant to L.R. 16.1(b)(3), the parties propose the following schedule, which also is included in the accompanying order:

(A) Assignment to a particular track pursuant to Local Rule 16.1(a) is not applicable;

(B) All discovery to end by June 4, 2021;

(C) Nothing to agree to or be decided by the Court regarding ESI;

(D) No agreement on privilege;

(E) No additional parties are to be joined, and the deadline to amend the petition has passed;

(F) No dispositive pretrial motions are anticipated to be filed;

(G) Because no dispositive pretrial motions are anticipated to be filed, there is no date certain for the Court to resolve them;

(H) No proposed use of the Manual on Complex Litigation and no need for other rule variations;

(I) No pretrial conference to be held; and

(J) Hearing to be held during the week of June 14, 2021.

[Signature block on following page]

Respectfully submitted,

| DEVINE GOODMAN & RASCO, LLP | JUAN ANTONIO GONZALEZ<br>ACTING UNITED STATES ATTORNEY |
|---|---|
| By: _____/s/_____<br>Guy A. Rasco<br>Fla. Bar No.: 727520<br>2800 Ponce de Leon Blvd., Suite 1400<br>Coral Gables, FL 33134<br>Telephone: (305) 374-8200<br>grasco@devinegoodman.com<br>*Counsel for Third-Party Petitioner*<br>*Olympia De Castro* | By: _____/s/_____<br>Joshua Paster<br>Nalina Sombuntham<br>Assistant United States Attorney<br>Court ID No. A5502616<br>99 N.E. 4th Street, 7th Floor<br>Miami, Florida 33132-2111<br>Telephone: (305) 961-9342<br>Facsimile: (305) 536-4089<br>joshua.paster@usdoj.gov<br>nalina.sombuntham2@usdoj.gov<br>*Counsel for United States of America* |

Dated: May 3, 2021