UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

       Defendant,

_____/

314 HICKS LLC,

ALLISON DOMENEGHETTI,

OLYMPIA DE CASTRO,

G.H.D.C. (minor child),

F.H.D.C. (minor child), and

A.H.D.C. (minor child),

       Third-Party Petitioners.

_____/

**314 HICKS LLC'S, ALLISON DOMENEGHETTI'S,
OLYMPIA DE CASTRO'S, G.H.D.C.'S, F.H.D.C.'S, AND A.H.D.C.'S
REPLY IN SUPPORT OF THEIR VERIFIED PETITION**

One's perception is always shaded by the glass through which it looks.   Unfortunately, the

Government can only see the issues surrounding these forfeiture matters through a dark glass, and

therefore perceives everything in a negative and shaded way – when the reality is much different.

Petitioners' provided detailed facts and documents, establishing their legal right, title, and

interest in 314 Hicks Street which was vested in Petitioners, not the defendant or was superior to

the defendant's.   D.E. 383, at 3-12, Exhibits A to Y.   Petitioners briefly respond to the claims by

the Government.

**I.      By failing to submit a proper responsive pleading, the Government has admitted all the Petitioners' factual assertions.**

As an initial matter, because ancillary proceedings are civil in nature, an Answer is the

responsive pleading to a Verified Petition. Fed. R. Civ. P. 8(b)(1).   It must admit or deny each

allegation in the Petition.   *Id.*   The Government's Response failed to admit or deny any of the

detailed factual allegations asserted by the Petitioners.   D.E. 402.   As such, the Government has

admitted all of Petitioners' assertions.   Fed. R. Civil P. 8(b)(6).   In addition to admitting or

denying the Petitioners' allegations, an answer must also contain the Government's affirmative

defenses.   Fed. R. Civ. P. 12(b).   By failing to identify defenses in its responsive pleading, the

Government has waived them as well.   *Id.*

Based upon the Government's admissions to all the facts within the Petition – including

that the defendant never owned 3 Gramercy Park West or 314 Hicks – and lack of any defenses,

the Petitioners have established they have a vested interest, title, and right to 314 Hicks, not the

Government.

**II.     The Government's Response is based on speculation, not evidence, which cannot defeat Petitioners' claim.**

The defendant did not acquire or own the New York apartment, 3 Gramercy Park West.

The legal documents are clear that the entity 3 Gramercy Park West LLC (3 GPW LLC) owned

the apartment since it was acquired in 2005.   During the eight months between the signing of the

contract and finalizing the purchase, 3 GPW LLC's ownership was openly and unquestionably

established.   3 GPW LLC was formed to purchase the apartment and identified as the sole trust

asset within the defendant's father's trust (Gramercy Irrevocable Operating Trust).[1]   Upon

closing, a deed was issued to 3 GPW LLC.   The defendant never had any interest in his father's

trusts (as grantor, trustee, or beneficiary) and never owned 3 GPW LLC.   Although the defendant

could have created and owned an LLC to hold the apartment, he did not.[2]   Similarly, he did not

form a trust of his own to hold the apartment.   The defendant did not do these things because he

was not the owner of the apartment.

The Government would have the Court believe that the ownership of the apartment by the

LLC and the defendant's father's trusts was a fiction.   By making this claim, it suggests that a

grantor (Gustavo Hernandez Romero), an initial Trustee (Banco Atlántico), a successor Trustee

(Americas Fiduciary and its Director), 2 contingent beneficiaries (Maria Lucia Hernandez and

Maria Helena Hernandez), a Protector (H&H Protectors, which included Cesar Hernandez), and

lawyers (who were engaged to form trust and LLC documents) all conspired and participated in a

fantasy to pretend that an LLC and trust owned the apartment in order to hide that the true owner

was Gustavo Hernandez Frieri.   And that they all agreed to participate in this illusion since 2005

– 11 years before the defendant ever met Abraham Ortega and 13 years before he was ever

criminally charged in an effort to defeat a forfeiture claim 16 years in the future.   This simply is

not the case.

Moreover, it ignores the sworn testimony that multiple individuals have given of their

knowledge, understanding, and belief that Gustavo Hernandez Romero intended that 3 Gramercy

---

[1] Gramercy Irrevocable Trust itself was a trust asset of the defendant's father's trust, the HH Master Settlement.

[2] Prior to the closing, the defendant represented to others that an LLC would be formed to own the apartment, and that LLC would be owned by him or his family.   *See* 383-3.

Park West be held for the benefit of his grandchildren, the children of the defendant and Olympia De Castro – not for the benefit of the defendant. *See* Affidavit of Maria Lucia Hernandez, D.E. 383-1; Affidavit of Juan Carlos Gomez, D.E. 383-2; Testimony of Olympia De Castro, D.E. 383-12; Testimony of Allison Domeneghetti, D.E. 383-13.   This intent and belief existed long before the Government's case and any alleged motive to secrete assets.   This intent – to benefit Hernandez Romero's grandchildren – was the motivation for the transfer of 3 Gramercy Park West from the Hernandez family trusts to the DC 2019 Irrevocable Trust in February 2019.   The sole beneficiary of Hernandez Romero's trusts, Maria Lucia Hernandez, acted in furtherance of her father's intent by passing ownership of the apartment intended to benefit the grandchildren (her niece and nephews) to an irrevocable trust, created solely for the benefit of Hernandez Romero's grandchildren.[3]  The Government cannot ignore Gustavo Hernandez Romero's intent because it does not fit their shaded narrative.

Further, the fact that the transfer occurred from an aunt to an irrevocable trust that benefits the donor's niece and nephews does not invalidate the gift of the apartment to the DC 2019 Irrevocable Trust.   Florida trust law permits the gifting of assets to a trust by a known party and provides that more than one person can contribute property to a trust.   Fla. Stat. § 736.0103; Restatement (Third) of Trusts §§ 3, 10 ("After a trust is created … additional property ordinarily may be added to the trust by the original settlor or settlors or by one or more others.").   Parents, grandparents, and relatives create trusts for the benefit of their children and family members every

---

[3] The Government is incorrect that 3 Gramercy Park West was transferred to Olympia De Castro. D.E. 402, at 8 ("the Gramercy Apartment was transferred after his arrest to his then-wife De Castro").   The record is clear that the apartment was transferred to the DC 2019 Irrevocable Trust, not to Ms. De Castro.   D.E. 383-9.

day and gift assets to those trusts.  A Trustee must accept the gift into the trust unless the trust instrument does not allow it.  Here, the DC 2019 Irrevocable Trust specifically provided that "[t]he Grantor or any other person with the consent of the Trustee shall have the right from time to time to add property to the DC 2019 Irrevocable Trust."  D.E. 383-18.  Accordingly, Maria Lucia had every legal right to assign the membership interests of 3 GPW LLC to transfer the apartment to an irrevocable trust for the benefit of her brother's children.

The Government implies that because, in its view, the transfer did not occur "perfectly" on paper that it means the Petitioners do not have a valid claim.  It complains of "discrepancies in the paper trail" or points to the alleged "suspect" timing of the transfer.  These diversions do nothing to advance its baseless argument that the defendant owned 3 Gramercy Park West or the transfer was not real.  It ignores that the assignment of the apartment took place between an LLC and irrevocable trusts, with which the defendant had no involvement, into an irrevocable trust, with which the defendant has no connection.  This is not a case where a husband passed title to real property he owned (and continued to control) to his wife in order to avoid creditors.  D.E. 402 (Government cited civil case of a defendant who transferred property to his wife after a lawsuit for damages was filed against him).  The Government is incorrect in stating that "3 GPW LLC was transferred from the Defendant."  D.E. 402, at 7.  The defendant played no part in the transfer.  He did not participate in the transfer, direct it, or decide that it should happen – because the property was not his to assert authority over.  Not only did the defendant not participate in the transfer, he additionally did not have possession or control of the property after the transfer, sell the property, receive any proceeds from the sale of the apartment, have access to the bank accounts which held the proceeds from the sale, decide what should be done with the proceeds, choose

another investment for the benefit of the children, form a new limited liability company, purchase a townhouse,[4] locate a renter for the townhouse, manage the 314 Hicks townhouse for the benefit of the children, or pay any expenses associated with any of these entities.   It is the Petitioners who took these actions and performed these tasks because they were the ones with a legal right, title, and interest in 3 Gramercy Park West, and now in 314 Hicks.   Petitioners also note that 3 Gramercy Park West was sold to an unrelated third party after the February 1, 2019 transfer took place.   During that sale, no one (including the purchaser and title insurance company) complained that title to the property was flawed because the previous transfer of the 3 GPW LLC to the DC 2019 Irrevocable Trust did not occur in an arms-length transaction for reasonably equivalent consideration or because of paper discrepancies.   Thus, no matter how much the Government laments about timing and paper discrepancies, the defendant's lack of interest, right, and title in 3 Gramercy Park West defeats its claim.   Simply put, the defendant never owned or had title to 3 Gramercy Park West, so the Government can have no interest to forfeit.

Petitioners are "other than the defendant" under 21 U.S.C. § 853(n).   The Petitioners legal right, title, and interest in 314 Hicks is absolute.   They are not nominees for the defendant.   The defendant has absolutely no ownership, interest, or control of 314 Hicks Street.

---

[4] Again the Government errs by stating that money "from the sale of artwork attributable to the Defendant and not his father … was used to purchase the 314 Hicks Brooklyn Townhouse."   D.E. 402, at 8.   There is no evidence that supports the Government's claim that any money used to purchase 314 Hicks came from art owned by the defendant.   In 2019, the DC Trust received $997,000 from the sale of artwork owned by Hernandez Romero's Trusts (in which the defendant had no interest).   The Government has previously filed documents listing art allegedly owned and insured by the defendant, including a Kai Althoff painting valued at $24,000.   D.E. 364-3.   The Government has no proof that the defendant owned or had an interest in the artwork sold in 2019 by the Hernandez Romero trust for $997,000, where the proceeds were placed in the DC Trust. There was no asset of the defendant sold and used to fund the purchase of 314 Hicks.

\*\*\*

Petitioners do not oppose all parties conducting reasonable discovery prior to an ancillary hearing.

Respectfully submitted,

RABIN & LOPEZ, P.A.
800 Brickell Avenue
Suite 1400
Miami, Florida   33131
Tel:   (305) 358-1064
Fax:   (305) 372-1644
Miamilawyer.com

By:     _/s/ Samuel J. Rabin, Jr.
Samuel J. Rabin, Jr.
Florida Bar Number 273831
sjr@miamilawyer.com
*Counsel for Allison Domeneghetti*

MARKUS/MOSS PLLC
40 N.W. Third Street
Penthouse One
Miami, Florida   33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:     /s/ A. Margot Moss
A. Margot Moss
Florida Bar Number 091870
mmoss@markuslaw.com

/s/ David Oscar Markus
David Oscar Markus
Florida Bar Number 119318
dmarkus@markuslaw.com

*Counsel for 314 Hicks LLC,*
*Olympia De Castro, and*
*G.H.D.C, F.H.D.C., and A.H.D.C.*