UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

## OLYMPIA DE CASTRO'S RESPONSES TO UNITED STATES' FIRST AND SECOND REQUESTS FOR PRODUCTION

Third-Party Petitioner Olympia De Castro (De Castro), by and through undersigned counsel, and Pursuant to 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, Rules 26 and 34 of the Federal Rules of Civil Procedure, responds and objects to the United States' First and Second Requests for Production of Documents (Requests numbers 2, 3, and 4).

Dated this 26th day of May 2021.

                                        Respectfully submitted,

                                        DEVINE GOODMAN & RASCO, LLP
                                        2800 Ponce de Leon Blvd., Suite 1400
                                        Coral Gables, FL 33134
                                        Tel: 305-374-8200
                                        Email: grasco@devinegoodman.com

                                        */s/ Guy A. Rasco*
                                        Guy A. Rasco., Esq. (F.B.N.: 727520)
                                        Robert J. Kuntz, Jr., Esq. (F.B.N.: 094668)
                                        *Attorneys for Third-Party Petitioner*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 26th day of May, 2021, via email on all parties of record.

                                         /s/ *Guy A. Rasco*
                                         Guy A. Rasco

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 2:**

All Documents between you and Gustavo Adolfo Hernandez Frieri concerning the forfeited Assets.

**RESPONSE TO REQUEST NO. 2**:

**Objection. Production would result in violation of the marital communications privilege.**

**The marital communications privilege is one of two sorts of marital privilege long recognized by the Courts.** *See e.g., United States v. Singleton*, **260 F.3d 1295, 1297 (11th Cir. 2001), citing** *Trammel v. United States*, **445 U.S. 40, 50-51 (1980);** *United States v. Entrekin*, **624 F.2d 597, 598 (5th Cir.1980);** *United States v. Mendoza*, **574 F.2d 1373, 1379 (5th Cir.1978). "The marital communications privilege excludes information privately disclosed between husband and wife in the confidence of the marital relationship."** *Michael K. Sheils Trust v. Kuhn*, **2010 WL 11507727, at \*2 (M.D. Fla. Feb. 26, 2010) (***quoting U.S. v. Abram***, 171 F. App'x 304, 309-10 (11th Cir. 2006) (***citing Trammel v. United States* **at 50-51).**

**Olympia de Castro and Adolfo Hernandez Frieri were married in April 2007. They divorced on Feb. 10, 2020. Their communications during this period fall squarely into marital communication privilege and are not subject to discovery.**

**Objection. No response to this request is possible without the impermissible invasion of de Castro's attorney-client communications and work product doctrine privileges. Insofar as she shared any attorney-client communications or attorney work product with Mr. Hernandez and his counsel, such sharing of information does not act as a waiver of these privileges because the information and communications were shared subject to a Joint Defense Agreement predicated on a common legal interest. De Castro is willing to provide to the Court (***ex parte***, for** *in camera* **review, an affidavit of counsel setting forth the details of this Joint Defense Agreement and the underlying common interest and shared legal strategy.)**

**REQUEST FOR PRODUCTION NO. 3:**

All Documents between you, Gustavo Adolfo Hernandez Frieri, and anyone at Devine Goodman & Rasco, LLP concerning the Subject Forfeited Assets.

**RESPONSE TO REQUEST NO. 3**:

**Objection. No response to this request is possible without the impermissible invasion of de Castro's attorney-client communications and work product doctrine privileges. Insofar as she shared any attorney-client communications or attorney work product with Mr. Hernandez and his counsel, such sharing of information does not act as a waiver of these privileges because the information and communications were shared subject to a Joint Defense Agreement predicated on a common legal interest. De Castro is willing to provide to the Court (*ex parte*, for *in camera* review, an affidavit of counsel setting forth the details of this Joint Defense Agreement and the underlying common interest and shared legal strategy.)**

**REQUEST FOR PRODUCTION NO. 4:**

All Documents between Gustavo Adolfo Hernandez Frieri and anyone at Devine Goodman & Rasco, LLP concerning the Subject Forfeited Assets.

**RESPONSE TO REQUEST NO. 4**:

**Objection. No response to this request is possible without the impermissible invasion of de Castro's attorney-client communications and work product doctrine privileges. Insofar as she shared any attorney-client communications or attorney work product with Mr. Hernandez and his counsel, such sharing of information does not act as a waiver of these privileges because the information and communications were shared subject to a Joint Defense Agreement predicated on a common legal interest. De Castro is willing to provide to the Court (*ex parte*, for *in camera* review, an affidavit of counsel setting forth the details of this Joint Defense Agreement and the underlying common interest and shared legal strategy.)**