UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

       Defendant.
                                                /

IN RE:

MARIA LUCIA HERNANDEZ,
GRAMERCY IRREVOCABLE OPERATING
TRUST,
AMERICAS FIDUCIARY LTD.,
3 GRAMERCY PARK WEST LLC, and
HH MASTER SETTLEMENT TRUST,

       Third-Party Petitioners.
                                               /

**UNITED STATES' MOTION TO DISMISS SECOND JOINT PETITION [ECF NO. 418]
CLAIMING PRELIMINARILY FORFEITED REAL PROPERTY LOCATED AT
<u>314 HICKS STREET, BROOKLYN, NEW YORK</u>**

Pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States" or the "Government"), by and through the undersigned Assistant United States Attorneys, hereby respectfully move to dismiss the Notice of Claim, Verified Petition and Request for Hearing to Adjudicate the Validity of Their Interest in Real Property (the "Second Joint Petition") [ECF No. 418] filed by Petitioners Maria Lucia Hernandez, Gramercy Irrevocable Operating Trust, Americas Fiduciary Ltd., 3 Gramercy Park West LLC, and HH Master Settlement Trust (collectively, the "Second Petitioners").

In the Second Joint Petition, the Second Petitioners request that the Court impose a constructive trust so they can assert an equitable claim to real property located at 314 Hicks Street,

Brooklyn, New York 11201 (the "314 Hicks Brooklyn Townhouse"), which was forfeited, pursuant to 21 U.S.C. § 853(p) and subject to third-party interests, as the substitute property of Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant"). *See* Second Joint Petition, ECF No. 418; see *also* Hernandez 4th Preliminary Order of Forfeiture, ECF No. 353. The Second Petitioners, however, which include the Defendant's sister, his family's trusts, and a dissolved entity, fail to meet basic pleading requirements set forth in 21 U.S.C. § 853(n)(3), and do not allege facts sufficient to establish any constructive-trust claim in the Second Joint Petition. Furthermore, the limited facts alleged in the Second Joint Petition echo a prior petition claiming the 314 Hicks Brooklyn Townhouse (the "First Joint Petition") that was filed by Petitioners Olympia De Castro ("De Castro"), Allison Domeneghetti ("Domeneghetti"), G.H.D.C., F.H.D.C., A.H.D.C., and 314 Hicks LLC (collectively, the "First Petitioners"). *See* First Joint Petition, ECF No. 383. The Second Petitioners thus reveal that they do not have a distinct interest in the forfeited property, and intervene only to re-litigate issues that necessarily would be determined by the Court in reviewing the First Joint Petition. Accordingly, the principles of equity and fairness do not warrant the imposition of a constructive trust, and the Court should dismiss the Second Joint Petition for lack of standing. In support of this motion, the United States submits the following factual and legal bases.

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.  Criminal Case and Forfeiture Orders

On August 16, 2018, a federal grand jury returned an Indictment charging the Defendant and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts. *See* Indictment, ECF No. 19.

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163. In his Plea Agreement, the Defendant agreed "to liquidate assets, or complete any other tasks which will result in the immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the [United States Attorney's] Office." Hernandez Plea Agreement ¶ 14. He also agreed that "he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of this Office, until his forfeiture money judgment is paid in full." *Id.* ¶ 15.

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant and imposed a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175.

On December 23, 2020, the Court referred all forfeiture-related motions to U.S. Magistrate Judge Edwin G. Torres. *See* Order, ECF No. 268.

On March 26, 2021, the Court entered the Fourth Preliminary Order of Forfeiture, which forfeited, pursuant to 21 U.S.C. § 853(p) and subject to third-party interests, the 314 Hicks Brooklyn Townhouse, which is the property at issue here. *See* Hernandez 4th Preliminary Order of Forfeiture, ECF No. 353.

On April 30, 2021, in addition to the previously entered preliminary orders of forfeiture, the Defendant was sentenced to 46 months of imprisonment, to be followed by three years of supervised release, a fine of $50,000, and a special assessment of $100. *See* Minute Entry, ECF No. 388; Am. Judgment, ECF No. 403.

### B. Notices of Forfeiture and Publication

In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States sent, via FedEx, direct notice of the Fourth Preliminary Order of Forfeiture to the following potential claimants: 314 Hicks LLC; De Castro; Domeneghetti; and DC 2019 Irrevocable Trust. *See* Gov't Ex. A, ECF No. 402-1 (Direct Notice & FedEx Confirmations).[1] Such notices were delivered on March 30, 2021, except for one notice that was sent to 314 Hicks LLC's address. *See id.*

In addition, on May 5, 2021, the notice of the forfeiture was posted on the 314 Hicks Brooklyn Townhouse in an open and conspicuous manner by law enforcement agents. *See* Return of Executed Service, ECF No. 401.

In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, notice of the forfeiture also was posted on an official government website, www.forfeiture.gov, for at least 30-consecutive days, beginning on March 30, 2021. *See* Decl. of Publication, ECF No. 400.

### C. Pre-Sentencing Hearing and Third-Party Joint Petitions

On February 8, 2021, Daniel Holtz and De Castro testified during the first day of the Defendant's pre-sentencing hearing on financial matters, held before U.S. Magistrate Judge Edwin

---

[1] Second Petitioners assert that Government failed to provide them with direct notice as required by Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure. *See* Second Joint Petition 5. Rule 32.2(b)(6), however, requires the Government only to "send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Fed. R. Crim. P. 32.2(b)(6). Second Petitioners have asserted a claim to the 314 Hicks Brooklyn Townhouse based on a not-yet-recognized constructive trust. They reasonably were not considered potential claimants, and as set forth in this motion, lack standing. Regardless, the Second Petitioners were on actual notice of the forfeiture of the 314 Hicks Brooklyn Townhouse, and have timely filed a petition. *See also* 21 U.S.C. § 853(n)(2) (stating that United States shall publish a preliminary order of forfeiture and "may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the property").

4

G. Torres.  *See* Minute Entry, ECF No. 295; *see also* 2/8/2021 Pre-Sentencing Hearing Tr., ECF No. 303 (also filed as Gov't Ex. A, ECF No. 323-1, and First Petitioners' Ex. L, ECF No. 383-12).

On February 18, 2021, Domeneghetti testified during the second day of the Defendant's pre-sentencing hearing on financial matters, also held before Magistrate Judge Torres.  *See* Minute Entry, ECF No. 305; *see also* 2/18/2021 Pre-Sentencing Hearing Tr., ECF No. 352 (also filed as First Petitioners' Ex. M, ECF No. 383-13).

On April 29, 2021, the First Petitioners filed the First Joint Petition claiming the 314 Hicks Brooklyn Townhouse.  *See* First Joint Petition, ECF No. 383.

On May 12, 2021, the United States filed a Response to the First Joint Petition.  *See* U.S. Resp. to First Joint Petition, ECF No. 402.

On May 28, 2021, Second Petitioners filed the Second Joint Petition also claiming the 314 Hicks Brooklyn Townhouse.  *See* Second Joint Petition, ECF No. 418.

## II.  LEGAL STANDARD

Rule 32.2 of the Federal Rules of Criminal Procedure 32.2 specifically authorizes the Court, on motion, to dismiss a third-party petition for "for lack of standing, for failure to state a claim, or for any lawful reason."  Fed. R. Crim. P. 32.2(c)(1)(A).  In addition, because ancillary forfeiture proceedings essentially are civil in nature, a petition may be dismissed by a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.  *See United States v. Gilbert*, 244 F.3d 888, 907 (11th Cir. 2001); *United States v. Cohen*, 243 F. App'x 531, 534 (11th Cir. 2007).  Prior to discovery or a hearing, a motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure.  *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009) (citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)).

When deciding a motion to dismiss, the Court presumes the facts set forth in the petition to be true. Fed. R. Crim. P. 32.2(c)(1)(A). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (establishing same standard for a Rule 12(b)(6) motion); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (same). To survive, a petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Although at the pleading stage a petition's allegations need not be proven, the petition "must do more than simply assert" the petitioner's interest, or "state that interest in a conclusory fashion." *United States v. Kokko,* No. 06–cr–20065*,* 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007). "The showing may not be a heavy burden, but it is a burden nonetheless." *Id.*

### III.  ARGUMENT

#### A. The Second Joint Petition Fails To Comply With Statutory Pleading Requirements, and Is Subject to Dismissal Without Hearing.

A third-party petition claiming an interest in preliminarily forfeited property must "be signed by the petitioner under penalty of perjury and . . . set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The Court may dismiss a petition for failing to these meet statutory pleading requirements. *See* Fed. R. Crim. P. 32.2(c) advisory committee's note (2000) (quoting *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("If a third party fails to allege in its petition all requisite elements, the court may dismiss the petition without providing a hearing.")).

The Second Joint Petition fails to meet the pleading requirements in two material respects. First, it fails adequately to set forth whether each of the Second Petitioners have signed under penalty of perjury. *See* 21 U.S.C. § 853(n)(3). The Second Joint Petition is signed by Maria Lucia

Hernandez and Timothy D. Richards, but does not specify for which of the Second Petitioners they are verifying. *See* Second Joint Petition 10. Maria Lucia Hernandez is one of the Second Petitioners, and can verify for her herself. However, it is unclear whether she or Timothy D. Richards have authority to execute on behalf of any of the other Second Petitioners, which consist of Gramercy Irrevocable Operating Trust, Americas Fiduciary Ltd., 3 Gramercy Park West, LLC, and HH Master Settlement Trust. "Because of the substantial danger of false claims in forfeiture proceedings, federal courts require strict compliance with this requirement." *United States v. Lamid*, 663 F. App'x 319, 323 (5th Cir. 2016) (dismissing petitioner's claim for failure to sign her petition) (citing *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011)). Accordingly, the Second Joint Petition should be dismissed. *Id.* at 323-35 (upholding dismissal of petitioner-mother's petition when defendant-son signed on her behalf); *United States v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 150841, at *3 (S.D. Fla. Jan. 13, 2015) (noting that strict compliance with statutory requirements discourages "false or frivolous claims," and dismissing petitions that were not signed under penalty of perjury).

Second, although the Second Petitioners assert an interest in the 314 Hicks Brooklyn Townhouse based on "an equitable lien and constructive trust," they fail to set forth the nature and extent of such interest, or the time and circumstances of their acquisition. *Compare generally* Second Joint Petition *with* 21 U.S.C. § 853(n)(3). A constructive trust, despite being an equitable remedy, may serve as a cognizable, legal interest under 21 U.S.C. § 863(n)(6)(A) in forfeited property. *See United States v. Shefton,* 548 F.3d 1360, 1365 (11th Cir. 2008); *see also* Second Joint Petition 3 (quoting *Shefton*). But an equitable remedy is not automatically conferred by the Court. The Second Petitioners must allege sufficient facts to demonstrate that they are entitled to a constructive trust under the relevant state law, and in line with principles of equity and fairness.

7

*See United States v. Ramunno,* 599 F.3d 1269, 1274 n.2, 1275-76 (11th Cir. 2010) (clarifying that *Shefton* did not reach the threshold state-law question of whether a constructive trust exists, and upholding district court's dismissal of petitioner's claim because it found a constructive trust was not warranted).

Despite such requirement, the Second Joint Petition vaguely asserts only that "[u]nder both Florida and New York law, a constructive trust is imposed and an equitable lien is created where, even though no wrongdoing was committed or intended, property of another is acquired under circumstances where authority was lacking for the transfer, such that transfer by which acquisition occurred is deemed invalid." *See* Second Joint Petition 3. Even assuming that statement were correct, it does not meet the Second Petitioners' pleading requirement. The Second Petitioners do not elaborate on the elements that warrant the imposition of a constructive trust under any state law, and fail to specify facts that would entitle them to such an extraordinary remedy.[2] Thus, the Second Joint Petition should be dismissed for failing to plead facts setting forth the nature and extent of the Second Petitioners' claimed interest, and the time and circumstances of their acquisition. *See United States v. Caruthers,* 765 F.3d 843, 845-46 (8th Cir. 2014) (affirming

---

[2] For instance, under Florida law, "[a] constructive trust is one raised by equity in respect to property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1025 (Fla. Dist. Ct. App. 1996) (quoting *Quinn v. Phipps*, 93 Fla. 805, 113 So. 419, 422 (1927)). To be entitled to such extraordinary relief, the Second Petitioners must prove, by clear and convincing evidence: "(1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Id.* (internal citations omitted); *Ryan v. Lobo De Gonzalez*, 921 So. 2d 572, 573 (Fla. 2005); *Saporta v. Saporta*, 766 So. 2d 379, 381 (Fla. 3d Dist. Ct. App. 2000); *Maio v. Clarke*, 255 So. 3d 369, 371 (Fla. 4th Dist. Ct. App. 2018). The Second Joint Petition does not explain how the Second Petitioners meet any of these elements under Florida law, or any constructive-trust elements under New York or any other law. *See generally* Second Joint Petition.

dismissal when third-party petitioner failed to explain nature, extent, or circumstances of interest in forfeited property).

### B. The Second Joint Petition's Deficiencies Also Require Dismissal of the Second Petitioners for Lack of Standing

By failing to comply with their pleading requirements, the Second Petitioners underscore their lack standing to intervene and claim the 314 Hicks Brooklyn Townhouse in these criminal forfeiture ancillary proceedings. "Standing in forfeiture cases has both constitutional and statutory aspects." *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007). Constitutional Article III standing requires a petitioner to establish an "injury-in-fact" that is connected to the complained-of conduct, and to show that such injury is likely to be redressed by a favorable decision. *United States v. Henry*, 621 F. App'x 968, 971-72 (11th Cir. 2015) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). Statutory standing requires compliance with the prerequisites of 21 U.S.C. § 853(n)(2), which oblige a petitioner to be a person "other than defendant" asserting a "legal interest in the property which has been ordered forfeited to the United States." *See United States v. Parenteau*, 647 F. App'x 593, 598 (6th Cir. 2016) (upholding dismissal of third-party petition because claimant was defendant's alter ego and lacked statutory standing). "The party invoking federal jurisdiction bears the burden of proving standing." *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000) (citing *Lujan,* 504 U.S. at 561); *see also Gilbert*, 244 F. 3d at 911. If a third-party petitioner lacks standing, the Court need not address the substantive merits of their claim. *See United States v. Masilotti*, 510 F. App'x 809, 810 n.2 (11th Cir. Feb. 22, 2013).

As discussed above, the Second Petitioners have not all signed the Second Joint Petition under penalty of perjury. This failure draws attention to the status of the Second Petitioners, many of which are entities and trusts that the record to date suggests are defunct and cannot have

authorized representatives who can sign on their behalf.[3] For instance, De Castro, who is the Defendant's ex-wife and one of the First Petitioners, previously testified that HH Master Settlement Trust, one of the Second Petitioners, may no longer exist. *See* 2/8/2021 Hr'g Tr. 73:9-73:11, ECF No. 323-1 (De Castro testifying that "I'm not sure [HH Master Settlement Trust] exists anymore."). If Gramercy Irrevocable Operating Trust similarly has expired, then Americas Fiduciary Ltd., another one of the Second Petitioners, also has no authority to intervene in this action as its trustee. *See* Second Petitioners' Ex. C, ECF No. 418 at 17 (trustee for Gramercy Irrevocable Operating Trust). Finally, 3 Gramercy Park West, LLC, a New York company and also one of the Second Petitioners, was dissolved over a year ago.[4] *See* Gov't Hr'g Ex. 12, ECF No. 294-12 (3 Gramercy Park West, LLC Entity Information). De Castro previously testified, "I made this company go inactive, May 14, 2020." 2/8/2021 Hr'g Tr. 78:13-78:15. Thus, the Second Petitioners have failed to establish their standing and capacity to bring the Second Joint Petition. *See* Fed. R. Civ. P. 17(b) (for most parties other than individuals and corporations, the capacity to sue or be sued is determined by the law of the state where the court is located); *cf. Paradise*

---

[3] "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.,* 921 F.2d 1190, 1203 n.42 (11th Cir.1991)). Standing may be challenged facially, requiring the district court to presume the facts set forth in the petition to be true and determine whether petitioner has sufficiently alleged a basis for standing. *See id.* at 1232-33 (citing *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1250 (11th Cir.2007); *see also* Fed. R. Crim. P. 32.2(c)(1)(A) (stating that for a motion to dismiss, the facts in the petition are presumed true). Standing also may be challenged factually, permitting the district court to use "material extrinsic from the pleadings." *See Stalley*, 524 F.3d at 1233.

[4] At the time of dissolution, it appears that, on paper, 3 Gramercy Park West, LLC's sole member was DC 2019 Irrevocable Trust. *See, e.g.,* Gov't Hr'g Ex. 16, ECF No. 294-16 (3 Gramercy Park West, LLC Resolution of Sole Member). DC 2019 Irrevocable Trust is not one of the Second Petitioners and has not signed under penalty of perjury the Second Joint Petition on behalf of 3 Gramercy Park West, LLC. *See* N.Y. LLC Law § 703 (upon limited liability company's dissolution, authorizing members to wind up affairs only).

*Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309-10 (Fed. Cir. 2003) (in federal patent case, upholding dismissal for lack of standing suit brought by Florida corporation that was dissolved at the time suit was filed). *Accord* Order Requiring Sworn Statements, *United States v. Javat et al*, Case No. 18-20668-CR-DMM, ECF No. 698 (granting Government's motion to show cause, and ordering corporate third-party petitioners to provide sworn statements on current list of representatives authorized to make litigative decisions and authorization to do so); Order, *United States v. Tardon et al*, 11-20470-CR-JAL/JG, ECF No. 869 (ordering corporate representative for third-party petitioners to produce power of attorney to affirm authority to act on their behalf).

The other, above-described material pleading deficiency in the Second Joint Petition—its failure to allege sufficient facts for a constructive trust—also establishes the Second Petitioners' lack of standing. In the Second Joint Petition, the Second Petitioners make clear that they would yield to the First Petitioners' claim to the 314 Hicks Brooklyn Townhouse. *See* Second Joint Petition 4-5. They seek to intervene only to avoid the "unwarranted forfeiture" of the property to the United States; the implication is that a denial of the First Joint Petition would somehow entitle them to the Court's imposition of a constructive trust in their favor. *See* Second Joint Petition 2-3.[5] Such reasoning miscasts the United States' position on the First Petitioners, and misrepresents the scope of the Court's inquiry when considering the First Joint Petition. Should the Court decide

---

[5] For support, the Second Petitioners cite to *In re Rothstein, Rosenfeldt, Adler, P.A.*, 717 F.3d 1205, 1215 (11th Cir. 2013). *See* Second Joint Petition 2. However, it is unclear how the Eleventh Circuit's decision in *Rothstein* is applicable here. In *Rothstein*, the petitioner, a bankruptcy trustee, claimed forfeited assets as part of the bankruptcy estate, and the Eleventh Circuit remanded for the district court's consideration of the trustee's claim, which had been dismissed. *See Rothstein*, 717 F.3d at 1209-11, 1215. But here, the Second Petitioners are not bankruptcy trustees and are not contending that the 314 Hicks Brooklyn Townhouse is part of any bankruptcy estate. As previously stated, they have not specified any caselaw or facts that support their request for a constructive trust.

11

in favor of the United States and deny the First Joint Petition, that determination necessarily would affirm the forfeiture of the 314 Hicks Brooklyn Townhouse as warranted, and also preclude the Second Petitioners' claim to any equitable remedy as they admittedly participated in the voidable transfers that alienated the Defendant's assets.

As previously stated, the United States contends that the 314 Hicks Brooklyn Townhouse was acquired by the Defendant's nominees, including the First Petitioners, through voidable transfers. *See* U.S. Mot. for Hernandez 4th Preliminary Order of Forfeiture, ECF No. 344; U.S. Resp. to First Joint Petition 5-9, ECF No. 402. The First Petitioners are not "other than the defendant" under 21 U.S.C. § 853(n)(2), and thus, lack standing. *See* U.S. Resp. to First Joint Petition 9 (citing *United States v. Tardon*, 2020 WL 5951157, at *14, *60 (S.D. Fla. Oct. 8, 2020) (a nominee is not "other than the defendant" under 21 U.S.C. § 853(n)(2) and lacks both constitutional and statutory standing, and also would lack a superior interest under 21 U.S.C. § 853(n)(6)(A))). Though the Defendant purchased, resided, managed, and controlled 3 Gramercy Park West, Unit 2 (the "Gramercy Apartment") since 2005, the Gramercy Apartment was transferred after his arrest to his then-wife De Castro, purportedly to fulfill the undocumented, decades-old wish of the Defendant's father to bequeath the asset to his not-yet-born grandchildren. *See* U.S. Resp. to First Joint Petition 8; *see also* Second Joint Petition 4-5; Second Petitioners' Ex. B, ECF No. 418 at 14 (Affidavit of Maria Lucia Hernandez). The Gramercy Apartment and Defendant's artwork[6] funded the purchase of the 314 Hicks Brooklyn Townhouse. The United

---

[6] The Second Petitioners, like the First Petitioners, ignore that nearly $1 million from the proceeds of the Defendant's artwork was used to purchase the 314 Hicks Brooklyn Townhouse. *See* U.S. Resp. to First Joint Petition 8-9; *see also* Gov't Hr'g Ex. 31, ECF No. 304-13 (showing $997,000 deposited into DC 2019 Irrevocable Trust due to sale of Kai Althoff artwork); 2/18/2021 Pre-sentencing Hearing Tr. 89:2-91:8, 92:5-92:10, 94:5-94:11, ECF No. 303 (De Castro, testifying artwork used to fund the 314 Hicks Brooklyn Townhouse was from the Defendant's family); Gov't

States has asserted that such transfers are voidable as they represent the Defendant's efforts to avoid his criminal forfeiture liability. *See* U.S. Resp. to First Joint Petition 9 ("The defendant . . . transferred real property to his wife without fair consideration at a time when an action for damages was pending against him, and the ensuing judgment against him was never satisfied. Accordingly, the transfer is deemed to be a fraudulent conveyance.") (quoting *Durrant v. Kelly*, 186 A.D.2d 237, 238 (2d Dep't 1992)).

The Second Petitioners admit they were involved in transferring the Gramercy Apartment, which ultimately partially funded the purchase of the 314 Hicks Brooklyn Townhouse. *See generally* Second Joint Petition; Second Petitioners' Ex. B, ECF No. 418 at 14 (Affidavit of Maria Lucia Hernandez, which was also submitted in support of the First Joint Petition at ECF No. 383-1). Thus, if the United States were to prevail against the First Petitioners as envisioned by the Second Joint Petition, then the Second Petitioners also would be barred from any equitable remedy. Their participation in the voidable transfers would amount to unclean hands preventing the imposition of a constructive trust. *Accord Palm Beach Taverns, Inc.*, 676 So. 2d at 1025 ("[T]he enforcement of a constructive trust is tempered by equitable defenses."); *see also Fed. Ins. Co. v. United States*, 882 F.3d 348, 371-73 (2d Cir. 2018) (remanding for district court to consider whether and to what extent a constructive trust should be recognized through a "highly fact-intensive inquiry as well as the exercise of discretionary judgment" into the effect of unclean hands defense and theories of losses).

This outcome also highlights that the Second Joint Petition recycles the facts and arguments already advanced in the First Joint Petition, unnecessarily duplicating litigation over the 314 Hicks

---

Ex. C, ECF No. 402-3 (at 106:25-107:13, 109:9-109:19, 110:6-110:9, Excerpt of Deposition Transcript of Daniel Holtz, testifying that the Defendant sold a Kai Althoff painting from his house after his arrest).

Brooklyn Townhouse. Under these circumstances, the principles of equity and fairness guide the Court to decline extending any equitable remedy to the Second Petitioners, especially when they neglected to set forth a *prima facie* case for a constructive trust in the Second Joint Petition. *See Ramunno*, 599 F.3d at 1275-76 (upholding dismissal of constructive-trust petition when based on the consideration of principles of equity and fairness). Absent a constructive trust, the Second Joint Petition cannot establish a cognizable legal interest, and should be dismissed for lack of standing. *See Timley*, 507 F.3d at 1129-30 (claimant must show that he has a "legal interest" under 21 U.S.C. § 853(n)(2) to have standing).

### IV. CONCLUSION

WHEREFORE, pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and Rule 12 of the Federal Rules of Civil Procedure, the United States respectfully requests that the Court dismiss the Second Joint Petition.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham and Joshua Paster*
Joshua Paster, Court ID No. A5502616
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 / (305) 961-9342
Facsimile: (305) 536-4089
joshua.paster@usdoj.gov
nalina.sombuntham@usdoj.gov
*Counsel for United States of America*