UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

 Defendant,

and

OLYMPIA DE CASTRO,

 Third-Party Petitioner.

_____/

**OLYMPIA DE CASTRO'S AMENDED ANSWERS TO
UNITED STATES' FIRST SET OF INTERROGATORIES**

 Third-Party Petitioner Olympia De Castro (De Castro), by and through undersigned counsel, and Pursuant to 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, Rule 33 of the Federal Rules of Civil Procedure, serves her amended objections to the United States' First Set of Interrogatories number 3.

 Dated this 10th day of June 2021.

              Respectfully submitted,

              DEVINE GOODMAN & RASCO, LLP
              2800 Ponce de Leon Blvd., Suite 1400
              Coral Gables, FL 33134
              Tel: 305-374-8200
              Email: grasco@devinegoodman.com

              */s/ Guy A. Rasco*
              Guy A. Rasco., Esq.
              Fla. Bar No.: 727520
              *Attorneys for Third-Party Petitioner*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 10th day of June, 2021, via email on all parties of record.

                */s/ Guy A. Rasco*
                Guy A. Rasco

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 3**:

Describe in detail your asserted joint defense agreement with Gustavo Adolfo Hernandez Frieri, including but not limited to identify the date the purported agreement began, the purpose of the purported joint defense, and your purported cooperative and common enterprise towards an identical legal strategy.

**ANSWER:**

**I adopt for my answer the Declaration of my counsel, Guy Austin Rasco, Esq., attached hereto.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

And

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

## DECLARATION OF GUY AUSTIN RASCO, ESQ.

Pursuant to 28 U.S. Code § 1746, I Guy Austin Rasco, Esq. declare as follows:

1. I am a Florida licensed attorney in good standing, admitted to the bar of the Southern District of Florida, and I am counsel to Olympia De Castro in the above-entitled action (the "Forfeiture Action").

2. Nothing in this Declaration constitutes a waiver of any attorney-client privilege, the work product doctrine, or the common interest doctrine.

3. I was originally engaged by Ms. De Castro to pursue her interests in *Olympia De Castro v. Daniel Holtz, Toni Holtz, and Walden Capital Corporation*; Case No. 20-000080-CA-01 (the "State Civil Matter") and to secure her recovery of $900,000 (plus interest) that should have been paid to her by Walden Capital Corp. when her interest in Salondera LLC was sold in December 2016 (the "Asset").

4. At the outset of the State Civil Action, in December 2019, undersigned counsel, which represents Ms. De Castro, and Ms. De Castro entered into a Joint Defense Agreement ("JDA") with Ms. De Castro's then soon-to-be-ex-husband, Gustavo Adolfo Hernandez Frieri, and his counsel Michael Pasano.

5. Ms. De Castro and Mr. Hernandez shared a common legal interest at that time in securing Ms. De Castro's rights in the $900,000 Asset, primarily to ensure that the Asset – which was hers and hers alone – would be secured for Ms. De Castro to provide for their three children.

6. The parties shared a common legal strategy to force a favorable settlement with the defendants in the State Civil Action, or to try the case and obtain judgment against them for $900,000 plus interest.

7. Ms. De Castro, Mr. Hernandez and counsel did not share information or communications related to the State Civil Action until after the JDA was entered into.

8. Although not reduced to writing, the terms of the JDA were clear to all involved: the parties agreed to share information regarding the State Civil Action between and among themselves and their legal counsel with the understanding that doing so would advance their common legal interest and with the understanding that neither party would share with any third party what they had shared between and among them.

9. To advance that understanding, both parties were careful to limit their communications – primarily in the form of emails – to participants in the JDA.

10. In November 2020, the State Civil Action settled with Ms. De Castro for the payment of the full $900,000 plus interest, which was to be paid to Ms. De Castro from the

2

DEVINE GOODMAN & RASCO, LLP
2800 PONCE DE LEON BOULEVARD | SUITE 1400 | CORAL GABLES, FLORIDA 33134 | P 305.374.8200 | F 305.374.8208

impending sale of a mobile home park owned in part by the defendants in the State Civil Action.

11. Soon after settlement was reached in the State Civil Action, however, in December of 2020, the United States began to focus on attempting to forfeit the Asset based on an argument that the asset allegedly belonged to Mr. Hernandez.

12. At this point the JDA between the parties turned on the same common interest – that the Asset be adjudged Ms. De Castro's property, so that it could provide for the parties' three children.

13. The common legal strategy to vindicate that interest shifted at that point, away from securing the asset from the claims of the defendants in the State Civil Action, and toward establishing fact-based defenses to the United States' claims in the Forfeiture Action that the Asset belonged not to Ms. De Castro.

14. Ms. De Castro, Mr. Hernandez and counsel did not share information or communications related to the Forfeiture Action until after the JDA was entered into.

15. Just as during the State Civil Action, although not reduced to writing, the terms of the JDA were clear to all involved: The parties agreed to share information regarding the Forfeiture Action between and among themselves and their legal counsel with the understanding that doing so would advance their common legal interest and with the understanding that neither party would share with any third party what they had shared between and among them.

16. To advance that understanding, both parties were careful to limit their communications – primarily in the form of emails – to participants in the JDA.

3

17. Ms. De Castro does not waive any aspect of her attorney-client communication privilege and asserts that the existence of the JDA – predicated on her continuing common legal interest with Mr. Hernandez respecting the disposition of her Asset – provides an exception to any claim of waiver of that privilege with respect to communications shared among the participants in the JDA.

18. Undersigned counsel has consulted with counsel for Mr. Hernandez and is advised that he, likewise, does not waive any aspect of his attorney-client communication privilege, and likewise asserts that the existence of the JDA – predicated on his continuing common legal interest with Ms. De Castro respecting the disposition of her Asset – provides an exception to any claim of waiver of that privilege with respect to communications shared among the participants in the JDA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 10, 2021

_____
Guy Austin Rasco, Esq.

4

DEVINE GOODMAN & RASCO, LLP
2800 PONCE DE LEON BOULEVARD | SUITE 1400 | CORAL GABLES, FLORIDA 33134 | P 305.374.8200 | F 305.374.8208

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

and

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

**OLYMPIA DE CASTRO'S AMENDED RESPONSES TO
UNITED STATES' FIRST AND SECOND REQUESTS FOR PRODUCTION**

    Third-Party Petitioner Olympia De Castro (De Castro), by and through undersigned counsel, and Pursuant to 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, Rules 26 and 34 of the Federal Rules of Civil Procedure, serves her amended responses and objections to the United States' First and Second Requests for Production of Documents (Requests numbers 2, 3, and 4).

    Dated this 10th day of June 2021.

                                             Respectfully submitted,

                                             DEVINE GOODMAN & RASCO, LLP
                                             2800 Ponce de Leon Blvd., Suite 1400
                                             Coral Gables, FL 33134
                                             Tel: 305-374-8200
                                             Email: grasco@devinegoodman.com

                                             */s/ Guy A. Rasco*
                                             Guy A. Rasco., Esq. (F.B.N.: 727520)
                                             Robert J. Kuntz, Jr., Esq. (F.B.N.: 094668)
                                             *Attorneys for Third-Party Petitioner*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 10th day of June, 2021, via email on all parties of record.

                                         */s/ Guy A. Rasco*
                                         Guy A. Rasco

# OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 2:**

All Documents between you and Gustavo Adolfo Hernandez Frieri concerning the forfeited Assets.

**RESPONSE TO REQUEST NO. 2**:

**Objection. Production would result in violation of the marital communications privilege.**

**The marital communications privilege is one of two sorts of marital privilege long recognized by the Courts.** *See e.g., United States v. Singleton*, **260 F.3d 1295, 1297 (11th Cir. 2001), citing** *Trammel v. United States*, **445 U.S. 40, 50-51 (1980);** *United States v. Entrekin*, **624 F.2d 597, 598 (5th Cir.1980);** *United States v. Mendoza*, **574 F.2d 1373, 1379 (5th Cir.1978). "The marital communications privilege excludes information privately disclosed between husband and wife in the confidence of the marital relationship."** *Michael K. Sheils Trust v. Kuhn*, **2010 WL 11507727, at \*2 (M.D. Fla. Feb. 26, 2010) (***quoting U.S. v. Abram***, 171 F. App'x 304, 309-10 (11th Cir. 2006) (***citing Trammel v. United States*** at 50-51).**

**Olympia de Castro and Adolfo Hernandez Frieri were married in April 2007. They divorced on Feb. 10, 2020. Their communications during this period fall squarely into marital communication privilege and are not subject to discovery.**

**Objection. No response to this request is possible without the impermissible invasion of de Castro's attorney-client communications and work product doctrine privileges. Insofar as she shared any attorney-client communications or attorney work product with Mr. Hernandez and his counsel, such sharing of information does not act as a waiver of these privileges because the information and communications were shared subject to a Joint Defense Agreement predicated on a common legal interest. The details of this Joint Defense Agreement are set out in the Declaration of Guy Austin Rasco, attached hereto as Exhibit "A".**

**REQUEST FOR PRODUCTION NO. 3:**

All Documents between you, Gustavo Adolfo Hernandez Frieri, and anyone at Devine Goodman & Rasco, LLP concerning the Subject Forfeited Assets.

**RESPONSE TO REQUEST NO. 3**:

**Objection. No response to this request is possible without the impermissible invasion of de Castro's attorney-client communications and work product doctrine privileges. Insofar as she shared any attorney-client communications or attorney work product with Mr. Hernandez and his counsel, such sharing of information does not act as a waiver of these privileges because the information and communications were shared subject to a Joint Defense Agreement predicated on a common legal interest. The details of this Joint Defense Agreement are set out in the Declaration of Guy Austin Rasco, attached hereto as Exhibit "A".**

**REQUEST FOR PRODUCTION NO. 4:**

All Documents between Gustavo Adolfo Hernandez Frieri and anyone at Devine Goodman & Rasco, LLP concerning the Subject Forfeited Assets.

**RESPONSE TO REQUEST NO. 4**:

**Objection. No response to this request is possible without the impermissible invasion of de Castro's attorney-client communications and work product doctrine privileges. Insofar as she shared any attorney-client communications or attorney work product with Mr. Hernandez and his counsel, such sharing of information does not act as a waiver of these privileges because the information and communications were shared subject to a Joint Defense Agreement predicated on a common legal interest. The details of this Joint Defense Agreement are set out in the Declaration of Guy Austin Rasco, attached hereto as Exhibit "A".**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,

And

OLYMPIA DE CASTRO,

    Third-Party Petitioner.

_____/

## DECLARATION OF GUY AUSTIN RASCO, ESQ.

Pursuant to 28 U.S. Code § 1746, I Guy Austin Rasco, Esq. declare as follows:

1. I am a Florida licensed attorney in good standing, admitted to the bar of the Southern District of Florida, and I am counsel to Olympia De Castro in the above-entitled action (the "Forfeiture Action").

2. Nothing in this Declaration constitutes a waiver of any attorney-client privilege, the work product doctrine, or the common interest doctrine.

3. I was originally engaged by Ms. De Castro to pursue her interests in *Olympia De Castro v. Daniel Holtz, Toni Holtz, and Walden Capital Corporation*; Case No. 20-000080-CA-01 (the "State Civil Matter") and to secure her recovery of $900,000 (plus interest) that should have been paid to her by Walden Capital Corp. when her interest in Salondera LLC was sold in December 2016 (the "Asset").

4. At the outset of the State Civil Action, in December 2019, undersigned counsel, which represents Ms. De Castro, and Ms. De Castro entered into a Joint Defense Agreement ("JDA") with Ms. De Castro's then soon-to-be-ex-husband, Gustavo Adolfo Hernandez Frieri, and his counsel Michael Pasano.

5. Ms. De Castro and Mr. Hernandez shared a common legal interest at that time in securing Ms. De Castro's rights in the $900,000 Asset, primarily to ensure that the Asset – which was hers and hers alone – would be secured for Ms. De Castro to provide for their three children.

6. The parties shared a common legal strategy to force a favorable settlement with the defendants in the State Civil Action, or to try the case and obtain judgment against them for $900,000 plus interest.

7. Ms. De Castro, Mr. Hernandez and counsel did not share information or communications related to the State Civil Action until after the JDA was entered into.

8. Although not reduced to writing, the terms of the JDA were clear to all involved: the parties agreed to share information regarding the State Civil Action between and among themselves and their legal counsel with the understanding that doing so would advance their common legal interest and with the understanding that neither party would share with any third party what they had shared between and among them.

9. To advance that understanding, both parties were careful to limit their communications – primarily in the form of emails – to participants in the JDA.

10. In November 2020, the State Civil Action settled with Ms. De Castro for the payment of the full $900,000 plus interest, which was to be paid to Ms. De Castro from the

impending sale of a mobile home park owned in part by the defendants in the State Civil Action.

11. Soon after settlement was reached in the State Civil Action, however, in December of 2020, the United States began to focus on attempting to forfeit the Asset based on an argument that the asset allegedly belonged to Mr. Hernandez.

12. At this point the JDA between the parties turned on the same common interest – that the Asset be adjudged Ms. De Castro's property, so that it could provide for the parties' three children.

13. The common legal strategy to vindicate that interest shifted at that point, away from securing the asset from the claims of the defendants in the State Civil Action, and toward establishing fact-based defenses to the United States' claims in the Forfeiture Action that the Asset belonged not to Ms. De Castro.

14. Ms. De Castro, Mr. Hernandez and counsel did not share information or communications related to the Forfeiture Action until after the JDA was entered into.

15. Just as during the State Civil Action, although not reduced to writing, the terms of the JDA were clear to all involved: The parties agreed to share information regarding the Forfeiture Action between and among themselves and their legal counsel with the understanding that doing so would advance their common legal interest and with the understanding that neither party would share with any third party what they had shared between and among them.

16. To advance that understanding, both parties were careful to limit their communications – primarily in the form of emails – to participants in the JDA.

DEVINE GOODMAN & RASCO, LLP
2800 PONCE DE LEON BOULEVARD | SUITE 1400 | CORAL GABLES, FLORIDA 33134 | P 305.374.8200 | F 305.374.8208

17. Ms. De Castro does not waive any aspect of her attorney-client communication privilege and asserts that the existence of the JDA – predicated on her continuing common legal interest with Mr. Hernandez respecting the disposition of her Asset – provides an exception to any claim of waiver of that privilege with respect to communications shared among the participants in the JDA.

18. Undersigned counsel has consulted with counsel for Mr. Hernandez and is advised that he, likewise, does not waive any aspect of his attorney-client communication privilege, and likewise asserts that the existence of the JDA – predicated on his continuing common legal interest with Ms. De Castro respecting the disposition of her Asset – provides an exception to any claim of waiver of that privilege with respect to communications shared among the participants in the JDA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 10, 2021

Guy Austin Rasco, Esq.

4

DEVINE GOODMAN & RASCO, LLP
2800 PONCE DE LEON BOULEVARD | SUITE 1400 | CORAL GABLES, FLORIDA 33134 | P 305.374.8200 | F 305.374.8208