UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    **Defendant.**
_____/

IN RE:

MARIA LUCIA HERNANDEZ,
GRAMERCY IRREVOCABLE OPERATING
TRUST,
AMERICAS FIDUCIARY LTD.,
3 GRAMERCY PARK WEST LLC, and
HH MASTER SETTLEMENT TRUST,

    **Third-Party Petitioners.**
_____/

## UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND JOINT PETITION

Pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States" or the "Government"), by and through the undersigned Assistant United States Attorneys, hereby files this reply in support of the Motion To Dismiss [ECF No. 424], addressing the Response [ECF No. 430] filed by Maria Lucia Hernandez, Gramercy Irrevocable Operating Trust, Americas Fiduciary Ltd., 3 Gramercy Park West LLC, and HH Master Settlement Trust (the "Second Petitioners"). In further support of this reply, the United States submits the following factual and legal bases.

### A. The Response Confirms the Second Petitioners Failed To Meet Statutory Pleading Requirements and Lack Standing

In the Response, the Second Petitioners argue that dismissal of the Second Joint Petition [ECF No. 418] is premature. *See* Response 1-3, 9-14. They contend, "the Government may be free to argue standing once it establishes any facts that undermine the allegations of the Petition." *Id.* at 14. Standing, however, is not an "argument" to be raised; it is a threshold question that the Second Petitioners each bear the burden of answering throughout these proceedings, including at the pleading stage. "[E]ach element of standing 'must be supported in the same way as any other matter on which the [party] bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" *Bischoff v. Osceola County*, 222 F.3d 874, 878 (11th Cir. 2000). The Second Petitioners, and not the Government, must define their claim(s) to real property located at 314 Hicks Street, Brooklyn, New York 11201 (the "314 Hicks Brooklyn Townhouse"). They have failed to do so in the Second Joint Petition, and now in their Response.

For instance, for the first time in the Response, the Second Petitioners enumerate the elements of a constructive trust under New York law in support of their allegation that they are entitled to this equitable remedy. *See* Response 5 ("New York courts ordinarily consider four requirements for imposition of a constructive trust: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment."). They do not, however, explain their choice of New York law, and appear to abandon any request for equitable remedy under Florida law. *Compare id. with* Second Joint Petition 3 (referencing constructive trusts "[u]nder both Florida and New York law"). Moreover, while the Second Petitioners articulate some previously alleged facts to support the first and second elements for the imposition of a constructive trust, they ignore or only vaguely address the other elements. *See* Response 3-6.

Specifically, the Second Petitioners do not articulate how the third and fourth elements regarding transfer and unjust enrichment have been met under any law, making the bases for their claim(s) unclear. *See id.* First, it is unclear which "transfer" the Second Petitioners view as relevant to their constructive-trust claim. They repeatedly reference the transfer of 3 Gramercy Park West, Unit 2 (the "Gramercy Apartment") to certain First Petitioners, but they endorse such transfer as valid. *See id.* at 3, 6, 9. They also characterize the potential final forfeiture of the 314 Hicks Brooklyn Townhouse over the claim(s) of the First Petitioners as an alternative transfer, stating "the dispossession of trust assets if the transfer were voided would be unjust."[1] *See* Response 3.

Second, it is equally unclear why the Court-ordered forfeiture of the 314 Hicks Brooklyn Townhouse would be unjust, or how the scope of any proposed constructive trust—whether it would constitute a claim to all or a part of the property—is relevant to their showing that a constructive trust is warranted. *See* Response 7, 11.[2] In one instance, the Second Petitioners abandon their constructive-trust claim altogether in attempting to explain why the forfeiture would result in an "unjust" outcome:

> [E]ven if, absent their right of participation (which is what the Government seeks to foreclose), the Government were to obtain a ruling in favor of a fraudulent conveyance theory, that would not foreclose a constructive trust; in fact, it would, given the allegations of good faith and ownership by Petitioners, *necessitate* the **equivalent of a constructive trust** and would afford Petitioners the independent right to show that they are innocent of any fraud and that their rights may not be foreclosed absent their participation in the litigation."

---

[1] If that were the case, the Second Petitioners wholly fail to explain how there was a confidential or fiduciary relationship between them and the Government (there was not), or any promise made by the Government (there was none), or any unjust enrichment (again none).

[2] Again, Second Petitioners appear to misunderstand which party bears the burden of establishing the constructive trust and its scope. *See* Response 7 ("Further, *the Government* does not address the question of whether a constructive trust may apply to part of the property . . . .") (emphasis added).

Response 11 (italics in original) (bold and underlined emphasis added). Such explanation undermines their Second Joint Petition; it makes it wholly unclear whether the Second Petitioners are premising their claim on a constructive trust or some unknown "equivalent of a constructive trust," and whether such equivalent would constitute a cognizable, legal interest under 21 U.S.C. § 853(n) that would confer standing for them to proceed. *See United States v. Timley*, 507 F.3d 1125, 1129-30 (8th Cir. 2007) (claimant must show that he has a "legal interest" under 21 U.S.C. § 853(n)(2) to have standing). The Government's position in this (and all) pending ancillary forfeiture proceedings is that the Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant") transferred his assets to the various petitioners to avoid their forfeiture. To the extent the Court agrees with the Government and finally forfeits the 314 Hicks Brooklyn Townhouse (among other assets), the Second Petitioners have not explained how their participation in any fraudulent transfer would not preclude them from obtaining a constructive trust due to unclean hands. *See* Motion To Dismiss 11-12;[3] *Flores v. Guambana*, 162 A.D.3d 983, 984 (2d Dep't 2018) ("A person who transfers property to another to be held in trust for the purpose of hindering, delaying, or defrauding creditors has unclean hands, and equity will not afford relief when he or she seeks the reconveyance of the property").[4]

---

[3] As set forth in the Motion To Dismiss, the United States has argued that should the Court decide in favor of the United States and deny the First Joint Petition filed by the First Petitioners, that determination necessarily would affirm the forfeiture of the 314 Hicks Brooklyn Townhouse as warranted, and also preclude the Second Petitioners' claim to any equitable remedy as they admittedly participated in the voidable transfers that alienated the Defendant's assets. *See* Motion To Dismiss 11-12.

[4] *Flores* was decided under New York's equivalent to Rule 12(b)(6). *Flores*, 162 A.D.3d at 984 (dismissing complaint under CPLR 3211(a)). Under the Federal Rules, where as here the basis for dismissal is apparent on the face of the Petition, the Court may dismiss under Rule 12(b)(6) based on Second Petitioner's unclean hands. *Hudson Drydocks Inc. v. Wyatt Yachts Inc.*, 760 F.2d 1144, 1146 n.3 (11th Cir. 1985) (affirmative defense may be raised in a Rule 12(b)(6) motion if the defense is apparent on the face of the complaint).

These matters are unclear because the Second Petitioners have not pleaded them. It is not the Government's burden to clarify the Second Petitioners' claims for them. Rather, it is the Second Petitioners' burden to allege with particular facts why they are deserving of an equitable remedy; a constructive trust does not arise automatically under state law. *See United States v. Ramunno,* 599 F.3d 1269, 1274-76 (11th Cir. 2010) (rejecting petitioner's "assertion that a constructive trust arises automatically" under the relevant state law). None of the cases cited in the Response support imposition of a constructive trust to avoid forfeiture.[5] Thus, the Court is well within its authority to find that such an extraordinary equitable remedy is unwarranted here, and the Second Joint Petition should be dismissed without a hearing. *See Ramunno,* 599 F.3d at 1272, 1275-76 (Eleventh Circuit upholding district court's dismissal of petition without an evidentiary hearing after finding the court did not abuse its discretion in declining to grant petitioner a constructive trust); *see also* Fed. R. Crim. P. 32.2(c) advisory committee's note (2000) (quoting *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("If a third party fails to allege in its petition all requisite elements, the court may dismiss the petition without providing a hearing.")).

---

[5] The Second Petitioners cite several older cases to explain the first two elements of a constructive trust under New York law and to argue that a constructive trust may support a claim to part of a property, but have not argued that such cases are otherwise applicable to their claim(s). None are. *See, e.g.*, *Beatty v. Guggenheim Expl. Co.*, 225 N.Y. 380 (1919) (case involving employee and employer) (cited in Response, at 5); *Sharp v. Kosmalski*, 40 N.Y. 2d 119 (1976) (property transferor was ejected from property by transferee, which was remanded to determine "whether [transferee]'s conduct following the transfer of [transferor]'s farm was in violation of that relationship and, consequently, resulted in the unjust enrichment of the [transferee].") (cited in Response, at 5-6); *Sinclair v. Purdy*, 235 N.Y. 245 (1923) (niece claimed interest in property transferred by her decedent father to his sister, and court should not have suppressed evidence containing sister-aunt's admission he was equal owner) (cited in Response, at 6); *Leary v. Corvin*, 181 N.Y. 222 (1905) (daughter lent money to decedent father that was used to purchase house that was inherited by his wife and although not entitled to trust, granted equitable lien for interest based on monetary contribution) (cited in Response, at 7-8).

### B. To the Extent Second Petitioners Require a Hearing, They Should Have To Substantiate Whether They Are Entities with Legal Capacity and Standing

As noted in the Government's Motion To Dismiss, standing is jurisdictional, and may be challenged facially or factually. *See* Motion To Dismiss 10 n.3 (citing and quoting *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008)). Should the Court decide to grant the Second Petitioners a hearing at the pleading stage, they bear the burden of establishing their standing. *See Bischoff*, 222 F.3d at 878; *see also United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001). At such hearing, the Second Petitioners should be compelled to show cause why their claim(s) should not be dismissed and substantiate their capacity to bring the Second Joint Petition, an issue that was raised in the Government's Motion To Dismiss. *See* Motion To Dismiss 9-10; *see also* Fed. R. Civ. P. 17(b) (for most parties other than individuals and corporations, the capacity to sue or be sued is determined by the law of the state where the court is located).

The Second Petitioners concede that the Second Joint Petition's verification page fails to identify on whose behalf Maria Lucia Hernandez and Timothy D. Richards signed under penalty of perjury. *See* Response 15-19 (alternatively requesting leave to amend the Second Joint Petition "to add additional information to the signature block"). They argue that the Court should overlook the defective verification because "all of the allegations of the Petition and the documents incorporated by attachment into the Petition show clearly that the authorized persons verified the Petition." Response 15. The Response then goes on for two pages to explain how "clearly" the Second Joint Petition was properly verified by Timothy D. Richards on behalf the "trusts" among the Second Petitioners (Gramercy Irrevocable Operating Trust and HH Master Settlement Trust) and Americas Fiduciary Ltd. *See id.* at 15-17.

6

Still, the Response fails to address whether these entities are defunct as the record suggests and raised in the Government's Motion To Dismiss. *Compare id. with* Motion To Dismiss 9-10. The Response also fails to address whether Timothy D. Richards or Maria Lucia Hernandez, the two signatories of the Second Joint Petition, are authorized to verify on behalf of 3 Gramercy Park West LLC, which was the titled owner of the Gramercy Apartment prior to its sale (that funded, in part, the 314 Hicks Brooklyn Townhouse). *See* Response 16-17. As previously noted by the Government, at the time of dissolution, the sole member, on paper, of 3 Gramercy Park West LLC was DC 2019 Irrevocable Trust. *See* Motion To Dismiss 10 n.4 (also citing Government Hearing Exhibit 16, ECF No. 294-16). The Second Petitioners' exhibits accompanying the Second Joint Petition suggest that the authorized signatory for 3 Gramercy Park West LLC should be one of the First Petitioners, Olympia De Castro (the administrative agent of the DC 2019 Irrevocable Trust), not Maria Lucia Hernandez or Timothy D. Richards. *See, e.g.* Second Joint Petition, Ex. H, ECF No. 418 (at 94-95).[6]

Instead of addressing how Maria Lucia Hernandez or Timothy D. Richards could sign on behalf of 3 Gramercy Park West LLC, the Second Petitioners again seek to deflect and shift their burden to the Government to justify their oversight. They complain that the "Government cannot have it both ways—both claiming that DC Trust is the actual owner and at the same time claiming that ownership by DC Trust should be voided." Response 17. But their complaint only serves to underscore the need for "strict compliance" with technical pleading requirements to guard against false or frivolous claims in forfeiture proceedings. *See United States v. Lamid*, 663 F. App'x 319, 323 (5th Cir. 2016) (demanding "strict compliance" with pleading requirements); *United States v.*

---

[6] Another one of the First Petitioners is Allison Domeneghetti, who is the trustee of DC 2019 Irrevocable Trust. *See* First Joint Petition, ECF No. 383.

*Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) (same); *United States v. Natalie Jewelry*, No. 14-CR-60094, 2015 WL 150841, at *3 (S.D. Fla. Jan. 13, 2015) ("Courts strictly construe these statutory requirements 'to discourage false or frivolous claims.'"). Here, the Second Petitioners' failure to substantiate proper verification of 3 Gramercy Park West LLC again calls into question their standing and highlights how their claim(s) to the 314 Hicks Brooklyn Townhouse are duplicative of the First Petitioners, who appear to be the relevant persons to verify and who are already claiming the same property. The Second Joint Petition is nothing more than a frivolous attempt to have a second bite at the apple should the Government prevail against the First Petitioners. The Court should discourage such unnecessary litigation, and dismiss the Second Joint Petition.

## **CONCLUSION**

WHEREFORE, pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and Rule 12 of the Federal Rules of Civil Procedure, the United States respectfully requests that the Court dismiss the Second Joint Petition.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham and Joshua Paster*
Joshua Paster, Court ID No. A5502616
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 / (305) 961-9342
Facsimile: (305) 536-4089
joshua.paster@usdoj.gov
nalina.sombuntham@usdoj.gov
*Counsel for United States of America*