UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

vs.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    **Defendant.**
_____/

IN RE:

OLYMPIA DE CASTRO,

    **Third-Party Petitioner.**
_____/

**RESPONSE TO DEFENDANT'S "JOINDER" TO OLYMPIA DE CASTRO'S
RESPONSE TO GOVERNMENT'S MOTION TO COMPEL**

    The United States of America, through the undersigned Assistant United States Attorneys, respectfully responds to Defendant's "Joinder in ECF#427 'Olympia De Castro's Response to the Government's Motion to Compel Discovery Responses'" ("Response") (ECF No. 444).

    Defendant does not merely "join" De Castro's response. Rather, he seeks to add additional argument in support of a purported joint defense agreement ("JDA") between him and De Castro to allege the common-interest doctrine. Notwithstanding Defendant's belated filing of the Response, it suffers from the same fatal flaw as De Castro's response—Defendant fails to meet his burden to establish a valid JDA that would support the common-interest doctrine. And, to the extent he asserts a "legal" interest in the subject property, it serves only to underscore that the Court should deny De Castro's third-party petition.

1

## Like De Castro, Defendant fails to proffer a "legal" interest that supports the purported JDA, and De Castro must produce responsive communications with Defendant.

Defendant's untimely[1] Response, to "join" De Castro's response to the Government's motion to compel, fails to cure the fundamental flaw in De Castro's assertion of a JDA.

Defendant seeks to define the common "legal" interest as "to overcome the efforts of the government in pending litigation to forfeit assets, and secure those assets for Ms. De Castro to provide for their three children." (Resp. at 2.) Even assuming *arguendo* that is a shared interest, that does not proffer that Defendant has a *legal* interest in the approximately $900,000 in dispute (the "Subject Asset"), the litigation, or the litigation's outcome.

What's more, this argument runs counter to De Castro's entire case, which is that the ownership interest underlying the Subject Asset was hers since 2015. (ECF No. 296 at 2.) According to De Castro, "[i]t is the proceeds of this sale—proceeds not owned by Hernandez and utterly unconnected to the present criminal matter—that the Government proposes to take." (*Id.*) Of course, what Defendant and De Castro now attempt to dance around is that De Castro did not exclusively own the Subject Asset as she now claims. In other words, if the common-interest doctrine applies, then both De Castro and Defendant recognize that Defendant had an interest in the property that was forfeited to the United States. (ECF No. 280.)

Defendant has asserted nothing more than he has a rooting interest in the outcome of this litigation (and prior civil litigation)—that he hopes De Castro establishes a superior legal interest to the Government in the subject assets, 21 U.S.C. § 853(n)(6)(A), so that she can use those assets to provide for their shared children. That rooting interest is insufficient to establish a JDA or common-interest privilege. *Del Monte Int'l GMBH v. Ticofrut, S.A.*, 2017 WL 1709784, at *7 (S.D.

---

[1] De Castro filed her response on June 16, 2021 (ECF No. 427); the Government replied on June 23 (ECF No. 431).

Fla. May 2, 2017); *McCullough v. Fraternal Ord. of Police, Chi. Lodge 7*, 304 F.R.D. 232, 240 (N.D. Ill. 2014).[2]

Defendant also seeks to rely, without evidentiary support (*e.g.*, a declaration), on the fact that his attorneys and Mr. Rasco may have *believed* (erroneously) that otherwise privileged communications could be shared. (Resp. at 3-5.) He then argues that those (erroneous) beliefs establish that the common-interest doctrine precludes waiver.[3] (*Id.*) Tellingly, Defendant cites nothing to support the proposition that if attorneys *believe* privileged communications can be shared with third parties, and tell the client (incorrectly) that communications can be shared with third parties, this precludes waiver. To the contrary, every case cited by the Government in its briefing on this issue establishes that is wrong—those courts uniformly held any privileged was waived by disclosing to third parties (even third parties with a "rooting" interest) because there was no common "legal" interest supporting the common-interest doctrine. (*See* Mot, ECF No. 421; Reply.)

The same is true here. Absent a common "legal" interest, the common-interest doctrine does not apply and by sharing otherwise privileged communications with third parties Defendant and De Castro have waived privilege. Attorneys' erroneous beliefs otherwise cannot change the law.

---

[2] Defendant seeks to distinguish *McCollough* "because that case involved the same lawyer representing two different parties, not the lawyer for one party communicating with the client of another lawyer in the joint defense." (Resp. at 2 n.1.) He fails to explain how that makes any difference. The Government cited *McCollough* for the proposition that a "shared rooting interest in the 'successful outcome of a case' is not a common legal interest." *McCullough*, 304 F.R.D. at 240. The focus thus is on the parties' respective interests—not how many attorneys are involved.

[3] The Government also is not sure how the no-contact rule applies, insofar as the Defendant's criminal defense in the above-captioned criminal case would have been unrelated to the separate civil matter De Castro filed in state court, unless relevant to the Defendant's criminal financial liability. Indeed, De Castro's petition calls the criminal matter "utterly unrelated" to the Subject Asset. (ECF No. 296 at 2.) The Government notes that Defendant never disclosed the Subject Asset to the Government in his financial disclosure form, filed in the criminal prosecution. (*See* ECF No. 238-4.) Now, Defendant claims a "legal" interest in the Subject Asset. This underscores how Defendant sought to shield his interest in the Subject Asset previously, but now alleges an interest in that asset, in efforts to impede final forfeiture—contrary to his plea agreement. (ECF No. 163 ¶¶ 7, 13-14.)

## **CONCLUSION**

The Court should grant the Government's motion and compel De Castro to produce complete discovery responses

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:_____/s/_____
Joshua Paster, Court ID No. A5502616
Nalina Sombuntham
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9342
Facsimile: (305) 536-4089
joshua.paster@usdoj.gov
nalina.sombuntham2@usdoj.gov
*Counsel for United States of America*
