UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant,
_____/

314 HICKS LLC,
ALLISON DOMENEGHETTI,
OLYMPIA DE CASTRO,
G.H.D.C. (minor child),
F.H.D.C. (minor child), and
A.H.D.C. (minor child),

    Third-Party Petitioners.
_____/

## OLYMPIA DE CASTRO, ALLISON DOMENEGHETTI, AND 314 HICKS LLC'S MOTION FOR PROTECTIVE ORDER

Third-Party Petitioners Olympia De Castro, Allison Domeneghetti, and 314 Hicks LLC move for a protective order pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i) and 26(c)(1) and request that the Court enter a protective order precluding the Government from taking a deposition of Ms. De Castro, Ms. Domeneghetti, and 314 Hicks LLC (with Ms. De Castro as the corporate representative). The Government is attempting to take a de facto second deposition of these Petitioners, after already having thoroughly questioned Ms. De Castro and Ms. Domeneghetti at length in a previous evidentiary hearing regarding the same subject matters, for the same purpose, and by the same prosecution team. Its attempt at a second bite at the apple simply seeks testimony that is duplicative and cumulative of her prior testimony in this case.

–1–

I. **BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

1. On November 26, 2019, Gustavo Adolfo Hernandez Frieri pled guilty to one (1) count of conspiracy to commit money laundering, in violation of 18 U.S.C. 1956(h).

2. On February 5, 2020, the Court entered a Preliminary Order of Forfeiture in this case, which included a forfeiture money judgment against Mr. Hernandez Frieri in the amount of $12,330,000 in U.S. currency.  D.E. 175.

3. On September 28, 2020, the Court entered a second Preliminary Order of Forfeiture, wherein the Court found that the Government had satisfied the prerequisites of 21 U.S.C. § 853(p) and authorized the forfeiture of certain property as substitute assets to satisfy the money judgement entered against Mr. Hernandez Frieri.  D.E. 239.

4. Thereafter, on January 10, 2021, the Government filed a motion for the entry of a Third Preliminary Order of Forfeiture against Mr. Hernandez Frieri, seeking forfeiture of additional substitute property (approximately $900,000 from the sale of real property) to satisfy, in part, the remaining balance of the forfeiture money judgment.  D.E. 279.  In addition, and most relevant here, the Government requested that the Court enter a protective order to ensure the availability of real property located at 314 Hicks Street, Brooklyn, New York 11202 (314 Hicks) for criminal forfeiture while it investigated the extent of Mr. Hernandez Frieri's interest in such property. *Id.* at 5-8.

5. Significantly, the Government identified Ms. Domeneghetti as a person involved in the purchase of the Brooklyn Townhouse.  The Government stated,

> In July 2020, the Brooklyn Townhouse was purchased for approximately $5.9 million.… Based on public records, the property was titled to 314 Hicks LLC, a New York limited liability company established in June 2020. … The purchase of the Brooklyn Townhouse was funded by approximately $5,472,721 in cash that was

2

>   transferred via "Domestic Wire: 2019 Irrovocable [sic] Trust." …. The person identified as involved in the transfer was Allison Domeneghetti ("Domeneghetti").

*Id.* at 5-6 (references to exhibits omitted).

6.      The Court entered a Third Preliminary Order of Forfeiture on January 11, 2021, restraining all persons, including Ms. De Castro and Ms. Domeneghetti, from taking any action that could affect the availability or value of 314 Hicks.   D.E. 280.

7.      Soon after, on January 16, the Government filed a motion in Mr. Hernandez Frieri's criminal case requesting an evidentiary hearing. D.E. 284.  It stated that such a hearing would be held, in part, to "streamline [the] Defendant's sentencing hearing." But also, more importantly here, because it was "**relevant to pending or future third-party ancillary forfeiture proceedings**." *Id.* at 2 ("Here, the motion for proposed hearing relates to both third-party forfeiture claims as well as the Defendant's sentencing …").  Specifically, the Government stated in its motion that it would be calling Olympia De Castro and Allison Domeneghetti as witnesses regarding 314 Hicks Street and 3 Gramercy Park West (an apartment sold in 2019 to fund the purchase of 314 Hicks). *Id.* at pp. 2-3.  Although the hearing would relate to "pending or future third-party ancillary forfeiture proceedings," the Government did not propose that Ms. De Castro or Ms. Domeneghetti's counsel should attend, participate in the hearing, or be allowed to ask questions.  By the time of the Government's motion, Ms. De Castro had already filed a Petition for ancillary hearing on real property forfeited (D.E. 261) and the Government knew that Ms. De Castro and Ms. Domeneghetti had an interest in 314 Hicks.   D.E. 284. at 2.

8.      Moreover, the Government had previously subpoenaed Ms. De Castro on January 7, 2021, for testimony and documents related to its requested hearing.  *See* **Exhibit A** (De Castro Subpoena to Testify at a Hearing or Trial in a Criminal Case).  The subpoena commanded that

3

Ms. De Castro produce all documents related to 314 Hicks:

> Any and all documents concerning the following: (i) the establishment, management, and control of DC 2019 Irrevocable Trust, 3 Gramercy Park West, LLC, and 314 Hicks LLC; (ii) the purchase and sale of 3 Gramercy Park West Unit 2400 or Unit 2, including the location of the proceeds of the sale; (iii) the purchase of real property located at 314 Hicks Street, Brooklyn, NY 11201, including the origin of the monies used for the purchase ….[1]

Ms. De Castro produced all responsive and requested documents to the Government.

9. The Government also subpoenaed Allison Domeneghetti for testimony and documents. *See* **Exhibit B** (Domeneghetti Subpoena to Testify at a Hearing or Trial in a Criminal Case). Similar to Ms. De Castro's subpoena, Ms. Domeneghetti's subpoena commanded that she produce all documents related to 314 Hicks:

> Any and all documents concerning the following: (i) the establishment, management, and control of DC 2019 Irrevocable Trust, 3 Gramercy Park West, LLC, and 314 Hicks LLC; (ii) the purchase and sale of 3 Gramercy Park West Unit 2400 or Unit 2, including the location of the proceeds of the sale; (iii) the purchase of real property located at 314 Hicks Street, Brooklyn, NY 11201, including the origin of the monies used for the purchase …

Ms. Domeneghetti produced all responsive and requested documents to the Government.

10. On January 20, 2021, the Court granted the Government's request for an evidentiary hearing since it "may be relevant to pending or future third-party ancillary forfeiture proceedings," and referred the matter to United States Magistrate Judge Edwin G. Torres. D.E. 287, at 1.

11. On February 8, 2021, Ms. De Castro appeared before Magistrate Judge Torres at

---

[1] DC 2019 Irrevocable Trust is a majority owner of 314 Hicks LLC, which owns 314 Hicks. 3 Gramercy Park West is real property that was sold in 2019, the proceeds of which were used to purchase 314 Hicks.

4

the evidentiary hearing and testified at length throughout the day.[2]  *See* **Exhibit C** (Transcript of Ms. De Castro's testimony on Feb. 8, 2021).  The same prosecution team opposing Ms. De Castro's Petition for ancillary hearing on 314 Hicks attended the evidentiary hearing and questioned Ms. De Castro.  Ms. De Castro was questioned in detail, without interruption or limitation, regarding the facts of her previously filed Petition (D.E. 261).  In addition, she was asked an exhaustive number of questions regarding 314 Hicks and related entities and trusts – including about 3 Gramercy Park West, the original ownership of 3 Gramercy Park West, the creation of DC 2019 Irrevocable Trust, the assets of DC 2019 Irrevocable Trust, the transfer of assets to DC 2019 Irrevocable Trust, hers and others' interest in DC 2019 Irrevocable Trust, 3 Gramercy Park West LLC, her appointment to and management of 3 Gramercy Park West LLC, documents related to 3 Gramercy Park West LLC, the sale of 3 Gramercy Park West, documents related to the sale of 3 Gramercy Park West, the proceeds from the sale of Gramercy Park West, the creation and establishment of 314 Hicks LLC, hers and others' interest in 314 Hicks LLC, control of 314 Hicks LLC, the purchase of 314 Hicks, the renting of 314 Hicks, the remaining assets of DC 2019 Irrevocable Trust following the purchase of 314 Hicks, and other areas relevant to pending or future third-party ancillary forfeiture proceedings.[3]  Ms. De Castro's counsel was not a participant in the hearing.  Counsel for Hernandez Frieri did not ask her any questions.

12. On February 18, 2021, Ms. Domeneghetti appeared before Magistrate Judge Torres for the continuation of the evidentiary hearing and testified for approximately six (6) hours

---

[2] Ms. De Castro began testifying in the morning.  Her testimony continued until approximately 12:45 p.m.  She then resumed her testimony at 3:30 p.m. for another hour.

[3] The Government has made clear that it believes Ms. De Castro's previous sworn testimony on February 8 is admissible at the ancillary hearing on her Petition pursuant to Rule 32.2.  Thus, it does not believe there is an issue regarding its ability to use this testimony at a future hearing.

(between 9:42 a.m. and 4:32 p.m.).  A copy of the 107-page transcript of her testimony is attached hereto and incorporated by reference herein as **Exhibit D**.  Consistent with the Government's representation in its motion requesting the hearing, Ms. Domeneghetti's lengthy testimony covered issues "relevant to pending or future third-party ancillary forfeiture proceedings."  Moreover, her extensive testimony included, but was not limited to, the following: 3 Gramercy Park West (including ownership, sale, and proceeds); 314 Hicks (including ownership, purchase, funds used for the purchase, management); the D.C. 2019 Irrevocable Trust (including, but not limited to, her role as trustee, and gifts made to the trust from the proceeds of the sale of art and 3 Gramercy Park West); 314 Hicks LLC (management, funds available, use of funds, related documents); 3 Gramercy Park West LLC; the H.H. Trust; the circumstances surrounding the divorce of Ms. Hernandez Frieri and Olympia De Castro; the property located at 597 Hibiscus Lane; Domaine Select Wine & Spirits; Bhakta Spirits; Balthazar Rex; Raj Bahkta; Trinity; and other areas relevant to pending or future third-party ancillary forfeiture proceedings.  Ms. Domeneghetti's counsel was not a participant in the hearing.  Counsel for Hernandez Frieri did not ask her any questions.

13. In addition to already providing extensive testimony and documents, Ms. De Castro provided additional information at the Government's request.  Following the February 8 evidentiary hearing, the Government reached out to Ms. De Castro's counsel because it had follow-up questions for her.  The parties agreed that Ms. De Castro would answer all follow-up questions through a sworn affidavit.  Ms. De Castro provided the requested affidavit and additional requested documents on February 18.  *See* **Exhibit E**.  The Government did not have any further inquiries of Ms. De Castro and did not reach out regarding any additional examination about 314 Hicks.

14. Equally, in addition to providing extensive testimony on February 18, 2021, Ms. Domeneghetti also provided the Government with additional information through the undersigned at the Government's behest.

15. On March 19, 2021, the Government filed a Fourth Motion for a Preliminary Order of Forfeiture requesting that the Court order the forfeiture, as substitute property, of real property located at 314 Hicks Street, Brooklyn, New York 11201 (314 Hicks).   D.E. 344

16. On March 26, 2021, the Court granted the Government's motion and ordered the forfeiture of 314 Hicks.   D.E. 353.

17. On April 29, 2021, Olympia De Castro, Allison Domeneghetti, 314 Hicks LLC, and Ms. De Castro's three (3) minor children who are beneficiaries of the irrevocable trust and partial owners of 314 Hicks, filed a petition asserting their interest in 314 Hicks and moving the Court to exclude 314 Hicks from the order of forfeiture because the defendant Gustavo Hernandez Frieri has no interest in 314 Hicks and had no ownership interest in 3 Gramercy Park West (proceeds from the sale of which were used to purchase 314 Hicks).   D.E. 383.

18. On May 17, 2021, the Government served a Request for Production[4] on Ms. De Castro asking for documents to be produced in response to 21 requests, including:

> All documents related to and/or concerning 314 Hicks LLC's interest in [314 Hicks].
> …
> All documents related to and/or concerning [314 Hicks]. …
> All documents related to and/or concerning [3 Gramercy Park West].

*See* **Exhibit F** (United States' First Set of Requests for Production to Petitioner Olympia De

---

[4] Pursuant to the fourth preliminary forfeiture order, the Government may seek discovery necessary to resolve Ms. De Castro's third-party petition.   D.E. 353, at 3.

7

Castro). In addition to the production in response to the Government's January 2021 subpoena, Petitioner Olympia De Castro produced documents responsive to the relevant requests in Exhibit F, which included approximately two thousand additional documents.

19. Also on May 17, the Government served a Request for Production on Ms. Domeneghetti asking for documents to be produced in response to 20 requests, including:

> All documents related to and/or concerning 314 Hicks LLC's interest in [314 Hicks].
> …
> All documents related to and/or concerning [314 Hicks]. …
> All documents related to and/or concerning [3 Gramercy Park West].

Ms. Domeneghetti has produced all responsive documents. **Exhibit G** (United States' First Set of Requests for Production to Petitioner Allison Domeneghetti)**.** The Government also served Interrogatories on Ms. Domeneghetti, to which she has provided all relevant answers. **Exhibit H.**

20. A month later, on June 17, the Government served a Notice of Taking Deposition of Olympia De Castro, Allison Domeneghetti, and 314 Hicks LLC for August 2, 4, and 5, 2021. A copy of the Notices of Deposition are attached as **Exhibits I, J, and K**.

21. Petitioners served a Notice of Objection to the Depositions on June 21 and 22, 2021, asserting that the Government had already obtained sworn testimony from Ms. De Castro and Ms. Domeneghetti regarding *inter alia* 3 Gramercy Park West and 314 Hicks, was provided an affidavit by Ms. De Castro to all follow-up questions by the Government, and received documents regarding 3 Gramercy Park West and 314 Hicks pursuant to a subpoena to Ms. De Castro and Ms. Domeneghetti. Moreover, the Government had not identified any additional information that it

8

needed from either Petitioner.[5]   Therefore, the requested depositions sought duplicative and cumulative testimony. *See* **Exhibits L and M.**

      22.      Beyond serving the Notice of Objection to the Government, Petitioners objected to the deposition in emails with prosecutors on June 6, June 7, June 8, June 17, and June 20.[6]   The Government stated in an email on June 18, 2021, that it had reasons for deposing Ms. De Castro and Ms. Domeneghetti again and would be happy to go over the reasons in detail.  Petitioners responded in writing on June 20, 2021, asking the Government to share its "reasons for deposing Ms. De Castro, Ms. Domeneghetti, and 314 Hicks LLC and the areas that you intend to cover." The Government did not respond to this email.

      23.      As required by Federal Rule of Civil Procedure 30(b)(6), Petitioners and the Government conducted a meet and confer telephone conference on July 6, 2021, regarding the deposition of 314 Hicks LLC.  During this call, the Government stated that the "matters for examination" for 314 Hicks LLC were as specified in the Notice of Taking Deposition: "the establishment and management of the company as well as the acquisition and maintenance of real property located at 314 Hicks Street, Brooklyn, New York 11201." *See* **Exhibit K**.  Petitioners requested that the Government narrow its request since Petitioners had previously produced "[a]ny and all documents concerning … (i) the establishment, management, and control of … 314 Hicks LLC" pursuant to the January 2021 subpoena (**Exhibits A and B**) and was producing "[a]ll

---

[5] Although it is not clear yet if Magistrate Judge Torres intends to enter his standing discovery order in this case, in an abundance of caution, Petitioners served the Notice of Objection within five days of receiving the Government's deposition notice, to timely preserve their objections to the Government's deposition notice.

[6] Counsel for both Ms. De Castro and Ms. Domeneghetti have each sent multiple emails objecting to the depositions.

9

documents related to and/or concerning 314 Hicks LLC's interest in [314 Hicks]" pursuant to the Government's Request for Production (**Exhibits F and G**). Further, Ms. De Castro and Allison Domeneghetti had already been questioned at length, under oath, regarding "the establishment and management of the company as well as the acquisition and maintenance of real property located at 314 Hicks Street, Brooklyn, New York 11201" in the evidentiary proceedings on February 8 and February 18, 2021 (**Exhibits C and D**). Petitioners offered that they could designate an individual to testify at a deposition regarding 314 Hicks LLC matters from February 18 to present. The Government responded that it did not make sense to limit the deposition to the gap period since the evidentiary hearing. The Government refused to compromise and would not narrow topic areas or a time period for 314 Hicks LLC.

24. Petitioners' counsel summarized the meet and confer discussions regarding the deposition of 314 Hicks LLC in an email to the Government on June 8:[7]

> As required by the rule, we "confer[red] in good faith about the matters for examination." We disagree with the government regarding the topics of examination ((i) establishment and (ii) management of LLC, and (iii) acquisition and (iv) maintenance of the real property) as both Ms. De Castro and Ms. Domeneghetti have previously been questioned at length about these areas, and both Petitioners have provided documents pursuant to a January government subpoena addressing the same. This was also noted in our Objections to Petitioners' deposition sent to you on June 21. While the government states that the company did not previously testify, we find that to be a disingenuous argument when the government knows that the 2 individuals involved in the company – Ms. De Castro and Ms. Domeneghetti – have both already testified at length.

---

[7] The Government also summarized the meet and confer discussion in an email on July 7, 2021, describing how Petitioners "have not designated any persons to testify on behalf of 314 Hicks LLC," "that the company has not previously testified," and that asserting "testimony would or could be duplicative of any prior testimony is speculative" since there is no designated corporate representative yet.

10

> The matters for examination are important because that will direct who has the appropriate knowledge and could testify to those matters. Because the Petitioners were questioned at length in February, [counsel for Ms. Domeneghetti and Ms. De Castro] agreed that [the] government could appropriately question a corporate representative about the gap period of February 18, 2021 to the present. If the government agrees to only this time period, we will let you know by tomorrow who the entity names as the designated person to testify. During our call, the government was unwilling to compromise and thus the parties reached an impasse. Please let us know if that has since changed. If not, we will proceed with our Motion for Protective Order.

The Government has not responded to this email.

25. Petitioners maintain that a deposition of 314 Hicks LLC is not necessary and will result in cumulative and duplicative testimony – as stated in their Notice of Objection to Deposition Testimony. **Exhibit L.** Olympia De Castro, the designated representative of 314 Hicks LLC, previously testified at length on February 8, 2021, regarding *inter alia* "the establishment and management of the company as well as the acquisition and maintenance of real property located at 314 Hicks Street, Brooklyn, New York 11201."

26. At the meet and confer July 6 telephone conference, counsel for Ms. De Castro and Ms. Domeneghetti again voiced objection to a second deposition of Petitioners personally. Although the Government had stated by email on June 18 that it would be willing to give counsel detailed reasons for deposing Ms. De Castro and Ms. Domeneghetti, it did not provide any reasons during the July 6 meet and confer and has not done so before or since in writing. The Government expressed only that it had areas it wanted to clarify. Counsel offered by email on June 8 that if the Government "can specify where it needs clarity, we will try to assist you." The Government did not respond to this email.

27. At the meet and confer, the Government gratuitously stated that it is in Ms. De Castro and Ms. Domeneghetti's best interest that they be confronted with the Government's

concerns at a deposition rather than in front of the Court. The Government's representations to the undersigned not only confirm its intent to requestion Petitioners on the very same topic areas covered at the previous evidentiary hearing, but also raises the very real concern that the deposition will be needlessly adversarial, confrontational, and harassing.

## II. ARGUMENT

The Court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). "For 'good cause' shown the Court may issue a protective order preventing a deposition." *Baratta v. Homeland Housewares*, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007). "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action . . .". Fed. R. Civ. P. 26(b)(2)(C)(i). Further, rule 26(c)(1) provides, in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery [or] ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; ....

Fed. R. Civ. P. 26(c)(1). Petitioners, as the moving party, bear the burden of establishing good cause for the protective order. *Id.*

The parties may agree to take a second deposition of an individual already deposed, but if they cannot agree to do so, leave of court is required. Fed. R. Civ. P. 30(2)(A)(ii). A second deposition that seeks testimony that is duplicative or cumulative to testimony received in the first deposition will not be permitted. *See Rollins v. Cone Distrib., Inc.*, 710 F. App'x 814, 820 (11th

Cir. 2017) ("[I]t was not an abuse of discretion for the district court to conclude that a second deposition of Lopez would have been duplicative or cumulative of other evidence in the record."); *see also Sheets v. Sorrento Villas, Section 5, Ass'n, Inc.*, 8:15-CV-1674-T-30JSS, 2016 WL 11493316, at *2 (M.D. Fla. Aug. 19, 2016) (rejecting argument that second deposition should be permitted where additional document requests were sent after the first deposition).

Here, the Government is seeking to take what is essentially a second deposition of Ms. De Castro and Ms. Domeneghetti. The undersigned agree that if the Government had not already questioned Petitioners under oath it would be free to take their depositions in the first instance without leave of court. *See Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). However, during the Government's extensive questioning of Ms. De Castro at the February 8 evidentiary hearing and Ms. Domeneghetti on February 18, Petitioners answered questions about the exact **same topic areas** the Government intends to cover at the deposition at issue here – 314 Hicks LLC, 3 Gramercy Park, related entities, and associated legal documents. Thus, in this atypical case, Petitioners have already been questioned under oath for several hours about the details of 314 Hicks by the **same attorneys** in the **same case** for the purpose of obtaining evidence "**relevant to pending or future third-party ancillary forfeiture proceedings**."[8] To date, the Government has not provided a showing of need or good reason to requestion them, even after being repeatedly asked.

The Government had access to all the relevant documents during the evidentiary hearing

---

[8] The Government may argue that the questioning related to the criminal prosecution of Gustavo Hernandez and thus was not in the same case, but as acknowledged by the Government (in its request for the evidentiary hearing) and Judge Williams (in her order granting the Government's request for an evidentiary hearing), the questioning was also relevant to ancillary forfeiture proceedings relating to 314 Hicks.   D.E. 284.

13

and was able to question Ms. De Castro and Ms. Domeneghetti about each and every document. The Government has not identified what additional topics it needs to question Petitioners about that were not already addressed during the evidentiary hearing and in Ms. De Castro's subsequent affidavit. It appears what the Government is seeking is another bite at the apple to ask the same questions in an attempt to get more favorable answers, or to harass and intimidate Petitioners.

Thus, it is not "necessary" nor "desirable" for the Government to take Ms. De Castro and Ms. Domeneghetti's deposition again to resolve factual issues pertaining to the third-party petition for 314 Hicks. *See* Fed. R. Crim. P. 32.2(c)(1)(B) (the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil procedure if the court determines that discovery is necessary or desirable to resolve factual issues). Because the Government possesses Petitioners' previous sworn testimony, Olympia De Castro's sworn affidavit, documents produced pursuant to its subpoena, and documents produced pursuant to its Requests for Production and Interrogatories, the Government has "obtained [the discovery] from some other source that is more convenient [and] less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i). Additionally, it "has had ample opportunity to obtain the information," by multiple methods, including by previous questioning of Ms. De Castro and Ms. Domeneghetti under oath. Fed. R. Civ. P. 26(b)(2)(C)(ii).

Accordingly, "the court must limit the … extent of discovery otherwise allowed." Fed. R. Civ. P. 26(b)(2)(C). The Court should enter a protective order prohibiting the Government from taking a de facto second deposition of Ms. De Castro, Ms. Domeneghetti, and 314 Hicks LLC, which would be duplicative and cumulative of their prior testimony. *See Rollins*, 710 F. App'x at 820 ("[I]t was not an abuse of discretion for the district court to conclude that a second deposition of Lopez would have been duplicative or cumulative of other evidence in the record.").

14

## III.    CONCLUSION

Petitioners Ms. De Castro, Ms. Domeneghetti, and 314 Hicks LLC respectfully request that this Court enter a protective order prohibiting the Government from taking these depositions.

**Certificate of Conferral Pursuant to S.D. Fla. Local Rule 7.1(a)(3)**

Pursuant to Rule 7.1(a)(3) of the Local Rules, undersigned counsel hereby certifies that she conferred with counsel for the Government regarding the matters raised in this motion in writing on June 6, 2021; June 7, 2021; June 8, 2021; June 17, 2021; June 20, 2021, June 21, 2021; July 8, 2021; and again during a telephone conference on July 6, 2021, but have been unable to resolve this matter despite good faith efforts.

Respectfully submitted,

| | |
|---|---|
| RABIN & LOPEZ, P.A.<br>800 Brickell Avenue<br>Suite 1400<br>Miami, Florida 33131<br>Tel: (305) 358-1064<br>Fax: (305) 372-1644<br>Miamilawyer.com | MARKUS/MOSS PLLC<br>40 N.W. Third Street<br>Penthouse One<br>Miami, Florida  33128<br>Tel: (305) 379-6667<br>Fax: (305) 379-6668<br>markuslaw.com |
| /s/ Samuel J. Rabin, Jr.<br>Samuel J. Rabin, Jr.<br>Florida Bar Number 273831<br>sjr@miamilawyer.com | /s/ A. Margot Moss<br>A. Margot Moss<br>Florida Bar Number 091870<br>mmoss@markuslaw.com |
| /s/ Andrea Lopez<br>Andrea Lopez<br>Florida Bar Number 109512<br>andrea@miamilawyer.com | /s/ David Oscar Markus<br>David Oscar Markus<br>Florida Bar Number 119318<br>dmarkus@markuslaw.com |
| *Counsel for Allison Domeneghetti* | *Counsel for 314 Hicks LLC,*<br>*Olympia De Castro, and*<br>*G.H.D.C, F.H.D.C., and A.H.D.C.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, this 15th day of July 2021, which would provide a copy to counsel of record.

/s/ Samuel J. Rabin, Jr.
Samuel J. Rabin, Jr.