EXHIBIT B

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case        Miami at 99 NE 4th St

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| GUSTAVO HERNANDEZ FRIERI | )   Case No. 18-CR-20685-WILLIAMS |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Allison Domeneghetti
237 OLD ARMY RD
SCARSDALE, NY 10583

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: United States District Court<br>99 N.E. 4th Street<br>Miami, FL 33132 | Courtroom No.: 5 (via Zoom) |
|---|---|
| | Date and Time: 02/08/2021 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Any and all documents concerning the following: (i) the establishment, management, and control of DC 2019 Irrevocable Trust, 3 Gramercy Park West, LLC, and 314 Hicks LLC; (ii) the purchase and sale of 3 Gramercy Park West Unit 2400 or Unit 2, including the location of the proceeds of the sale; (iii) the purchase of real property located at 314 Hicks Street, Brooklyn, NY 11201, including the origin of the monies used for the purchase; (iv) any sale of Domaine Select Wine & Spirits, LLC (DSWS) and the current value of Series A convertible notes of DSWS acquired on or about 9/22/2016 and 10/18/2017 by Global Securities Trade Finance or Gustavo Hernandez; and (v) any assets beneficially owned or controlled by Gustavo Hernandez Frieri, Olympia Alencar De Castro, and/or their relatives.

Counsel for the United States will provide Zoom login information upon receipt from the

NOTE: Pursuant to the policy of the United States District Court for the Southern District of Florida, all electronic devices, including but not limited to cellphones, pagers, PDAs, laptops, and tape recorders, are prohibited from entering any federal courthouse facility within the Southern District of Florida. Prospective jurors, seated jurors, and witnesses with a subpoena are exempt from this policy only as it pertains to cellphones, with or without cameras, and E-book readers.

(SEAL)

Date: 01/29/2020



CLERK OF COURT

*Signature of Clerk or Deputy Clerk*
Angela E. Noble

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
AUSA Kurt K. Lunkenheimer            , who requests this subpoena, are:

Kurt K. Lunkenheimer
Assistant United States Attorney
99 NE 4th Street, Suite 400
Miami, Florida 33132
(305) 961-9008
kurt.lunkenheimer@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

## THIRD PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Third Preliminary Order of Forfeiture ("Motion") against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant"), and the restraint of certain property subject to forfeiture. The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant, and imposed a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175.

On September 28, 2020, the Court entered the Second Preliminary Order of Forfeiture, finding that the prerequisites of 21 U.S.C. § 853(p) have been satisfied to authorize the forfeiture of the Defendant's substitute property. *See* Hernandez 2nd Preliminary Order of Forfeiture, ECF No. 239.

Since entry of those orders, the United States has identified two additional assets subject to forfeiture: (1) approximately $900,000 from the forthcoming sale of real property located at 801 East Dania Beach Boulevard, Dania Beach, Florida 33004 (the "Dania Beach Property"); and (2)

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By Karen Saavedra
Deputy Clerk
Date Jan 14, 2021

real property located at 314 Hicks Street, Brooklyn, New York 11201 (the "Brooklyn Townhouse").

The Defendant has been identified as the true beneficial owner of approximately $900,000 due from the sale of the Dania Beach Property.

Furthermore, it appears that the 2020 purchase of the Brooklyn Townhouse was likely funded by the 2019 sale of 3 Gramercy Park West, Unit 2 (the "Gramercy Apartment"), the Defendant's former New York residence that he and his family acquired, owned, and controlled, including through 3 Gramercy Park West, LLC and various trusts.

To the extent that any other third party has an interest in any property sought through forfeiture proceedings, such interest will be addressed after the property is preliminarily forfeited, in third-party ancillary proceedings. *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America: approximately $900,000 from the sale of real property located at 801 East Dania Beach Boulevard, Dania Beach, Florida 33004 ("Dania Beach Property"), which is currently titled in the name of Mile Marker 55, LLC. The Dania Beach Property, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon, is further identified as:

> The West one-half of the Southwest one-fourth of the Northeast one-fourth of the Southwest one-fourth of Section 35, Township 50 South, Range 42 East, less the West 25 feet thereof, and less State Road A1A, and less any existing road rights-of-way, all lying and being in Broward County, Florida;
>
> Parcel I.D. No. 5042-35-00-0201.

2. Pursuant to 21 U.S.C. § 853(g), the Defendant, including his agents, representatives, servants, employees, attorneys, family members (including spouse), those persons in active concert or participation with the Defendant, any member or manager of 314 Hicks LLC, any trustee of the DC 2019 Revocable Trust, and any other person or entity that has access to and/or asserts any interest in, control over, or legal claim to real property located at 314 Hicks Street, Brooklyn, New York 11201 (the "Brooklyn Townhouse"), including but not limited to Olympia De Castro and Allison Domeneghetti, shall be restrained, prohibited, and enjoined from attempting or taking any action that could affect the availability, marketability, or value of the Brooklyn Townhouse, including but not limited to, selling, conveying, transferring, bailing, assigning, pledging, collateralizing, encumbering, wasting, secreting, damaging, diminishing the value of, disposing of, or removing from the jurisdiction of this Court, all or any part of any interest, direct or indirect, in Brooklyn Townhouse, unless approved in writing by the United States. The Brooklyn Townhouse, in Brooklyn, New York, Block 260, and Lot 57, is further identified as:

> ALL THAT CERTAIN plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:
>
> BEGINNING at a point formed at the northwesterly corner of Hicks and State Street;
>
> RUNNING THENCE northerly along the northwesterly side of Hicks Street, 24 feet 5 inches more or less to the middle of a party wall;
>
> THENCE westerly and part of the distance through the middle line of said party wall and parallel with State Street, 76 feet 8 3/4 inches;
>
> THENCE southerly parallel with Hicks Street, 24 feet 5 inches to the northerly side of State Street;

THENCE easterly along the northerly side of State Street, 76 feet 8 3/4 inches to the northwesterly corner of State and Hicks Street, the point or place of BEGINNING.

3. The Defendant, including his agents, representatives, servants, employees, attorneys, family members (including spouse), those persons in active concert or participation with the Defendant, any member or manager of 314 Hicks LLC, any trustee of the DC 2019 Revocable Trust, and any other person or entity that has access to and/or asserts any interest in, control over, or legal claim to the Brooklyn Townhouse, including but not limited to Olympia De Castro and Allison Domeneghetti, are further directed to maintain its present condition and make timely payment of all associated costs, including but not limited to mortgage, condominium or homeowner association fees, insurance, utilities, taxes, and other assessments. Should there be any significant damage to such real property, or if timely payment of any associated costs is not made, any person or entity that has access to and/or asserts any interest in, control over, or legal claim to the real property is directed to inform the United States within 15 days of such occurrence. This Order shall remain in full force and effect until further order of this Court.

4. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

5. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

6. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

8.   The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 11th day of January 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

5



HSI

U.S. Department of Homeland Security
ICE - OFFICE OF INVESTIGATIONS
SAC/New York

Peter C. Egan
Special Agent
El Dorado Task Force

601 West 26th Street
Suite 700
New York, NY 10001

Office: 646-230-3418
Fax: 646-230-3487
Cell - 646 - 313 -

HSI SPECIAL AGENT/MIAMI
AIAN VEGA
786-229-3477