EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,
    Defendant.
                           /

IN RE:

314 HICKS LLC,
ALLISON DOMENEGHETTI,
OLYMPIA DE CASTRO,
G.H.D.C.,
F.H.D.C., and
A.H.D.C.,
    Third-Party Petitioners.
                            /

**UNITED STATES' FIRST SET OF REQUESTS FOR PRODUCTION TO
PETITIONER ALLISON DOMENEGHETTI**

Pursuant to 21 U.S.C. § 853, Rule 32.2 of the Federal Rules of Criminal Procedure, Rule 34 of the Federal Rules of Civil Procedure, and Local Rule 26.1(g), the United States of America (the "United States") requests that, within 30 days of service, Allison Domeneghetti ("Petitioner" or "you") produce for inspection and copying all documents and information specified herein to the undersigned Assistant United States Attorneys, at the U.S. Attorney's Office, 99 N.E. 4th Street, 7th Floor, Miami, Florida or via e-mail.

## *Definitions*

1.    "United States" refers to the United States of America.

2.    "Petitioner," "you," or "your" refers to Allison Domeneghetti and all persons acting or purporting to act on her behalf.

3. "Subject Forfeited Asset" or the "314 Hicks Brooklyn Townhouse" refers to the following property that you have claimed in the above-captioned matter: real property located at 314 Hicks Street, Brooklyn, New York 11201.

4. "Gramercy Apartment" refers to 3 Gramercy Park West, Unit 2, New York, New York 10003.

5. "Case," "action," or "matter" refers to the ancillary forfeiture proceedings in the above-captioned case, *United States v. Gustavo Adolfo Hernandez Frieri*, Case No. 18-CR-20685-Williams/Torres, pending in the U.S. District Court in the Southern District of Florida.

6. "Defendant" refers to Gustavo Adolfo Hernandez Frieri, the defendant in the action.

7. "Claim" or "Petition" refers to your *Notice of Claim and Verified Petition and Request for Hearing To Adjudicate the Validity of Their Interest in Real Property*, filed on or about April 29, 2021, in this action (ECF No. 383).

8. "Person" includes any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, or group of natural persons, including any employee or agent thereof.

9. "Document" means any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, electronic mail entries, bulletins, meetings or other communications, inter-office or intra-office

telephone calls, daily calendar entries, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, motion pictures, mini-discs, floppy discs, CD-ROM discs, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, and records). A draft or non-identical copy is a separate "document" within the meaning of this term.

10. Documents "relate" or are "relating" or are "concerning" if they constitute, contain, comprise, consist of, embody, identify, state, refer to, deal with, set forth, propose, show, evidence, disclose, describe, discuss, explain, summarize, or otherwise addresses in any way the subject matter of the request.

11. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

12. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

### *Instructions*

1. Documents produced in response to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with these

requests. You may produce copies of documents or electronically stored information instead of permitting inspection.

2. These requests are directed to and cover all documents in your possession, custody or control, or in the possession, custody, or control of your agents, attorneys, accountants, expert witnesses, investigators, consultants, or other representatives.

3. When producing the requested documents, please produce all other documents that are clipped, stapled, or otherwise attached to any requested documents.

4. If you withhold any documents that you are otherwise required to produce, specifically identify each document by stating its date, author, recipient(s) and the reason for withholding said document. If you are asserting a privilege, please provide the following information: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

5. If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall: (a) describe in detail the nature of the document and its contents; (b) identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent; (c) specify the date on which the document was prepared or transmitted or both; (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and (e) if the document was not destroyed, what was done with the

document, and the identity and address of its current custodian or any person with knowledge of its location.

6. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests are continuing in nature and you must supplement or correct a disclosure or response in a timely manner if you learn in some material respect that your disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to United States during the discovery process or in writing.

### *Documents To Be Produced*

1. All documents related to and/or concerning your interest in the Subject Forfeited Asset.

2. All documents related to and/or concerning 314 Hicks LLC's interest in the Subject Forfeited Asset.

3. All documents related to and/or concerning Olympia De Castro's interest in the Subject Forfeited Asset.

4. All documents related to and/or concerning the interest of G.H.D.C., F.H.D.C., and A.H.D.C. in the Subject Forfeited Asset.

5. All documents related to and/or concerning the Subject Forfeited Asset.

6. All documents related to and/or concerning the Gramercy Apartment.

7. From January 1, 2004 through the present, all documents related to and/or concerning the following entities (including all aliases or similar names):

    i. HH Securities Ltd. (Bahamas);
    ii. Global Finance Management Corporation (BVI);
    iii. Global Securities Asset Management (BVI);
    iv. Global Securities Holding, LLC;
    v. The Global Securities Market Neutral Fund c/o Dundee Leeds Management Services (Cayman) Ltd.;

     vi. H&H Protectors IBC (Bahamas);
    vii. HH Protector;
   viii. Americas Fiduciary Ltd. (Nevis);
    ix. HH Master Settlement Trust (Nova Scotia), including for initial trust dated December 1, 2004 and amended and restated trust dated November 13, 2006
     x. H&H Protectors Ltd. (Bahamas);
    xi. Gramercy Irrevocable Trust;
    xii. Gramercy Irrevocable Operating Trust (Nova Scotia);
   xiii. 3 Gramercy Park West LLC;
   xiv. DC 2019 Irrevocable Trust;
    xv. DC Trust;
   xvi. DC Irrevocable Trust; and/or
  xvii. 314 Hicks LLC.

8. All documents establishing or amending any trust or company that held and/or controlled asset(s) for the benefit of Defendant, Olympia De Castro, or their children for which you signed or executed documents and/or acted on behalf of in any document, including in written correspondence whether through physical and/or electronic means.

9. All documents concerning the purchase, storage and maintenance, sale and/or transfer, and/or current status of any asset identified in the application submitted by Defendant to the members of the board of 3 Gramercy Park West Incorporated, which application was filed as Exhibit B, ECF No. 344-2. Such documents shall include but are not limited to purchase agreements, sale agreements, wire transfer details, checks, bank statements, insurance policies, invoices, payments, appraisals, and/or written communications through physical and/or electronic means concerning the artwork identified in the attached excerpt from Exhibit B.

10. All documents, including but not limited to bank statements, wire transfer details, checks, and/or written communications through electronic or physical means, concerning the source(s) of funds for the purchase of the 314 Hicks Brooklyn Townhouse.

11. All documents, including but not limited to bank statements, wire transfer details, checks, and/or written communications through electronic or physical means, concerning the

source(s) of funds for the purchase of the Gramercy Apartment and how such funds were directed and transferred to purchase the Gramercy Apartment in 2005. Such documents shall include but are not limited to wire transfer details and/or checks to Holm & O'Hara LLP for a down payment of approximately $290,514.77 and for a wire transfer of approximately $2,670,000.00 received on or about August 15, 2005.

12. All documents, including but not limited to bank statements, invoices, bills, wire transfer details, and/or written communications through physical and/or electronic means, related to payments to 3 Gramercy Park Incorporated or its subsequent entity 3 Gramercy Park Owners Corp. for any purpose, including but not limited to for utilities or other fees.

13. From December 16, 2004 through the present, all documents concerning the purchase, insurance, storage, maintenance, appraisal, sale, and transfer (including but not limited to as a transfer without consideration and considered a gift) of any piece of art related to Defendant, Olympia De Castro, their children, any of their family members, or any entity related to such persons. Such documents shall include but are not limited to purchase agreements, sale agreements, wire transfer details, checks, bank statements, insurance policies, invoices, payments, appraisals, and/or written communications through physical and/or electronic means for the sale of art by Kai Althoff and others that was stored and previously displayed at Defendant and Olympia De Castro's residence, 597 Hibiscus Lane, Miami, Florida 33137.

14. All written communications through physical and/or electronic means (e.g., e-mails, text messages, letters, applications, and other notes) made to, from, or copying the following persons or entities (including all aliases and similar names), or those acting on behalf of such persons or entities concerning (1) the Gramercy Apartment; (2) the 314 Hicks Brooklyn Townhouse; and (3) from July 23, 2018, through the present, any asset related to Defendant,

Olympia De Castro, their children, any of their family members, or any entity related to such persons:

    i. 3 Gramercy Park Incorporated;
    ii. 3 Gramercy Park Owners Corp.;
    iii. 3 Gramercy Park West, LLC;
    iv. H&H Protectors IBC (Bahamas);
    v. Americas Fiduciary Ltd. (Nevis);
    vi. Timothy D. Richards;
    vii. HH Master Settlement Trust (Nova Scotia);
    viii. H&H Protectors Ltd. (Bahamas);
    ix. Defendant;
    x. Olympia De Castro;
    xi. Maria Lucia Hernandez Frieri;
    xii. Juan Carlos Gomez;
    xiii. Maria Elena Hernandez Frieri;
    xiv. Gustavo Hernandez Romero;
    xv. Cesar Gabriel Hernandez;
    xvi. Michael Landsman, Esq.;
    xvii. Holm & O'Hara LLP;
    xviii. Barbara Evans-Butler;
    xix. Stribling & Associates Ltd.;
    xx. Dee Simonson;
    xxi. The Corcoran Group;
    xxii. Jose I. Padial;
    xxiii. Jose I. Padial, P.A.
    xxiv. 314 Hicks LLC;
    xxv. Christian Nagel;
    xxvi. Galerie Nagel Draxler GmbH;
    xxvii. Frank A. Rosillo; and/or
    xxviii. Rosillo & Associates, P.A.

15. All documents related to and/or concerning the financial condition of 314 Hicks LLC, DC 2019 Irrevocable Trust, Defendant, Olympia De Castro, G.H.D.C., F.H.D.C., and A.H.D.C. Such documents shall include but are not limited to bank statements, account opening records, or other financial records for account number ending in 0860 and account number ending in 4870 at JPMorgan Chase Bank; tax returns; and written correspondence with the Defendant

and/or Olympia De Castro concerning any business (actual or proposed), investment, litigation, and/or any asset.

16. All tax returns related to the Gramercy Apartment, the 314 Hicks Brooklyn Townhouse, or any artwork identified in response to Requests for Production Nos. 9 and 13.

17. All documents related to any asset held in trust or otherwise for the current or future benefit of Olympia De Castro and Defendant's children, G.H.D.C., F.H.D.C., and A.H.D.C.

18. All documents related to your execution of documents related to the Gramercy Apartment, 314 Hicks Brooklyn Townhouse, or DC 2019 Irrevocable Trust, including but not limited to written communications surrounding the execution of Exhibit K, Exhibit N, Exhibit O, Exhibit P, and Exhibit T, filed at ECF Nos. 383-11, 383-14, 383-15, 383-16, 383-20.

19. All documents related to how you obtained the Exhibits accompanying your Petition, which were filed at ECF Nos. 383-1 to 383-25, and any documents produced.

20. To the extent not already produced, all documents you intend to rely on at the hearing on your Petition.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham and Joshua Paster*
Joshua Paster, Court ID No. A5502616
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 / (305) 961-9342
Facsimile: (305) 536-4089
joshua.paster@usdoj.gov
nalina.sombuntham@usdoj.gov
*Counsel for United States of America*

Dated: May 17, 2021