**EXHIBIT M**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    *Defendant*,

_____/

314 HICKS LLC,

ALLISON DOMENEGHETTI,

OLYMPIA DE CASTRO,

G.H.D.C. (minor child),

F.H.D.C. (minor child), and

A.H.D.C. (minor child),

    *Third-Party Petitioners.*

_____/

## NOTICE OF OBJECTION TO DEPOSITION OF ALLISON DOMENEGHETTI

Pursuant to United States Magistrate Judge Edwin G. Torres' Order Setting Discovery Procedures,[1] **ALLISON DOMENEGHETTI**, through undersigned counsel, provides this Notice of Objection to the Government's Notice of Taking Deposition of **ALLISON DOMENEGHETTI** (hereafter "**MS. DOMENEGHETTI**"), scheduled to take place on Monday, August 2, 2021, said Deposition Notice being served on June 17, 2021.

---

[1] It is not clear yet whether Magistrate Judge Torres intends to enter his standing discovery order in this case. However, in an abundance of caution, **MS. DOMENEGHETTI** serves this Notice of Objection within five (5) days of receiving the Government's deposition notice, to timely preserve her objections to the Government's deposition notice.

The Government's requested deposition of **Ms. Domeneghetti** seeks testimony that is duplicative and cumulative to testimony provided by **Ms. Domeneghetti** during the course of this case and should not be permitted. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. . .").

The Government obtained multiple hours (between 9:42 a.m. and 4:32 p.m.) of sworn testimony from **Ms. Domeneghetti** during an evidentiary hearing before Magistrate Judge Torres on February 18, 2021. During the Government's extensive questioning, conducted by the same team of prosecutors that seek to question her a second time, **Ms. Domeneghetti** answered questions relating to the very same areas they would seek to question her about again, including 314 Hicks LLC, 3 Gramercy Park, related entities, and associated legal documents. Following her sworn testimony on February 18, Government counsel reached out to the undersigned counsel requesting additional clarifying information and explanations from **Ms. Domeneghetti** about several documents the Government provided. This Counsel contacted his client and subsequently provided additional information sought by the government.

To date, the Government has not identified what additional information it needs from **Ms. Domeneghetti** that has not already been provided through her sworn testimony and documents produced pursuant to the Government's subpoena served in the Gustavo

Hernandez criminal case. When undersigned counsel raised concerns about a second deposition of **Ms. Domeneghetti** in a June 6 email, the prosecutors responded the following day by stating, "As you know, we have previously raised concerns about **Ms. Domeneghetti's** February testimony." While that may be true, a second deposition will do nothing to eliminate any concerns the prosecutors may have since **Ms. Domeneghetti** testimony will not change simply to alleviate their concerns. Requiring **Ms. Domeneghetti** to be questioned again about the same subject matter is unreasonably cumulative and akin to requiring **Ms. Domeneghetti** to be subject to a second deposition. *See Rollins v. Cone Distrib., Inc.*, 710 F. App'x 814, 820 (11th Cir. 2017) ("[I]t was not an abuse of discretion for the district court to conclude that a second deposition of Lopez would have been duplicative or cumulative of other evidence in the record.").

    Respectfully submitted,

**Rabin & Lopez, P.A.**
Sun Trust International Center
One Southeast Third Avenue
Suite 2600
Miami, FL 33131
Tel: 305•358•1064
Email: sjr@miamilawyer.com

s/ *Samuel J. Rabin, Jr.*

Samuel J. Rabin, Jr.
Florida Bar № 273831
Counsel for Allison Domeneghetti

---