UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

      Defendant,
_____/

314 HICKS LLC,
ALLISON DOMENEGHETTI,
OLYMPIA DE CASTRO,
G.H.D.C. (minor child),
F.H.D.C. (minor child), and
A.H.D.C. (minor child),

      Third-Party Petitioners.
_____/

## OLYMPIA DE CASTRO, ALLISON DOMENEGHETTI, AND 314 HICKS LLC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

### I.  Depositions of Petitioners Olympia De Castro and Allison Domeneghetti

The Government acknowledges that the depositions of Third-Party Petitioners Olympia De Castro and Allison Domeneghetti are not necessary. It states that if Ms. De Castro and Ms. Domeneghetti appear at the hearing on their Petition for 314 Hicks that it will not continue to push forward on taking depositions that the Petitioners insist are duplicative, harassing, and cumulative because the Government has already questioned Ms. De Castro and Ms. Domeneghetti at length. D.E. 453, at 5. Ms. De Castro and Ms. Domeneghetti both intend to appear at the ancillary hearing to assert that the true ownership of 314 Hicks lies with Ms. De Castro's children and the children's

–1–

Trust, through 314 Hick LLC.[1]  Therefore, the issue of the depositions of Ms. De Castro and Ms. Domenghetti is moot and the depositions do not need to go forward.

## II.     Deposition of Petitioner 314 Hicks LLC

Although the Government has already questioned the only two individuals associated with the company at length, under oath and without interruption, for the purposes of this ancillary petition,[2] it claims that it needs to depose 314 Hicks again and intends to ask questions regarding "the establishment and management of the company as well as the acquisition and maintenance of real property located at 314 Hicks Street, Brooklyn, New York 11201" – topics which have been previously covered in detail at an evidentiary hearing this year.  Further, the Government <u>twice</u> subpoenaed Petitioners requesting documents concerning "the establishment, management, and control of … 314 Hicks LLC" and "the purchase of real property located at 314 Hicks Street, Brooklyn, NY 11201" (D.E. 450-1, 450-2: Exhibits A and B) – the topics listed in the 314 Hicks LLC deposition notice – and received *all* documents on these matters.

While they insist that a *de facto* third deposition of 314 Hicks LLC is not necessary, Petitioners attempted to accommodate and compromise with the Government by requesting that it further narrows the matters that would be covered in a deposition (since the matters noticed by the Government for deposition have already been repeatedly covered).  Petitioners acknowledged, as well, in their Meet and Confer telephone conference with the Government on July 6, 2021 and by

---

[1] Ms. De Castro will appear in person at the ancillary hearing.  Ms. Domeneghetti will appear in person or via Zoom subject to the Court's approval, which is how she appeared at the February 2021 evidentiary hearing before Magistrate Judge Torres.

[2] Petitioners have described the circumstances, details, and extensive issues covered in their testimony at the February 2021 evidentiary hearing in their Motion for Protective Order.  D.E. 450, at 3-7.

2

email on July 8, 2021, that "the government could appropriately question a corporate representative about the gap period of February 18, 2021 to the present."[3]  *See* email quoted within D.E. 450, at 11; and D.E. 453-1.  Nevertheless, the Government refused to compromise, despite the unique opportunity it has had of already questioning the company's owner and manager without the participation of Petitioners' counsel.

Federal Rule of Civil Procedure is specific and unequivocal:  "On motion or on its own, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).  In addition, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery [or] ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1).

Here, the deposition of Olympia De Castro, as the representative of 314 Hicks LLC, amounts to discovery which is "unreasonably cumulative or duplicative, [and has already been] obtained from some other source" and the Government "has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C).  Therefore, the court should "issue an order to protect [Ms. De Castro, as the representative of 314 Hicks LLC] from [further]

---

[3] The Government omitted any reference to Petitioners' efforts and willingness to work with the Government from its Response.

3

annoyance, embarrassment, oppression, [and] undue burden" by forbidding the deposition of 314 Hicks LLC.  Fed. R. Civ. P. 26(c)(1).  This is the appropriate decision.  The Government is not prejudiced from this outcome in anyway since it believes (although wrongly) that "314 Hicks LLC is nothing more than a nominee, and the entity should be disregarded."  D.E. 453, at 7.

WHEREFORE, Petitioners Olympia De Castro and Allison Domeneghetti request that this Court find that their depositions will not go forward since the Government recognizes and agrees they are not necessary when Petitioners will be present at the ancillary hearing; and Petitioner 314 Hicks LLC respectfully requests that this Court enter a protective order prohibiting the Government from taking its deposition.

Respectfully submitted,

| | |
|---|---|
| RABIN & LOPEZ, P.A. | MARKUS/MOSS PLLC |
| 800 Brickell Avenue | 40 N.W. Third Street |
| Suite 1400 | Penthouse One |
| Miami, Florida  33131 | Miami, Florida  33128 |
| Tel:  (305) 358-1064 | Tel: (305) 379-6667 |
| Fax:  (305) 372-1644 | Fax: (305) 379-6668 |
| Miamilawyer.com | markuslaw.com |

By:     /s/ Samuel J. Rabin, Jr.                           By:     /s/ A. Margot Moss
      Samuel J. Rabin, Jr.                                              A. Margot Moss
      Florida Bar Number 273831                              Florida Bar Number 091870
      sjr@miamilawyer.com                                      mmoss@markuslaw.com

      /s/ Andrea Lopez                                                 /s/ David Oscar Markus
      Andrea Lopez                                                       David Oscar Markus
      Florida Bar Number 109512                              Florida Bar Number 119318
      andrea@miamilawyer.com                               dmarkus@markuslaw.com

      *Counsel for Allison Domeneghetti*                *Counsel for 314 Hicks LLC,*
                                                                                    *Olympia De Castro, and*
                                                                                    *G.H.D.C, F.H.D.C., and A.H.D.C.*