UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA,
       Plaintiff

       v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,
       Defendant

       and

OLYMPIA DE CASTRO,
       Third Party Petitioner

_____/

**Hernandez's Unopposed Motion for Stay
of [ECF#499] Paperless Order Affirming
[ECF#468] Magistrate Judge's Order Granting
[ECF#421] the Government's Motion to Compel**

Contemporaneous with the filing of this unopposed motion to stay, Defendant Gustavo Hernandez Frieri will be filing a notice of appeal from [EC#499] the Court's Paperless Order affirming Magistrate Judge Torres' order compelling production by Olympia De Castro (Hernandez's former wife) of communications over which Hernandez has asserted either (1) marital privilege during the period when they were still married or (2) a Joint Defense Agreement between Hernandez and De Castro ("the withheld documents").

On appeal, Mr. Hernandez will reiterate the arguments made in the district court including that (a) under *United States v. Singleton*, 260 F.3d 1295, 1300 (11th Cir. 2001), the marital privilege applies even though De Castro filed for divorce, because "Hernandez continued cohabiting in the same family home with their children," ECF#476:18-19; and (b) Hernandez enjoyed a valid joint defense with his

former wife, consistent with *United States v. Almeida*, 341 F.3d 1318, 1324 (11th Cir. 2003), ECF#451:3-4, ECF#476:6-14, ECF#486-1:5-6; and Hernandez was encouraged by his own criminal defense counsel to communicate directly with the lawyers representing Hernandez's former wife, and was assured and believed that the communications were privileged pursuant to a valid joint defense agreement. ECF#444:4-5; ECF#476:14-16, ECF#486-1:6-7, s*ee also* ECF#427-3 (Declaration of Guy Austin Rasco, Esq.) at paras. 2, 15, 18.

The appeal relates specifically to the discovery demand made by the Government—and upheld by the district court—in connection with De Castro's verified petition [ECF#296] to adjudicate the validity of her interest in approximately $900,000 (plus interest) that the Government alleges is, and seeks to forfeit as, substitute property of Hernandez. The withheld documents, which are identified in De Castro's Amended Privilege Log at ECF#459-1 (prepared by attorney Rasco), include emails between Hernandez, his criminal defense lawyers (including undersigned counsel), and De Castro's lawyers.

A separate discovery demand was made to De Castro in connection with another verified petition that she and other petitioners filed [ECF#383], claiming an interest in real property at 314 Hicks Street, Brooklyn, New York ("314 Hicks") that the Government seeks to forfeit as the substitute property of defendant Hernandez. De Castro has likewise asserted the joint defense privilege over communications between Hernandez, his criminal defense lawyers (including undersigned counsel), and De Castro's lawyers in the 314 Hicks proceeding. De Castro's assertions of joint defense privilege in 314 Hicks, however, have not yet been the subject of a motion to compel or an order of compulsion. De Castro's lawyers in 314 Hicks (Markus/Moss) have agreed to produce a privilege log to the Government identifying the withheld documents, but they are currently in trial before Judge Martinez, so they intend to produce the log as soon thereafter as feasible.

Also in the 314 Hicks substitute property forfeiture proceeding, the Government issued a subpoena to Gustavo Hernandez to produce records and testify at a deposition. Hernandez, through undersigned counsel, submitted his own privilege log to the Government, likewise asserting the joint defense privilege over communications between Hernandez, his criminal defense lawyers (including undersigned counsel), and De Castro's lawyers. Hernandez's assertions of joint defense privilege in 314 Hicks have not yet been the subject of a motion to compel or an order of compulsion, either.

Undersigned has conferred with counsel for all third-party petitioners (attorneys Rasco, Moss, Klugh and Rabin) who advise that they do not oppose the relief requested and agree that the appellate decision will conclusively resolve the validity of any joint defense asserted by Hernandez with them. Undersigned has also conferred with Government counsel who advise that the Government also does not oppose a stay limited to the order compelling production (and not the forfeiture proceedings generally), and requests that the withheld documents subject to the appeal are specifically identified in a log in order to avoid any confusion as to the applicability of the eventual appellate decision.

Respectfully submitted,

**BLACK SREBNICK**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131 / (305) 371-6421

By:    /s/ *Howard Srebnick*
**HOWARD SREBNICK**
*HSrebnick@RoyBlack.com*
Florida Bar No. 919063

**JACKIE PERCZEK**
*JPerczek@RoyBlack.com*
Florida Bar No. 042201