**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-CR-20685-WILLIAMS/TORRES**

**UNITED STATES OF AMERICA**

**v.**

**GUSTAVO ADOLFO HERNANDEZ**
**FRIERI,**

**Defendant.**

**UNITED STATES' REPLY IN SUPPORT OF**
**MOTION FOR FINAL ORDER OF FORFEITURE**

Pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the

United States of America (the "United States"), by and through the undersigned Assistant United

States Attorneys, hereby files this reply in support of the United States' Motion for Final Order of

Forfeiture [ECF No. 544], and to address the Response to Motion for Final Order of Forfeiture

[ECF No. 552], filed by Olympia De Castro and 597 Hibiscus Lane Revocable Trust yesterday.

In support of this reply, the United States submits the following:

1.      Olympia De Castro and 597 Hibiscus Lane Revocable Trust (the "Revocable

Trust") are no longer parties to this case.

2.      More than three weeks ago, on February 4, 2022, the Court dismissed the petitions

filed by Ms. De Castro and the Revocable Trust, ending the ancillary proceeding regarding real

property located at 597 Hibiscus Lane.   *See* Order, ECF No. 540.

3.      "When the ancillary proceeding ends, the court ***must enter a final order of***

***forfeiture*** by amending the preliminary order as necessary to account for any third-party rights. . .

.  The defendant may not object to the entry of the final order on the ground that the property

belongs, in whole or in part, to a codefendant or third party; ***nor may a third party object to the final order on the ground that the third party had an interest in the property***." Fed. R. Crim. P. 32.2(c)(2) (emphasis added); *see also* 21 U.S.C. § 853(n)(7) ("Following the court's disposition of all petitions filed under this subsection, . . . the ***United States shall have clear title to property*** that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.") (emphasis added).

4.     Accordingly, neither Ms. De Castro nor the Revocable Trust is entitled to file any response to the United States' Motion for Final Order of Forfeiture,[1] and the Court should enter

---

[1] In their filing, Ms. De Castro and the Revocable Trust request that the Court denominate their dismissal "without prejudice" in order to give them yet another chance to plead their claim. However, they have had ample opportunity to present their claim prior to the Court's dismissal. Over the last year, Ms. De Castro and the Revocable Trust have responded to the Government's motion to dismiss, filed objections to the report and recommendation, supplemented those objections, and replied in support of their supplemented objections. *See* ECF No. 285; ECF No. 347; ECF No. 356; ECF No. 359. In those submissions, as they do again with their filing yesterday, Ms. De Castro and the Revocable Trust have already amended and re-plead their claim(s) to 597 Hibiscus Lane. *See, e.g.*, Report and Recommendation 13, ECF No. 316 ("In clarifying the relief sought in an opposition brief, the Petitioners are, for all practical purposes, trying to amend their joint petition in response to a motion to dismiss.").

Further, they cite no case that supports their extraordinary demand, and instead rely on non-binding decisions to argue that dismissal without prejudice is warranted because they are somehow entitled to equitable relief. In doing so, they ignore the Eleventh Circuit's clear pronouncement that "federal law provides only two avenues of relief for third parties seeking to establish their interest in criminally forfeited property," which are set forth in 21 U.S.C. § 853(n)(6)(A) and § 853(n)(6)(B). *See United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000) (reversing district court's order granting ex-wife's claim to forfeited property and remanding to reinstate order of forfeiture); *see also United States v. Tardon*, 493 F. Supp. 3d 1188, 1219-20 (S.D. Fla. 2020) (pending appeal) (addressing the shortcomings of the decision in *Silva*, cited by Ms. De Castro and the Revocable Trust, and finding that the magistrate judge in *Silva* did not consider requirements of 21 U.S.C. § 853(n), that *Silva* is not binding, was not supported by case law, and would "permit criminals to act with impunity and protect their assets and substitute assets by simply taking the administrative step of incorporating"). Any failure to timely present their claim(s) is not grounds to reopen the ancillary proceeding, as the Eleventh Circuit and other Circuits have upheld in instances, unlike here, when such request was properly raised. *See, e.g.*, *United States v. Davenport*, 668 F.3d 1316, 1323-25 (11th Cir. 2012) (Eleventh Circuit upholding dismissal of untimely third-party petition and Rule 60(b) motion when attorney's mistake of law

2

the proposed Final Order of Forfeiture [ECF No. 544-2].

WHEREFORE, pursuant to 21 U.S.C. § 853, and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests that the Court enter the proposed Final Order of Forfeiture and for such other relief that it deems just and proper.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:     */s/ Nalina Sombuntham and Joshua Paster*
Joshua Paster, Court ID No. A5502616
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 / (305) 961-9342
Facsimile: (305) 536-4089
joshua.paster@usdoj.gov
nalina.sombuntham@usdoj.gov
*Counsel for United States of America*

---

resulted in failure to file prior to deadline); *United States v. Minor*, 457 F. App'x 119 (3d Cir. 2012) (per curiam) (affirming denial of Rule 60(b) motion even when attorney failed to respond to motion to dismiss, as "clients must be held accountable for the acts and omission of their attorneys") (quoting *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 396 (1993)); *see also United States v. Aguirre*, 476 F. App'x 333 (5th Cir. 2012) (upholding denial of Rule 60(b) motion and finding no excusable neglect when wife argued that she did not timely file petition because of her defendant-husband's incarceration, new role as a single parent of six children, and lack of legal knowledge).