UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    Defendant.

_____/

### UNITED STATES' RESPONSE IN OPPOSITION TO DISMISSED PETITIONERS' FED. R. CIV. P. 59 MOTION TO ALTER OR AMEND JUDGMENT

The United States of America (hereinafter, the "United States" or the "Government"), by and through its undersigned Assistant United States Attorneys, respectfully files this response in opposition to Olympia De Castro's and 597 Hibiscus Lane Revocable Trust's (the "Revocable Trust") (collectively, the "Dismissed Petitioners") Fed. R. Civ. P. 59 Motion To Alter or Amend Judgment [ECF No. 562] (the "Motion"). In the Motion, the Dismissed Petitioners seek to amend or alter the Court's Order adopting the Report and Recommendation [ECF No. 539] (the "Order") that dismissed their jointly-filed petition [ECF Nos. 261, 262] (the "Joint Petition"). But the Dismissed Petitioners do nothing more than seek to relitigate their claim(s) to real property located at 597 Hibiscus Lane, Miami, Florida ("597 Hibiscus Lane"), undercutting their requested relief under Rule 59 of the Federal Rules of Civil Procedure. Accordingly, the Court should deny the Motion with prejudice, and grant the United States' Motion for Final Order of Forfeiture [ECF No. 544]. In support, the United States provides the following factual and legal bases.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. . . . A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119

(11th Cir. 1999) and *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)) (internal quotations, citations, and brackets omitted).

Despite this clear Eleventh Circuit precedent, the Dismissed Petitioners seek relief pursuant to Rule 59(e)[1] by indicating that they wish to relitigate old matters and present arguments that could have been raised prior to their dismissal. *See id.*; *see also Christy v. Sheriff of Palm Beach Cnty., Fla.*, 288 F. App'x 658, 663 (11th Cir. 2008) (finding no error in denial of *pro se* litigant's Rule 59(e) motion because he "presented the same legal arguments in this motion as he did in his objection to the magistrate judge's report, which the district court properly considered and overruled in its original order"). The Dismissed Petitioners assert that the Court's Order and U.S. Magistrate Judge Edwin G. Torres' Report and Recommendation were "manifestly erroneous . . . for multiple reasons, each which warrants granting Rule 59 relief." *See* Motion 2; *see also* Paperless Order, ECF No. 943, *United States v. Tardon*, Case No. 11-CR-20570-JAL/JG (S.D. Fla.) (defining a "manifest error" as "'[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record'") (quoting and citing Manifest Error (under Error), Blacks Law Dictionary 660 (10th ed. 2014)). The Dismissed Petitioners proffer three reasons in support of their request for reconsideration. As set forth below, each proffered reason underscores that relief would be inappropriate and reaffirms the Court's decision to dismiss Ms. De Castro and the Revocable Trust's Joint Petition for failing to state a

---

[1] The Dismissed Petitioners also seek relief pursuant to Rule 59(a)(2). *See* Motion 1. However, because their dismissal was without hearing or trial, Rule 59(a)(2) is inapplicable. *See, e.g.*, *United States v. DeRochemont*, 2012 WL 13510, at *1 (M.D. Fla. Jan. 4, 2012 (instead considering dismissed petitioner's motion under Fed. Civ. Rs. P. 59(e) and 60(b)). Rule 59(a)(2) provides that "*[a]fter a nonjury trial,* the court may, *on motion for a new trial,* open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2) (emphasis added). In the Motion, the Dismissed Petitioners acknowledge that there has been no hearing. *See* Motion 8 (requesting "to reopen the case to permit the consideration of evidence either in summary judgment or hearing proceedings").

2

claim upon which relief may be granted.

First, the Dismissed Petitioners assert that neither the Court nor U.S. Magistrate Judge Torres considered, in dismissing their claim(s), that "each separate interest holder lacks a superiority of interest in *their own share*." *See* Motion 2 (emphasis in original). But the Dismissed Petitioners never pleaded such interest. *See generally* Joint Petition. They instead pleaded that "[b]ecause Ms. De Castro and [the Revocable Trust] hold **all** legal right, title, and present interest in the real property 597 Hibiscus Lane . . . , the property cannot be forfeited." *See id.* 1-2 (emphasis added). Specifically, their Joint Petition alleged:

> While Ms. De Castro and her former husband[, Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant")] were co-trustees in 2013, [the Defendant] resigned as co-trustee (as he was permitted to by the [Revocable] Trust) over a year ago. Since that time, only Ms. De Castro is the Trustee and **she alone** holds legal title to and a present in 597 Hibiscus Lane.[] The Government cannot usurp this interest because **Ms. De Castro's interest in the entire property** vested well before the Government's could have.

*Id.* at 9 (emphasis added).

Even though Ms. De Castro never pleaded such interest, the parties already have litigated, and the Court already has considered, whether Ms. De Castro had a separate, one-half interest in 597 Hibiscus Lane. The Dismissed Petitioners previously raised the very same argument in their Objections to the Report and Recommendation ("Objections"), asserting that an "innocent wife's interest in property cannot be criminally forfeited." *See* Objections 12-15, ECF No. 347. In a section entitled "De Castro Has Not Alleged Facts Supporting Separate One-Half Interest," the United States addressed this argument, including the Eleventh Circuit cases the Dismissed Petitioners again cite in the Motion. *See* U.S. Resp. to Objections 12-14, ECF No. 357; *see also United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir. 1993) (remanding to district court with instructions to dismiss wife's petition, finding her "alleged innocence . . . cannot defeat the Government's interest"); *United States v. Fleet*, 498 F.3d 1225, 1232 (11th Cir. 2007) (citing

3

*Jimerson*; the Eleventh Circuit also observed, "[t]here is no innocent spouse defense to criminal forfeiture"); *United States v. Kennedy*, 201 F.3d 1324, 1334-35 (11th Cir. 2000) (recognizing that "defendants . . . may collude with their spouses to avoid forfeiture"); *see also United States v. Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006) ("The criminal forfeiture statutes contain no provision for an 'innocent owner' defense for third parties."). In the Motion—and previously in the Objections, the Dismissed Petitioners do not explain how these cases bear on whether Ms. De Castro has a separate or superior interest under 21 U.S.C. § 853(n)(6)(A). *See* U.S. Resp. to Objections 14. As the United States submitted earlier in this very same litigation:

> Unlike the property at issue in the cited cases, 597 Hibiscus Lane is not titled to a joint tenancy by the entirety and is not community property. *See* Joint Petition, Exhibit 3, ECF Nos. 261-3 and 262-3 (current warranty deed); Exhibit 1, ECF Nos. 261-1 and 262-1 (art. 9.2, stating 597 Hibiscus Lane "shall not be subject to the community property laws or forced share laws of any country's jurisdiction whatsoever"). Even if 597 Hibiscus Lane had been titled in a joint tenancy by the entirety, De Castro would only have an "indivisible right to own and occupy the entire property," and thus lack a superior interest under 21 U.S.C. § 853(n)(6)(A) as a matter of law. *See, e.g.*, *United States v. Derochemont*,[] 2011 WL 6319293, at *3 (M.D. Fla. Dec. 15, 2011) (forfeiting, as substitute asset, real property held by defendant and wife in a joint tenancy by the entirety); *Jimerson*, 5 F.3d at 1455; *Kennedy*, 201 F.3d at 1331; [*United States v. Watkins*, 320 F.3d 1279, 1284 (11th Cir. 2003)]. Therefore, any suggestion made by Petitioners that the Court should treat De Castro's interest in 597 Hibiscus Lane as a joint tenancy by the entirety also would lead to dismissal of the Joint Petition.

*Id.* at 14.

Second, the Dismissed Petitioners argue for reconsideration by claiming that the Court and U.S. Magistrate Judge Torres misconstrued Florida trust law and failed to give effect to Ms. De Castro's marital settlement with the Defendant. *See* Motion 2-3. The record shows otherwise. Pages of briefing were devoted to the effect of the marital settlement on Ms. De Castro's interest in 597 Hibiscus Lane, and U.S. Magistrate Judge Torres opined on the Dismissed Petitioners' arguments in the Report and Recommendation. *See, e.g.*, U.S. Mot. To Dismiss 12-16, ECF No. 264; De Castro and Revocable Trust's Resp. to Mot. To Dismiss 7, ECF No. 285; Report and

Recommendation 16-19.  The Dismissed Petitioners also raised the marital settlement in their Objections.  *See* Objections 8-10; U.S. Response to Objections 15-17.  The Court reviewed these Objections and concluded that the Report and Recommendation should be adopted.  *See* Order.  Consequently, as with their first proffered reason, the Dismissed Petitioners' second reason highlights only that they impermissibly seek reconsideration under Rule 59(e) to revisit issues that already have been decided by the Court.

In furtherance of this second reason, the Dismissed Petitioners also cite, for the first time, *United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012), misrepresenting that this "Eleventh Circuit precedent shows that such a valid [marital] settlement must be given effect to the extent recognized by Florida law" and that *Duran* was remanded "where [the] district court discounted [the marital settlement] entirely in that it had not yet resulted in transfer of title to the innocent spouse."  *See* Motion 2-3.  This is a farfetched reading of *Duran*, contradicted by the Eleventh Circuit's conclusion in that case:

> The district court erred when it refused to adjudicate [defendant's former wife] Carmen's motion to dissolve or stay the writ of execution. Because the district court had a duty to determine what, if any, 'substantial nonexempt interest' [defendant] Lawrence held in the apartment, 28 U.S.C. §§ 3203(a), 3013, when the United States levied against the property, *id.* § 3203(b), we vacate the order that denied Carmen's motion. On remand, the district court must determine the respective ownership interests, if any, of Carmen and Lawrence in the apartment when the United States obtained the writ of execution and whether Lawrence had a "substantial nonexempt interest" in the apartment that the United States could levy.

*Duran*, 701 F.3d at 916.  *Duran* is not an intervening change in controlling case law, and was decided in 2012, well before the Court dismissed Ms. De Castro's and the Revocable Trust's Joint Petition.  *See Guevara v. NCL (Bahamas) Ltd.*, No. 15-CV-24294-KMW, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017) (recognizing change in controlling case law as a basis for reconsideration).  In any event, its applicability here is questionable.  As noted above, the Court not only reviewed Ms. De Castro's interest as result of the marital settlement prior to dismissal,

5

*supra* 4-5, but also considered her claim that a petitioner claiming to be an innocent spouse is exempted from criminal forfeiture, *supra* 3 (*see Kennedy*, 201 F.3d at 1334-35, in which the Eleventh Circuit warned that "defendants . . . may collude with their spouses to avoid forfeiture" in divorce proceedings).

Turning to the Dismissed Petitioners' third and final purported reason for relief under Rule 59(e), they argue that the Report and Recommendation "relied on factual allegations by the government that fall outside the marital settlement terms were fair in relation to the amount of the defendant's individual contributions or debts to the Trust." *See* Motion 3. They fail to cite to any portion of the Report and Recommendation when making this allegation. *See id.* Fatally, they did not raise this issue in their Objections, barring them from doing so now even if they could articulate a basis for their allegation. *See generally* Objections; *see also* 11th Cir. Rule 3-1; *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

The Dismissed Petitioners' three proffered reasons do not establish that any manifest error occurred that would warrant relief under Rule 59(e). Instead, the Motion appears to be a pretext to ask belatedly to amend their claim. After raising the aforementioned three reasons, the Dismissed Petitioners implore the Court to "denominate the dismissal as without prejudice to the amendment of the petition to address what the Magistrate Judge referred to as a failure to address the relief sought, so as to clarify *Jimerson*, *Kennedy,* and *Fleet,* and addressed in more recent decisions . . . ." *See* Motion 3-4. The "more recent decisions" they list are not new, but from 1991, 2017, and 2018, and should have been raised prior to dismissal.[2] *See id.*

---

[2] Among the cited decisions, the Dismissed Petitioners particularly focus on *United States v. Silva*, Case No. 15-CR-20727-CR-DPG/AOR, 2018 WL 5847348 (S.D. Fla. Sept. 6, 2018). In the

This is not the first time the Dismissed Petitioners improperly have sought to amend and re-plead their claim(s) to 597 Hibiscus Lane in litigation that began more than a year ago. *See* Joint Petitions (filed on Nov. 18, 2020); U.S. Mot. To Dismiss (filed on Dec. 18, 2020). As U.S. Magistrate Judge Torres previously found in an un-objected to portion of the Report and Recommendation:

> The most obvious shortfall with the joint petition is that it never asserts what relief it seeks under Section 853(n). That only becomes clearer in reading the response to the Government's motion to dismiss, where the assertion is first made that Petitioners seek relief under 21 U.S.C. § 853(n)(6)(A). [D.E. 285 at 13 ("As the only person with a legal interest in the home, her interest is by reason superior to the Defendant's."); *id*. at 16 ("At a minimum, Ms. De Castro has a vested one-half interest in the home which is not the defendant's interest.")]. But, "[i]f a third party fails to allege in its petition all elements necessary for recovery . . . the court may dismiss the petition without providing a hearing." *United States v. Richards*, 2009 WL 10690320, at *2 (N.D. Ga. Dec. 3, 2009) (quoting *United States v. BCCI Holdings (Lux.), SA.*, 919 F. Supp. 31, 36 (D.D.C. 1996)).
>
> In clarifying the relief sought in an opposition brief, the Petitioners are, for all practical purposes, trying to amend their joint petition in response to a motion to dismiss. But, considering that the joint petition should be treated like a 12(b) motion in a civil case, a court would not have allowed Petitioners to amend a complaint in response to a motion to dismiss. *See, e.g.*, *Lacroix v. Lejeune Auto Wholesale, Inc.*, 2020 WL 6059765, at *4 (S.D. Fla. Oct. 14, 2020) ("Plaintiff is instead attempting to amend his complaint in response to a motion to dismiss – a tactic courts have repeatedly refused to allow.") (citing *Brahim v. Holder*, 2014 WL 2918598, at *4 (S.D. Fla. June 26, 2014) ("It is axiomatic that a plaintiff may not

---

Motion, the Dismissed Petitioners criticize the United States' prior reference to *United States v. Tardon*, 493 F. Supp. 3d 1188, 1219-20 (S.D. Fla. 2020) (pending appeal), claiming that the decision is distinguishable from the instant case. *See also* U.S. Reply in Supp. of Final Order of Forfeiture 2-3 n.1. The United States does not disagree, but *Silva* equally is distinguishable. In both *Tardon* and *Silva*, the United States sought dismissal based on standing because each petitioner was not "other than defendant" as required by 21 U.S.C. § 853(n)(2), and in both cases, evidentiary hearings were held. *See Tardon*, 493 F. Supp. 3d 1188; *Silva*, 2018 WL 5847348. The United States raised *Tardon* in response to the Dismissed Petitioners' allegations that somehow the reasoning in *Silva* warrants setting aside their dismissal, despite *Silva* and *Tardon* being distinguishable based on the issues in dispute and procedural posture. The reasoning from *Silva* was reviewed in *Tardon* and found to be wanting. *See Tardon*, 493 F. Supp. 3d at 1219-20 (addressing the shortcomings of the decision in *Silva*, and finding that the magistrate judge in *Silva* did not consider requirements of 21 U.S.C. § 853(n), and that *Silva* is not binding, was not supported by case law, and would "permit criminals to act with impunity and protect their assets and substitute assets by simply taking the administrative step of incorporating").

amend his Complaint in a response to a motion to dismiss."); *Long v. Satz,* 181 F.3d 1275, 1278–79 (11th Cir. 1999)); *see also Bruhl v. Price WaterhouseCoopers Int'l*, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); *accord Walker v. City of Orlando,* 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a motion to dismiss). It is therefore unclear why Petitioners should be afforded the same relief here when it would not have otherwise been allowed in a civil action.

Report and Recommendation 12-14; *see also* U.S. Resp. to Objections 8-9. Here, having failed to plead a claim upon which relief may be granted, the Dismissed Petitioners request that the Court reconsider its Order so that they can amend and relitigate their claim(s) to 597 Hibiscus Lane. "Reconsideration is an extraordinary remedy which must be used sparingly." *NCL (Bahamas) Ltd.*, 2017 WL 6597980, at *1 (citing and quoting *United States v. Russo*, No. RSR 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011)); *see also Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The Dismissed Petitioners' extraordinary request for relief is unwarranted.

WHEREFORE, the United States respectfully requests that the Court deny the Motion with prejudice, enter the proposed Final Order of Forfeiture, filed at ECF No. 544-2, and for such other relief that it deems just and proper.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: */s/ Nalina Sombuntham and Joshua Paster*
Joshua Paster, Court ID No. A5502616
Nalina Sombuntham, Fla. Bar No. 96139
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224 / (305) 961-9342
Facsimile: (305) 536-4089
joshua.paster@usdoj.gov
nalina.sombuntham@usdoj.gov