UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ
FRIERI,

    **Defendant.**

## FINAL ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Final Order of Forfeiture ("Motion"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1. On September 28, 2020, pursuant to 21 U.S.C. § 853(p), the Court entered a Second Preliminary Order of Forfeiture, ECF No. 239, forfeiting, subject to third-party interests, the following property to the United States, among other assets (hereinafter "597 Hibiscus"):

> Real property located at 597 Hibiscus Lane, Miami, Florida 33137, including all buildings, fixtures, appurtenances, improvements, attachments, and easements found therein or thereon,
>
> Also known as: Lot 5, Block 9, of Bay Point, according to the plat thereof as recorded in Plat Book 40, Page 63, Public Records of Miami-Dade County, Florida;
>
> Parcel Identification No. 01-3219-008-1390.

2. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, ECF No. 263; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential

claimant with standing to contest the forfeiture, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1). *See* Exhibit A to the Motion (Direct Notices and Delivery Confirmations, attached to Motion); *see also* Return of Executed Service, ECF No. 251.

4. The notice advised that any person, other than the defendant in the above-captioned case, asserting a legal interest in the property sought for final forfeiture may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. In addition, on October 7, 2020, the notice was posted on the real property sought for final forfeiture in an open and conspicuous manner by law enforcement agents. *See* Return of Executed Service, ECF No. 250.

6. On November 18, 2020, Third-Party Petitioners Olympia De Castro and 597 Hibiscus Lane Revocable Trust filed Petitions claiming 597 Hibiscus, each asserting a claim. *See* Petitions, ECF Nos. 261, 262; *compare* 21 U.S.C. § 853(n)(6).

7. On March 7, 2021, Magistrate Judge Edwin G. Torres issued a Report and Recommendation, recommending that the Petitions filed by Third-Party Petitioners Olympia De Castro and 597 Hibiscus Lane Revocable Trust be dismissed. *See* Report and Recommendation, ECF No. 316.

8. On February 4, 2022, the Court overruled Third-Party Petitioners Olympia De Castro and 597 Hibiscus Lane Revocable Trust's Objections [ECF No. 347] to Judge Torres's Report and Recommendation, adopted the Report and Recommendation, and dismissed the Petitions filed by Third-Party Petitioners Olympia De Castro and 597 Hibiscus Lane Revocable

Trust. *See* Order, ECF No. 539; *see also* U.S.'s Mot. To Dismiss, ECF No. 264.

9. On September 29, 2021, the United States and Third-Party Petitioners Olympia De Castro and 597 Hibiscus Lane Revocable Trust stipulated to an interlocutory sale of 597 Hibiscus, which the Court approved on October 5, 2021. *See* Order, ECF No. 485; *see also* Stipulation, ECF No. 484-1.

10. On or about December 26, 2021, the interlocutory sale of 597 Hibiscus closed, and the net proceeds of that sale were approximately $4,163,457.29 in U.S. currency (the "597 Hibiscus Sale Proceeds").

11. The 597 Hibiscus Sale Proceeds are now substitute *res* in place of 597 Hibiscus for final forfeiture. *See* Fed. R. Crim. P. 32.2(b)(7) (referencing Supp. R. G(7)).

12. The time period for filing a petition claiming an interest in the property sought for final forfeiture has expired, and no other petition or claim has been filed.

13. Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of and/or if no timely petitions have been filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Accord* Fed. R. Crim. P. 32.2(c)(2).

Accordingly, based on the foregoing, the evidence of record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853 and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, all right, title, and interest in the following property is hereby finally forfeited to and vested in the United States of America:

> the 597 Hibiscus Sale Proceeds, in the amount of approximately $4,163,457.29 in U.S. currency.

2. Any duly authorized law enforcement official may seize and take immediate possession of the property, exercising any and all incidents of ownership with respect thereto, and dispose of such property in accordance with law.

3. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this ~~23rd~~ day of ~~February~~ March 2022.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

4