UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

vs.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

      Defendant.
_____/

## STIPULATION AND [PROPOSED] ORDER
## CONCERNING BOND VIOLATIONS AND EXONERATION

Pending before the Court is Defendant Gustavo Adolfo Hernandez Frieri's Motion for Exoneration of Bond, Discharge of Sureties, and Return of Cash Collateral (the "Motion") (DE 487), and the United States' Opposition to the Motion (the "Opposition") (DE 493 and 494).

The parties have conferred and now stipulate to the following:

1. The Defendant does not admit, but will not further contest, the Government's allegations that he violated two separate conditions of his bond: (a) failing to report employment to his supervising probation officer, and (b) providing a personal guaranty to the Great Bhakta Corp. on a loan to Charlemagne Kaiser, LLC.

2. The Defendant will not present additional evidence to contest these two alleged violations.

3. The Defendant agrees that the Court can rely on the testimony and exhibits tendered at or before Day 2 of Defendant's sentencing hearing, held on April 30, 2021, in adjudicating these two alleged bond violations.

4. The Defendant waives his right to an evidentiary hearing on the two bond violations

alleged in paragraph 1 above, and waives his presence at any hearing concerning the Government's allegations that he violated the terms of his bond.

5.     In light of the stipulations above, the parties agree that:

a. Bail forfeiture of Defendant's cash bail in the amount of $10,000.00 is a reasonable and appropriate forfeiture;

b. Bail forfeiture of the remaining $140,000 of the cash bail be set aside;

c. Forfeiture of the bonds (DE 102 and 103) be set aside;

d. The Defendant and the sureties be discharged from the bonds (DE 102 and 103); and

e. The Clerk of the Court return the remaining $140,000 of the $150,000 cash bail deposit, plus any accrued interest, to payor Carlton Fields Jordan Burt, P.A.

6. If the Court agrees with the resolution proposed in paragraph 5, neither the Defendant nor the sureties and/or the payors of the money constituting the cash bond object to the resolution.

Date: 4/7/2022

By: *[signature]*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

KURT LUNKENHEIMER
NALINA SOMBUNTHAM
JOSHUA PASTER
ASSISTANT U.S. ATTORNEYS

JOSEPH BEEMSTERBOER,
ACTING CHIEF, FRAUD SECTION
U.S. Department of Justice,
Criminal Division

Date: 4/7/2022

By: *Paul A. Hayden*
PAUL A. HAYDEN
TRIAL ATTORNEY

2

Date: __4/7/22__     By: _____
HOWARD SREBNICK,
JACKIE PERCZEK
Counsel for Gustavo Hernandez

Date: __4/14/22__     By: _____
GUSTAVO ADOLFO
HERNANDEZ FRIERI
Defendant

## ORDER

**GOOD CAUSE APPEARING**, it is hereby **ORDERED** as follows:

1. Based on a preponderance of the evidence in the record, the Court finds that the Defendant violated and breached two conditions of his bonds (DE 102 and 103), specifically:

    a. Special Condition of Bond to Report to Pretrial Services, by failing to report employment to his supervising probation officer; and

    b. Special Condition of Bond to not attempt to encumber any property or investments, by providing a personal guaranty to the Great Bhakta Corp. on a loan to Charlemagne Kaiser, LLC.

2. The Court, in this Order, is not addressing or ruling on the Government's third alleged bond violation that "Hernandez Encumbered and/or Attempted to Encumber the Property at 597 Hibiscus Lane, Miami, Florida." On March 28, 2022, the Court issued a final order of forfeiture in a third-party criminal forfeiture ancillary proceeding, finally forfeiting 597 Hibiscus Lane and vesting all right, title, and interest in that property to the United States. Order, ECF No. 585.

3. Pursuant to Federal Rule of Criminal Procedure 46(f)(1), the Defendant's two bonds (DE 102 and 103), including the $150,000 cash put forth as bail, are forfeited.

4. Pursuant to Federal Rule of Criminal Procedure 46(f)(2), the Court finds that justice does not require full forfeiture of the bonds, and therefore, the bail forfeiture is set aside in part as follows:

    a. $10,000 of Defendant's cash bail is forfeited;

    b. forfeiture of $140,000 cash bail is set aside; and

    c. forfeiture of the bonds (DE 102 and DE 103) is set aside.

5. The Defendant and the sureties are discharged.

6. The Clerk of the Court is directed to return $140,000 of the cash bail deposit, plus any accrued interest, to payor Carlton Fields Jordan Burt, P.A.

**DONE AND ORDERED** at Miami, Florida, this 29th day of April 2022.

HON. KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record