UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

## FIFTH PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Fifth Preliminary Order of Forfeiture ("Motion") against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On August 16, 2018, a federal grand jury returned an Indictment charging the Defendant and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts. *See* Indictment, ECF No. 19.

On November 26, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163. In his Plea Agreement, the Defendant agreed "to liquidate assets, or complete any other tasks which will result in the immediate payment of the forfeiture money judgment in full, or full payment in the shortest amount of time, as requested by the [United States Attorney's] Office." Hernandez Plea Agreement ¶ 14. He also agreed that "he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of this Office, until his forfeiture money judgment is paid in full." *Id.* ¶ 15.

On February 4, 2020, the Court entered a Preliminary Order of Forfeiture against the Defendant, imposing a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175.

On September 28, 2020, the Court entered the Second Preliminary Order of Forfeiture, which forfeited, as substitute property and subject to third-party interests, real property located at 597 Hibiscus Lane, Miami, Florida 33137 ("597 Hibiscus Lane"), the Defendant's interest as settlor, or "Grantor," of the 597 Hibiscus Lane Revocable Trust, and two checks totaling approximately $6,471.34 in value. *See* Hernandez 2nd Preliminary Order of Forfeiture ¶ 2, at 5-6, ECF No. 239.

On January 11, 2021, the Court entered the Third Preliminary Order of Forfeiture, which forfeited, as substitute property and subject to third-party interests, approximately $900,000 from the then-forthcoming sale of the Dania Beach Property. *See* Hernandez 3rd Preliminary Order of Forfeiture, ECF No. 280.

On March 26, 2021, the Court issued a Fourth Preliminary Order of Forfeiture, which forfeited, as substitute property and subject to third-party interests, real property located at 314 Hicks Street, Brooklyn, New York 11201 (the "314 Hicks Brooklyn Townhouse"). *See* Fourth Preliminary Order of Forfeiture, ECF No. 353.

The balance remaining on the Defendant's forfeiture money judgment is approximately $11,504,538.65 based on the funds collected to-date.[1] All other aforementioned property

---

[1] This figure accounts for the forfeited $818,990.01 from City National Bank accounts and the two checks totaling $6,471.34 in value. Other forfeited assets have unknown value at this time, as observed by U.S. Magistrate Judge Torres in his Order denying the Defendant's Motion for Clarification:

> Defendant's secondary argument is equally unavailing because – while he states that he should be given additional credit in satisfaction of the money

2

preliminarily forfeited to date is subject to pending third-party claims or, with respect to 597 Hibiscus Lane, a pending appeal before the Eleventh Circuit:

- Regarding 597 Hibiscus Lane (Second Preliminary Order of Forfeiture): *See* Olympia De Castro and 597 Hibiscus Lane Revocable Trust Petition, ECF Nos. 261 and 262; Report & Recommendation ("R&R) dismissing De Castro and 597 Hibiscus Lane Revocable Trust Petition, ECF No. 316; Feb. 4, 2022 Order affirming R&R, ECF No. 539; Final Order of Forfeiture, ECF No. 585; Notice of Appeal, ECF No. 592 (docketed at 22-11149 (11th Cir.)). The appeal remains pending.

- Regarding approximately $900,000 plus interest (Third Preliminary Order of Forfeiture): *See* De Castro's Petition, ECF No. 296; Devine Goodman & Rasco's Petition, ECF No. 297; Notice of Devine Goodman & Rasco Withdrawing Petition, ECF No. 334. De Castro's Petition remains pending.

- Regarding 314 Hicks Brooklyn Townhouse (Fourth Preliminary Order of Forfeiture): *See* 314 Hicks LLC, Allison Domeneghetti, Olympia De Castro, G.H.D.C., F.H.D.C., and A.H.D.C. Petition, ECF No. 383; Maria Lucia Hernandez, Gramercy Irrevocable Operating Trust, Americas Fiduciary Ltd., 3 Gramercy Park West LLC, and HH Master Settlement Trust ("Second Hicks Petition") Petition, ECF No. 418; Government Mot. to Dismiss Second Hicks Petition, ECF No. 424. The Government's motion to dismiss and both 314 Hicks Brooklyn Townhouse Petitions remain pending.

---

judgment entered against him for his help in identifying more than $12 million dollars in assets – there is no evidence that any of listed assets are collectible. Instead, the record shows that almost all of the assets were transferred to third parties, including to entities in Colombia as part of the laundering scheme underlying Defendant's conviction. The Court Order made this point clear when it stated that the $12,330,000 in laundered funds was no longer in Defendant's possession and that **more than $9.2 million dollars had been transferred beyond the Court's jurisdiction to foreign accounts.** [D.E. 239 at 4].

Defendant's response is to list all the assets that he helped identify and to conclude that he deserves additional credit towards his money judgment. Yet, that misses the forest for the trees because the issue is not merely whether Defendant can identify assets, but whether he can identify assets that are collectible. And if almost all of the assets have been transferred outside the Court's jurisdiction (a point that Defendant never disputes), it is unclear how anything that he identifies can be counted as additional credit in satisfaction of his forfeiture money judgment.

Order Denying Hernandez Mot. for Clarification 6, ECF No. 273 (bold emphasis added).

The Court has already entered orders of forfeiture imposing a forfeiture money judgment against the Defendant and finding that the prerequisites of 21 U.S.C. § 853(p) have been satisfied to authorize the forfeiture of his substitute property. *See* U.S. Mot. for Hernandez 3rd Preliminary Order of Forfeiture, ECF No. 279 (citing Hernandez Preliminary Order of Forfeiture 2-3, ECF No. 175 (imposing $12,330,000 forfeiture money judgment); Hernandez 2nd Preliminary Order of Forfeiture, ECF No. 239 (forfeiting checks and Defendant's current residence as substitute property); Order Denying Hernandez Mot. for Clarification, ECF No. 273; *accord* U.S. Mot. for Hernandez 4th Preliminary Order of Forfeiture, ECF No. 344 (same).

Prior to sentencing, the Defendant identified he owns a Patek Philippe Aquanaut automatic wristwatch, serial number 3026791 (the "Watch"), which Defendant and his counsel previously reported was worth approximately $3,000.00, *see, e.g.*, Presentence Investigation Report ("PSI") ¶ 146, ECF No. 331, or $10,000.00, *see* Financial Disclosure Report (on file with counsel). The Government offered to have the Watch appraised in advance of sentencing. *See id.* The Government continued asking to have the Watch appraised, sending emails, follow-up emails, and having telephone calls with defense counsel throughout the summer and fall of 2021 regarding the location of the Watch. *See* U.S. Supplement to Mot. for Forfeiture of Bail at 5 ¶¶ 4-5, ECF No. 571; *see also* email-communications (on file with counsel).

In December 2021, defense counsel told the Government that the Watch was in the Defendant's storage facility. *See* U.S. Supplement to Mot. for Forfeiture of Bail at 6 ¶ 7; *see also* email-communications (on file with counsel). After not receiving the Watch (or other information the Government was seeking), the Government again inquired on or about February 2, 2022, about the Watch. *See* U.S. Supplement to Mot. for Forfeiture of Bail at 6 ¶ 9; *see also* email-communications (on file with counsel).

4

On or about February 7, 2022, defense counsel advised the Government that the Defendant's storage locker had fallen into arrears and all contents had been auctioned off—including the Watch. *See* U.S. Supplement to Mot. for Forfeiture of Bail at 6 ¶ 10; *see also* email-communications (on file with counsel).

On March 28, 2022, defense counsel advised the Government that the Watch had been found—it was not in the storage locker and auctioned off, but rather was in possession of Defendant's ex-wife, Olympia De Castro. *See* email communications (on file with counsel). Ms. De Castro sent the Watch to her counsel, who turned the Watch over to Homeland Security Investigations for appraisal on or about April 1, 2022. The Watch currently is in Government custody and has since been appraised for approximately $88,000.00.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

    i. One Patek Philippe Aquanaut automatic wristwatch, serial number 3026791.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

On or about February 7, 2022, defense counsel advised the Government that the Defendant's storage locker had fallen into arrears and all contents had been auctioned off—including the Watch. *See* U.S. Supplement to Mot. for Forfeiture of Bail at 6 ¶ 10; *see also* email-communications (on file with counsel).

On March 28, 2022, defense counsel advised the Government that the Watch had been found—it was not in the storage locker and auctioned off, but rather was in possession of Defendant's ex-wife, Olympia De Castro. *See* email communications (on file with counsel). Ms. De Castro sent the Watch to her counsel, who turned the Watch over to Homeland Security Investigations for appraisal on or about April 1, 2022. The Watch currently is in Government custody and has since been appraised for approximately $88,000.00.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

    i. One Patek Philippe Aquanaut automatic wristwatch, serial number 3026791.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 24th day of June 2022.

HON. KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE