UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

**UNITED STATES' UNOPPOSED MOTION FOR
SEVENTH PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America, by and through the undersigned Assistant United States Attorneys, hereby moves for the entry of a Seventh Preliminary Order of Forfeiture against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant Hernandez") in the above-captioned matter. The United States seeks to forfeit approximately $974,525 in U.S. currency, currently held by Carlton Fields, P.A. In support of this motion, the United States provides the following factual and legal bases, and the attached declaration of Juan Carlos Gomez and exhibits.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 16, 2018, a federal grand jury returned an Indictment charging Defendant Hernandez, Defendant Abraham Ortega ("Defendant Ortega"), and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts. *See* Indictment, ECF No. 19. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the defendant shall forfeit to the United States any property, real or personal,

involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5.

On October 26, 2018, the Court entered an Amended Protective Order for Assets Subject to Forfeiture, enjoining and restraining, among other property, the following assets subject to forfeiture: (1) funds on deposit in account numbers 1466054, 1465724, and 55102421 at City National Bank in New Jersey, held in the name of Global Securities Trade Finance (the "GSTF Accounts"); (2) all assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, Switzerland, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C Series C-1 (the "GSTF Class C Shares"); and (3) all assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, The Bahamas, including, but not limited to, all shares of Global Securities Trade Finance Class D Series D-1 (the "GSTF Class D Shares"). Am. Protective Order, ECF No. 60.

On October 31, 2018, pursuant to a written Plea Agreement, Defendant Ortega pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in a Superseding Information. *See* Minute Entry, ECF No. 61; Ortega's Plea Agreement ¶ 2, ECF No. 64; Ortega's Factual Proffer, ECF No. 65; *see also* Superseding Information, ECF No. 53.

As part of his sentence, the Court entered forfeiture orders against Defendant Ortega. In the first Ortega Preliminary Order of Forfeiture, the Court found that "[a]t the direction of [Defendant] Hernandez, Defendant [Ortega]'s $12 million in bribery proceeds was laundered to accounts at City National Bank in New Jersey held in the name of Global Securities Trade Finance ("GSTF") …. These bribery proceeds were used to acquire securities and real property." Ortega Preliminary Order of Forfeiture at 5, June 24, 2019, ECF No. 124. The Court forfeited the GSTF

2

Accounts, the GSTF Class C Shares, and the GSTF Class D Shares, among other assets. *See id.*; Ortega Final Order of Forfeiture, Sept. 23, 2019, ECF No. 146. The Court also imposed against Defendant Ortega a forfeiture money judgment in the amount of $12 million in U.S. currency. *See* Ortega 2nd Preliminary Order of Forfeiture, Sept. 22, 2020, ECF No. 237.

On November 26, 2019, the Court accepted Defendant Hernandez's guilty plea to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163.

As part of Defendant Hernandez's sentence, the Court entered forfeiture orders against Defendant Hernandez, including a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture at 2-3, Feb. 4, 2020, ECF No. 175; *see also* Hernandez 2nd Preliminary Order of Forfeiture, Sept. 28, 2020, ECF No. 239; Hernandez 3rd Preliminary Order of Forfeiture, Jan. 11, 2021, ECF No. 280; Hernandez 4th Preliminary Order of Forfeiture, Mar. 26, 2021, ECF No. 353; Hernandez 5th Preliminary Order of Forfeiture, June 24, 2022, ECF No. 616; Hernandez 6th Preliminary Order of Forfeiture, Jan. 24, 2023, ECF No. 650.

In January 2024, the United States entered into a stipulation and settlement agreement with various third-party petitioners over three assets preliminarily forfeited from Defendant Hernandez, which the Court approved. *See* Stipulation and Settlement Agreement, ECF No. 709-1 ("Settlement"); Order Approving Settlement, ECF No. 710. Under the terms of the Settlement, the United States is to receive a total of $8,133,611.33, which amount will be credited towards Defendant Hernandez's money judgment. Settlement ¶¶ 19, 27. To date, of the settlement amount, the United States has received approximately $5,182,906.03, with the final payment of approximately $2,950,000 remaining pending.

The balance remaining on the Defendant's forfeiture money judgment is approximately $6,024,132.62 based on the funds collected to-date.[1] *See* Notice on Forfeiture, ECF No. 714.

## II. MEMORANDUM OF LAW

All property, real or personal, "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). "To be 'traceable' to something means that the . . . property under consideration must have followed an ascertainable course or trail in successive stages of development or progress from the original source." Pattern Crim. Jury Instr. 11th Cir. (2022) ("T6 Forfeiture Proceedings"). If a defendant is convicted of such a violation, the Court "shall order" the forfeiture of the property as part of the sentence. *See* 18 U.S.C. § 982(a)(1). As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence").

In or around 2016, a confidential source ("CS") was managing, *inter alia*, approximately $7 million in U.S. currency that belonged to Defendant Ortega, which were the proceeds from an illicit scheme involving Petróleos de Venezuela, S.A. ("PDVSA"). *See* Agent Decl. ¶ 13, ECF No. 120-1 (attached as Ex. 2). On or about May 5, 2016, Defendant Hernandez emailed a fund subscription agreement to Defendant Ortega, which directed that payment be made by wire transfer to account number 1465724 at City National Bank in New Jersey ("CNB" or "City National Bank"), held in the name of GSTF ("GSTF CNB Account 5724"). *Id.* ¶ 15. At the direction of Defendant Ortega and Defendant Hernandez, on or about May 26, 2016, the CS caused the transfer

---

[1] Even after the United States collects the remaining approximately $2,950,000 from the Settlement, approximately $3,074,132.62 will remain outstanding.

4

of approximately USD$7 million on deposit in account/portfolio number 10.609020 at Zarattini Bank, held in the name of Big Green Valley SA ("Big Green Valley") ("BGV Zarattini Account"), to the GSTF CNB Account 5724. *Id.* ¶ 16. As a result, Defendant Ortega was a subscriber into GSTF Class C Shares. *Id.* ¶ 17

Based on the attached declaration of Juan Carlos Gomez, the Defendant's brother-in-law and business associate, approximately $974,525 in U.S. currency, currently held by Carlton Fields, P.A., is traceable to the USD$7 million laundered through accounts at City National Bank. *See* April 4, 2024 Declaration of Juan Carlos Gomez, attached as Ex. 1.

On or about August 31, 2016, GSTF and GSM Colombia SAS ("GSM") entered into a loan agreement, whereby GSTF loaned GSM USD$2 million traceable to the GSTF Class C Shares. *See* Gomez Decl. ¶ 3; Loan Agreement, Ex. 3. That same day, GSM signed a promissory note, and on or about September 1, 2016, GSTF wired to GSM approximately USD$2 million. Gomez Decl. ¶ 3; GSTF Account Statement, Ex. 4. That money was credited to GSM's account at Banco de Occidente on or about September 5, 2016. Gomez Decl. ¶ 3; Banco de Occidente Statement, Ex. 5.

On or about June 29, 2018, Refinancia S.A.S. ("Refinancia") signed a promissory note to obtain approximately COP$2,809,238,519 in Colombian pesos (approximately USD$968,559.32) from GSM. Gomez Decl. ¶ 4; Refinancia Note, Ex. 6. Refinancia and GSM amended the promissory note on or about May 4, 2021, which increased the amount received by Refinancia to COP$3,762,481,399.79 (approximately USD$988,840.31). Gomez Decl. ¶ 4; Amended Refinancia Note, Ex. 7.

On or about May 7, 2021, Refinancia repaid the sum by wiring approximately COP$3,695,754,399 (approximately USD$978,974.07) to a collection account at Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") in Colombia, held in the name of Collection CF SAS. Gomez

Decl. ¶ 5; BBVA Statement, Ex. 8. That amount corresponded to the gross amount owed by Refinancia *less* the standard 7% withholding tax in Colombia (approximately COP$66,727,000, equivalent to approximately USD$17,541.26). Gomez Decl. ¶ 5; *see also* Gomez May 27, 2021 Statement (attached to the Gomez Declaration).

Thereafter, a total of approximately USD$974,525 in U.S. currency was wired from BBVA to Carlton Fields's trust account in three transfers (on or about May 13, 2021, approximately USD$535,000; on or about May 20, 2021, approximately USD$39,524.84; and on or about May 26, 2021, approximately USD$400,000). Gomez Decl. ¶ 6; Wire Transfers, Ex. 9.[2]

Therefore, the approximately $974,525 in U.S. currency, currently held by Carlton Fields, is subject to forfeiture as property traceable to property involved in money laundering. *See* 18 U.S.C. § 982(a)(1).

Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of the $974,525 in U.S. currency.

WHEREFORE, pursuant to 18 U.S.C. § 982, 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

[Remainder of Page Intentionally Left Blank]

---

[2] On or about June 7, 2021, Carlton Fields P.A. had an official check for these funds, approximately $974,486.84, issued to the "Clerk, U.S. District Court." That check never was deposited, and is being held currently by Carlton Fields. To comply with the Court's order, Carlton Fields P.A. will have to issue a new check for the funds, made out to Homeland Security Investigations.

**LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mails on July 1, 2024, regarding the Defendant's position on the relief sought, and there is no opposition to the relief sought.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: */s/ Joshua Paster*
Joshua Paster
Court ID No. A5502616
Assistant United States Attorney
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9342
Facsimile: (305) 536-4089
joshua.paster@usdoj.gov

*Counsel for United States of America*