UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

Defendant.

## SEVENTH PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States for entry of a Seventh Preliminary Order of Forfeiture ("Motion") against Defendant Gustavo Adolfo Hernandez Frieri (the "Defendant Hernandez"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On August 16, 2018, a federal grand jury returned an Indictment charging Defendant Hernandez, Defendant Abraham Ortega ("Defendant Ortega"), and others in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B), among other counts. *See* Indictment, ECF No. 19. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956, as alleged in the Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5.

On October 26, 2018, the Court entered an Amended Protective Order for Assets Subject to Forfeiture, enjoining and restraining, among other property, the following assets subject to forfeiture: (1) funds on deposit in account numbers 1466054, 1465724, and 55102421 at City

National Bank in New Jersey, held in the name of Global Securities Trade Finance (the "GSTF Accounts"); (2) all assets on deposit in account/portfolio number 10.609020 at Zarattini & Co. Bank in Lugano, Switzerland, held in the name of Big Green Valley SA, including, but not limited to, all shares of Global Securities Trade Finance Class C Series C-1 (the "GSTF Class C Shares"); and (3) all assets on deposit in account/portfolio number 1303311-00 at Deltec Bank & Trust Limited in Nassau, The Bahamas, including, but not limited to, all shares of Global Securities Trade Finance Class D Series D-1 (the "GSTF Class D Shares"). Am. Protective Order, ECF No. 60.

On October 31, 2018, pursuant to a written Plea Agreement, Defendant Ortega pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in a Superseding Information. *See* Minute Entry, ECF No. 61; Ortega's Plea Agreement ¶ 2, ECF No. 64; Ortega's Factual Proffer, ECF No. 65; *see also* Superseding Information, ECF No. 53.

As part of his sentence, the Court entered forfeiture orders against Defendant Ortega. In the first Ortega Preliminary Order of Forfeiture, the Court found that "[a]t the direction of [Defendant] Hernandez, Defendant [Ortega]'s $12 million in bribery proceeds was laundered to accounts at City National Bank in New Jersey held in the name of Global Securities Trade Finance ("GSTF") …. These bribery proceeds were used to acquire securities and real property." Ortega Preliminary Order of Forfeiture at 5, June 24, 2019, ECF No. 124. The Court forfeited the GSTF Accounts, the GSTF Class C Shares, and the GSTF Class D Shares, among other assets. *See id.*; Ortega Final Order of Forfeiture, Sept. 23, 2019, ECF No. 146. The Court also imposed against Defendant Ortega a forfeiture money judgment in the amount of $12 million in U.S. currency. *See* Ortega 2nd Preliminary Order of Forfeiture, Sept. 22, 2020, ECF No. 237.

On November 26, 2019, the Court accepted Defendant Hernandez's guilty plea to

conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) as charged in Count 1 of the Indictment. *See* Minute Entry, ECF No. 162; Hernandez Plea Agreement, ECF No. 163.

As part of Defendant Hernandez's sentence, the Court entered forfeiture orders against Defendant Hernandez, including a forfeiture money judgment in the amount of $12,330,000 in U.S. currency. *See* Hernandez Preliminary Order of Forfeiture at 2-3, Feb. 4, 2020, ECF No. 175; *see also* Hernandez 2nd Preliminary Order of Forfeiture, Sept. 28, 2020, ECF No. 239; Hernandez 3rd Preliminary Order of Forfeiture, Jan. 11, 2021, ECF No. 280; Hernandez 4th Preliminary Order of Forfeiture, Mar. 26, 2021, ECF No. 353; Hernandez 5th Preliminary Order of Forfeiture, June 24, 2022, ECF No. 616; Hernandez 6th Preliminary Order of Forfeiture, Jan. 24, 2023, ECF No. 650.

In January 2024, the United States entered into a stipulation and settlement agreement with various third-party petitioners over three assets preliminarily forfeited from Defendant Hernandez, which the Court approved. *See* Stipulation and Settlement Agreement, ECF No. 709-1 ("Settlement"); Order Approving Settlement, ECF No. 710. Under the terms of the Settlement, the United States is to receive a total of $8,133,611.33, which amount will be credited towards Defendant Hernandez's money judgment. Settlement ¶¶ 19, 27. To date, of the settlement amount, the United States has received approximately $5,182,906.03, with the final payment of approximately $2,950,000 remaining pending.

The balance remaining on the Defendant's forfeiture money judgment is approximately $6,024,132.62 based on the funds collected to-date.[1] *See* Notice on Forfeiture, ECF No. 714.

---

[1] Even after the United States collects the remaining approximately $2,950,000 from the Settlement, approximately $3,074,132.62 will remain outstanding.

In or around 2016, a confidential source ("CS") was managing, *inter alia*, approximately $7 million in U.S. currency that belonged to Defendant Ortega, which were the proceeds from an illicit scheme involving Petróleos de Venezuela, S.A. ("PDVSA"). *See* Agent Decl. ¶ 13, ECF No. 120-1 (attached as Ex. 2). On or about May 5, 2016, Defendant Hernandez emailed a fund subscription agreement to Defendant Ortega, which directed that payment be made by wire transfer to account number 1465724 at City National Bank in New Jersey ("CNB" or "City National Bank"), held in the name of GSTF ("GSTF CNB Account 5724"). *Id.* ¶ 15. At the direction of Defendant Ortega and Defendant Hernandez, on or about May 26, 2016, the CS caused the transfer of approximately USD$7 million on deposit in account/portfolio number 10.609020 at Zarattini Bank, held in the name of Big Green Valley SA ("Big Green Valley") ("BGV Zarattini Account"), to the GSTF CNB Account 5724. *Id.* ¶ 16. As a result, Defendant Ortega was a subscriber into GSTF Class C Shares. *Id.* ¶ 17

Based on the attached declaration of Juan Carlos Gomez, the Defendant's brother-in-law and business associate, approximately $974,525 in U.S. currency, currently held by Carlton Fields, P.A., is traceable to the USD$7 million laundered through accounts at City National Bank. *See* April 4, 2024 Declaration of Juan Carlos Gomez, attached as Ex. 1.

On or about August 31, 2016, GSTF and GSM Colombia SAS ("GSM") entered into a loan agreement, whereby GSTF loaned GSM USD$2 million traceable to the GSTF Class C Shares. *See* Gomez Decl. ¶ 3; Loan Agreement, Ex. 3. That same day, GSM signed a promissory note, and on or about September 1, 2016, GSTF wired to GSM approximately USD$2 million. Gomez Decl. ¶ 3; GSTF Account Statement, Ex. 4. That money was credited to GSM's account at Banco de Occidente on or about September 5, 2016. Gomez Decl. ¶ 3; Banco de Occidente Statement, Ex. 5.

4

On or about June 29, 2018, Refinancia S.A.S. ("Refinancia") signed a promissory note to obtain approximately COP$2,809,238,519 in Colombian pesos (approximately USD$968,559.32) from GSM. Gomez Decl. ¶ 4; Refinancia Note, Ex. 6. Refinancia and GSM amended the promissory note on or about May 4, 2021, which increased the amount received by Refinancia to COP$3,762,481,399.79 (approximately USD$988,840.31). Gomez Decl. ¶ 4; Amended Refinancia Note, Ex. 7.

On or about May 7, 2021, Refinancia repaid the sum by wiring approximately COP$3,695,754,399 (approximately USD$978,974.07) to a collection account at Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") in Colombia, held in the name of Collection CF SAS. Gomez Decl. ¶ 5; BBVA Statement, Ex. 8. That amount corresponded to the gross amount owed by Refinancia *less* the standard 7% withholding tax in Colombia (approximately COP$66,727,000, equivalent to approximately USD$17,541.26). Gomez Decl. ¶ 5; *see also* Gomez May 27, 2021 Statement (attached to the Gomez Declaration).

Thereafter, a total of approximately $974,525 in U.S. currency was wired from BBVA to Carlton Fields's trust account in three transfers (on or about May 13, 2021, approximately USD$535,000; on or about May 20, 2021, approximately USD$39,524.84; and on or about May 26, 2021, approximately USD$400,000). Gomez Decl. ¶ 6; Wire Transfers, Ex. 9.[2]

Therefore, the approximately $974,525 in U.S. currency, currently held by Carlton Fields, is subject to forfeiture as property traceable to property involved in money laundering. *See* 18 U.S.C. § 982(a)(1).

---

[2] On or about June 7, 2021, Carlton Fields P.A. had an official check for these funds, approximately $974,486.84, issued to the "Clerk, U.S. District Court." That check never was deposited, and is being held currently by Carlton Fields. To comply with the Court's order, Carlton Fields P.A. will have to issue a new check for the funds, made out to Homeland Security Investigations.

5

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), the following specific property is forfeited and vested in the United States of America:

    i. approximately $974,525 in U.S. currency, currently held by Carlton Fields P.A.

2. Carlton Fields P.A. is directed to issue a new official check made out to Homeland Security Investigations, in the amount of approximately $974,525 in U.S. currency.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day

of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 8 day of July 2024.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE